Benjamin K. Riley (State Bar No. 112007)
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
Email: rileyb@howrey.com

John G. Froemming *(Pro Hac Vice Application to be Filed)*
Susan M. Kayser *(Pro Hac Vice Application to be Filed)*
Jessica Bradley *(Pro Hac Vice Application to be Filed)*
**HOWREY LLP**
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
Email: froemmingj@howrey.com, kaysers@howrey.com, bradleyj@howrey.com

Attorneys for the Defendant
ABERCROMBIE & FITCH TRADING CO.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>    Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH TRADING CO.,<br><br>    Defendant. | Case No. CV-07-3752<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Abercrombie & Fitch Trading Co. ("A&F") answers the Complaint of Plaintiff Levi Strauss & Co. ("LS&Co.") as follows:

## JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

1. The allegations contained in Paragraph 1 are conclusions of law requiring no response from A&F, and therefore none is made.

2. A&F admits that it transacts business in the district, but is without sufficient information to admit or deny the remaining allegations in Paragraph 2, and therefore denies the same.

3. The allegations contained in Paragraph 3 relate to the Court's procedures regarding assignment of cases requiring no response from A&F, and therefore none is made.

## PARTIES

4. A&F is without sufficient information to admit or deny the allegations contained in Paragraph 4, and therefore denies the same.

5. A&F admits the allegations contained in sentences one and two of Paragraph 5. A&F denies the allegations contained in the third sentence of Paragraph 5.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

6. A&F is without sufficient information to admit or deny the allegations contained in Paragraph 6, and therefore denies the same.

7. A&F is without sufficient information to admit or deny the allegations contained in Paragraph 7, and therefore denies the same.

8. A&F is without sufficient information to admit or deny the allegations contained in Paragraph 8, and therefore denies the same.

9. A&F admits only that the exhibits attached to the complaint as Exhibit B purport to be copies of the specified registrations; A&F is without sufficient information to admit or deny all other allegations in Paragraph 9, and therefore denies the same.

10. A&F is without sufficient information to admit or deny the allegations contained in Paragraph 10, and therefore denies the same.

11. Denied.

12. Admit.

13. A&F admits only that through related companies, it has manufactured, marketed and sold products bearing the A&F stitching design. All other allegations in Paragraph 13 are denied.

14. Denied.

15. Denied.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

16. The allegations in Paragraph 16 require no separate answer from A&F, however, A&F incorporates herein by reference its responses to each of the allegations contained in Paragraphs 1 through 15 of this Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)

21. The allegations in Paragraph 21 require no separate answer from A&F, however, A&F incorporates herein by reference its responses to each of the allegations contained in Paragraphs 1 through 20 of this Complaint.

22. Denied.

23. Denied.

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARK
(Federal Trademark Dilution Act of 1995)

24. The allegations in Paragraph 24 require no separate answer from A&F, however, A&F incorporates herein by reference its responses to each of the allegations contained in Paragraphs 1 through 23 of this Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## FOURTH CLAIM
## CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT

29. The allegations in Paragraph 29 require no separate answer from A&F, however, A&F incorporates herein by reference its responses to each of the allegations contained in Paragraphs 1 through 28 of this Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## FIFTH CLAIM
## CALIFORNIA UNFAIR COMPETITION

34. The allegations in Paragraph 34 require no separate answer from A&F, however, A&F incorporates herein by reference its responses to each of the allegations contained in Paragraphs 1 through 33 of this Complaint.

35. Denied.

36. Denied.

## PRAYER FOR JUDGMENT

37. – 49.   The balance of LS&Co.'s Complaint consists of prayers for relief to which no specific answer is required, and A&F denies that LS&Co. is entitled to any of the relief requested in Paragraphs 37 - 49.  Having fully answered LS&Co.'s Complaint, A&F requests this Court to dismiss the Complaint with prejudice to the refiling thereof, and award A&F its costs, including attorneys' fees.

## AFFIRMATIVE DEFENSES

50.   LS&Co.'s complaint fails to state a claim upon which relief may be granted.

51.   LS&Co.'s claims for relief are barred by the doctrine of waiver.

52.   LS&Co.'s claims for relief are barred by the doctrine of estoppel.

53.   LS&Co.'s claims for relief are barred by the doctrines of laches and acquiescence.

54.   LS&Co.'s claims for relief are barred on the ground that LS&Co. has consented to the acts alleged to have been performed by A&F.

55.   There is no likelihood of confusion between LS&Co.'s mark and A&F's mark as a matter of law.

56.   LS&Co.'s mark or marks confusingly similar to LS&Co.'s mark are in common use by third parties unrelated to A&F.

57.   Pocket stitching designs similar to and confusingly similar to LS&Co.'s marks are in common use by third parties unrelated to A&F.

\\\

## DEMAND FOR JURY TRIAL

Abercrombie & Fitch Trading Co. demands a trial by jury on all issues so triable.

Dated: August 21, 2007

Respectfully submitted,

**HOWREY LLP**

By: _/s/ Benjamin K. Riley_
Benjamin K. Riley

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.