1  Benjamin Riley (SBN 112007)
   E-mail: RileyB@howrey.com
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105-2708
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David G. Meyer (SBN: 116591)
   E-mail: MeyerD@Howrey.com
6  Stephanie M. Byerly (SBN 199223)
   E-mail: ByerlyS@Howrey.com
7  HOWREY LLP
   550 South Hope Street, Suite 1100
8  Los Angeles, CA 90071
   Telephone: (213) 892-1800
9  Facsimile: (213) 892-2300

10 Attorneys for Defendant
   Abercrombie & Fitch Trading Co.
11

12              UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO

15 LEVI STRAUSS & CO.,           ) Case No. C 07-3752 JSW
                                 )
16         Plaintiff,            ) ABERCROMBIE & FITCH TRADING CO.'S
                                 ) NOTICE OF MOTION AND MOTION TO
17    vs.                        ) STRIKE CERTAIN PORTIONS OF
                                 ) DECLARATION AND EXCESS PAGES IN
18 ABERCROMBIE & FITCH TRADING CO., ) MOTION TO DISQUALIFY AND
                                 ) OBJECTIONS TO THE DECLARATION OF
19         Defendant.            ) THOMAS M. ONDA
                                 )
20                               )
                                 ) Date:    October 26, 2007
21                               ) Time:    9:00 a.m.
                                 ) Ctrm:    Courtroom 2
22                               ) Judge:   Hon. Jeffrey S. White

23

24

25

26

27

28

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Abercrombie & Fitch Trading Co. ("A&F") will, and hereby does, move this court for an order striking certain portions on the Declaration of Thomas Onda offered in support of plaintiff Levi Strauss & Co.'s Motion to Disqualify Howrey LLP and striking pages 16 through 21 of the Motion to Disqualify. Defendant requests this motion be heard on shortened time at the hearing on plaintiff's Motion to Disqualify.

This motion is based on this notice and motion, the points and authorities set forth below, the Federal Rules of Evidence, Local Rules 7-5, and this Court's Standing Order, the Declarations of H. Michelle Renne, Caroline C. Smith, Reid M. Wilson, John Froemming, and Katherine M. Basile, on the complete files and records in this action, and any other information that may be offered at the time of the hearing.

Dated: October 5, 2007

Respectfully submitted,

HOWREY LLP
DAVID M. MEYER
STEPHANIE M. BYERLY


By: /s/ Stephanie M. Byerly
Stephanie M. Byerly
Attorneys for Defendant Abercrombie & Fitch Trading Co. HOWREY LLP

The electronic filer hereby attests that the individual whose name appears above has signed this document. *See* General Order 45, Section X.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant respectfully submits the following points and authorities in support of its (1) Evidentiary Objections to the Declaration of Thomas Onda ("Onda Decl.") offered in support of Plaintiff's Motion to Disqualify Howrey LLP as Counsel for Defendant Abercrombie & Fitch Trading Co. ("Motion to Disqualify") and (2) motion to strike certain portions of Mr. Onda's declaration and the excess pages to Levi's motion.

## I. INTRODUCTION.

In its motion to disqualify, Levi Strauss & Co. ("Levi") contends that Howrey partner Katherine M. Basile ("Ms. Basile") possesses confidential information from her former representation of Levi that materially relates to this litigation. In support of its contentions, Levi submits the declaration of Thomas Onda. Although Mr. Onda never worked in-house at Levi when Ms. Basile worked there, he attests to the types of matters she worked on and the purported confidential information she received during that time. Without question, Mr. Onda does not have the personal knowledge required to make these statements. Defendant therefore objects to certain portions of Paragraphs 3, 5, 6, and 9 of Mr. Onda's Declaration and moves to strike those portions.

Furthermore, in violation of this department's standing orders, Levi's Motion to Disqualify is twenty-one pages, six pages over the fifteen-page limit imposed by this Court. A&F respectfully requests the Court strike pages sixteen through twenty-one on this ground.

## II. THE COURT SHOULD STRIKE CERTAIN PORTIONS OF MR. ONDA'S DECLARATION.

A declaration must contain facts that are personally known to the declarant and as to which the declarant is competent to testify. Civil L.R. 7-5(b) (requiring all declarations submitted in the Northern District to specify the basis for any statement made upon information or belief and comport with requirements of Fed. R. Civ. P. 56(e)); *see also* Fed. R. Civ. P. 56(e) (declarations must be based on personal knowledge and state only admissible facts). Civil L.R. 7-5(b) also states, "An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Furthermore, courts in the Ninth Circuit regularly strike affidavits that do not meet the requirements of Rule 56(e). *See*

*e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (declaration not based on personal knowledge and amounting to unsupported conclusory allegations).

Moreover, the Federal Rules of Evidence preclude the admission of evidence that is irrelevant, not based on personal knowledge, and hearsay. Fed. R. Evid. 401, 402, 601, 602, 701, 702, 801, 802; *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit, in part, because not based on personal knowledge of facts). Courts in the Ninth Circuit regularly strike affidavits that do not meet the requirements of Rule 56(e). *See e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (striking declaration not based on personal knowledge and amounting to unsupported conclusory allegations).

Mr. Onda is unable to lay a foundation for his statements relating to Ms. Basile's work at Levi because he never worked in-house at Levi during the time Ms. Basile worked there. *See* Declaration of Katherine M. Basile offered in support of A&F's Opposition to Motion to Disqualify, filed concurrently herewith ("Basile Decl.") at ¶ 13. Accordingly, this Court should sustain A&F's objections, as noted below, and strike Paragraphs 3, 4, 5, 6, and 9 of Mr. Onda's Declaration.

