1  Benjamin Riley (SBN 112007)
2  E-mail: RileyB@howrey.com
   **HOWREY LLP**
3  525 Market Street, Suite 3600
   San Francisco, CA 94105-2708
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5

6  David G. Meyer (SBN: 116591)
   E-mail: Meyerd@howrey.com
7  Stephanie M. Byerly (SBN: 199223)
   E-mail: Byerlys@howrey.com
8  **HOWREY LLP**
   550 South Hope Street, Suite 1100
9  Los Angeles, California 90071
   Telephone: (213) 892-1800
10 Facsimile: (213) 892-2300

11

12 Attorneys for Defendant
   Abercrombie & Fitch Trading Co.

13
                   **UNITED STATES DISTRICT COURT**
14
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
15
                            **SAN FRANCISCO**
16

17 LEVI STRAUSS & CO,                )  Case No. 07-cv-03752-JSW
                                      )
18        Plaintiff,                  )  **DECLARATION OF CAROLINE C.**
                                      )  **SMITH IN SUPPORT OF**
19    v.                              )  **ABERCROMBIE & FITCH'S**
   ABERCROMBIE & FITCH TRADING CO.,   )  **OPPOSITION TO LEVI STRAUSS &**
20                                    )  **CO.'S MOTION TO DISQUALIFY**
          Defendant.                  )  **HOWREY LLP**
21                                    )
                                      )  Date:    October 26, 2007
22                                    )  Time:    9:00 a.m.
                                      )  Place:   Courtroom 2
23                                    )  Judge:   Honorable Jeffrey S. White
                                      )
24                                    )

25

26

27

28

HOWREY, LLP

                                             DECLARATION OF CAROLINE C. SMITH
                                             CASE NO. 07-cv-03752-JSW

## DECLARATION OF CAROLINE C. SMITH

I, CAROLINE C. SMITH, state and declare as follows:

1. I am a senior associate in the law firm of Howrey LLP. Except as otherwise stated, I make this declaration based on facts known to me upon personal knowledge and, if called as a witness and sworn, I could and would testify competently thereto.

2. I am one of a team of attorneys in Howrey's Washington D.C. office who is assigned to work on various trademark matters related to Abercrombie & Fitch Trading Co.'s ("A&F") trademark matters.

3. In January 30, 2006, I learned that Levi's had contacted Katy Basile regarding its concern with A&F's application to register the RUEHL Women's Pocket Design and perceived conflict with Howrey's representation of A&F because of Ms. Basile. At that time, John Froemming, the billing partner for A&F matters, instructed the team not to communicate with Ms. Basile regarding the RUEHL Women's Pocket Design trademark matter.

4. I have been involved in multiple conferences regarding the RUEHL Women's Pocket Design matters. I do not recall Ms. Basile ever being involved in any conferences regarding the RUEHL Women's Pocket Design matters prior to Levi's January 2006 communication and certainly not after that time.

5. I have reviewed the trademark application and am aware that Ms. Basile was initially listed as correspondent for the PTO, with the correspondence address as Howrey's DC office, as part of our standard procedure for all A&F filings at that time. In March 2006, Ms. Basile was removed from the application and I was replaced as correspondent. The PTO sends all correspondence to the correspondence to the address listed on the application, Howrey's Northern Virginia office. Although I am the correspondent, it is Howrey's regular practice to have correspondence from the PTO sent directly to Howrey's IP docketing group located in Northern Virginia. The docketing group handles the calendaring and ensures that the correspondence is forwarded to the responsible action persons.

6. On January 16, 2007, the trademark application published for opposition. On February 13, 2007, I received notice of Levi Strauss & Co.'s ("Levi's") filing of a Notice of Opposition with the

1  Trademark Trial and Appeal Board of the United States Patent and Trademark Office, against A&F's
2  application to register a design mark known internally as the RUEHL Women's Pocket Design.

3      7.    I prepared A&F's Answer to the Notice of Opposition, which was filed on March 21,
4  2007.

5      8.    To prepare for discovery to be served on Levi's, I also began conducting an
6  investigation of the Internet, as well as the Trademark Office records to obtain evidence of third party
7  uses and registrations of marks that are confusingly similar to the Levi pocket design. My search of
8  the Trademark Office records consisted of the following search string: 090316[dc] not dead[ld]. This
9  search revealed the pocket designs included in A&F's first sixteen Requests for Admissions, as well as
10 Request for Admission Nos. 53 through 71.

11     9.    I conducted a search of the Trademark Office records using the following search string:
12 pocket[de], which found marks including the word "pocket" in the description of the mark. The search
13 revealed the pocket designs included in Request for Admission Nos. 16 through 24.

14     10.    I reviewed a search report conducted by Trademark.com on January 31, 2006 which
15 provided the pocket designs included in Request for Admission Nos. 25 through 52.

16     11.    I conducted Internet searches via google.com to ascertain which of the marks found in
17 the search of the Trademark Office records were in use. For example, searching the various brand
18 names revealed by the Trademark Office records led me to the website zappos.com, which revealed
19 numerous uses of pocket designs which were included in the discovery requests.

20     12.    The Trademark Office records also revealed use information for certain of the pocket
21 designs listed. For example, reviewing the online registration records of Registration Nos. 2,161,384
22 and 2,459,324 showed use information filed by the registration owners in the past several years.

23     13.    Review of several major department store websites, such as macys.com and
24 nordstrom.com, also revealed use information provided in the discovery requests.

25     14.    The gathering of the above-identified information all was accomplished based on
26 Internet searches conducted by me of readily and publicly available information.

27
28

HOWREY, LLP

15. The only other Howrey attorney who reviewed the Requests for Admissions before they were served was Susan Kayser. Katherine Basile was not included in the drafting or reviewing of the discovery requests in any way.

16. A&F responded to Levi's discovery requests and also provided Levi with a draft protective order.

17. Although A&F responded to Levi's discovery requests, Levi subsequently refused to respond to A&F's requests or to sign the protective order, instead seeking an extension of time to respond to A&F's discovery requests. After Howrey granted counsel for Levi a two-week extension to respond to the discovery, Levi filed the instant suit.

18. I have worked on the above-referenced matter and other A&F matters since late 2005. As a result, I know that the RUEHL Women's Pocket Design was not on the market until February 2005. Howrey has handled all of the efforts in filing the RUEHL Women's Pocket Design trademark application, the opposition proceedings before the PTO, discovery in connection with the opposition proceedings, and matters related to Levi Strauss & Co.'s federal trademark infringement lawsuit.

19. Ms. Basile has never been an active member of the RUEHL Women's Pocket Design team. She never prepared any documents or pleadings related to the RUEHL Women's Pocket Design matter. I have never seen her attend any meeting or take part in any teleconference regarding this matter.

I declare under the penalty of perjury that the above statements are truthful to the best of my knowledge.

Executed this 5th day of October, 2007.

_____
CAROLINE C. SMITH

HOWREY, LLP

-3-    DECLARATION OF CAROLINE C. SMITH
CASE NO. 07-cv-03752-JSW