Benjamin Riley (SBN 112007)
E-mail: RileyB@howrey.com
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David G. Meyer (SBN: 116591)
E-mail: Meyerd@howrey.com
Stephanie M. Byerly (SBN: 199223)
E-mail: Byerlys@howrey.com
**HOWREY LLP**
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Defendant
Abercrombie & Fitch Trading Co.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| LEVI STRAUSS & CO, | Case No. 07-cv-03752-JSW |
| Plaintiff, | **DECLARATION OF H. MICHELLE RENNE IN SUPPORT OF ABERCROMBIE & FITCH'S OPPOSITION TO LEVI STRAUSS & CO.'S MOTION TO DISQUALIFY HOWREY LLP** |
| v. | |
| ABERCROMBIE & FITCH TRADING CO., | |
| Defendant. | |
| | Date :   October 26, 2007 |
| | Time :   9:00 a.m. |
| | Place :  Courtroom 2 |
| | Judge :  Honorable Jeffrey S. White |

HOWREY, LLP

DECLARATION OF H. MICHELLE RENNE
CASE NO. 07-cv-03752-JSW

DM_US:20799584_1

## DECLARATION OF H. MICHELLE RENNE

I, H. MICHELLE RENNE, state and declare as follows:

1. I am employed with Howrey LLP in its Washington, D.C. office as an IP Specialist. I make this declaration based on facts known to me personally, and if called as a witness and sworn, I could and would testify competently thereto.

2. I am an Intellectual Property paralegal with over ten years of experience. Since October 2004, I have been employed with Howrey LLP in its Washington, D.C. office as an IP Specialist. As part of my job responsibilities, I regularly prepare and file trademark applications for the firm's clients.

3. On Thursday, December 1, 2005 I received an e-mail from Reid Wilson, in-house trademark counsel at Abercrombie & Fitch (A&F), with instructions to prepare and file a new trademark application for a pocket design mark, which became U.S. Application No. 78/766,368 ("the application" or "the '368 application").

4. On Thursday, December 2, 2005 I drafted the application using the U.S. Patent and Trademark Office (USPTO) online "Trademark Electronic Application System" (TEAS).

5. In accordance with our standard procedures for preparing all new applications for A&F at that time, I drafted the following sections of the '368 application as follows:

   a. attorneys authorized to prosecute any application on behalf of A&F were "Katherine M. Basile, Susan M. Kayser, Caroline C. Smith, Allison G. Olmsted, Mike M. Yaghmai, Jessica D. Bradley, and others of the firm." Since Ms. Basile was listed first, her name was put first on the form.

   b. the correspondence address section listing Howrey's Washington, D.C. office address (1299 Pennsylvania Avenue, NW, Washington, DC 20004), and

   c. the e-mail correspondence section listing Howrey's IP Docketing department e-mail address (ipdocketing@howrey.com), located in Howrey's Northern Virginia office, to receive e-mail correspondence from the USPTO. We further authorized the USPTO to correspond with Howrey via e-mail communication using the ipdocketing@howrey.com e-mail address.

6. Ms. Basile's name appeared first as the partner name on all applications filed on behalf of A&F for most of 2005 and early 2006. I did not personally discuss this application with her, nor did I have her review or sign this application prior to filing it with the USPTO.

7. On Friday, December 2, 2005 I spoke with Caroline Smith, the acting responsible attorney for the application, regarding the draft application. After receiving her approval, I sent a draft copy of the application to Reid Wilson, in-house counsel at A&F, for review. Later that evening, I received his approval to finalize the application.

8. On Monday, December 5, 2005 I finalized the draft application and sent it to Reid Wilson via the USPTO's TEAS system for his electronic signature.

9. On Monday, December 5, 2005 I received the electronically signed version of application back from Reid Wilson. I then completed the electronic filing submission process via the USPTO's website.

10. A print out of the application filing data submitted to the USPTO via TEAS is attached hereto as **EXHIBIT A**. This copy was obtained from the publicly available Trademark Document Retrieval (TDR) section of the USPTO's website.

