1  Benjamin Riley (SBN 112007)
   E-mail:  RileyB@howrey.com
2  **HOWREY LLP**
   525 Market Street, Suite 3600
3  San Francisco, CA 94105-2708
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David G. Meyer (SBN 116591)
   E-mail:  Meyerd@howrey.com
6  Stephanie M. Byerly (SBN 199223)
   E-mail:  Byerlys@howrey.com
7  **HOWREY LLP**
   550 South Hope Street, Suite 1100
8  Los Angeles, California  90071
   Telephone:  (213) 892-1800
9  Facsimile:  (213) 892-2300

10 Attorneys for Defendant
   Abercrombie & Fitch Trading Co.

11

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO**

15 LEVI STRAUSS & CO,                    ) Case No. 07-cv-03752-JSW
                                         )
16          Plaintiff,                   ) **DECLARATION OF JOHN FROEMMING**
                                         ) **IN SUPPORT OF ABERCROMBIE &**
17     vs.                               ) **FITCH'S OPPOSITION TO LEVI STRAUSS**
                                         ) **& CO.'S MOTION TO DISQUALIFY**
18 ABERCROMBIE & FITCH TRADING CO.,      ) **HOWREY LLP**
                                         )
19          Defendant.                   ) Date:     October 26, 2007
                                         ) Time:     9:00 am
20 _____) Place:    Courtroom 2
                                           Judge:    Honorable Jeffrey S. White

21

22

23

24

25

26

27

28

                                    DECLARATION OF JOHN FROEMMING
                                    CASE NO. 07-cv-03752-JWS

# DECLARATION OF JOHN FROEMMING

I, JOHN FROEMMING, state and declare as follows:

1.     I am a partner in the law firm of Howrey LLP, which is lead counsel to Abercrombie & Fitch Trading Co. ("A&F") in this and its other trademark registration and infringement matters worldwide. Except as otherwise stated, I make this declaration based on facts known to me upon personal knowledge and, if called as a witness and sworn, I could and would testify competently thereto.

2.     In March 2005, A&F retained Howrey to handle a trademark enforcement matter. Since approximately July 2005, Howrey has handled all of its trademark prosecution and brand enforcement matters worldwide. A&F's Howrey team is based in Washington, D.C.

3.     In December of 2005, A&F asked us to file a trademark application for its RUEHL Women's Pocket Design. We handled the trademark application and proceedings in the United States Patent and Trademark Office ("PTO") for this matter, including the defense of the Opposition filed by Levi Strauss & Co. ("Levi") before the PTO/Trademark Trial and Appeal Board.

4.     As Howrey's lead partner for A&F, I assigned a team of Howrey attorneys and a paralegal based in Washington to handle the matter. I never asked my partner, Katherine ("Katy") Basile, to work on or to provide any legal advice in this matter. Nor has she worked on or provided any advice in this matter.

5.     On January 30, 2006, Ms. Basile contacted me concerning a telephone call she had received from Mr. Thomas Onda, inside counsel for Levi. Katy stated that Mr. Onda had expressed concern that A&F's RUEHL Women's Pocket Design in our recently filed trademark application was confusingly similar with Levi's Arcuate design trademark. She also informed me that he had initially expressed discomfort speaking with her due to her previous employment as in-house counsel at Levi, but that Katy had reminded him that it had been almost seven years since she had left Levi, and that he agreed it had been a "long time" ago.

6.     In view of Mr. Onda's "long time ago" admission, Katy said she thought, and I thought as well, that this was the end of any issue. Nevertheless, out of an abundance of caution, I instructed

- 1 -

DM_US:20802787_1

1  my team not to communicate with Katy regarding this matter, and we agreed that Katy should continue

2  to not be involved in this matter.

3         7.     Because Katy had never been assigned to the A&F RUEHL Women's Pocket Design

4  matter, she was not involved in team meetings, and we did not send her any correspondence regarding

5  this matter.  We made certain that she would be walled off from the A&F RUEHL Women's Pocket

6  Design matter after his call.

7         8.     On March 6, 2006, lead outside counsel for Levi, Greg Gilchrist, called me and argued

8  that A&F's RUEHL Women's Pocket Design would likely be confusing with Levi's Arcuate design

9  mark.  I told Mr. Gilchrist that A&F was unlikely withdraw its trademark application.  At no time

10 during the call did he mention Katy Basile, assert that she had any conflict of interest, or assert that any

11 conflict was somehow imputed to me or to anyone else at Howrey, or that it was in any way improper

12 for me or anyone else at Howrey to continue to represent A&F with regard to the RUEHL Women's

13 Pocket Design.

14        9.     On March 13, 2006, Mr. Gilchrist sent me the attached e-mail (see Exhibit A) about a

15 third party stitching design that he contended was similar to Abercrombie's RUEHL Women's Pocket

16 Design but had been rejected registration.  Again, Mr. Gilchrist in his short email did not mention Ms.

17 Basile or suggest there was any conflict.

18        10.    That same day, Mr. Gilchrist sent me another e-mail (Exhibit B) regarding another third

19 party mark, but did not mention Ms. Basile or suggest there was any conflict.

20        11.    On March 15, 2006, I responded to Mr. Gilchrist's e-mail by pointing out that he had

21 identified insufficient authority to support his argument that A&F's RUEHL Women's Pocket Design

22 is likely to be confused with Levi's Arcuate design.   (See Exhibit C.)  Mr. Gilchrist never responded

23 to my March 2006 e-mail, and never asserted any alleged conflict until his colleague, Ms. Giacone,

24 sent us a letter on July 20, 2007 in which Levi's outside counsel for the first time "raise[d]" a conflict

25 issue "regarding []our firm's continued representation of A&F in this matter."  (See Exhibit D, p. 1, ¶

26 4.) .

27

28

DECLARATION OF JOHN FROEMMING
                                                                  CASE NO. C073752

DM_US:20802787_1

1      12.     When I received Ms. Giacone's July 20, 2007 letter threatening to move to disqualify

2   Howrey, I was surprised.  I had thought there was no "conflict" issue in view of Mr. Onda's "long time

3   ago" admission in January 2006, and the fact that I had subsequent communications with Levi's

4   outside counsel and our team had done a substantial amount of work as a result of Levi's opposition

5   efforts at the PTO (including discovery) without any complaint or objection from Levi whatsoever.

6      13.     I responded to Ms. Giacone's July 20, 2007 letter with the attached letter dated August

7   3, 2007, in which we explained Levi's lack of ground for disqualification and offered to provide sworn

8   statements to that effect.  (See Exhibit E.)  Instead of reconsidering or taking us up on our offer, Levi

9   replied by the attached letter dated August 16, 2007, in which Levi threatened to move to disqualify

10  but then immediately requested that our respective clients "discuss the underlying dispute directly with

11  one another to see if they can reach a resolution of the infringement issues" in a settlement meeting.

12  (See Exhibit F, p. 3.)

13     14.     While Levi threatened to move for disqualification and attempted to settle the

14  underlying trademark matter, we agreed to a limited tolling of the "clock" on Levi's nineteen month

15  delay from approximately August 27, 2007 to September 12, 2007.

16      I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct.  Executed on October 5, 2007.

18

19                              /s/ John Froemming
                               John Froemming

20

21      The electronic filer hereby attests that the individual whose name appears above has signed this

22  document.  *See* General Order 45, Section X.

23

24

25

26

27

28