Benjamin K. Riley (SBN 112007)
E-mail: RileyB@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David G. Meyer (SBN 116591)
E-mail: Meyerd@howrey.com
Stephanie M. Byerly (SBN 199223)
E-mail: Byerlys@howrey.com
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| LEVI STRAUSS & CO, <br><br> Plaintiff, <br><br> vs. <br><br> ABERCROMBIE & FITCH TRADING CO., <br><br> Defendant. | Case No. 07-cv-03752-JSW <br><br> [PROPOSED] ORDER DENYING LEVI STRAUSS & CO.'S MOTION TO DISQUALIFY HOWREY LLP <br><br> Date: October 26, 2007 <br> Time: 9:00 am <br> Place: Courtroom 2 <br> Judge: Honorable Jeffrey S. White |

# [PROPOSED] ORDER

This matter is before the Court on Plaintiff Levi Strauss & Co.'s motion to disqualify Howrey LLP, counsel for Defendant Abercrombie & Fitch Trading Co. ("A&F"). After reviewing the submissions of the parties and hearing oral argument, the Court denies the motion.

## I. SUMMARY OF RELIEF REQUESTED

Plaintiff Levi Strauss & Co. ("Levi") has moved to disqualify Abercrombie & Fitch Trading Company's ("A&F") counsel Howrey LLP from representing A&F on this trademark infringement lawsuit on the ground that Howrey partner Katherine M. Basile served as in-house counsel for Levi from April 1994 through April 1999.

## II. DISCUSSION

A&F opposes Levi's Motion to Disqualify on the ground that Levi waived its objection related to any perceived conflict of interest due to its delay of over eighteen months in bringing this motion. Even without waiver, A&F argues that the Court should deny Levi's Motion to Disqualify because Levi has failed to identify any matter on which Ms. Basile worked while at Levi that materially relates to the relevant facts and laws in the current matter. Furthermore, A&F proposes that the ethical wall that Howrey erected immediately upon learning of Levi's perception of a conflict with Howrey's representation adequately protects against possible disclosure of any confidential information and further militates against disqualification.

### A. Waiver

It is apparent that Levi first became aware of a possible conflict of interest in Howrey's representation of A&F in its RUEHL Women's Pocket Design trademark application at least by January 23, 2006. Levi failed to raise any objection to Howrey's involvement until well over eighteen months and after significant proceedings took place at the United States Patent & Trademark Office ("PTO"), including the opposition process and adversarial discovery between the parties. Levi could have filed a motion to disqualify Howrey at any time in the PTO, but did not. A party is required to raise objections on the grounds of conflict of interest immediately or waives its right to do so. *See Trust Corp. of Mon. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983) ("a former client who is

1  entitled to object to an attorney representing an opposing party on the ground of conflict of interest but
2  who knowingly refrains from asserting it promptly is deemed to have waived that right"); *River West,*
3  *Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1311 (1987). Levi has failed to offer any reasonable basis for its
4  delay in objecting to Howrey's representation. Accordingly, the Court finds Levi has waived any
5  objection to Howrey's representation of A&F in this matter.

6      **B.**    **Substantial Relation**

7      Second, Levi has failed to meet its burden of demonstrating a substantial relationship between
8  Ms. Basile's general responsibility for trademark enforcement at Levi eight years ago and the current
9  litigation over whether A&F's Design is confusingly similar to Levi's mark in the marketplace today.
10 *See City & County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006). Levi has
11 not identified any matter on which Ms. Basile worked that materially relates to the issues of fact and
12 law present in this lawsuit, filed more than eight years after Ms. Basile left Levi. Accordingly, the
13 Court finds that because Levi has failed to establish a substantial relation between the matters on which
14 Ms. Basile worked while at Levi and the present litigation, there is no basis for disqualification.

15     **C.**    **Ethical Wall**

16     Third, Howrey erected an ethical wall immediately upon learning in January 2006 that Levi
17 had some concerns regarding Howrey's representation of A&F in the PTO proceedings. Ms. Basile
18 was not involved on the case. She was screened from team meetings, e-mails, mail distribution, and
19 any other communication regarding the A&F RUEHL Women's Pocket Design. The ethical wall that
20 Howrey immediately put into place further militates against the extreme measure of disqualification.
21 *See In re County of Los Angeles*, 223 F.3d 995 (9th Cir. 2000).

22     Accordingly, disqualification of Howrey regarding A&F's Design is unwarranted, and Levi's
23 motion is denied.

24
25
26
27
28

1 **FOR THE FOREGOING REASONS**, the Court hereby denies Plaintiff Levi Strauss & Co.'s Motion to Disqualify Howrey LLP, counsel for Defendant Abercrombie & Fitch Trading Co.

IT IS SO ORDERED.

_____
HONORABLE JEFFREY S. WHITE