Benjamin K. Riley (SBN 112007)
E-mail: RileyB@howrey.com
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David G. Meyer (SBN: 116591)
E-mail: MeyerD@Howrey.com
Stephanie M. Byerly (SBN 199223)
E-mail: ByerlyS@Howrey.com
**HOWREY LLP**
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> vs. <br><br> ABERCROMBIE & FITCH TRADING CO., <br><br> Defendant. | ) Case No. C 07-3752 JSW <br> ) <br> ) **ABERCROMBIE & FITCH TRADING CO.'S** <br> ) **OBJECTIONS TO THE DECLARATION OF** <br> ) **THOMAS M. ONDA AND MOTION TO** <br> ) **STRIKE CERTAIN PORTIONS OF** <br> ) **DECLARATION AND EXCESS PAGES IN** <br> ) **MOTION TO DISQUALIFY** <br> ) <br> ) Date:  October 26, 2007 <br> ) Time:  9:00 a.m. <br> ) Ctrm:  Courtroom 2 <br> ) Judge: Hon. Jeffrey S. White <br> ) |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant respectfully submits the following points and authorities in support of its (1) Evidentiary Objections to the Declaration of Thomas Onda ("Onda Decl.") offered in support of Plaintiff's Motion to Disqualify Howrey LLP as Counsel for Defendant Abercrombie & Fitch Trading Co. ("Motion to Disqualify") and (2) motion to strike certain portions of Mr. Onda's declaration and the excess pages to Levi's motion.

## I. INTRODUCTION.

In its motion to disqualify, Levi Strauss & Co. ("Levi") contends that Howrey partner Katherine M. Basile ("Ms. Basile") possesses confidential information from her former representation of Levi that materially relates to this litigation. In support of its contentions, Levi submits the declaration of Thomas Onda. Although Mr. Onda never worked in-house at Levi when Ms. Basile worked there, he attests to the types of matters she worked on and the purported confidential information she received during that time. Without question, Mr. Onda does not have the personal knowledge required to make these statements. Defendant therefore objects to certain portions of Paragraphs 3, 5, 6, and 9 of Mr. Onda's Declaration and moves to strike those portions.

Furthermore, in violation of this department's standing orders, Levi's Motion to Disqualify is twenty-one pages, six pages over the fifteen-page limit imposed by this Court. A&F respectfully requests the Court strike pages sixteen through twenty-one on this ground.

## II. THE COURT SHOULD STRIKE CERTAIN PORTIONS OF MR. ONDA'S DECLARATION.

A declaration must contain facts that are personally known to the declarant and as to which the declarant is competent to testify. Civil L.R. 7-5(b) (requiring all declarations submitted in the Northern District to specify the basis for any statement made upon information or belief and comport with requirements of Fed. R. Civ. P. 56(e)); *see also* Fed. R. Civ. P. 56(e) (declarations must be based on personal knowledge and state only admissible facts). Civil L.R. 7-5(b) also states, "An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Furthermore, courts in the Ninth Circuit regularly strike affidavits that do not meet the requirements of Rule 56(e). *See*

*e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (declaration not based on personal knowledge and amounting to unsupported conclusory allegations).

Moreover, the Federal Rules of Evidence preclude the admission of evidence that is irrelevant, not based on personal knowledge, and hearsay. Fed. R. Evid. 401, 402, 601, 602, 701, 702, 801, 802; *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit, in part, because not based on personal knowledge of facts). Courts in the Ninth Circuit regularly strike affidavits that do not meet the requirements of Rule 56(e). *See e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (striking declaration not based on personal knowledge and amounting to unsupported conclusory allegations).

Mr. Onda is unable to lay a foundation for his statements relating to Ms. Basile's work at Levi because he never worked in-house at Levi during the time Ms. Basile worked there. *See* Declaration of Katherine M. Basile offered in support of A&F's Opposition to Motion to Disqualify, filed concurrently herewith ("Basile Decl.") at ¶ 13. Accordingly, this Court should sustain A&F's objections, as noted below, and strike Paragraphs 3, 5, 6, and 9 of Mr. Onda's Declaration.

