1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (State Bar No. 111536)
2  GIA L. CINCONE (Bar # 141668)
   Two Embarcadero Center, Eighth Floor
3  San Francisco, California  94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300
   Email:  gsgilchrist@townsend.com; glcincone@townsend.com
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7

8                 UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | LEVI STRAUSS & CO.,                        | Case No.   C 07-3752 JSW
12 |                Plaintiff,                  | **PLAINTIFF LEVI STRAUSS & CO.'S RESPONSE TO DEFENDANT'S**
13 |        v.                                  | **OBJECTIONS TO DECLARATION OF THOMAS M. ONDA AND**
14 | ABERCROMBIE & FITCH TRADING CO.,           | **OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**
15 |                Defendant.                  |
16 |                                            | DATE: October 26, 2007
   |                                            | TIME:  9:00 a.m.
17 |                                            | COURTROOM: 2

Plaintiff Levi Strauss & Co. ("LS&CO.") submits the following response to defendant Abercrombie & Fitch Trading Co.'s ("A&F") objections to the Declaration of Thomas M. Onda submitted in support of LS&CO.'s motion to disqualify Howrey LLP, and opposition to defendant's motion to strike certain portions of the declaration and excess pages from LS&CO.'s motion.

## I.   BACKGROUND

On September 21, 2007, LS&CO. filed a Notice of Motion and Motion to disqualify Howrey LLP as counsel for A&F in this action. The Memorandum of Points and Authorities in support of that motion, which was attached to the Notice of Motion and Motion, constituted page 2 through the middle of page 21 of the document, a total of nineteen and a half pages -- thus exceeding this Department's page limit by approximately four and a half pages.

Accompanying its motion, LS&CO. also submitted a declaration from its Global Intellectual Property Counsel, Thomas M. Onda. Mr. Onda is the successor as LS&CO.'s in-house trademark counsel to Katherine Basile, the Howrey partner whose role in connection with A&F's trademark application has prompted LS&CO.'s motion to disqualify. Mr. Onda testified concerning Ms. Basile's job titles and responsibilities while she was employed at LS&CO., prior to Mr. Onda's employment there. Howrey now asserts that because Mr. Onda did not work in-house at LS&CO. at the same time as Ms. Basile, he lacks personal knowledge of the matters stated in his declaration.

## II.   ARGUMENT

### A.   Mr. Onda's Declaration Is Based On Personal Knowledge And Is Admissible

The facts supporting personal knowledge and competence to testify can be inferred from the sworn statements themselves. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990). Personal knowledge "is not strictly limited to activities in which the declarant has personally participated." Rather, personal knowledge "can come from review of the contents of files and records. . . . Based on personal knowledge of the files and records, a declarant may testify to acts that she or he did not personally observe but which are described in the record." *Washington Central Railroad Co. v. National Mediation Board*, 830 F. Supp. 1343, 1353 (E.D. Wash. 1993). Thus, where it appears that the declarant's statements are based on review of files and records, the personal knowledge requirement is met and the declaration is admissible. *See, e.g., EEOC v. Peabody Coal Co.*, 214

1  F.R.D. 549, 562 (D. Ariz. 2002) (admitting sworn statements of in-house attorneys that were based on
2  review of documents), *rev'd and remanded on other grounds*, 400 F.3d 774 (9th Cir. 2005), *cert.*
3  *denied*, 546 U.S. 1150 (2006); *Putnam v. Oakland Unified School District*, No. C-93-3772 CW, 1995
4  U.S. Dist. LEXIS 22122 at *24 (N.D. Cal. June 9, 1995) (denying motion to strike declarations which
5  stated that the facts were either within the declarant's personal knowledge or ascertained from business
6  records); *Washington Central*, 830 F. Supp. at 1353 (denying motion to strike where declarant's
7  personal knowledge came from review of records and files).

8  Under these standards, Mr. Onda's declaration is admissible. The reply declaration of Mr. Onda, submitted herewith, makes clear that the statements in both of his declarations are based on his personal knowledge and/or on the regular and established business records of LS&CO. (Onda Reply Dec. ¶ 2.) Indeed, the notion that Mr. Onda is not competent to testify regarding his predecessor's job responsibilities because he did not work at LS&CO. at the same time she did is specious at best. Mr. Onda did in fact work with Ms. Basile while he was an associate at Schlemmer and Associates, which served as outside trademark counsel to LS&CO. during the first part of Ms. Basile's employment as LS&CO.'s in-house Intellectual Property Counsel. (Onda Reply Dec. ¶¶ 3-4.)

16 More importantly, Mr. Onda's job includes enforcement of LS&CO.'s rights in the Arcuate Trademark as well as other marks. He cannot do that job effectively unless he is familiar with, and builds on, the enforcement strategies that were in place when his tenure at LS&CO. began. (Onda Reply Dec. ¶ 6.) As a result of his ongoing review of LS&CO.'s documents and records relating to brand protection policies, Mr. Onda has become aware, as he testified previously, that Ms. Basile was directly involved in the formulation and implementation of policies and strategies for the protection of the Arcuate Trademark, many of which remain in place today. (Onda Dec. ¶ 5; Onda Reply Dec. ¶ 7.) He is also aware that Ms. Basile communicated regularly -- as Mr. Onda does now -- with Company managers and employees regarding trademark-related matters. (Onda Dec. ¶ 6; Onda Reply Dec.¶ 9.)

25 Moreover, in order to fulfill his own job responsibilities, Mr. Onda has extensively reviewed, analyzed, and testified about enforcement actions that preceded his tenure, including many handled personally by Ms. Basile, and is familiar with decisions she made regarding those matters. Having also reviewed A&F's discovery requests in the opposition proceeding, Mr. Onda is competent to

1 testify that those requests involve a number of enforcement decisions Ms. Basile made while she was
2 employed at LS&CO. (Onda Dec. ¶ 9; Onda Reply Dec. ¶ 8.)

3     In short, Mr. Onda's statements clearly are based on his own personal knowledge, including his
4 review of the regular business records of LS&CO., and are admissible. A&F's motion to strike should
5 be denied.

6     **B.    LS&CO. Requests That This Court Consider The Excess Pages In Its Motion To Disqualify**

8     Along with this response and opposition to A&F's motion to strike, LS&CO. is submitting an
9 administrative request that the Court consider the extra four and a half pages of its opening brief on
10 the motion to disqualify. LS&CO. apologizes to the Court for its counsel's oversight in failing to
11 request permission beforehand to file an overlong brief, and asks that despite the excessive length, the
12 Court include the additional pages as part of its consideration of the merits of LS&CO.'s motion and
13 deny A&F's motion to strike. *See* LS&CO.'s Administrative Request That The Court Consider Excess
14 Pages On Plaintiff's Motion To Disqualify, filed herewith.

16 DATED: October 12, 2007        Respectfully submitted,

18         By: /s/ Gia L. Cincone
           Gia L. Cincone
19            TOWNSEND AND TOWNSEND AND CREW LLP
           Two Embarcadero Center, Eighth Floor
20            San Francisco, California 94111
           Telephone: (415) 576-0200
           Facsimile: (415) 576-0300

           Attorneys for Plaintiff
22            LEVI STRAUSS & CO.