Benjamin K. Riley (SBN 112007)
E-mail: RileyB@howrey.com
**HOWREY LLP**
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David G. Meyer (SBN 116591)
E-mail: Meyerd@howrey.com
Stephanie M. Byerly (SBN 199223)
E-mail: Byerlys@howrey.com
**HOWREY LLP**
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| LEVI STRAUSS & CO, | Case No. 07-cv-03752-JSW |
| Plaintiff, | **A&F'S OPPOSITION TO LEVI'S ADMINISTRATIVE MOTION FOR EXCESS PAGES (L.R. 7-11)** |
| vs. | |
| ABERCROMBIE & FITCH TRADING CO., | Judge: Honorable Jeffrey S. White |
| Defendant. | |

1	Plaintiff Levi Straus & Co. ("Levi") admits that as a result of not checking this Court's Standing Orders, it filed a 20-page brief in support of its motion to disqualify Howrey LLP, the chosen counsel for Defendant Abercrombie & Fitch Trading Co. ("A&F") in this matter.  It further admits that it was only entitled to file a 15-page brief in support of its motion.

A&F, in keeping with the Court's page limits, properly limited itself to a 15-page memorandum in opposition to the motion to disqualify Howrey.  In so doing, A&F also filed an objection to Levi's opening memorandum, requesting the Court to strike the final five pages.

Now Levi has belatedly filed this Motion for Administrative Relief, asking the Court to endorse its unauthorized filing of an extra long brief.  That request should be denied.

First, requests to file an extra long brief should be addressed to the Court before the brief is filed, not afterwards.  Levi's Rule 7-11 motion is too late.  Since Levi's opening brief failed to comply with this Court's 15-page memorandum limitation, the final five pages should be stricken.  *See e.g., CRST Van Expedited, Inc. v. Werner Enterprises, Inc.,* 479 F.3d 1099, 1104, n.4 (9th Cir. 2007) (striking overlong supplemental authority submissions).

Second, A&F properly filed a 15-page opposition memorandum in response to the motion to disqualify.  It did not request extra pages to respond to Levi's motion.  Levi should not be rewarded with approval to file a 20-page brief after A&F has already complied with the Court's Standing Orders and limited itself to 15 pages.

Third, the final five pages of Levi's memorandum in support of its motion to disqualify (pages 17-21) make the argument that Levi supposedly did not waive its objection to Howrey's representation of A&F,[1] despite the fact that Levi waited more than 18 months to bring the motion to disqualify. Even Levi concedes that this argument anticipated one of A&F's defenses, and "is essentially a reply argument." (Levi Admin. Motion at 2:15.)  In fact, Levi now has filed a 12-page Reply Brief in support of its motion, three full pages (plus additional factual discussion) of which addresses the waiver arguments.  Accordingly, there is no reason Levi should be granted authority to file five extra

---

[1] The "sixteenth" page of Levi's opening memorandum — identified as page 17 — also includes eleven lines of text citing vicarious disqualification cases plus one footnote.

1 | pages on a "rebuttal" argument that is already addressed in Levi's Reply.

2 |     Finally, Levi's Rule 7-11 administrative motion should be denied for failing to follow the Court's Local Rules for these motions. In violation of Local Civil Rule 7-11(a), Levi never attempted to obtain a stipulation from A&F to file its oversized brief (indeed, it just filed the brief), and did not submit a declaration explaining why it failed to do so. Nor did Levi submit a proposed Order for this Administrative Motion, again as required by Local Rule 7-11(a).

    In sum, this Court should deny Levi's tardy attempt to remedy its oversight of failing to comply with this Court's Standing Orders. Levi is not entitled to an extra five pages in its opening memorandum, especially for a rebuttal argument that is addressed in Levi's Reply. A&F respectfully submits that this Court should deny Levi's motion and strike pages 17 through 21 of Levi's opening memorandum (Docket Document number 16, filed September 21, 2007).

Dated: October 15, 2007

Respectfully submitted,

**HOWREY LLP**

By: _____
        Benjamin K. Riley

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.