TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
gsgilchrist@townsend.com; glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.


MICHAEL J. BETTINGER (State Bar No. 122196)
RACHEL R. DAVIDSON (State Bar No. 215517)
K&L GATES
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
mike.bettinger@klgates.com
rachel.davidson@klgates.com

J. MICHAEL KEYES (*Pro Hac Vice*)
K&L GATES
601 West Riverside Avenue, Suite 1400
Spokane, WA 99201
Telephone: (509) 624-2100
Facsimile: (509) 456-0146
mike.keyes@klgates.com

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., | Case No. C 07-03752 JSW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| ABERCROMBIE & FITCH TRADING CO., | **CMC DATE: Nov. 30, 2007**<br>**CMC TIME: 1:30 p.m.** |
| Defendant. | |

Plaintiff Levi Strauss & Co. ("LS&CO.") and defendant Abercrombie & Fitch Trading Co. ("A&F") jointly submit this Case Management Statement and Proposed Order.

**1.  Jurisdiction and Venue.**

LS&CO.'s first, second and third claims arise under the Lanham Act. This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over LS&CO.'s state law claims pursuant to 28 U.S.C. §1367. No issue exists as to personal jurisdiction or venue, and no named parties remain to be served.

**2.  Bases for Claims and Defenses.**

Plaintiff's Claims:  LS&CO. is a Delaware corporation which has its principal place of business in San Francisco, California. LS&CO. is the sole owner of the Arcuate Stitching Design Trademark ("Arcuate Trademark"), which LS&CO. has used continuously in interstate commerce since 1873 and which is the oldest apparel trademark still in use in the United States. The Arcuate Trademark is federally registered and incontestable. Examples of LS&CO.'s use of the Arcuate Trademark on jeans are attached as Exhibit A to the Complaint, and LS&CO.'s federal and California registrations for the Arcuate Trademark are attached to the Complaint as Exhibit B.

A&F is an Ohio corporation with its principal place of business in New Albany, Ohio. A&F distributes, produces and manufactures jeans and other apparel under the brand name RUEHL, which are sold in this judicial district and throughout the United States. A&F has distributed RUEHL brand jeans that display a stitching design that LS&CO. believes is confusingly similar to LS&CO.'s Arcuate Trademark and violates LS&CO.'s rights in its mark. A&F also has applied for a federal trademark registration for the stitching design. LS&CO.'s complaint states claims against A&F for trademark infringement, dilution and unfair competition under federal and California law.

Defendant's Defenses:

A&F denies that the accused mark infringes or dilutes LS&CO's Arcuate Trademark

- 2 -

and/or that LS&CO has suffered any damages. There is no likelihood of confusion between the accused mark LS&CO's Arcuate Trademark, and LS&CO's Complaint fails on all counts. A&F plans to assert additional defenses under the Lanham Act, which may include those set forth under 15 U.S.C. §1115(b)(2), (3), (8) & (9). A&F believes that LS&CO has admitted by prior conduct that the accused mark is not confusingly similar to the Arcuate Trademark, and thereby is precluded from bringing its cause of action in its Complaint.

**3.    Issues in Dispute.**

The issues (both factual and legal) set forth below are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

<u>Factual Issues:</u>

a.    Whether A&F's use of the stitching design at issue is likely to cause confusion, mistake or deception among consumers and potential consumers.

b.    Whether A&F's use of the stitching design at issue dilutes or is likely to dilute LS&CO.'s Arcuate Trademark.

c.    Whether and to what extent LS&CO. has been damaged by A&F's use of the stitching design at issue.

d.    Whether LS&CO has adequately protected/policed its Arcuate Trademark.

e.    Whether and to what extent LS&CO has improperly licensed its Arcuate Trademark.

f.    Whether LS&CO's prior conduct constitutes an admission that A&F is not infringing or otherwise diluting the Arcuate Trademark.

g.    Whether LS&CO has abandoned its Arcuate Trademark, or has acquiesced in enforcing its rights under the Arcuate Trademark.

1          h.      Whether LS&CO has allowed its mark to be used so as to misrepresent

2 the source of goods on or in connection with which the mark is used.

3     <u>Legal Issues:</u>

4         a.      Whether A&F's use of the stitching design at issue constitutes

5 infringement and dilution of LS&CO.'s Arcuate Trademark and unfair competition under the

6 federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

7         b.      Whether A&F's use of the stitching design at issue constitutes trademark

8 infringement and unfair competition under California common law and/or Cal. Bus. & Prof.

