# Exhibit J

GREGORY S. GILCHRIST (Bar. No. 111536)
GIA L. CINCONE (Bar No. 141668)
NANCY LEE TANG (Bar No. 148726)
LEGAL STRATEGIES GROUP
5905 Christie Avenue
Emeryville, California 94608
Telephone:   (510) 450-9600
Facsimile:   (510) 450-9601

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL JEANS, INC. and DOES 1 through 10, <br><br> Defendants. | Case No. C 03 4606 PJH <br><br> COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION; CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND ACCOUNTING <br> (INJUNCTIVE RELIEF SOUGHT) <br><br> JURY TRIAL DEMAND |

Plaintiff Levi Strauss & Co. ("LS&CO.") complains against Defendants Federal Jeans, Inc. and Does 1-10 (collectively "Defendants") as follows:

JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

1.  Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. § 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

COMPLAINT                                         Levi Strauss & Co. v. Federal Jeans, Inc.
                                                  Case No. C 03 4606 PJH
                            1

2.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact affairs in this district and because a substantial part of the events giving rise to the claims asserted herein arose in this district.

3.   Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## PARTIES

4.   LS&CO. is a Delaware corporation which has its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Since approximately 1850, LS&CO. has manufactured, marketed and sold a variety of clothing products, including its traditional denim blue jean products.

5.   LS&CO. is informed and believes and on that basis alleges that Defendant Federal Jeans, Inc. is a New York corporation with its principal place of business at 1385 Broadway, Room 1108, New York, New York 10018. LS&CO. is informed and believes that Federal Jeans, Inc. manufactures or has manufactured for it a line of men's and women's clothing, including jeans under the R.V.T. and/or Revolt brand names, which are sold in this judicial district and throughout the United States. LS&CO. is informed and believes that Federal Jeans, Inc. has authorized, directed and/or actively participated in the wrongful conduct alleged herein.

6.   LS&CO. is unaware of the true names and capacities of the Defendants named as "Does" herein. LS&CO. is informed and believes and on that basis alleges that each of the Doe Defendants is legally liable and responsible directly or indirectly for the matters alleged in the Complaint. LS&CO. will seek leave to amend this Complaint to show the true names and capacities of the Doe Defendants when they become known.

7.   LS&CO. is informed and believes and on that basis alleges that at all times mentioned in this Complaint each of the Defendants, including Does 1-10, was the agent or principal or both for one another, was acting within the scope of such agency when engaging in the conduct alleged in this Complaint and is jointly and severally liable for all damages and profits arising from the conduct described herein.

COMPLAINT                                      Levi Strauss & Co. v. Federal Jeans, Inc.
                                                             Case No. C 03 4606 PJH
                            2

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

8. Since the 1850's, and continuously thereafter, LS&CO. has developed, manufactured, promoted and sold a variety of clothing products, including its traditional denim blue jeans.

9. Through substantial financial investment and effort, LS&CO. has built up considerable good will and a reputation for quality products.

10. For well over a century, LS&CO. has continuously used federal and state registered trademarks to distinguish its products. These trademarks have a significant degree of inherent distinctiveness.

11. For many years prior to the events giving rise to this Complaint, and continuing to the present, LS&CO. annually has spent great time, money and effort in the promotion and advertisement of products on which its trademarks are used and displayed, and has sold tens of millions of products displaying its trademarks all over the world.

12. LS&CO.'s trademark registrations are valid, extant, in full force and effect and exclusively owned by LS&CO. LS&CO. has continuously used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to the claims in this Complaint.

13. LS&CO. has continuously used its trademarks in interstate commerce throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale, advertisement and promotion of its products, including LEVI'S® brand jeans.

14. By virtue of LS&CO.'s long use of its trademarks, as well as LS&CO.'s extensive advertising and large volume of sales, consumers and retailers accept and recognize LS&CO.'s trademarks as identifying LS&CO.'s products only and distinguishing them from products manufactured and sold by all others.

15. Since the issuance of the registrations for its trademarks, LS&CO. has given notice that the marks are registered.

**LS&CO.'s Arcuate Stitching Design Trademark**

16. LS&CO. is the owner of the famous Arcuate Stitching Design Trademark (hereinafter the "Arcuate Trademark") consisting of a distinctive pocket stitching design used continuously since 1873 in interstate commerce on clothing products. LS&CO. first used the Arcuate Trademark on jeans and later on trousers, pants, shorts and skirts. An example of the Arcuate Trademark as used on LEVI'S® jeans is attached as Exhibit A.

