# Exhibit K

1  GREGORY S. GILCHRIST (Bar. No. 111536)
   GIA L. CINCONE (Bar No. 141668)
2  NANCY LEE TANG (Bar No. 148726)
   LEGAL STRATEGIES GROUP
3  5905 Christie Avenue
   Emeryville, California 94608
4  Telephone:   (510) 450-9600
   Facsimile:   (510) 450-9601
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10

11 LEVI STRAUSS & CO.,                ) Case No. C 03 3111 MMC
                                      )
12         Plaintiff,                 ) COMPLAINT FOR FEDERAL
                                      ) TRADEMARK INFRINGEMENT;
13    v.                              ) UNFAIR COMPETITION; DILUTION;
                                      ) CALIFORNIA DILUTION AND
14 4 WHAT IT'S WORTH, INC. and DOES 1 ) TRADEMARK INFRINGEMENT;
   through 10,                        ) UNFAIR COMPETITION; AND
15                                    ) ACCOUNTING
           Defendants.                ) (INJUNCTIVE RELIEF SOUGHT)
16                                    )
                                      ) **JURY TRIAL DEMAND**
17                                    )
                                      )
18  _____   )

19

20      Plaintiff Levi Strauss & Co. ("LS&CO.") complains against Defendants 4 What It's Worth, Inc.

21 and Does 1-10 (collectively "Defendants") as follows:

22

23           **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

24      1.    Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

25 Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. § 1051, et seq.).

26 This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark

27 and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).

28 This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

114557.1   COMPLAINT FOR FEDERAL
           TRADEMARK INFRINGEMENT           1   *Levi Strauss & Co. v. 4 What It's Worth, Inc.*
                                                Case No. C 03 3111 MMC

                                                                    Exhibit K
                                                                    Page 1

    2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact affairs in this district and because a substantial part of the events giving rise to the claims asserted herein arose in this district.

    3.    Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## PARTIES

    4.    LS&CO. is a Delaware corporation which has its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Since approximately 1850, LS&CO. has manufactured, marketed and sold a variety of clothing products, including its traditional denim blue jean products.

    5.    LS&CO. is informed and believes and on that basis alleges that Defendant 4 What It's Worth, Inc. is a California corporation with its principal place of business at 2876 Vail Avenue, Commerce, California 90040. LS&CO. is informed and believes that 4 What It's Worth, Inc. manufactures or has manufactured for it a line of men's and women's clothing, including jeans under the Tyte brand name, which is sold in this judicial district and throughout the United States. LS&CO. is informed and believes that 4 What It's Worth, Inc. has authorized, directed and/or actively participated in the wrongful conduct alleged herein.

    6.    LS&CO. is unaware of the true names and capacities of the Defendants named as "Does" herein. LS&CO. is informed and believes and on that basis alleges that each of the Doe Defendants is legally liable and responsible directly or indirectly for the matters alleged in the Complaint. LS&CO. will seek leave to amend this Complaint to show the true names and capacities of the Doe Defendants when they become known.

    7.    LS&CO. is informed and believes and on that basis alleges that at all times mentioned in this Complaint each of the Defendants, including Does 1-10, was the agent or principal or both for one another, was acting within the scope of such agency when engaging in the conduct alleged in this Complaint and is jointly and severally liable for all damages and profits arising from the conduct described herein.

114557.1   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT   2   *Levi Strauss & Co. v. 4 What It's Worth, Inc.*  Case No. C 03 3111 MMC

Exhibit K
Page 2

Case 3:03-cv-03111    Document 1    Filed 07/03/2003    Page 3 of 12

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

8. Since the 1850's, and continuously thereafter, LS&CO. has developed, manufactured, promoted and sold a variety of clothing products, including its traditional denim blue jeans.

9. Through substantial financial investment and effort, LS&CO. has built up considerable good will and a reputation for quality products.

10. For well over a century, LS&CO. has continuously used federal and state registered trademarks to distinguish its products. These trademarks have a significant degree of inherent distinctiveness.

11. For many years prior to the events giving rise to this Complaint, and continuing to the present, LS&CO. annually has spent great time, money and effort in the promotion and advertisement of products on which its trademarks are used and displayed, and has sold tens of millions of products displaying its trademarks all over the world.

