Exhibit  L

1   GREGORY S. GILCHRIST (Bar. No. 111536)
    GIA L. CINCONE (Bar No. 141668)
2   LEGAL STRATEGIES GROUP
    5905 Christie Avenue
3   Emeryville, California 94608
    (510) 450-9600
4
    Attorneys for Plaintiff
5   LEVI STRAUSS & CO.

ORIGINAL
FILED

AUG -5 1998

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10           C -98 -3043 TEH ADR

11   LEVI STRAUSS & CO.,                )   Case No. _____
12              Plaintiff,              )   COMPLAINT FOR FEDERAL
                                        )   TRADEMARK INFRINGEMENT;
13        v.                            )   UNFAIR COMPETITION;
                                        )   DILUTION; CALIFORNIA
14   MOONSHADOW S.P.A., AEFFE           )   DILUTION AND TRADEMARK
     USA, INC., and DOES 1 through 10,  )   INFRINGEMENT; UNFAIR
15                                      )   COMPETITION; AND
              Defendants.              )   ACCOUNTING
16                                      )   (INJUNCTIVE RELIEF SOUGHT)

17                                          JURY TRIAL DEMAND

18

19

20

21        Plaintiff Levi Strauss & Co. ("LS&CO.") complains against Defendants

22   MOONSHADOW S.p.A., AEFFE USA, INC., and Does 1-10 (collectively "Defendants") as

23   follows:

24

25        JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

26        1.   Plaintiff's first, second and third claims arise under the Trademark Act

27   of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15

28   U.S.C. § 1051 et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§

52428_1   COMPLAINT

Exhibit L
Page 1

1 | 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal

2 | question), and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction

3 | over the remaining state law claims under 28 U.S.C. § 1367.

4 |     2.     Venue is proper in this Court under 28 U.S.C. § 1391 (b) because

5 | Defendants transact affairs in this district and because a substantial part of the events giving

6 | rise to the claims asserted herein arose in this district.

7 |     3.     Intradistrict assignment to either the San Francisco or Oakland Division

8 | under Local Rules 3-5(b) and 3-2(c) is proper because a substantial part of the events alleged

9 | herein, including sales of the subject infringing goods, occurred in one or more of the

10 | counties listed in Local Rule 3-2(d).

11 |

12 | **PARTIES**

13 |     4.     LS&CO. is a Delaware corporation which has its principal place of

14 | business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Since

15 | approximately 1850, LS&CO. has manufactured, marketed, and sold a variety of clothing

16 | products, including its traditional denim blue jean products.

17 |     5.     LS&CO. is informed and believes and on that basis alleges that

18 | defendant Moonshadow S.p.A. is an Italian corporation which has its principal place of

19 | business at Via Ceradini 11/A Milano, Milano 20129, Italy. LS&CO. is further informed and

20 | believes that Moonshadow S.p.A. manufactures or has manufactured for it a line of men's

21 | and women's clothing, including jeans under the brand name Moschino, which is sold in this

22 | judicial district and throughout the United States.

23 |     6.     LS&CO. is informed and believes and on that basis alleges that

24 | defendant Aeffe USA, Inc. is a New York corporation which has its principal place of

25 | business at 30 West 56th Street, New York, New York 10019. LS&CO. is further informed

26 | and believes that Aeffe USA, Inc. distributes Moschino brand jeans in this judicial district

27 | and throughout the United States and has authorized, directed, and or actively participated in

28 | the wrongful conduct alleged herein.

1    7.    LS&CO. is ignorant of the true names and capacities of the Defendants
2    named as "Does" herein.  LS&CO. is informed and believes and on this basis alleges that
3    each of the Doe Defendants is legally liable and responsible directly or indirectly for the
4    matters alleged in the Complaint.  LS&CO. will seek leave to amend this Complaint to show
5    the true names and capacities of the Doe Defendants when they become known.
6    8.    LS&CO. is informed and believes and on that basis alleges that at all
7    times mentioned in this Complaint each of the Defendants, including Does 1 – 10, was the
8    agent or principal or both for one another, was acting within the scope of such agency when
9    engaging in the conduct alleged in this Complaint, and is jointly and severally liable for all
10    damages and profits arising from the conduct described herein.

11

12    <u>FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS</u>

13    9.    Since the 1850's, and continuously thereafter, LS&CO. has developed,
14    manufactured, promoted, and sold a variety of clothing products, including its traditional
15    denim blue jeans.

16    10.    Through substantial financial investment and effort, LS&CO. has built
17    up considerable good will and a reputation for quality products.

18    11.    For well over a century, LS&CO. has continuously used federal and state
19    registered trademarks to distinguish its products.  These trademarks have a significant degree
20    of inherent distinctiveness.

