# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

LOIS SPORTSWEAR, U.S.A., INC.,        :

               Plaintiff,         :

    -against-                        :

LEVI STRAUSS & COMPANY,               :

              Defendant.         :

------------------------------------x

**82 civ. 8326**

**JUDGE DUFFY**

Civ.

COMPLAINT

     Plaintiff Lois Sportswear, U.S.A., Inc. ("Lois") by its

attorneys, Whitman & Ransom, complaining of the defendant,

alleges, upon information and belief, that:

### JURISDICTION AND VENUE

    1.  This action is brought under the provisions of the

Lanham Act, 15 U.S.C. §§ 1051 et seq., 28 U.S.C. § 2201 and the

laws of the State of New York for (a) a declaration against the

named defendant that the use of a stitched pocket design on

certain items of wearing apparel imported and distributed by Lois

does not infringe any trademark rights possessed by defendant and

does not constitute a violation of defendant's rights under 15

U.S.C. § 1125(a) or New York State law governing trademarks,

unfair competition and dilution; and (b) a permanent injunction

restraining defendant from interfering in any manner with Lois'

importation and distribution of items of apparel bearing such a

design.

     2.  Jurisdiction of this Court is predicated upon 15

U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and principles of

pendent jurisdiction.

Ex. A-1

3.  Venue is properly laid in this district in accordance with 28 U.S.C. § 1391.

## THE PARTIES

4.  Plaintiff Lois is a corporation organized under the laws of the State of Delaware, with a principal place of business at 12 West 57th Street, New York, New York, and is a wholly-owned subsidiary of Tycesa Holdings, B.V., a Netherlands company.  Lois is part of a group of companies affiliated with Textiles y Confecciones Europeas, S.A. ("Textiles"), a Spanish company located in Valencia, Spain.  Textiles is the manufacturer of textiles and wearing apparel bearing the Lois brand name, which has attained widespread recognition throughout Europe and Canada as a result of extensive marketing efforts by Textiles and its affiliates over the past 20 years.  Plaintiff Lois, which was incorporated in 1977 and has been doing business in the United States since 1979, imports and distributes wearing apparel manufactured by Textiles.

5.  Upon information and belief, defendant Levi Strauss & Company ("Levi") is a corporation organized under the laws of the State of Delaware with its principal place of business at 98 Battery Street, San Francisco, California.  Upon further information and belief, Levi is doing business in the State of New York, having an office located at 666 Fifth Avenue, New York, New York.  Levi is in the business of manufacturing and distributing certain types of wearing apparel, including jeans.

## FACTUAL ALLEGATIONS

6.  Included among the items of apparel imported and

-2-

distributed by Lois are jeans made of denim and other fabrics.
These jeans, which retail for approximately $60 per pair, are
sold to consumers through various high-quality department stores
and boutiques throughout the United States.

7.   Over the past three years, Lois has exerted
considerable efforts to promote its brand name in the American
market.  In 1982, Lois spent over $700,000 in advertising its
brand name through television commercials and advertisements in
the print media.  Additionally, Lois has participated in a number
of trade shows in the United States to promote its brand name
among members of the retail trade.  As a result of these
substantial expenditures and efforts, the Lois brand name has
gained widespread recognition in the American market and has
become associated in the mind of the consuming public with
high-quality, high-priced sportswear.

8.   Lois' jeans are marketed and sold to the ultimate
consumer with a variety of identifying marks, which serve to
distinguish Lois' jeans from those of other manufacturers.  For
example, jeans distributed by Lois are sold with "hang tags" upon
which the Lois brand name and its distinctive bull symbol are
prominently displayed.  Additionally, each pair of Lois' jeans is
sold with two stitched-on cardboard tags, one measuring
approximately 5 inches by 3 inches and the other measuring
approximately one inch by three inches, both of which tags
prominently feature Lois' brand name and bull symbol and also
indicate in conspicuous print that Lois' jeans are "imported from
Europe."  Finally, there are various identifying symbols affixed

