# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

LOIS SPORTSWEAR, U.S.A., INC.,          :    Civil Action
                                              82 Civ. 8326 (KTD)
                         Plaintiff,     :
                                             PLAINTIFF'S
          -against-                     :    ANSWER TO
                                             COUNTERCLAIMS
LEVI STRAUSS & COMPANY,                  :

                         Defendant.     :

- - - - - - - - - - - - - - - - - - x

        Plaintiff, Lois Sportswear, U.S.A., Inc. ("Lois"),
by its attorneys Whitman & Ransom, hereby responds to the
allegations of the counterclaims, as follows:

              AS TO THE FIRST COUNTERCLAIM

        1.  Upon information and belief, admits each and
every allegation set forth in paragraph 28 of the Answer and
Counterclaims.

        2.  Admits each and every allegation set forth in
paragraph 29 of the Answer and Counterclaims.

        3.  Admits the allegations of jurisdiction and the
propriety of venue as set forth in paragraph 30 of the Answer
and Counterclaims.

        4.  Denies knowledge or information sufficient to
form a belief as to each and every allegation set forth in
paragraph 31 of the Answer and Counterclaims, except denies
that defendant's "arcuate design mark" possesses distinctive
qualities, and further denies that that mark serves as a
means of designating origin with the defendant, and that the
public recognizes that design as an indication that defendant

Ex. D-1

is the source of garments upon which it appears.

5.  Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 32 of the Answer and Counterclaims, and refers the Court to the registrations referenced in that paragraph.

6.  Denies each and every allegation set forth in paragraphs 33, 34 and 35 of the Answer and Counterclaims.

## AS TO THE SECOND COUNTERCLAIM

7.  In response to paragraph 36 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

8.  Denies each and every allegation set forth in paragraph 37 of the Answer and Counterclaims.

## AS TO THE THIRD COUNTERCLAIM

9.  In response to paragraph 38 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

10.  Denies each and every allegation set forth in paragraph 39 of the Answer and Counterclaims.

## AS TO THE FOURTH COUNTERCLAIM

11.  In response to paragraph 40 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims,

Ex. D-2

to the extent applicable, as though fully set forth at length.

12.  Denies each and every allegation set forth in paragraph 41 of the Answer and Counterclaims.

### AS TO THE FIFTH COUNTERCLAIM

13.  In response to paragraph 42 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

14.  Denies each and every allegation set forth in paragraph 43 of the Answer and Counterclaims.

### AS A FIRST AFFIRMATIVE DEFENSE

15.  Upon information and belief, defendant's "double arcuate mark" never functioned as a designation of source or origin and was and is, therefore, not susceptible of appropriation or protection as a trademark.

### AS A SECOND AFFIRMATIVE DEFENSE

16.  Even assuming that defendant's "double arcuate mark" performed a trademark function at some prior time, it has become so diluted by reason of the widespread use by others, on jeans and similar garments, of the same or a similar design that it has lost whatever distinctiveness it otherwise possessed and no longer functions as a designation of source or origin with the defendant.

### AS A THIRD AFFIRMATIVE DEFENSE

17.  Defendant's failure to police adequately the

Ex. D-3

use by others, on jeans and similar garments, of the "double arcuate mark" or a similar design, and/or defendant's acquiescence to such use, has resulted in a loss by defendant of any trademark rights it otherwise possessed in that mark.

### AS A FOURTH AFFIRMATIVE DEFENSE

18. Defendant is estopped from asserting the causes of action set forth in its counterclaims against plaintiff by reason of its failure to police adequately the use by others of the "double arcuate mark" or a similar design, on jeans and similar garments, and/or its acquiescence to such use.

### AS A FIFTH AFFIRMATIVE DEFENSE

19. Defendant is barred from asserting the cause of action set forth in its counterclaims against plaintiff, by reason of its laches in unreasonably delaying its attempt to enforce such claims against plaintiff, after it had knowledge that plaintiff was utilizing on its jeans the particular back pocket stitching design which is the subject of the counterclaims.

WHEREFORE, Lois demands judgment dismissing the counterclaims, and for the relief set forth in its complaint, which is incorporated in this answer to counterclaims by reference, and for costs, disbursements and reasonable

Ex. D-4

attorneys' fees incurred in this action, and such other and

further relief as may be just.

Dated:   New York, New York
         January 25, 1983

                              WHITMAN & RANSOM

                              By

                              Attorneys for Plaintiff
                              522 Fifth Avenue
                              New York, New York   10036
                              (212) 575-5800

Ex. D-5

-5-

## CERTIFICATE OF SERVICE

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK)

MAX F. SCHUTZMAN, pursuant to 28 U.S.C. § 1746, states:

1.   I am an attorney duly admitted to practice in the courts of this State and in this Court.  I am associated with the firm of Whitman & Ransom, attorneys for plaintiff, and am not a party to this action.

2.   On January 25, 1983, I served the annexed plaintiff's answer to counterclaims upon the following attorneys of record for defendant by placing a true copy of same in a properly addressed, postpaid wrapper and depositing said wrapper in an official depository under the exclusive custody and control of the Postal Department within this State:

        Milgrim Thomajan Jacobs & Lee
        405 Lexington Avenue
        New York, New York  10174

3.   I certify under penalty of perjury that the foregoing is true and correct.  Executed on January 25, 1983.

                                    Max F. Schutzman

Ex. D-6