# Exhibit O

# 85-7976/7880

**ORIGINAL**

# United States Court of Appeals
### for the
## Second Circuit



FILED
SEP 10 1986
ELAINE B. GOLDSMITH, CLERK
SECOND CIRCUIT

---

LOIS SPORTSWEAR, U.S.A, INC.,

*Plaintiff-Appellant,*

TEXTILES Y CONFECCIONES EUROPEAS, S.A.,

*Defendant-Appellant,*

— against —

LEVI STRAUSS & COMPANY,

*Defendant-Plaintiff-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPELLANTS' PETITION FOR REHEARING EN BANC

WHITMAN & RANSOM
Attorneys for Plaintiff-Appellant and
Attorneys for Defendant-Appellant
522 Fifth Avenue
New York, New York 10036
(212) 575-5800

*Of Counsel:*
MAX F. SCHUTZMAN

Ex. O-1

```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------x
LOIS SPORTSWEAR, U.S.A., INC.,       :
        Plaintiff-Appellant,
                                     :   Appeal Nos. 85-7976
        and                                          85-7880
                                     :
TEXTILES Y CONFECCIONES EUROPEAS, S.A.,:
                                         APPELLANTS' PETITION
        Defendant-Appellant,         :   FOR REHEARING EN BANC

        -against-                    :

LEVI STRAUSS & COMPANY,              :

        Defendant-Plaintiff-Appellee.:
------------------------------------x
```

INTRODUCTION

In accordance with the provisions of Rules 35(b) and 40 of the Federal Rules of Appellate Procedure, appellants Lois Sportswear U.S.A., Inc. and Textiles Y Confecciones Europeas, S.A. (hereinafter referred to for convenience purposes as "Lois"), hereby petition the Court for a rehearing en banc or, in the alternative, for a rehearing by the original panel, of the decision on this appeal dated August 27, 1986, a copy of which is reproduced as an appendix to this petition. The basis of Lois' request for this extraordinary relief is that the Court's decision conflicts directly with established precedent in this Circuit on the standards to be employed in deciding summary judgment motions.

Ex. O-2

## DISCUSSION

This appeal was taken from a determination by Judge Sweet below awarding summary judgment to appellee Levi Strauss & Co. ("Levi"), on its claims of trademark infringement and unfair competition, 632 F.Supp. 735 (S.D.N.Y. 1985), based upon the use by Lois of a back pocket stitching design on its denim jeans alleged by Levi to conflict with a similar design used by Levi.[1] In assessing the cogency of Levi's case based upon the eight criteria established in <u>Polaroid Corporation v. Polarad Electronics Corp.</u>, 287 F.2d 492 (2d Cir.), <u>cert. denied</u>, 368 U.S. 820 (1961) by which to judge the likelihood of confusion, Judge Sweet decided that although the weight of the evidence favored Levi on only two of the eight criteria (strength of the mark and similarity between the competing marks), that was sufficient to compel a summary determination in its favor.

On appeal, one of Lois' principal arguments was that in deciding the issue of mark strength in Levi's favor, Judge Sweet resolved genuine issues of material fact in contravention of established summary judgment precepts. Lois' position in

---

[1] Although continuously throughout its opinion the majority treats the competing marks as though they were identical, this is simply not true. <u>See</u> dissenting opinion of Miner, J., slip. op. at 5422.

this respect was that the prolific use by other jeans vendors of back pocket stitching designs the same as or similar to that of Levi so seriously diluted the distinctiveness of Levi's mark as to undermine its ability to serve as an identifier of source. In support of this attack upon the strength of Levi's mark, and in opposition to Levi's summary judgment motion, Lois, inter alia, presented the following evidence:

1. Back-pocket stitching designs from 81 different pairs of jeans similar and, in some cases, identical to, the Levi design (A.663-714, 749-809, 833-47, 854-877).[2] Of these, 64 samples were extracted in discovery from Levi's files and 17 were purchased by affiants in various Manhattan stores in January and June, 1985. All were found in the marketplace.

2. Expert testimony from Lois' former president, who had been employed principally in sales by four different jeans manufacturers since 1976 (Faded Glory, MacKeen, Calvin Klein and Lois), that as a result of the prolific use of double arc stitching designs similar to Levi's on the back pocket of jeans, "any distinctive aspect of the Levi design and most other back pocket designs has been diminished or lost entirely since the 1970's ...." (A. 744).

3. Acknowledgments by Levi deponents and affiants

---

[2] Many of the similar third-party brands incorporate the Levi design as a constituent element of their stitching pattern.

Ex. O-4

-3-

that such widespread use of allegedly infringing brands exists. (A. 588-594, 733-739, 878-885).

Commenting upon this aspect of the case, Judge Miner in his dissenting opinion stated:

> With respect to strength of the mark, Lois produced evidence of extensive third-party use of the Levi arcuate. The widespread use of virtually identical marks makes it difficult to identify goods as emanating from a particular source. To be considered strong, the mark must be associated in the public mind with the goods in question or their maker. So far, there is no credible evidence in the record that consumers focus their attention on back-pocket stitching when purchasing jeans .... In view of the foregoing, the strength of the mark question should have been left for the trier of fact and not decided on the <u>conflicting evidentiary submissions</u> made at the summary judgment stage. Slip op. at 5420-5421. [emphasis supplied.]

