# Exhibit R

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTEFAN ENTERPRISES, INC., )
)
  Plaintiff, )
)   Case No.: 6:06-CV-00742-Orl
)
COCO BONGO GRILL AND BAR, )
INC., )
)
  Defendant. )
_____ )

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, COCO BONGO GRILL AND BAR, INC., by and through its undersigned attorney, hereby submit these Answers and Affirmative Defenses, and states:

### THE PARTIES

1. Admitt.

2. Admit.

### NATURE OF ACTION

3. Admit for jurisdictional purposes only.

### JURISDICTION AND VENUE

4. Admit for jurisdictional purposes only.

5. Admit for jurisdictional purposes only.

### GENERAL ALLEGATIONS

6. Without knowledge, therefore Denied.

7. Admit that Exhibit "A" speaks for itself, otherwise Denied.

8. Admit that Exhibit "B" speaks for itself, otherwise Denied.

Ex. R-1

9. Without knowledge, therefore Denied.

10. Without knowledge, therefore Denied.

11. Without knowledge, therefore Denied.

### DEFENDANT'S INFRINGING ACTIVITIES

12. Admit as to operation name; Denied as to confusion.

13. Denied; (i) Denied; (ii) Denied; (iii) Denied.

14. Admit.

15. Admit as to the letter sent, otherwise Denied.

### COUNT ONE
### Infringement of Federal Trademark Registration No. 2490999

16. Defendant hereby restates its responses to paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. Admit that Exhibit "A" speaks for itself, otherwise Denied.

18. Without knowledge, therefore denied.

19. Denied.

20. Admit as to no permission, Denied as to confusion.

21. Denied.

22. Denied.

### COUNT TWO
### False Designation of Origin Under 15 U.S.C. § 1125(A)

23. Defendant hereby restates its responses to paragraphs 1 through 15 of this Answer as if fully set forth herein.

24. Denied.

25. Denied.

## COUNT THREE
### Common Law Unfair Competition and Trademerk Infringement

26. Defendant hereby restates its responses to paragraphs 1 through 15 of this Answer as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

## COUNT FOUR
### Violations of Florida Statutes § 495.151

30. Defendant hereby restates its responses to paragraphs 1 through 15 of this Answer as if fully set forth herein.

31. Denied.

32. Denied.

## COUNT FIVE
### Violations of Florida Unfair Competition Act Florida Statutes § 501.204

33. Defendant hereby restates its responses to paragraphs 1 through 15 of this Answer as if fully set forth herein.

34. Denied.

35. Denied.

## AFFIRMATIVE DEFENSES

### DEFENSE I

Defendant's name "Coco Bongo's Bar & Grill" is different and does not cause confusion with the plaintiff's name, "Bongos Cuban Café".

### DEFENSE II

Ex. R-3                                                    3

The word "Bongo" or "Bongo's" covered by other U.S. registered trademarks include, but are not limited to: Roberto Noble for alcoholic and nonalcoholic beverages; Bongo, S.A. de C.V. for Coco Bongo House of Rock & Pop and for Coco Bongo for restaurant, canteen, night club and snack-bar services; Evy Rosen for Bongos for frozen fruit deserts; Codiscos International Corporation for King Bongo for phonograph records and entertainment services; Bongos International, Inc. for Bongo's St. Pete Beach, Florida for restaurant and bar services; Bongo Productions LLC for Bongo Jamva for coffee house carry-out restaurant services in Nashville, TN, some of which existed at the time of the formation of Bongos Cuban Café, to the extent that Plaintiff has rights against Defendant, Plaintiff is estopped from enforcing those rights by the doctrine of laches.

### DEFENSE III

Other Coco Bongo night clubs include, Coco Bongo – Cancun; Coco Bongo (Monte Casino) – Johannesburg, South Africa; Coco Bongo – Montreal; Coco Bongo West Palm Beach; Coco Bongo Club Café & Restaurant – Budapest; Coco Bongo Night Club – Elizabeth, NJ. To the extent that Plaintiff has any rights to enforce Plaintiff is barred and estopped from enforcing those rights by the failure to actively pursue infringement claims and the doctrine of laches.

### DEFENSE IV

Contrary to the plaintiff's Complaint, the logos are different: Plaintiff's Bongos Cuban Café uses a motif of bongo drums and hands playing bongo drums. The logo used by the Defendant on its website consists of two palm trees and what look like dancers. The Defendant uses the coco bongo motif, which is not evoking drums as much as dancing and general Latin themes.

## DEFENSE V

Contrary to plaintiff's Complaint, there is not a great likelihood to confuse the public as the plaintiff aims to attract tourists from plaintiff's location within the Disney entertainment complex; whereas Defendant is outside the resort area and targets local Latinos.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues.

Submitted this 17th day of July, 2006.

/s/ Catherine E. Timilty

CATHERINE E. TIMILTY, ESQ.
Florida Bar No.: 164356
OLIVER J. JANNEY, ESQ.
FBN: 0893102
The Robbins Law Firm, P.A.
2639 Dr. MLK Jr. St. North
St. Petersburg, FL 33704
Tel: (727) 822-8696
Fax: (877) 919-5419
cetimilty@FloridaLawyer.com
ojjanney@floridalawyer.com

Trial Attorneys for Defendant

Ex. R-5

5

## CERTIFICATE OF SERVICE

I certify that on this 17th day of July, 2006, I electronically filed the foregoing:

ANSWERS AND AFFIRMATIVE DEFENSES
OF DEFENDANT, COCO BONGO'S GRILL & BAR, INC.

with the court's CM/ECF filing system, which I understand will serve notice upon :

COUNSEL FOR PLAINTIFF:

**Karen L. Stetson, Esquire**
**P. O. Box 40323**
**Miami, FL 33140**

/S/ Catherine E. Timilty
--------------------------------
CATHERINE E. TIMILTY
FBN: 164356