# Exhibit U

# Trademark Manual
# of
# Examining Procedure
# (TMEP)

**First Edition, January 1974**

**Latest Revision January 1986**



**U.S. DEPARTMENT OF COMMERCE   •   PATENT AND TRADEMARK OFFICE**

i

Rev. 7, Jan. 1986

Ex. U-1

The Trademark Manual of Examining Procedure may be ordered, on a subscription basis, from the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402.

The Patent and Trademark Office does not handle the sale of the Manual, or the distribution of notices and revisions or changes of address of those on the subscription list. Correspondence relating to any of the above items should be sent to the Superintendent of Documents at the following address:

> Superintendent of Documents
> United States Government Printing Office
> Customer Service Section SSOS
> Washington, D.C. 20402

Orders for individual replacement pages not amounting to a complete revision of the Manual should be sent to the following address:

> Commissioner of Patents and Trademarks
> Attention: Customer Services Division
> Washington, D.C. 20231

The cost per page will be 30¢ (37 CFR § 2.6(b)).

Charges may be made to deposit accounts if the requestor is an account holder in good standing at the time the request is received. Checks or money orders should be made payable to the Commissioner of Patents and Trademarks. Requests must identify the specific pages required and the number of copies of each page.

Employees of the Patent and Trademark Office should direct their orders for the Manual, replacement pages, notices, and revisions to the Editor of the Trademark Manual.

> First Edition, January 1974
> Revision 1, January 1976
> Revision 2, January 1977
> Revision 3, January 1978
> Revision 4, January 1979
> Revision 5, December 1982
> (consolidated edition)
> Revision 6, December 1983
> (consolidated edition)
> Revision 7, January 1986
> (consolidated edition)

Rev. 7, Jan. 1986

ii

Ex. U-2

### Final Action of the Office

The decision of the Commissioner on a request under 37 CFR § 2.146 constitutes the final action of the Patent and Trademark Office.

At the time when there is no acceptable affidavit timely filed, no request for reconsideration by the Examiner pending, and no review had or pending by the Commissioner under 37 CFR § 2.146, the Office will send a notice to registrant indicating that the affidavit filed is insufficient and the time for filing is past. This notice constitutes the final action of the Office. In the absence of appeal within sixty days, the registration will be cancelled forthwith.

### Appeal

Actions of the Examiner on affidavits under Section 8 are not appealable to the Trademark Trial and Appeal Board.

Appeal may be taken to a court from the decision of the Commissioner. 37 CFR § 2.145; 15 U.S.C. 1071. A petition to the Commissioner for review of the action shall be a condition precedent to an appeal to or an action for review by any court. *See* 37 CFR § 2.165(d).

### Petition or Appeal Does Not Stay Time for Filing

Proceedings during which the sufficiency of an affidavit is being considered do not change the time within which an acceptable affidavit must be filed. An acceptable affidavit still must be filed within the sixth year. If an affidavit is held to be acceptable as a result of such proceedings, it is acceptable as of the date it was originally filed. If an affidavit is found to be unacceptable as a result of reconsideration, petition or appeal, after the sixth year has passed, it is not possible then to file a new affidavit.

## 1604 Affidavit of Incontestability Under Section 15 [R-5]

Section 15 of the Trademark Act of 1946, 15 U.S.C. 1065, permits certain registrants to file affidavits as to marks in certain registrations under specified circumstances whereby such marks shall be incontestable.

Each eligible registrant has the option of deciding whether or not to take advantage of these provisions. A registrant may choose to claim the benefits of incontestability and file an affidavit to that end, or he may elect to retain the registration without those benefits. The *term* of the registration, for purpose of renewal, is not affected in either event.

The Office does not examine the merits of affidavits under Section 15. If the affidavit is presented at the proper time for an eligible registration, it is placed in the file without regard to its sufficiency and the Office merely notifies the registrant that the affidavit has been placed in the file. The affidavits are inspected, however, and if an inconsistency or substantial error is observed, this fact is called to registrant's attention in the letter of notification. The Office makes no requirement for correction, and the submission of another affidavit is optional with registrant. If the error amounts to noncompliance with a statutory re-

quirement, the notation "Sec. 15 Affidavit Received" is *not* stamped on the Office copies of the registration in the trademark search room; copies are so stamped when affidavits do comply with the statutory requirements.

A fee is required for affidavits filed in accordance with Section 15. *See* 37 CFR § 2.6.

## 1604.01 Registrations to Which Affidavit Pertains

The provisions of Section 15 apply only to registrations issued on the Principal Register of the Act of 1946, and to registrations issued under the Acts of 1905 and 1881 which have been "published" in order to claim the benefits of the Act of 1946.

Specifically excluded from the provisions of Section 15 of the Trademark Act, 15 U.S.C. 1065, are marks registered on the Supplemental Register of the Act of 1946, marks registered under the Act of 1920, and marks registered under the Acts of 1905 and 1881 which have not claimed the benefits of the Act of 1946.

## 1604.02 Time of Filing the Affidavit

The affidavit may be filed after a period of 5 consecutive years in which the mark has been in continuous use. This may be any 5 year period which is subsequent to the date of registration for registrations under the Act of 1946 and subsequent to the date of filing the affidavit under Section 12(c) bringing 1905 and 1881 Act marks under the Act of 1946. 15 U.S.C. 1062.