### A.   Paragraph 3 Lacks Foundation.

In Paragraph 3 of his declaration, Mr. Onda states, "When Ms. Basile joined LS&CO. in 1994, her job title was Assistant General Counsel." He also states, "At the time Ms. Basile left LS&CO. in April 1999, she was LS&CO.'s Associate General Counsel and Chief Intellectual Property Counsel, Americas." Because Mr. Onda did not work at Levi during the time she was employed there and Mr. Onda has offered no other proper basis for his testimony, it lacks foundation, should be stricken, and not considered by the Court. Fed. R. Evid. 601, 602; *see also Kim*, 121 F.3d at 1276-77 (district court properly rejected affidavit not based on personal knowledge); Fed. R. Civ. P. 56(e) (declarations must be based on personal knowledge and state only admissible facts).

### B.   Paragraph 5 Lacks Foundation.

In Paragraph 5 of his declaration, Mr. Onda offers testimony that Ms. Basile was "closely involved" in forming the Levi policies and strategies created to protect Levi's Arcuate trademark. Mr. Onda fails to adequately demonstrate sufficient personal knowledge for his characterization of Ms. Basile's involvement in the creation of any Levi policy or strategy. Again, because Mr. Onda did not

1  work at Levi until after Ms. Basile had already left the company, he has no personal knowledge of how
2  closely involved she might have been in the formation of Levi policies and strategies.
3    Mr. Onda also claims that Ms. Basile was "directly involved in the ongoing process of
4  evaluating the scope of the [Levi's] rights in the mark and in assessing and refining [Levi's] overall
5  strategy for enforcement of those rights." Fed. R. Evid. 401, 402, 601, 602, 701, 702; *see Dyer v.*
6  *Calderon*, 122 F.3d 720, 743 (9th Cir. 1997); *Hunt-Wesson Foods, Inc.*, 627 F.2d at 928; *see also Kim*,
7  121 F.3d at 1276-77; Fed. R. Civ. P. 56(e); *see e.g., Taylor*, 880 F.2d at 1045. In fact, because Mr.
8  Onda never worked at Levi with Ms. Basile, he has no personal knowledge of the facts to which he
9  attests rendering them inadmissible.

10   **C. Paragraph 6 Lacks Foundation And Constitutes Inadmissible Hearsay.**
11   In Paragraph 6 of his declaration, Mr. Onda offers testimony about Ms. Basile's
12 communications with Levi's management. Because Mr. Onda's statements lack personal knowledge
13 and constitute inadmissible hearsay, they should be stricken. Because Mr. Onda neither worked at
14 Levi when Ms. Basile was there nor contends that he was present during such communications, Mr.
15 Onda's statements lack foundation. Fed. R. Evid. 601 602, 801, 802; *see Pfingston*, 284 F.3d at 1003;
16 *In re Houghton*, 123 B.R. at 871; *see also Kim*, 121 F.3d at 1276-77; Fed. R. Civ. P. 56(e); *see e.g.*,
17 *Taylor*, 880 F.2d at 1045.

18   **D. Paragraph 9 Lacks Foundation.**
19   In Paragraph 9 of his declaration, Mr. Onda claims that A&F's discovery requests "implicate"
20 enforcement decisions that Ms. Basile made while with Levi. Specifically, Mr. Onda states that
21 A&F's discovery requests seek information regarding designs that Ms. Basile challenged, chose not to
22 challenge, or settled. Because Mr. Onda did not begin working at Levi until after Ms. Basile left the
23 company, Mr. Onda lacks the requisite personal knowledge for making these statements.
24   For the foregoing reasons, the Court should sustain A&F's objections to and strike the
25 inadmissible portions of Paragraphs 3, 5, 6, and 9 of Mr. Onda's Declaration.

26
27
28

HOWREY LLP

### III. THE COURT SHOULD STRIKE PAGES SIXTEEN THROUGH TWENTY-ONE OF LEVI'S MOTION TO STRIKE

This Department's Standing Order demands, "All briefs, whether in support of, in opposition to, or in reply to any motion, with the exception of summary judgment motions and claims construction briefs, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, and summaries of argument, if required." Judge White's Civil Standing Order 6. Nevertheless, Plaintiff's Motion to Disqualify Howrey LLP as Counsel for Defendant Abercrombie & Fitch Trading Co. violates this rule by exceeding the page-limitation by six full pages. Defendant respectfully requests that the Court strike all pages of Plaintiff's motion after the fifteenth page. *See CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099 (2007).

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court strike the relevant portions of Paragraphs 3, 4, 5, 6, and 9 of Mr. Onda's declaration as outlined herein and refuse to consider these portions in support of Plaintiff's Motion to Disqualify. A&F also respectfully requests the Court strike pages sixteen through twenty-one of the Motion to Disqualify for Levi's violation of the Court's rule.

Dated: October 5, 2007

HOWREY LLP
DAVID M. MEYER
STEPHANIE M. BYERLY

By: /s/ Stephanie M. Byerly
Stephanie M. Byerly
Attorneys for Defendant
Abercrombie & Fitch Trading Co.

The electronic filer hereby attests that the individual whose name appears above has signed this document. *See* General Order 45, Section X.