11. On Monday, December 5, 2007 I also directed that a new matter be opened for this application internally at Howrey LLP. As part of that process, I designated who should be listed as the responsible attorneys, paralegals, and action person in the Howrey intellectual property docketing system to receive the routine mail and docket notices for this application in accordance with our standard practice for this client and the Ruehl brand at that time:

| Responsible Atty 1 | Allison Olmsted |
| Responsible Atty 2 | Susan Kayser |
| Paralegal 1 | Michelle Renne |
| Paralegal 2 | Christine Korff |
| Action Person | Michelle Renne |

Due to staffing changes, the list of responsible attorneys, paralegals, and action person for the '368 application is currently:

| Responsible Atty 1 | Kelly McCarty |
| Responsible Atty 2 | Caroline Smith |
| Paralegal 1 | Michelle Renne |
| Paralegal 2 | Lakisha Foster |
| Action Person | Caroline Smith |

The list of responsible attorneys, paralegals, and action person for the subsequent "child" application (78/977,782) that was divided out from the '368 application on October 30, 2006 is:

| Responsible Atty 1 | Kelly McCarty |
| Responsible Atty 2 | Caroline Smith |

-2-   DECLARATION OF H. MICHELLE RENNE
CASE NO. 07-cv-03752-JSW

DM_US:20799584_1

| Paralegal 1 | Michelle Renne |
|---|---|
| Paralegal 2 | None |
| Action Person | Michelle Renne |

12. As the lead paralegal in this case, I am familiar with the firm's policy and practices with regard to the distribution of mail received from the USPTO. Such mail is treated as follows:

    a. All paper mail sent via the U.S. Postal Service by the USPTO that is received by Howrey's Washington, D.C. office is immediately routed via an interoffice shuttle to the Howrey IP Docketing Department located in Howrey's Northern Virginia office;

    b. IP Docketing scans in the paper mail and forwards an "advance copy" via e-mail to the responsible attorneys, paralegals, and action person listed on the docket for that application, and their secretaries;

    c. IP Docketing processes the paper copy of the mail and routes it to the "Action Person" on the docket for that application along with a corresponding docket sheet;

    d. All e-mail communication from the USPTO received by Howrey's IP Docketing Department is forwarded to the responsible attorneys, paralegals, and action person listed on the docket for that matter, and their secretaries in this same fashion as indicated in items b and c above;

    e. Katy Basile has never been on the list of responsible team members to receive mail forwarded by IP Docketing for application nos. 78/766,368 and 78/977,782.

13. On or about January 30, 2006, I became aware that Levi's contacted Katy Basile to discuss its objection to A&F's '368 application when Ms. Basile informed the team regarding those communications. At that point, an internal decision was made that Katy Basile formally be excluded from all communications and conversations regarding this application and the potential opposition by Levi's. Consequently, John Froemming instructed the team not to contact Ms. Basile regarding these matters. To my knowledge, Ms. Basile had not been included in any communications regarding this application before this time and has not been included in any communications since that time.

14. On or about February 23, 2007, I received a copy of the memo that William R. O'Brien, acting as the chair of the firm's Professional Responsibility Committee, distributed to the entire firm advising that Ms. Basile had been placed behind an ethical wall with regard to all matters related to the Ruehl Women's Pocket Design mark, including U.S. application nos. 78/766,368 and 78/977,782. A true and correct copy of the February 23, 2007 memo is attached hereto as **EXHIBIT B**.

15. Because the A&F team had already placed Ms. Basile behind an ethical wall with regard to all matters related to the Ruehl Women's Pocket Design mark, we did not need to make any changes to the team's internal practices and we continue to wall Ms. Basile from all matters relating to the RUEHL Women's Pocket Design mark.

16. On or about March 24, 2006, I filed a revocation of prior power of attorney and appointment of new attorney signed by Reid Wilson with the USPTO via the TEAS system for the '368 application. This revoked the prior power of attorney given when the application was filed and removed Ms. Basile from the application, and appointed Caroline Smith as both the attorney of record and correspondent. A copy of this document as obtained from the publicly available TDR section of the USPTO's website is attached hereto as **EXHIBIT C**.

I declare under the penalty of perjury that the above statements are truthful to the best of my knowledge.

Executed this 5th day of October, 2007.

_H. Michelle Renne_ (signature)
H. MICHELLE RENNE