### A. Paragraph 3 Lacks Foundation.

In Paragraph 3 of his declaration, Mr. Onda states, "When Ms. Basile joined LS&CO. in 1994, her job title was Assistant General Counsel." He also states, "At the time Ms. Basile left LS&CO. in April 1999, she was LS&CO.'s Associate General Counsel and Chief Intellectual Property Counsel, Americas." Because Mr. Onda did not work at Levi during the time she was employed there and Mr. Onda has offered no other proper basis for his testimony, it lacks foundation, should be stricken, and not considered by the Court. Fed. R. Evid. 601, 602; *see also Kim*, 121 F.3d at 1276-77 (district court properly rejected affidavit not based on personal knowledge); Fed. R. Civ. P. 56(e) (declarations must be based on personal knowledge and state only admissible facts).

### B. Paragraph 5 Lacks Foundation.

In Paragraph 5 of his declaration, Mr. Onda offers testimony that Ms. Basile was "closely involved" in forming the Levi policies and strategies created to protect Levi's Arcuate trademark. Mr. Onda fails to adequately demonstrate sufficient personal knowledge for his characterization of Ms.

Basile's involvement in the creation of any Levi policy or strategy. Again, because Mr. Onda did not work at Levi until after Ms. Basile had already left the company, he has no personal knowledge of how closely involved she might have been in the formation of Levi policies and strategies.

Mr. Onda also claims that Ms. Basile was "directly involved in the ongoing process of evaluating the scope of the [Levi's] rights in the mark and in assessing and refining [Levi's] overall strategy for enforcement of those rights." For the same reasons already stated, Mr. Onda lacks personal knowledge to support these statements, rendering them inadmissible.

### C. Paragraph 6 Lacks Foundation And Constitutes Inadmissible Hearsay.

In Paragraph 6 of his declaration, Mr. Onda offers testimony about Ms. Basile's communications with Levi's management. Because Mr. Onda's statements lack personal knowledge and constitute inadmissible hearsay, they should be stricken. Because Mr. Onda neither worked at Levi when Ms. Basile was there nor contends that he was present during such communications, Mr. Onda's statements lack foundation and constitute inadmissible hearsay. Fed. R. Evid. 601 602, 801, 802; *see Pfingston,* 284 F.3d at 1003; *In re Houghton,* 123 B.R. at 871; *see also Kim,* 121 F.3d at 1276-77; Fed. R. Civ. P. 56(e); *see e.g., Taylor,* 880 F.2d at 1045.

### D. Paragraph 9 Lacks Foundation And Amounts To Improper Legal Argument.

In Paragraph 9 of his declaration, Mr. Onda claims that A&F's discovery requests "implicate" enforcement decisions that Ms. Basile made while with Levi. Specifically, Mr. Onda states that A&F's discovery requests seek information regarding designs that Ms. Basile challenged, chose not to challenge, or settled. Because Mr. Onda did not begin working at Levi until after Ms. Basile left the company, Mr. Onda lacks the requisite personal knowledge for making these statements.

For the foregoing reasons, the Court should sustain A&F's objections to and strike the inadmissible portions of Paragraphs 3, 5, 6, and 9 of Mr. Onda's Declaration.

## III. THE COURT SHOULD STRIKE PAGES SIXTEEN THROUGH TWENTY-ONE OF LEVI'S MOTION TO STRIKE

This Department's Standing Order demands, "All briefs, whether in support of, in opposition to, or in reply to any motion, with the exception of summary judgment motions and claims

construction briefs, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, and summaries of argument, if required." Judge White's Civil Standing Order 6. Nevertheless, Plaintiff's Motion to Disqualify Howrey LLP as Counsel for Defendant Abercrombie & Fitch Trading Co. violates this rule by exceeding the page-limitation by six full pages. Defendant respectfully requests that the Court strike all pages of Plaintiff's motion after the fifteenth page. *See CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099 (2007).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court strike the relevant portions of Paragraphs 3, 5, 6, and 9 of Mr. Onda's declaration as outlined herein and refuse to consider these portions in support of Plaintiff's Motion to Disqualify. A&F also respectfully requests the Court strike pages sixteen through twenty-one of the Motion to Disqualify for Levi's violation of the Court's rule.

Dated: October 9, 2007

HOWREY LLP
DAVID M. MEYER
STEPHANIE M. BYERLY


By: /s/ Stephanie M. Byerly
    Stephanie M. Byerly
    Attorneys for Defendant
    Abercrombie & Fitch Trading Co.

The electronic filer hereby attests that the individual whose name appears above has signed this document. See General Order 45, Section X.