9 Code §§ 14320, 17200 *et seq*., and dilution of LS&CO.'s Arcuate Trademark under Cal. Bus.

10 & Prof. Code § 14330.

11         c.      Whether LS&CO. is entitled to an accounting and recovery of A&F's

12 profits on account of the infringement under the federal Lanham Act, 15 U.S.C. § 1117 (a)

13 and/or common law.

14         d.      Whether A&F's stitching design is entitled to federal trademark

15 registration under the Lanham Act.

16         e.      Whether LS&CO's Arcuate Trademark is enforceable.

17         f.      Whether LS&CO Arcuate Trademark registrations should be cancelled

18 pursuant to 15 U.S.C. § 1064.

19         g.      Whether LS&CO's prior conduct precludes its causes of action.

20         h.      Whether LS&CO had misused its Arcuate Trademark.

21     **4.**    **Narrowing of Issues.**

22     The parties do not believe that the issues in dispute can be narrowed.

23     **5.**    **Anticipated Motions.**

24     The parties anticipate that they may file dispositive motions, depending on the evidence

25 that is produced during the discovery process.

26     **6.**    **Relief Sought.**

27     Pursuant to 15 U.S.C. § 1117(a), LS&CO. will seek damages in the amount of A&F's

28

- 4 -

1  profits from the sale of infringing goods.  Given that discovery with respect to damages has not
2  yet begun, LS&CO. is unable to compute damages at this time.  LS&CO. may seek recovery of
3  extraordinary damages and recovery of its attorneys' fees in the event that discovery shows
4  A&F's conduct to have been willful.  LS&CO.'s complaint also seeks injunctive relief.

5       A&F may seek cancellation of LS&CO's registrations of the Arcuate Trademark.  A&F
6  will also seek recovery of all its cost and fees incurred in its defense of LS&CO's action.

7  **7. Discovery Plan.**

8       The parties expect to agree upon a stipulation regarding the entry of a protective order
9  governing documents and information to be disclosed in the course of this litigation.
10  Thereafter, the parties anticipate exchanging document requests and other written discovery
11  and cooperating in arranging depositions of pertinent party and non-party witnesses.  The
12  parties do not propose any other changes with regard to the timing, form, or requirement for
13  disclosures under FRCP Rule 26(a).  The parties have not agreed to any limitations on the
14  subject matter of discovery, and are to complete discovery within the time limits to be set by
15  the court.  Should the need arise at a later date to amend these deadlines, they may be modified
16  by stipulation and order or motion supported by good cause.

17  **8. Reference to Arbitration.**

18       The parties request referral to mediation as their ADR process.  The parties do not
19  believe the case is suitable for reference to binding arbitration, a special master or magistrate
20  judge, or to the Judicial Panel on Multidistrict Litigation.

21  **9. Trial.**

22       The parties expect that the trial will last approximately five to seven court days.
23  LS&CO. has demanded a jury.  The parties do not believe bifurcation is a viable alternative in
24  this case.

25  **10. Related Cases.**

26       There are no related cases pending in this Court.  A&F believes that LS&CO's prior
27  and pending Complaints against third parties relating to the Arcuate Trademark are relevant to
28

its claims and defenses..

**11.  Certification.**

This is not a class action.

**12.  Proposed Schedule.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | April 30, 2008 |
| Expert Disclosures: | May 30, 2008 |
| Rebuttal Expert Disclosures: | June 20, 2008 |
| Expert Discovery Cut-off: | July 15, 2008 |
| Last Date for Filing of Dispositive Motions: | August 15, 2008 |
| | (to be heard September 19, 2008) |
| Final Pretrial Conference Date: | October 20, 2008 |
| Trial Date: | November 3, 2008 |

**13.  Settlement.**

The parties engaged in settlement discussions prior to the filing of LS&CO.'s complaint, but were not able to reach a resolution.

**14.  Other Items.**

None.

DATED: November 26, 2007          Respectfully submitted,

By:  /s/ Gia L. Cincone
Gia L. Cincone
TOWNSEND AND TOWNSEND AND CREW LLP

Attorneys for Plaintiff
LEVI STRAUSS & CO.

DATED: November 26, 2007

By:  /s/ Rachel R. Davidson
Rachel R. Davidson
K&L GATES

Attorneys for Defendant
ABERCROMBIE & FITCH TRADING CO.

61217118 v1