17. LS&CO. owns, among others, the following United States Registrations for its Arcuate Trademark:

  a. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980), attached as Exhibit B; and

  b. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943), attached as Exhibit C.

These registrations have become incontestable under the provisions of 15 U.S.C. §1065.

18. LS&CO. owns, among others, the following California Registrations for its Arcuate Trademark:

  a. Registration No. 088399 (first used as early as 1873; registered August 24, 1988), attached as Exhibit D.

**LS&CO.'S Tab Device Trademark**

19. LS&CO. is the owner of the famous Tab Device Trademark (hereinafter the "Tab Trademark"), which consists of a small marker of textile or other material sewn into one of the regular structural seams of the garment. LS&CO. first used the Tab Trademark in 1936 to identify genuine LEVI'S® products.

20. In or about 1936, LS&CO. first began to display the Tab Trademark on the rear pocket of its pants when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, first proposed placing a folded cloth ribbon in the structural seams of the rear pocket. Examples of the Tab Trademark as used on LEVI'S® jeans are attached as Exhibit E. The purpose of this "tab" was to provide "sight identification" of LS&CO.'s products. Given the distinctiveness of the Tab

1 Trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in
2 putting a colored tab on an outside patch pocket, unless for the express and sole purpose of
3 copying our mark, and confusing the customer."
4     21.    LS&CO. owns, among others, the following United States Registrations for its Tab
5 Trademark:
6     a.    Registration No. 356,701 (first used as early as September 1, 1936;
7         registered May 10, 1938), attached as Exhibit F;
8     b.    Registration No. 516,561 (first used as early as September 1, 1936;
9         registered October 18, 1949), attached as Exhibit G;
10     c.    Registration No. 577,490 (first used as early as September 1, 1936;
11         registered July 21, 1953), attached as Exhibit H;
12     d.    Registration No. 774,625 (first used as early as May 22, 1963; registered
13         August 4, 1964), attached as Exhibit I;
14     e.    Registration No. 775,412 (first used as early as October 9, 1957; registered
15         August 18, 1964), attached as Exhibit J; and
16     f.    Registration No. 1,157,769 (first used as early as September 1, 1936;
17         registered June 16, 1961), attached as Exhibit K.
18 These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.
19
20 **Defendants' Infringements of LS&CO.'s Trademarks**
21     22.    Beginning at some time in the past and continuing until the present, Defendants,
22 with actual or constructive knowledge of LS&CO.'s federal- and state-registered trademarks, have
23 manufactured or arranged for the manufacture for sale in the United States, promoted and sold
24 clothing, including denim jeans and other products, that infringe LS&CO.'s trademarks (hereafter
25 the "infringing products").
26     23.    On information and belief, Defendants have manufactured, sourced, marketed
27 and/or sold jeans that displayed a pocket stitching design (hereinafter referred to as the R.V.T.
28 pocket stitching design. The R.V.T. pocket stitching design consists of one straight line of

COMPLAINT                                          Levi Strauss & Co. v. Federal Jeans, Inc.

1  stitching and one curving line that -- like LS&CO.'s Arcuate Trademark -- starts on the side seams
2  of the pocket and curves downward toward the center of the pocket. A color image of the R.V.T.
3  pocket stitching design as displayed on a pair of R.V.T. jeans is attached as Exhibit L. The R.V.T.
4  pocket stitching design, as used by Defendants, is highly similar to LS&CO.'s Arcuate Trademark.

5      24.    On information and belief, Defendants have also manufactured, sourced, marketed
6  and/or sold jeans that display a tab on the rear pocket (hereinafter referred to as the "Revolt tab."
7  A color image of the Revolt tab as displayed on a pair of Revolt jeans is attached as Exhibit M.
8  The Revolt tab, as used by Defendants, is highly similar to LS&CO.'s Tab Trademark.

9      25.    On information and belief, Defendants currently manufacture, source, market
10 and/or sell jeans that display a pocket stitching design (hereinafter referred to as the "Revolt
11 pocket stitching design"). The Revolt pocket stitching design includes "two rows of thread which
12 -- like LS&CO.'s Arcuate Trademark -- start on the side seams of the pocket and curve downward
13 toward the center of the pocket". A color image of the Revolt pocket stitching design as displayed
14 on a pair of Revolt jeans is attached as Exhibit N. The Revolt pocket stitching design, as used by
15 Defendants, is highly similar to LS&CO.'s Arcuate Trademark.