12. LS&CO.'s trademark registrations are valid, extant, in full force and effect and exclusively owned by LS&CO. LS&CO. has continuously used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to the claims in this Complaint.

13. LS&CO. has continuously used its trademarks in interstate commerce throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale, advertisement and promotion of its products, including LEVI'S® brand jeans.

14. By virtue of LS&CO.'s long use of its trademarks, as well as LS&CO.'s extensive advertising and large volume of sales, consumers and retailers accept and recognize LS&CO.'s trademarks as identifying LS&CO.'s products only and distinguishing them from products manufactured and sold by all others.

15. Since the issuance of the registrations for its trademarks, LS&CO. has given notice that the marks are registered.

### LS&CO.'s Arcuate Stitching Design Trademark

114557.1

COMPLAINT FOR FEDERAL
TRADEMARK INFRINGEMENT                3    *Levi Strauss & Co. v. 4 What It's Worth, Inc.*
                                          Case No. C 03 3111 MMC

Exhibit K
Page 3

16. LS&CO. is the owner of the famous Arcuate Stitching Design Trademark (hereinafter the "Arcuate Trademark") consisting of a distinctive pocket stitching design used continuously since 1873 in interstate commerce on clothing products. LS&CO. first used the Arcuate Trademark on jeans and later on trousers, pants, shorts and skirts. An example of the Arcuate Trademark as used on LEVI'S® jeans is attached as Exhibit A.

17. LS&CO. owns, among others, the following United States Registrations for its Arcuate Trademark:

    a. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980), attached as Exhibit B; and

    b. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943), attached as Exhibit C.

These registrations have become incontestable under the provisions of 15 U.S.C. §1065.

18. LS&CO. owns, among others, the following California Registrations for its Arcuate Trademark:

    a. Registration No. 088399 (first used as early as 1873; registered August 24, 1988), attached as Exhibit D.

**Defendants' Infringement of LS&CO.'s Trademarks**

19. This is not the first time that Defendants have infringed upon a trademark owned by LS&CO. Defendants have in the past infringed on other trademarks owned by LS&CO., and is aware of LS&CO.'s trademarks.

20. Beginning at some time in the past and continuing until the present, Defendants, with actual or constructive knowledge of LS&CO.'s federal and state-registered trademarks, have manufactured or arranged for the manufacture for sale in the United States, promoted and sold clothing, including denim jeans and other products, that infringe LS&CO.'s Arcuate trademark (hereafter the "infringing products").

21. On information and belief, Defendants manufacture, source, market and/or sell jeans that display a pocket stitching design (hereinafter referred to as the "Tyte pocket stitching design"). The Tyte pocket stitching design consists of two parallel rows of thread which -- like LS&CO.'s Arcuate

114557.1    COMPLAINT FOR FEDERAL    *Levi Strauss & Co. v. 4 What It's Worth, Inc.*
          TRADEMARK INFRINGEMENT    4    Case No. C 03 3111 MMC

Exhibit K
Page 4

1  Trademark start on the side seams of the pocket and curve downward toward the center of the pocket.
2  A color image of the Tyte pocket stitching design as displayed on a pair of Tyte jeans is attached as
3  Exhibit E. The Tyte pocket stitching design, as used by Defendants, is highly similar to LS&CO.'s
4  Arcuate Trademark.

5      22.  On information and belief, Defendants have manufactured, marketed and sold substantial
6  quantities of the infringing products and obtained and continue to obtain substantial profits thereby.

7      23.  On information and belief, each of the Defendants has at all times knowingly participated
8  with one another to manufacture, promote and/or sell these infringing products and are, accordingly,
9  jointly and severally liable for all damages from their conduct.

10      24.  Defendants' actions have and will cause LS&CO. irreparable harm for which money
11  damages and other remedies are inadequate. Unless Defendants are restrained by this Court,
12  Defendants will continue and/or expand the illegal activities alleged in this Complaint and otherwise
13  continue to cause great and irreparable damage and injury to LS&CO. through, inter alia:

    a.  depriving LS&CO. of its statutory rights to use and control use of its trademark;

    b.  creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

    c.  causing the public to falsely associate LS&CO. with the Defendants or vice versa;

    d.  causing incalculable and irreparable damage to LS&CO.'s goodwill and dilution of the value of its trademark; and

    e.  causing LS&CO. to lose sales of its genuine clothing products.