21    12.    For many years prior to the events giving rise to this Complaint, and
22    continuing to the present, LS&CO. annually has spent great time, money and effort in
23    promotion and advertisement of products on which its trademarks are used and displayed,
24    and has sold tens of millions of products displaying its trademarks all over the world.

25    13.    LS&CO.'s registered trademarks are valid, extant, in full force and
26    effect, and exclusively owned by LS&CO.  LS&CO. has continuously used each of its
27    trademarks, from the registration date or earlier, until the present and during all time periods
28    relevant to the claims in this Complaint.

1    14.    LS&CO. has continuously used its trademarks in interstate commerce
2    throughout the world and in the United States, including California, on or in connection with
3    the manufacture, distribution, sale, advertisement and promotion of its products, including
4    LEVI'S® brand jeans.

5    15.    By virtue of their long use, extensive advertising and large volume of
6    sales, consumers and retailers accept and recognize LS&CO.'s trademarks as identifying
7    LS&CO.'s products only and distinguishing them from products manufactured and sold by
8    all others.

9    16.    Since the issuance of the registrations for its trademarks, LS&CO. has
10   given notice that the marks are registered, pursuant to 15 U.S.C. § 1111, by displaying the
11   registration symbol "®."

12

13   **LS&CO.'s Arcuate Stitching Design Trademark**

14   17.    LS&CO. is the owner of the famous Arcuate Stitching Design
15   Trademark (hereinafter the "Arcuate Trademark") consisting of a distinctive pocket stitching
16   design used continuously since 1873 in interstate commerce on clothing products. LS&CO.
17   first used the Arcuate Trademark on jeans and later on trousers, pants, shorts and skirts. An
18   example of the Arcuate Trademark as used on LEVI'S® jeans is attached as Exhibit A.

19   18.    LS&CO. owns, among others, the following United States Registrations
20   for its Arcuate Trademark:

21       a.    Arcuate Stitching Design Trademark, Registration No. 1,139,254
22             (first used 1873; registered September 2, 1980), attached hereto
23             as Exhibit B; and

24       b.    Arcuate Stitching Design Trademark, Registration No. 404,248
25             (first used 1873; registered November 16, 1943), attached hereto
26             as Exhibit C.

27   These registrations have become incontestible under the provisions of 15 U.S.C. § 1065.

28

52428_1    COMPLAINT                    4                    Exhibit L
Page 4

1    19.    LS&CO. owns, among others, the following California Registration for

2  its Arcuate Trademark:

3        a.    Arcuate Stitching Design Trademark, Registration No. 088399

4            (first used 1873; registered August 24, 1988), attached hereto as

5            Exhibit D.

6

7  **Defendants' Infringement of LS&CO.'s Arcuate Trademark**

8    20.    Beginning at some time in the past and continuing until the present,

9  Defendants, with actual or constructive knowledge of LS&CO.'s federally and state

10  registered Arcuate Trademark, have manufactured or arranged for the manufacture for sale in

11  the United States, promoted, and sold clothing, including denim jeans and other products that

12  substantially infringe LS&CO.'s trademark, including, without limitation, Defendants'

13  Moschino jeans.

14    21.    On information and belief, Defendants manufacture, source, market,

15  and/or sell Moschino jeans that display a pocket stitching design hereinafter referred to as the

16  "Moschino pocket stitching design." A photocopy of a pair of Moschino jeans bearing the

17  Moschino pocket stitching design is attached hereto as Exhibit E.  The commercial

18  impression and visual appearance of the Moschino pocket stitching design, as used by

19  Defendants on jeans, is highly similar to the impression and appearance created by

20  LS&CO.'s Arcuate Trademark.

21    22.    On information and belief, Defendants have manufactured, marketed

22  and sold many thousands of pairs of the infringing jeans and obtained and continue to obtain

23  substantial profits thereby.

24    23.    On information and belief, each of the Defendants has at all times

25  knowingly participated in a conspiracy with one another to manufacture, promote and/or sell

26  these infringing jeans and are, accordingly, jointly and severally liable for all damages from

27  their conduct.

28

24.    Defendants' actions have and will cause LS&CO. irreparable harm for which money damages and other remedies are inadequate. Unless Defendants are restrained by this Court, Defendants will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to LS&CO. through, inter alia:

      a.    depriving LS&CO. of its statutory rights to use and control use of its Arcuate Trademark;

      b.    creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing Moschino jeans;

      c.    causing the public falsely to associate LS&CO. with the Defendants or vice versa;

      d.    causing incalculable and irreparable damage to LS&CO.'s goodwill and dilution of the value of its Arcuate Trademark; and

      e.    causing LS&CO. to lose sales of its genuine clothing products.

25.    Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Defendants and against all persons acting in concert with them.

## FIRST CLAIM

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114 - 1117; Lanham Act § 32)

26.    LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 25 of this Complaint.

27.    Without LS&CO.'s consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods, a design which infringes upon LS&CO.'s registered Arcuate Trademark.