-3-

to be its trademark rights, Levi has recently attempted to interfere with Lois' business by invoking 15 U.S.C. § 1124 and 19 U.S.C. § 1526 and persuading the United States Customs Service ("Customs") to prevent the importation of Lois' jeans on the ground that they infringe Levi's registered trademark. Specifically, on or about October 30, 1981, Levi formally asked Customs to reconsider its decision dated June 30, 1981, which held that Lois' jeans do not infringe any trademark rights held by Levi. As a result of Levi's request, Customs issued a ruling pursuant to 19 C.F.R., part 177, without notice to Lois, that Lois jeans bearing the stitched pocket design infringe Levi's trademark rights and that such jeans will not be permitted entry into the United States. A copy of this ruling is annexed to this complaint as Exhibit D.

12. In view of Levi's conduct, including its past demands to Lois to cease using the stitched pocket design on Lois jeans, its threat to bring a trademark infringement action against Lois and its most recent efforts to prevent the importation of Lois jeans by invoking the customs and trademark laws, there exists a present and justiciable controversy between Lois and Levi as to whether the stitched pocket design on Lois' jeans infringes Levi's rights under the trademark laws.

<u>AS AND FOR A FIRST CLAIM</u>

13. Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12 of this complaint, inclusive.

14. The design which appears on the back pockets of

Lois' jeans is not identical to the design which appears on the back pockets of Levi's jeans.

15.    The design which appears on the back pockets of Lois' jeans is not confusingly similar to the design which appears on the back pockets of Levi's jeans.

16.    There is no possibility of confusion arising from the use of the stitched design on the back pockets of Lois' jeans, since Lois prominently displays its house mark and other identifying marks on "hang tags," stitched tags and other features which are permanently affixed to the jeans.

17.    Additionally, there is no possibility that consumers or merchants will confuse Lois' jeans with Levi's jeans, since the price ranges of the products differ substantially and the goods are generally not sold in the same retail outlets.

18.    The use of the stitched pocket design on Lois jeans therefore does not constitute a violation of any of Levi's rights under 15 U.S.C. §§ 1114 and 1124 or 19 U.S.C. § 1526.

### AS AND FOR A SECOND CLAIM

19.    Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12 and 14 through 17 of this complaint, inclusive.

20.    The use of the stitched pocket design on Lois' jeans does not constitute a false designation of origin or a false description or representation within the meaning of 15 U.S.C. § 1125(a).

Ex. A-5

-6-

### AS AND FOR A THIRD CLAIM

21. Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12 and 14 through 17 of this complaint, inclusive.

22. The use of the stitched design on the back pockets of Lois' jeans does not constitute trademark infringement, unfair competition or unlawful dilution under the laws of the State of New York.

### AS AND FOR A FOURTH CLAIM

23. Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12, inclusive.

24. Levi has known of the use of the stitched pocket design on jeans distributed in the United States by Lois since at least 1979, but has not commenced any action against Lois in any court within the United States to enforce its purported trademark rights.

25. In reliance upon Levi's failure to take legal action, Lois has made binding commitments in recent months to purchase and import jeans bearing the stitched pocket design and to supply such jeans to retailers within the United States.

26. As a consequence, Lois would be severely prejudiced by the untimely assertion of a trademark claim by Levi after at least three years of inaction.

27. Levi is therefore barred by laches from asserting any claim against Lois based upon its alleged trademark rights in its stitched pocket design.

WHEREFORE, plaintiff Lois Sportswear, U.S.A., Inc. asks

Ex. A-6

for judgment:

(a)  declaring that the use of the stitched pocket design on its jeans does not constitute an infringement of any trademark rights defendant Levi may possess under 15 U.S.C. §§ 1114 and 1124 or 19 U.S.C. § 1526;

(b)  declaring that the use of the stitched pocket design on Lois' jeans does not constitute a false designation of origin or false representation within the meaning of 15 U.S.C. § 1125(a);

(c)  declaring that the use of the stitched pocket design on Lois' jeans does not constitute a violation of any of Levi's rights under the laws of the State of New York dealing with trademark, unfair competition or dilution;

(d)  declaring that Levi is barred by laches from asserting any claim against Lois based upon any alleged trademark rights in the stitched pocket design; and

(e)  permanently enjoining Levi from interfering in any manner whatsoever with Lois' importation or sale of jeans bearing the stitched pocket design.