How did the majority treat Lois' "conflicting evidence?" Simply, it didn't. The majority opinion incredibly makes no mention whatsoever of this evidence. Having ignored it, the majority is thus free to frame the issue as one involving "<u>undisputed</u> evidence [that] shows that the [Levi] trademark is intimately associated with the trademark owner's products in the minds of jeans consumers" (slip op. at 5401) (emphasis in original); to conclude that "[t]he record is replete with <u>undisputed</u> examples of the intimate association between the stitching pattern and appellee's products in the buying public's mind" (<u>Id</u>.) (emphasis supplied); and to

Ex. O-5                                    -4-

characterize Levi's evidence of strength of the mark as "<u>undisputed</u> for the most part" (slip. op. at 5404) (emphasis supplied). The majority then concludes its analysis by stating, remarkably, that Lois "<u>offered no proof</u> to dispute the fact that appellant's stitching pattern is a strong, distinctive trademark ...." (Slip. op. at 5418) (emphasis supplied).

It has long been the law that in considering a summary judgment motion, the court is required to resolve "all ambiguities and draw all reasonable inferences in favor of the non-movant." <u>Heyman v. Commerce and Industry Insurance Co.</u>, 524 F.2d 1313, 1320 (2d Cir. 1975). It is equally settled that, in the words of Judge Kaufman in <u>Schering Corp. v. Home Ins. Co.</u>, 712 F.2d 4 (2d Cir. 1983), "[s]ummary judgment is perforce improper if conflicting evidence is adduced." 712 F.2d at 9.

There can be no doubt that in this case, strength of the Levi mark is the pivotal issue. The majority recognized this when it characterized the strength factor as "crucial to the likelihood of confusion analysis." Slip op. at 5412. Yet it inexplicably chose to ignore evidence propounded by Lois which the dissenting judge found to be "conflicting," and as to which Lois was entitled by law to the benefit of all reasonable inferences; evidence which, on a summary judgment motion, was "to be believed ..." <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S.

Ex. O-6

-5-

144, 158 (1970).

The point is simply this: something is awry when one member of the panel reviews a summary judgment record and finds the evidence on a particular issue to be "conflicting" and other members of the same panel conclude from the same record that the evidence is "undisputed." In itself, this is a persuasive indication that, indeed, a genuine issue of material fact exists.

As stated by the Supreme Court in <u>Anderson v. Liberty Lobby, Inc.</u>, __ U.S. __, 91 L.Ed.2d 202 (1986):

> The Court has said that summary judgment should be granted where the evidence is such that it "would require a directed verdict for the moving party." Sartor v. Arkansas Gas Corp. 321 US 620, 624, 88 L Ed 967, 64 S Ct 724 (1944). And we have noted that the "genuine issue" summary judgment standard is "very close" to the "reasonable jury" directed verdict standard: "The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted." Bill Johnson's Restaurants, Inc. v. NLRB, 461 US 731, 745, n 11, 76 L Ed 2d 277, 103 S Ct 2161 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

91 L.Ed. 2d at 213-214.

Ex. O-7

-6-

A "sufficient disagreement" does exist here; reasonable minds <u>have</u> differed.[3]

## CONCLUSION

On a summary judgment motion, it is the duty of a court to determine the existence (or absence) of genuine issues of material fact. Fed. R. Civ. P. 56(c). For this purpose, "facts" are either disputed or not. There is no middle ground. Certainly, the facts may not be material, rendering the dispute over them irrelevant for summary judgment purposes. <u>Quarles v. GMC</u>, 758 F.2d 839 (2d Cir. 1985). Yet as noted by this Court in <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438 (2d Cir. 1980):

> ... when the party against whom summary judgment is sought comes forth with affidavits or other material obtained through discovery that generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate ....
> The litigant opposing summary judgment [however] ... must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful. 613 F.2d at 445.

Here, Lois did just that. It adduced

---

[3] It is also more than curious that the majority found that Levi produced "overwhelming evidence" that its back-pocket stitching pattern "is a strong, distinct trademark with a profound secondary meaning", slip. op. at 5418, while the dissenting judge concluded almost to the contrary. Slip. op. at 5421. Of course, if the Levi design were so strong, one could reasonably surmise that similar though not identical designs (as we have here) could and would be easily distinguished by the consuming public.

documentary, real (actual jeans) and testimonial evidence controverting what the majority conceded to be a material fact, the strength of Levi's mark. In completely ignoring this evidence, the majority opinion misapplied sound summary judgment precepts and denied Lois its day in court. An en banc rehearing must be granted to rectify this patent error.

                              Respectfully submitted,

                              WHITMAN & RANSOM

By: _____
     Max F. Schutzman
Attorneys for Lois Sportswear, U.S.A., Inc. and Textiles y Confecciones Europeas, S.A.
522 Fifth Avenue
New York, New York 10036
(212) 575-5800

1777s

Ex. O-9                           -8-