Registrant is given one year after the 5 year period which is selected in which to file the affidavit, and the affidavit must be both executed and filed within said one year period.

Affidavits executed and filed on the anniversary dates at the beginning of the fifth and sixth years are considered to be filed within the year period and are placed in the registration files.

If an affidavit is not executed and filed within the prescribed time, or is filed for a registration which is not eligible for the benefits of Section 15, the affidavit will be returned.

## 1604.03 Requirements for the Affidavit [R-7]

Section 15 states that the specified information be merely "set forth" in the affidavit, and therefore no showing or proof beyond registrant's sworn statement (or declaration) is required.

The affidavit must give the names of the items which are listed in the registration as issued, in connection with which the mark has been continuously used for the required time. If more than one affidavit is filed for different items in the same registration, the affidavits are merely placed in the file as a matter of record.

The use on which the affidavit is based must be use in commerce. This is true for foreign as well as do-

Ex. U-3

mestic registrants, and whether registration was based on use or on foreign registration.

The affidavit must state that there has been no final decision adverse to registrant's claim of ownership of the mark for the goods or services, or to registrant's right to register the same or to keep the same on the register. It must also state that there is no proceeding which challenges these rights pending in the Patent and Trademark Office or in a court and not finally disposed of. Section 15 of the Trademark Act, 15 U.S.C. 1065. (A proceeding involving the mark in which registrant is the plaintiff, and there is no counterclaim involving registrant's rights in the mark, does not preclude acceptance of a Section 15 affidavit.) If the Office finds facts contrary to either of the foregoing statements, registrant will be notified and the search room copy of the registration will not be stamped. TMEP section 1604.

The affidavit must be filed by the person who is the owner of the registration at the time the affidavit is filed, in order to be effective.

Amendments or corrections to affidavits are not accepted for processing. Substitute affidavits are merely placed in the file if timely filed for an eligible registration.

## 1604.04 Combining Section 8 and 15 Affidavits

The affidavit under Section 15 may be combined with the affidavit under Section 8 into one document, when a registrant elects to use the first five years after registration or Section 12(c) "publication" as the five-year period of continuous use for Section 15. In that situation the selected time for filing the Section 15 affidavit coincides with the required time for filing the Section 8 affidavit.

## 1605 Renewal of Registration

*15 U.S.C. 1059.* (a) Each registration may be renewed for periods of twenty years from the end of the expiring period upon payment of the prescribed fee and the filing of a verified application therefor, setting forth those goods or services recited in the registration or in connection with which the mark is still in use in commerce and having attached thereto a specimen or facsimile showing current use of the mark, or showing that any nonuse is due to special circumstances which excuse such nonuse and it is not due to any intention to abandon the mark. Such application may be made at any time within six months before the expiration of the period for which the registration was issued or renewed, or it may be made within three months after such expiration on payment of the additional fee herein prescribed.

## 1605.01 Time for Filing Application for Renewal [R-6]

The application for renewal should be filed within the six months period preceding the expiration of the registration. It may not be filed prior to the six months, but there is a grace period of three months following the expiration of a registration during which an application for renewal may be filed. Such an application during the following three months is commonly called a late or delayed application to renew.

The application for renewal must be executed within the times specified for filing.

An application for renewal filed during the three months grace period is subject to payment of an additional fee, regardless of whether it was executed before or after the expiration of the registration. If deficiencies in an application to renew are cured during the three months period, the additional fee must be paid, and if a substitute application replacing an unacceptable application is filed during the three months period, the additional fee must be paid. *See* 37 CFR § 2.182.

It is acceptable to file an application for renewal on the anniversary date at the end of the twenty year period.

The six months period prior to expiration and the three months period following expiration of the registration are calendar months.

*See* section 702.02 and 37 CFR § 1.10 for "Express Mail" Procedure for avoiding lateness due to mail delay. The certificate of mailing procedure provided in TMEP section 702.03 and 37 CFR § 1.8 does not apply to applications for renewal of registration.

## 1605.01(a) Premature Filing

If the application for renewal is filed prior to the six months period preceding the expiration of the registration, it will be returned. If the application for renewal is executed prior to the six months period but is filed during the six months period, the application will also be returned.

## 1605.02 Fee for Filing Application for Renewal [R-5]

A fee is required for filing an application for renewal. The fee is determined by the number of classes in the registration for which renewal is requested. A fee for each class is required. 15 U.S.C. 1113(2); (37 CFR § 2.6). For use of international classification or prior United States classification, *see* TMEP section 1401.02.

If the application for renewal is filed during the three months grace period following expiration of the registration, there is an additional fee for each class in the registration, calculated as set forth in TMEP section 1401.02 and 1401.04.

Where the amount of the fee received on filing an application for renewal is sufficient for at least one class of goods or services but is less than the required amount because multiple classes in a registration are involved, the renewal application will not be refused on the ground that the amount of the fee was insufficient if the required additional amount of the fee is received in the Patent and Trademark Office within the time limit set forth in the notification of this defect by the Office, or if action is sought only for the number of classes equal to the number of fees submitted. *See* 37 CFR § 2.85(e).

Ex. U-4