16     26.    On information and belief, Defendants have manufactured, marketed and sold
17 substantial quantities of the infringing products and obtained and continue to obtain substantial
18 profits thereby.

19     27.    On information and belief, each of the Defendants has at all times knowingly
20 participated with one another to manufacture, promote and/or sell these infringing products and
21 are, accordingly, jointly and severally liable for all damages from their conduct.

22     28.    Defendants' actions have and will cause LS&CO. irreparable harm for which
23 money damages and other remedies are inadequate. Unless Defendants are restrained by this
24 Court, Defendants will continue and/or expand the illegal activities alleged in this Complaint and
25 otherwise continue to cause great and irreparable damage and injury to LS&CO. through, <u>inter</u>
26 <u>alia</u>:

27     a.    depriving LS&CO. of its statutory rights to use and control use of its
28          trademarks;

COMPLAINT                                    Levi Strauss & Co. v. Federal Jeans, Inc.
                                             Case No. C 03 4606 PJH

116638.1                    6

      b.    creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

      c.    causing the public to falsely associate LS&CO. with the Defendants or vice versa;

      d.    causing incalculable and irreparable damage to LS&CO.'s goodwill and dilution of the value of its trademarks; and

      e.    causing LS&CO. to lose sales of its genuine clothing products.

29.    Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Defendants and against all persons acting in concert with them.

## FIRST CLAIM

### FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. §§ 1114 - 1117; Lanham Act § 32)

30.    LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31.    Without LS&CO.'s consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods, designs which infringe upon LS&CO.'s registered trademarks.

32.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

33.    As a direct and proximate result of Defendants' infringing activities as alleged herein, LS&CO. has suffered substantial damage.

34.    Defendants' infringement of LS&CO.'s trademarks as alleged herein is an exceptional case and was intentional. Said exceptional and intentional infringements have damaged LS&CO. as described herein, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM

### FEDERAL UNFAIR COMPETITION
(False Designation of Origin and False Description)
(15 U.S.C. § 1125; Lanham Act § 43(a))

35. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

36. Defendants' conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation of 15 U.S.C.§ 1125(a)(1).

## THIRD CLAIM

### FEDERAL DILUTION OF FAMOUS MARK
(Federal Trademark Dilution Act of 1995)
(15 U.S.C. § 1125(c); Lanham Act § 43(a))

37. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38. LS&CO.'s trademarks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

39. Defendants' activities as alleged herein constitute dilution of the distinctive quality of LS&CO.'s trademarks in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

40. LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

41. Because Defendants willfully intended to trade on LS&CO.'s reputation or to cause dilution of LS&CO.'s famous trademarks, LS&CO. is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

\\\\
\\\\
\\\\

COMPLAINT

Levi Strauss & Co. v. Federal Jeans, Inc.
Case No. C 03 4606 PJH

### FOURTH CLAIM

### CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
(Bus. & Prof. Code §§ 14320, 14330, 14335 and 14340)

42. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 41 of this Complaint.

43. Defendants' intentional and blatant infringement of LS&CO.'s federal- and state-registered trademarks constitutes infringement and dilution under California Business & Professions Code §§ 14320, 14330 and 14335.

44. Defendants infringed LS&CO.'s trademarks with knowledge and intent to cause confusion, mistake or deception.

45. Defendants' conduct is aggravated by that kind of willfulness, wantonness and malice for which California law allows the imposition of exemplary damages. That is, Defendants' activities were intentional, willful, wanton, fraudulent and without justification or excuse, and were undertaken with gross indifference to the rights of LS&CO.

46. Alternatively, Defendants were reckless or grossly negligent in that Defendants' actions involved such an entire want of care as could have only resulted from actual conscious indifference to the rights and welfare of LS&CO.

47. As a direct and proximate result of Defendants' conduct, pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by LS&CO. by reason of Defendants' manufacture, use, display or sale of infringing goods.