### FIRST CLAIM

### FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. §§ 1114 - 1117; Lanham Act § 32)

    25.  LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

114557.1   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT   5   Levi Strauss & Co. v. 4 What It's Worth, Inc.   Case No. C 03 3111 MMC

Exhibit K
Page 5

26. Without LS&CO.'s consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods, designs which infringe upon LS&CO.'s registered Arcuate Trademark.

27. These acts of trademark infringement have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

28. As a direct and proximate result of Defendants' infringing activities as alleged herein, LS&CO. has suffered substantial damage.

29. Defendants' infringement of LS&CO.'s trademark as alleged herein is an exceptional case and was intentional. Said exceptional and intentional infringements have damaged LS&CO. as described herein, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM

### FEDERAL UNFAIR COMPETITION
(False Designation of Origin and False Description)
(15 U.S.C. § 1125; Lanham Act § 43(a))

30. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Defendants' conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation of 15 U.S.C.§ 1125(a)(1).

## THIRD CLAIM

### FEDERAL DILUTION OF FAMOUS MARK
(Federal Trademark Dilution Act of 1995)
(15 U.S.C. § 1125(c); Lanham Act § 43(a))

32. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

114557.1 | COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT | 6 | Case No. C 03 3111 MMC | Levi Strauss & Co. v. 4 What It's Worth, Inc.

Exhibit K
Page 6

1  33.  LS&CO.'s Arcuate trademark is distinctive and famous within the meaning of the
2  Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).
3  34.  Defendants' activities as alleged herein constitute dilution of the distinctive quality of
4  LS&CO.'s trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).
5  35.  LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).
6  36.  Because Defendants willfully intended to trade on LS&CO.'s reputation or to cause
7  dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees
8  and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM

### CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
(Bus. & Prof. Code §§ 14320, 14330, 14335 and 14340)

37.  LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38.  Defendants' intentional and blatant infringement of LS&CO.'s federal- and state-registered trademark constitutes infringement and dilution under California Business & Professions Code §§ 14320, 14330 and 14335.

39.  Defendants infringed LS&CO.'s trademark with knowledge and intent to cause confusion, mistake or deception.

40.  Defendants' conduct is aggravated by that kind of willfulness, wantonness and malice for which California law allows the imposition of exemplary damages. That is, Defendants' activities were intentional, willful, wanton, fraudulent and without justification or excuse, and were undertaken with gross indifference to the rights of LS&CO.

41.  Alternatively, Defendants were reckless or grossly negligent in that Defendants' actions involved such an entire want of care as could have only resulted from actual conscious indifference to the rights and welfare of LS&CO.

42.  As a direct and proximate result of Defendants' conduct, pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to injunctive relief and damages in the amount of three

114557.1    COMPLAINT FOR FEDERAL
TRADEMARK INFRINGEMENT        7    *Levi Strauss & Co. v. 4 What It's Worth, Inc.*
Case No. C 03 3111 MMC

Exhibit K
Page 7

1  times Defendants' profits and three times all damages suffered by LS&CO. by reason of Defendants'
2  manufacture, use, display or sale of infringing goods.

## FIFTH CLAIM

### CALIFORNIA UNFAIR COMPETITION
(Bus. & Prof. Code § 17200)

43. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44. Defendants' infringement of LS&CO.'s trademark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

45. As a consequence of Defendants' actions, LS&CO. is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

\\\\
\\\\
\\\\
\\\\
\\\\

## SIXTH CLAIM

### ACCOUNTING
(Common Law)

46. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 44 of this Complaint.

47. Defendants' activities, as alleged above, have violated LS&CO.'s rights in its trademark under the common law.

48. As a direct result of their infringing activities, Defendants have been unjustly enriched through fraudulent conversion of LS&CO.'s goodwill and its rights in its trademark into their own profits through the sale of the infringing products and has caused LS&CO. to lose sales of its genuine products.