Exhibit L
Page 6

1    28.    These acts of infringement have been committed with the intent to cause
2    confusion, mistake, or to deceive, and are in violation of 15 U.S.C. § 1114.

3    29.    As a direct and proximate result of Defendants' infringing activities as
4    alleged herein, LS&CO. has suffered substantial damage.

5    30.    Defendants' infringement of LS&CO.'s Arcuate Trademark as alleged
6    herein is an exceptional case and was intentional.  Said exceptional and intentional
7    infringements have damaged LS&CO. as described herein, entitling LS&CO. to treble its
8    actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

9

10                                SECOND CLAIM

11                       FEDERAL UNFAIR COMPETITION
                    (False Designation of Origin and False Description)
12                         (15 U.S.C. § 1125; Lanham Act § 43(a))

13    31.    LS&CO. realleges and incorporates by reference each of the allegations
14    contained in paragraphs 1 through 30 of this Complaint.

15    32.    Defendants' conduct constitutes the use of words, terms, names,
16    symbols or devices tending falsely to describe Moschino jeans, within the meaning of 15
17    U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake or deception
18    by or in the public as to the affiliation, connection, association, origin, sponsorship, or
19    approval of the infringing jeans to the detriment of LS&CO. and in violation of 15 U.S.C. §
20    1125(a)(1).

21

22                                 THIRD CLAIM

23                     FEDERAL DILUTION OF FAMOUS MARK
                          (Federal Trademark Dilution Act of 1995)
24                         (15 U.S.C. § 1125(c); Lanham Act § 43(a))

25    33.    LS&CO. realleges and incorporates by reference each of the allegations
26    contained in paragraphs 1 through 32 of this Complaint.

27    34.    LS&CO.'s Arcuate Trademark is distinctive and famous within the
28    meaning of 15 U.S.C. § 1125(c), the Federal Trademark Dilution Act of 1995.

Exhibit L
Page 7

35.   Defendants' activities as alleged herein cause and/or are likely to cause dilution of the distinctive quality of LS&CO.'s Arcuate Trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

36.   LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

37.   Because Defendants willfully intended to trade on LS&CO.'s reputation or to cause dilution of LS&CO.'s famous Arcuate Trademark, LS&CO is entitled to damages, extraordinary damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM

### CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
(Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)

38.   LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

39.   Defendants' intentional and blatant infringement of LS&CO.'s federally and state registered Arcuate Trademark constitutes infringement and dilution under California Business & Professions Code §§ 14320, 14330, and 14335.

40.   Defendants infringed LS&CO.'s Arcuate Trademark with knowledge and intent to cause confusion, mistake or to deceive.

41.   Defendants' conduct is aggravated by that kind of willfulness, wantonness and malice for which California law allows the imposition of exemplary damages. That is, Defendants' activities were intentional, willful, wanton, fraudulent and without justification or excuse, and were undertaken with gross indifference to the rights of LS&CO.

42.   Alternatively, Defendants were reckless or grossly negligent in that Defendants' actions involved such an entire want of care as could have only resulted from actual conscious indifference to the rights and welfare of LS&CO.

43.   As a direct and proximate result of Defendants' conduct, pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to injunctive relief and

1 damages in the amount of three times Defendants' profits, and three times all damages

2 suffered by LS&CO. by reason of Defendants' manufacture, use, display, or sale of

3 infringing goods.

## FIFTH CLAIM

### CALIFORNIA UNFAIR COMPETITION
(Bus. & Prof. Code § 17200)

7        44.    LS&CO. realleges and incorporates by reference each of the allegations

8 contained in paragraphs 1 through 43 of this Complaint.

9        45.    Defendants' infringement of LS&CO.'s Arcuate Trademark constitutes

10 "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive untrue or

11 misleading advertising" within the meaning of California Business & Professions Code

12 § 17200.

13       46.    As a consequence of Defendants' actions, LS&CO. is entitled to

14 injunctive relief and an order that Defendants disgorge all profits on the manufacture, use,

15 display or sale of infringing goods.

## SIXTH CLAIM

### ACCOUNTING
(Common Law)

19       47.    LS&CO. realleges and incorporates by reference each of the allegations

20 contained in paragraphs 1 through 46 of this Complaint.

21       48.    Defendants' activities, as alleged above, have violated LS&CO.'s rights

22 in its Arcuate Trademark under the common law.

23       49.    As a direct result of their infringing activities, Defendants have been

24 unjustly enriched through fraudulent conversion of LS&CO.'s goodwill and its rights in its

25 Arcuate Trademark into their own profits through the sale of the infringing jeans and has

26 caused LS&CO. to lose sales of its genuine products.