Dated:   New York, New York
         December 13, 1982

                         WHITMAN & RANSOM

                         By _____
                            A Member of the Firm
                            Attorneys for Plaintiff
                            Lois Jeans & Jackets,
                                U.S.A., Inc.
                            522 Fifth Avenue
                            New York, New York 10036
                            (212) 575-5800

Ex. A-7

Exhibit A



| SIZE | 30 WAIST | 36 LENGTH |
|------|----------|-----------|

WASHEDARK
ZODIAC
Cotton 100%

CONFECCIONISTA MAYORISTA 2475

| COLOUR | AGE | HEIGHT |

Cotfec. May. nº 2475

18 de Julio, 45 – Moncada, Valencia (España)

*textiles y confecciones europeas/sa*

Manufactured by

THIS GARMENT HAS BEEN PRE-WASHED AND BLEACHED. THE
ACTUAL SIZE MAY DIFFER SLIGHTLY FROM SIZE STATED ON
LABEL, DUE TO SOME CONTRACTION IN WASHING.



Ex. A-9



Ex. A-10



Ex. A-11



Ex. A-12



Exhibit B



Ex. A-15

Exhibit C




Ex. A-17

Exhibit D



DEPARTMENT OF THE TREASURY

U.S. CUSTOMS SERVICE

WASHINGTON

JUN 3 0 1982

REFER TO

TMK-3-CO:R:E:E
719127. FBO

This is a ruling concerning trademark infringement of a Levi Strauss "DOUBLE ARCUATE DESIGNS."

ISSUE:

Whether the Lois Jeans stitching design on the two rear pockets of the Lois Jeans infringes on the "DOUBLE ARCUATE DESIGNS" recorded with Customs by Levi Strauss & Company.

FACTS:

In a prior ruling, TMK-3-CO:R:E:E 713340 FBO, Customs held that jeans bearing a stitching design and additional patches which contain the name "Lois," would not be prohibited as infringing on the registered trade-mark "DOUBLE ARCUATE DESIGNS." That ruling was based on the case of Levi Strauss & Company v. Longley, 272 F. 2d 820 (6th Cir.; 1959), which affirmed the decision of the U.S. District Court, that a stitched design trademark on garment pockets was not infringed by a design similar to plaintiff's trademark which appeared on the pockets of defendant's garments where a large leather patch, showing the figure of a spitting tom cat, appeared elsewhere on the garment. The Court of Appeals held that, under the circumstances, no instance of deception was shown, and the respective parties' garments, viewed as a whole, were reasonably unlikely to be confused. Attorneys for the trademark owner have appealed to Customs to reconsider our ruling on the basis of a series of court cases which all generally hold that an infringer does not avoid infringement by putting his own name or mark on the goods, together with the ingringing marks.

Ex. A-19

- 2 -

LAW AND ANALYSIS:

Section 526 of the Tariff Act of 1930, as amended (19 U.S.C. 1562), prohibits the importation into the United States, of any merchandise of foreign manufacture bearing a trademark owned by a corporation created or organized within the United States, provided a copy of such trademark registration is filed with the Secretary of the Treasury and recorded in the manner provided by regulations (19 CFR 133.1-133.7). Infringement of Federally registered marks, is governed by the test of whether the defendant's use is likely to cause confusion, or to cause mistake, or to deceive.

The stitching design which is recorded with Customs consists of two arcs which meet and form a point in the middle of each back pocket. The thread used is orange. The sample submitted for our consideration does the same thing, forming a point in the middle and dropping down a inch. Where the two arcs meet is defined by stitching so that the extension is a continuation of the design. After a careful review of this ruling, in light of a series of court cases that clearly show a change in law, we are reversing our prior ruling.