### FIFTH CLAIM

### CALIFORNIA UNFAIR COMPETITION
(Bus. & Prof. Code § 17200)

48. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

COMPLAINT                                              Levi Strauss & Co. v. Federal Jeans, Inc.
                                                       Case No. C 03 4606 PJH
116638.1                          9

49. Defendants' infringement of LS&CO.'s trademarks constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

50. As a consequence of Defendants' actions, LS&CO. is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

## SIXTH CLAIM

### ACCOUNTING
(Common Law)

51. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 50 of this Complaint.

52. Defendants' activities, as alleged above, have violated LS&CO.'s rights in its trademarks under the common law.

53. As a direct result of their infringing activities, Defendants have been unjustly enriched through fraudulent conversion of LS&CO.'s goodwill and its rights in its trademarks into their own profits through the sale of the infringing products and has caused LS&CO. to lose sales of its genuine products.

54. As a direct result of Defendants' misconduct, Defendants have received substantial profits, to which LS&CO. is entitled under common law.

55. The amount of such profits is unknown to plaintiff and cannot be ascertained without an accounting.

### PRAYER FOR JUDGMENT

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

56. Adjudge that LS&CO.'s trademarks have been infringed by Defendants in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or under California law;

COMPLAINT

Levi Strauss & Co. v. Federal Jeans, Inc.
Case No. C 03 4606 PJH

116638.1

57. Adjudge that Defendants have competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

58. Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous trademarks in violation of 15 U.S.C. § 1125(c), under common law, and/or California law;

59. Adjudge that each of the Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliate and joint venturers and any person(s) in active concert or participation with any of them and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently:

    a. From manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising or promoting any goods that use any words or symbols which so resemble LS&CO.'s trademarks as to be likely to cause confusion, mistake or deception, on or in connection with any product which is not authorized by or for LS&CO., including, without limitation, any product that bears the R.V.T. pocket stitching design, the Revolt tab, the Revolt pocket stitching design, or any other confusingly similar approximation of LS&CO.'s Arcuate Trademark or Tab Trademark;

    b. From using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with LS&CO. or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

    c. From further infringing the rights of LS&CO. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

    d. From otherwise competing unfairly with LS&CO. in any manner; and

    e. From continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

COMPLAINT      Levi Strauss & Co. v. Federal Jeans, Inc.
Case No. C 03 4606 PJH

11

60. Adjudge that Defendants immediately be required to supply LS&CO.'s counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised or promoted infringing products as herein alleged;

61. Adjudge that Defendants be required forthwith to deliver to LS&CO.'s counsel Defendants' entire inventory of infringing products including, without limitation, pants and any other clothing or infringing and unauthorized products, packaging, labeling, labels, advertising matter, promotional material and all plates, molds, matrices and other material for producing or printing such items, which is in Defendants' possession or subject to their control and which infringe LS&CO.'s trademarks as herein alleged;

62. Adjudge that Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel, a written report under oath setting forth in detail the manner in which they have complied with the Judgment;

63. Adjudge that LS&CO. recover from Defendants its actual damages and lost profits in an amount to be proven at trial, that Defendants be required to account for any profits that are attributable to their illegal acts and that LS&CO. be awarded the greater of either (1) three times Defendants' profits or (2) three times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

64. Impose a constructive trust on all Defendants' funds and assets that arise out of Defendants' infringing activities;

65. Adjudge that Defendants be required to pay LS&CO. punitive damages for their oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by LS&CO. or on proof of Defendants' unjust enrichment;

66. Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

COMPLAINT

Levi Strauss & Co. v. Federal Jeans, Inc.
Case No. C 03 4606 PJH

67. Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.

Dated: October 13, 2003

LEGAL STRATEGIES GROUP

By: /s/ Nancy Lee Tang
Nancy Lee Tang
Attorneys for Plaintiff
LEVI STRAUSS & CO.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this action be tried to a jury.

Dated: October 13, 2003

LEGAL STRATEGIES GROUP

By: /s/ Nancy Lee Tang
Nancy Lee Tang
Attorneys for Plaintiff
LEVI STRAUSS & CO.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to General Order No. 48, the undersigned certifies that as of this date there is no such interest to report.

Dated: October 13, 2003

LEGAL STRATEGIES GROUP

By: /s/ Nancy Lee Tang
Nancy Lee Tang
Attorneys for Plaintiff
LEVI STRAUSS & CO.

COMPLAINT                                   Levi Strauss & Co. v. Federal Jeans, Inc.
                                            Case No. C 03 4606 PJH

116638.1

13





Exhibit M