114557.1   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT   8   *Levi Strauss & Co. v. 4 What It's Worth, Inc.*   Case No. C 03 3111 MMC

Exhibit K
Page 8

1  49.  As a direct result of Defendants' misconduct, Defendants have received substantial profits, to which LS&CO. is entitled under common law.

50.  The amount of such profits is unknown to plaintiff and cannot be ascertained without an accounting.

### PRAYER FOR JUDGMENT

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

51.  Adjudge that LS&CO.'s Arcuate Trademark has been infringed by Defendants in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or under California law;

52.  Adjudge that Defendants have competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

53.  Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous Arcuate Trademark in violation of 15 U.S.C. § 1125(c), under common law, and/or California law;

54.  Adjudge that each of the Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliate and joint venturers and any person(s) in active concert or participation with any of them and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently:

   a.  From manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising or promoting any goods that use any words or symbols which so resemble LS&CO.'s trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product which is not authorized by or for LS&CO., including, without limitation, the following:

      i.  any product that bears the Tyte pocket stitching design or any other confusingly similar approximation of LS&CO.'s Arcuate Trademark.

   b.  From using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with LS&CO. or as to the origin of

114557.1  COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT     9     *Levi Strauss & Co. v. 4 What It's Worth, Inc.*  Case No. C 03 3111 MMC

Exhibit K
Page 9

          Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

    c.    From further infringing the rights of LS&CO. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

    d.    From otherwise competing unfairly with LS&CO. in any manner; and

    e.    From continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

55. Adjudge that Defendants immediately be required to supply LS&CO.'s counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised or promoted infringing products as herein alleged;

56. Adjudge that Defendants be required forthwith to deliver to LS&CO.'s counsel Defendants' entire inventory of infringing products including, without limitation, pants and any other clothing or infringing and unauthorized products, packaging, labeling, labels, advertising matter, promotional material and all plates, molds, matrices and other material for producing or printing such items, which is in Defendants' possession or subject to their control and which infringe LS&CO.'s trademark as herein alleged;

57. Adjudge that Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel, a written report under oath setting forth in detail the manner in which they have complied with the Judgment;

58. Adjudge that LS&CO. recover from Defendants its actual damages and lost profits in an amount to be proven at trial, that Defendants be required to account for any profits that are attributable to their illegal acts and that LS&CO. be awarded the greater of either (1) three times Defendants' profits or (2) three times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

59. Impose a constructive trust on all Defendants' funds and assets that arise out of Defendants' infringing activities;

114557.1   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT   10   *Levi Strauss & Co. v. 4 What It's Worth, Inc.*   Case No. C 03 3111 MMC

Exhibit K
Page 10

60. Adjudge that Defendants be required to pay LS&CO. punitive damages for their oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by LS&CO. or on proof of Defendants' unjust enrichment;

61. Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

62. Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.

Dated: July 3, 2003                                    LEGAL STRATEGIES GROUP

                                                       By:   /s/ NANCY L. TANG
                                                             Nancy L. Tang
                                                             Attorneys for Plaintiff
                                                             LEVI STRAUSS & CO.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this action be tried to a jury.

Dated: July 3, 2003                                    LEGAL STRATEGIES GROUP

                                                       By:   /s/ NANCY L. TANG
                                                             Nancy L. Tang
                                                             Attorneys for Plaintiff
                                                             LEVI STRAUSS & CO.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to General Order No. 48, the undersigned certifies that as of this date there is no such interest to report.

COMPLAINT FOR FEDERAL                    *Levi Strauss & Co. v. 4 What It's Worth, Inc.*
TRADEMARK INFRINGEMENT          11      Case No. C 03 3111 MMC
114557.1

Exhibit K
Page 11

| | |
|---|---|
| Dated: July 3, 2003 | LEGAL STRATEGIES GROUP |
| | By: /s/ NANCY L. TANG |
| | Nancy L. Tang |
| | Attorneys for Plaintiff |
| | LEVI STRAUSS & CO. |

114557.1   COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT   12   *Levi Strauss & Co. v. 4 What It's Worth, Inc.* Case No. C 03 3111 MMC

Exhibit K
Page 12



Exhibit E