27       50.    As a direct result of their misconduct, Defendants have received

28 substantial profits, to which LS&CO. is entitled under common law.

1      51.   The amount of such profits is unknown to plaintiffs and cannot be

2 ascertained without an accounting.

3

4                    **PRAYER FOR JUDGMENT**

5      WHEREFORE, LS&CO. prays that this Court grant it the following relief:

6      52.   Adjudge that LS&CO.'s Arcuate Trademark has been infringed by

7 Defendants in violation of LS&CO.'s rights under the common law, 15 U.S.C. § 1114,

8 and/or California law;

9      53.   Adjudge that Defendants have competed unfairly with LS&CO. in

10 violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California

11 law;

12      54.   Adjudge that Defendants' activities are likely to, or have, diluted

13 LS&CO.'s famous Arcuate Trademark in violation of 15 U.S.C. § 1125(c), common law,

14 and/or California law;

15      55.   Adjudge that each of the Defendants, each of their agents, employees,

16 attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert

17 or participation with any of them, and/or any person(s) acting for, with, by, through or under

18 any of them, be enjoined and restrained at first during the pendency of this action and

19 thereafter permanently:

20           a.   From manufacturing, producing, sourcing, importing, selling, offering

21              for sale, distributing, advertising, or promoting any goods that use any

22              words or symbols which so resemble LS&CO.'s trademarks as to be

23              likely to cause confusion, mistake, or deception, on or in connection any

24              product which is not authorized by or for LS&CO., including, without

25              limitation, any product that bears the Moschino pocket stitching design

26              or any other confusingly similar approximation of LS&CO.'s Arcuate

27              Trademark;

28

b.  From using any word, term, name, symbol, device, or combination
thereof which causes or is likely to cause confusion, mistake or
deception as to the affiliation or association of Defendants or their
goods with LS&CO. or as to the origin of Defendants' goods, or any
false designation of origin, false or misleading description or
representation of fact;

c.  From further infringing the rights of LS&CO. in and to any of its
trademarks or otherwise damaging LS&CO.'s goodwill or business
reputation;

d   From otherwise competing unfairly with LS&CO. in any manner; and

e.  From continuing to perform in any manner whatsoever any of the other
acts complained of in this Complaint;

56.  Adjudge that Defendants be required immediately to supply LS&CO.'s
counsel with a complete list of individuals and entities from whom or which they purchased,
and to whom or which they sold, offered for sale, distributed, advertised or promoted
Moschino jeans that infringe LS&CO.'s Arcuate Trademark as herein alleged;

57.  Adjudge that Defendants be required immediately to deliver to
LS&CO.'s counsel Defendants' entire inventory of products which is in Defendants'
possession or subject to their control and which infringe LS&CO.'s Arcuate Trademark as
herein alleged, including without limitation jeans and any other clothing, packaging, labeling,
labels, advertising matter, promotional material and all plates, molds, matrices, and other
material for producing or printing such items;

58.  Adjudge that Defendants, within thirty (30) days after service of the
Judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s
counsel a written report under oath setting forth in detail the manner in which they have
complied with the Judgment;

59.  Adjudge that LS&CO. recover from Defendants its actual damages and
lost profits in an amount to be proven at trial, that Defendants be required to account for any

52428_1  COMPLAINT                        11                    Exhibit L
                                                               Page 11

1   profits that are attributable to their illegal acts, and that LS&CO. be awarded the greater of

2   either (1) three times Defendants' profits or (2) three times any damages sustained by

3   LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

4          60.    Impose a constructive trust on all Defendants' funds and assets that arise

5   out of Defendants' infringing activities;

6          61.    Adjudge that Defendants be required to pay LS&CO. punitive damages

7   for their oppression, fraud, malice and gross negligence, whether grounded on proof of actual

8   damages incurred by LS&CO. or on proof of Defendants' unjust enrichment;

9          62.    Adjudge that LS&CO. be awarded its costs and disbursements incurred

10  in connection with this action, including LS&CO.'s reasonable attorneys' fees and

11  investigative expenses; and

12         63.    Adjudge that all such other relief be awarded to LS&CO. as this Court

13  deems just and proper.

14

15  Dated: August 5, 1998                        LEGAL STRATEGIES GROUP

16

17                                      By: _____

18                                          Gia L. Cincone

19                                          Attorneys for Plaintiff
                                            LEVI STRAUSS & CO.

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiff hereby demands that this action be tried to a jury.

4    Dated: August 5, 1998                    LEGAL STRATEGIES GROUP

5

6                                        By: _Gia L. Cincone_

7                                             Gia L. Cincone

8                                             Attorneys for Plaintiff
                                             LEVI STRAUSS & CO.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

52428_1    COMPLAINT                    13                    Exhibit L
                                                              Page 13

EXHIBIT E

Exhibit L
Page 14



Exhibit L
Page 15