This change in the law is discussed in several cases, including Stembridge Products, Inc. v. Gay, 335 F. Supp. 863, 864 (M.D. Georgia 1971); Boston Professional Hockey Association Inc., v. Dallas Cap & Emblem Manufacturing Inc. 510 F. 2d 1004, 1012 (5th Cir. 1975); and T & T Manufacturing Company v. A.T. Cross Company, 449 F. Supp. 813, 819 (D.R.I. 1978), Aff'd, 587 F. 2d 533 (1st Cir. 1978), which we note.

Ex. A-20

Consistent with the law today, courts around the country have acknowledged that an infringer does not avoid infringement by putting his own name or mark on the goods together with the infringing mark. The attorneys for the trademark holders submit many cases supporting this point of law.

For example, in T & T Manufacturing Company v. A.T. Cross Company, supra, the court held that an infringer who copied the black frustroconical tip which was a registered trademark for the Cross Pen did not avoid infringement by adding its own trademark to the pen and packaging. As the court noted:

> "To permit Second-Quill to appropriate with impunity Cross' trademark--the product of many years of advertising and long identified with the company's reputation for fine manufacture --simply by addition of Second-Quill's housename, would make a mockery of trademark law. ...Indeed, to permit this piracy would be in effect to reward the cunning infringer and punish only the bumbling one....courts have viewed combining the alleged infringer's housename with the other manufacturer's tradename as an aggravating circumstance, rather than an excuse for the infringement. The combination leads the purchaser to assume that the infringer is an authorized branch of the owner of the trademark....Display of the infringer's name on the package is least likely to avoid confusion when the infringement involves the design of the item itself and not the package or the tradename."

Accordingly, the court held that infringement was not avoided by the infringers use of his own trade name on the product.

HOLDING:

An infringement of a registered trademark is an infringement without consideration of the placement of the name of a manufacturer or other designs. However, we feel that the dropping down of the stitching

- 4 -

approximately one inch below that of the double arcuate design removes the Lois design from the "counterfeit" category. Therefore, the design, while infringing, simply copies or simulates the design of the "DOUBLE ARCUATE DESIGNS" trademark, and does not amount to a "counterfeit." A "counterfeit trademark" is a spurious trademark which is identical with or substantially indistinguishable from a registered trademark (19 CFR 133.23a). In view of the distinguishing feature referred to above, the Customs Regulations applicable to counterfeit trademark violations would not apply in this case.

Accordingly, Lois jeans bearing the design referred to above would be prohibited entry into the United States as infringing the registered trademark of the Levi Strauss Company. The jeans should be detained pursuant to 19 CFR 133.22. Articles detained pursuant to 19 CFR 133.22 may be released to the importer if any of the circumstances allowing exemption from trademark restrictions set forth in 19 CFR 133.21(c) are established.

This decision which reverses the previous position of the Customs Service will be effective 60 days after the date of this decision, so that shipments of Lois jeans bearing the infringing design which are in transit or on order prior to the effective date of this decision will not be considered as infringing. A copy of this decision is being circulated to all Customs officers in the field for their guidance. A copy of this decision may be furnished to importers and all other interested parties.

Sincerely,

Donald W. Lewis
Director, Entry Procedures
and Penalties Division

Ex. A-22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

LOIS SPORTSWEAR, U.S.A., INC.          :    Civil Action
                                            82 Civ. 8326
                            Plaintiff,  :
                                                ANSWER
                                                  AND
        - against -                    :       COUNTERCLAIMS

LEVI STRAUSS & COMPANY                  :

                            Defendant.  :
- - - - - - - - - - - - - - - - - - -x

        Defendant, Levi Strauss & Co. ("Levi"), for its answer

to the complaint of plaintiff, Lois Sportswear U.S.A., Inc.

("Lois") and for its counterclaims against said plaintiff, al-

leges:

        1.    Admits that plaintiff purports to allege a claim

for declaratory judgment and injunctive relief but otherwise

denies plaintiff's entitlement to such relief as alleged in par-

agraph 1.


        2.    Admits the allegations of paragraph 2.


        3.    Admits the allegations of paragraph 3.


        4.    Admits upon information and belief that Lois is a

corporation formed under the laws of the State of New York with

a place of business in this District and that it engages in the

importation and distribution of wearing apparel but denies

knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations of paragraph 4 and, accordingly, denies same.

     5.   Admits the allegations of paragraph 5.

     6.   Admits that Lois imports and distributes jeans but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and, accordingly, denies same.

     7.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and, accordingly, denies same.

     8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and, accordingly, denies same.

     9.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and, accordingly, denies same.

     10.  Asserts that the stitching design on the back pocket of Lois' jeans is confusingly similar to the stitching design long previously used by Levi and, as thus asserted, admits the allegations of paragraph 10.

2

11. Admits that Levi has lawfully asserted its rights pursuant to federal statute in communicating under date of October 30, 1981 with the United States Customs Service to prevent the importation of Lois jeans bearing the aforesaid stitching design upon the ground that it is confusingly similar to Levi's registered trademark, that the Customs Service determined on June 30, 1982 that said products should not be permitted entry into the United States because of such confusing similarity, and that a copy of such ruling is annexed to the Complaint as Exhibit D but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 and, accordingly, denies same.

12. Admits the allegations of paragraph 12.

13. Repeats and realleges its responses to paragraphs 1 through 12, inclusive, as repeated and realleged in paragraph 13.

14. Admits that the design which appears on the back pocket of the jeans of Lois discloses a slight variation by way of an additional embellishment upon the design mark used by Lois but that the Lois design otherwise incorporates the entirety of Levi's design and, except as so admitted, denies the allegations of paragraph 14.

3

15.  Denies the allegations of paragraph 15.

16.  Denies the allegations of paragraph 16.

17.  Denies the allegations of paragraph 17.

18.  Denies the allegations of paragraph 18.

19.  Repeats and realleges its responses to paragraphs 1 through 12, inclusive, and 14 as repeated and realleged in paragraph 19.

20.  Denies the allegations of paragraph 20.

21.  Repeats and realleges its responses to paragraphs 1 through 12 and 14 through 17, inclusive, as repeated and re-alleged in paragraph 21.

22.  Denies the allegations of paragraph 22.

23.  Repeats and realleges its responses to paragraphs 1 through 12, inclusive, as repeated and realleged in paragraph 23.

24.  Admits that Levi has been aware of some sporadic use of the stitched pocket design by Lois and that Levi has not

4

heretofore instituted an infringement action based thereupon but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 24 and, accordingly, denies same.

25.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 and, accordingly, denies same.

26.  Denies the allegations of paragraph 26.

27.  Denies the allegations of paragraph 27.

## AS AND FOR A FIRST COUNTERCLAIM

28.  Levi is a corporation formed under the laws of the State of Delaware with its principal place of business in San Francisco, California.

29.  Upon information and belief, plaintiff is a corporation formed under the laws of the State of Delaware with a place of business in this District and is doing and transacting business in the State of New York.

30.  Jurisdiction is alleged under 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper under 28 U.S.C. § 1391.

5

Ex. A-27

31. Commencing from a time long prior to the acts of plaintiff herein alleged, Levi adopted and has continuously employed an arbitrary and distinctive design (hereinafter "arcuate design mark") on the rear pockets of its jeans. Said arcuate design mark has been used by Levi on a vast scale throughout the United States over a period of many decades and it has, accordingly, come to be recognized by the public as an indication that Levi is the source of garments upon which it appears.

32. Levi is the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No.  | Issue Date         |
|-----------|--------------------|
| 404,248   | November 16, 1943  |
| 1,139,254 | September 2, 1980  |

Levi Strauss is also the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No. | Issue Date        |
|----------|-------------------|
| 223,725  | February 8, 1927  |
| 849,437  | May 21, 1968      |
| 989,435  | July 30, 1974     |

6

Ex. A-28

33.  Upon a date presently unknown to Levi, plaintiff knowingly and with deceptive purpose commenced and has since used, and threatens to continue to use, in commerce and in a manner affecting commerce, a design mark on the rear pockets of its jeans which design closely imitates the arcuate design mark of Levi.

34.  The use by plaintiff of said design mark constitutes an unprivileged reproduction, copy or colorable imitation of Levi's registered arcuate design mark and is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

35.  Levi has suffered and will continue to suffer irreparable injury from the acts of plaintiff for which no adequate remedy exists at law.

### AS AND FOR A SECOND COUNTERCLAIM

36.  The allegations of paragraphs 28-31, and 33 and 35 are repeated and realleged as though fully set forth herein.

37.  The use by plaintiff of said design mark, by reason of its confusing similarity to the arcuate design mark of Levi, constitutes a false representation or description tending falsely to describe or represent the products of plaintiff in violation of 15 U.S.C. § 1125(a).

7

Ex. A-29

## AND AS FOR A THIRD COUNTERCLAIM

38.  The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

39.  The use by plaintiff of said design marks constitutes an infringement of Levi's trademark rights and an unfair method of competition in violation of the common law of the State of New York and of the other States of the United States in which plaintiff makes such use.

## AS AND FOR A FOURTH COUNTERCLAIM

40.  The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

41.  The use by plaintiff of said design mark is likely to dilute the distinctive quality of the arcuate design mark of Levi in violation of New York General Business Law § 368(d) and the similar laws of other states in which plaintiff makes such use.

## AS AND FOR A FIFTH COUNTERCLAIM

42.  The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

8

Ex. A-30

43. The use by plaintiff of said design mark constitutes a deceptive act and practice in violation of New York Business Law § 349 and the similar law of other states in which plaintiff makes such use.

WHEREFORE, Levi demands judgment:

1.   Enjoining plaintiff, its officers, agents, assigns and all who act in privity with it from using in the advertising or sale of jeans or related products the design mark herein alleged to violate the rights of Levi or any other design mark which is confusingly similar to the arcuate design mark of Levi;

2.   Awarding to Levi such damages as may be established upon the trial, trebled in accordance with 15 U.S.C. § 1117;

3.   Ordering plaintiff to account for an pay over to Levi all profits received by plaintiff from the sale of jeans in connection with the confusingly similar design mark used by plaintiff;

4.   Granting Levi an award of its counsel fees and expenses herein pursuant to 15 U.S.C. § 1117;

9

Ex. A-31

     5.    Awarding Levi such other and further relief as to the Court may seem just and proper.

Dated:  New York, New York
        January ___, 1983

                MILGRIM THOMAJAN JACOBS & LEE
                PROFESSIONAL CORPORATION

                By_____
                   Alfred T. Lee
                Attorneys for Defendant
                LEVI STRAUSS & CO.
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                (212) 867-6660

Ex. A-32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

LOIS SPORTSWEAR, U.S.A., INC.,          :    Civil Action
                                             82 Civ. 8326 (KTD)
                              Plaintiff,  :
                                             PLAINTIFF'S
              -against-                   :   ANSWER TO
                                             COUNTERCLAIMS
LEVI STRAUSS & COMPANY,                   :

                              Defendant.  :

- - - - - - - - - - - - - - - - - x

        Plaintiff, Lois Sportswear, U.S.A., Inc. ("Lois"),

by its attorneys Whitman & Ransom, hereby responds to the

allegations of the counterclaims, as follows:

## AS TO THE FIRST COUNTERCLAIM

        1.  Upon information and belief, admits each and

every allegation set forth in paragraph 28 of the Answer and

Counterclaims.

        2.  Admits each and every allegation set forth in

paragraph 29 of the Answer and Counterclaims.

        3.  Admits the allegations of jurisdiction and the

propriety of venue as set forth in paragraph 30 of the Answer

and Counterclaims.

        4.  Denies knowledge or information sufficient to

form a belief as to each and every allegation set forth in

paragraph 31 of the Answer and Counterclaims, except denies

that defendant's "arcuate design mark" possesses distinctive

qualities, and further denies that that mark serves as a

means of designating origin with the defendant, and that the

public recognizes that design as an indication that defendant

Ex. A-33

is the source of garments upon which it appears.

5. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 32 of the Answer and Counterclaims, and refers the Court to the registrations referenced in that paragraph.

6. Denies each and every allegation set forth in paragraphs 33, 34 and 35 of the Answer and Counterclaims.

### AS TO THE SECOND COUNTERCLAIM

7. In response to paragraph 36 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

8. Denies each and every allegation set forth in paragraph 37 of the Answer and Counterclaims.

### AS TO THE THIRD COUNTERCLAIM

9. In response to paragraph 38 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

10. Denies each and every allegation set forth in paragraph 39 of the Answer and Counterclaims.

### AS TO THE FOURTH COUNTERCLAIM

11. In response to paragraph 40 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims,

Ex. A-34

to the extent applicable, as though fully set forth at length.

12.  Denies each and every allegation set forth in paragraph 41 of the Answer and Counterclaims.

### AS TO THE FIFTH COUNTERCLAIM

13.  In response to paragraph 42 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

14.  Denies each and every allegation set forth in paragraph 43 of the Answer and Counterclaims.

### AS A FIRST AFFIRMATIVE DEFENSE

15.  Upon information and belief, defendant's "double arcuate mark" never functioned as a designation of source or origin and was and is, therefore, not susceptible of appropriation or protection as a trademark.

### AS A SECOND AFFIRMATIVE DEFENSE

16.  Even assuming that defendant's "double arcuate mark" performed a trademark function at some prior time, it has become so diluted by reason of the widespread use by others, on jeans and similar garments, of the same or a similar design that it has lost whatever distinctiveness it otherwise possessed and no longer functions as a designation of source or origin with the defendant.

### AS A THIRD AFFIRMATIVE DEFENSE

17.  Defendant's failure to police adequately the

-3-

use by others, on jeans and similar garments, of the "double arcuate mark" or a similar design, and/or defendant's acquiescence to such use, has resulted in a loss by defendant of any trademark rights it otherwise possessed in that mark.

### AS A FOURTH AFFIRMATIVE DEFENSE

18.  Defendant is estopped from asserting the causes of action set forth in its counterclaims against plaintiff by reason of its failure to police adequately the use by others of the "double arcuate mark" or a similar design, on jeans and similar garments, and/or its acquiescence to such use.

### AS A FIFTH AFFIRMATIVE DEFENSE

19.  Defendant is barred from asserting the cause of action set forth in its counterclaims against plaintiff, by reason of its laches in unreasonably delaying its attempt to enforce such claims against plaintiff, after it had knowledge that plaintiff was utilizing on its jeans the particular back pocket stitching design which is the subject of the counterclaims.

WHEREFORE, Lois demands judgment dismissing the counterclaims, and for the relief set forth in its complaint, which is incorporated in this answer to counterclaims by reference, and for costs, disbursements and reasonable

attorneys' fees incurred in this action, and such other and

further relief as may be just.

Dated:  New York, New York
        January 25, 1983

                              WHITMAN & RANSOM

                              By

                              Attorneys for Plaintiff
                              522 Fifth Avenue
                              New York, New York  10036
                              (212) 575-5800

Ex. A-37                      -5-

### CERTIFICATE OF SERVICE

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK)

     MAX F. SCHUTZMAN, pursuant to 28 U.S.C. § 1746, states:

     1.  I am an attorney duly admitted to practice in the courts of this State and in this Court.  I am associated with the firm of Whitman & Ransom, attorneys for plaintiff, and am not a party to this action.

     2.  On January 25, 1983, I served the annexed plaintiff's answer to counterclaims upon the following attorneys of record for defendant by placing a true copy of same in a properly addressed, postpaid wrapper and depositing said wrapper in an official depository under the exclusive custody and control of the Postal Department within this State:

       Milgrim Thomajan Jacobs & Lee
       405 Lexington Avenue
       New York, New York  10174

     3.  I certify under penalty of perjury that the foregoing is true and correct.  Executed on January 25, 1983.

                     Max F. Schutzman

Ex. A-38