EXHIBIT A

Westlaw.

188 U.S.P.Q. 141

1975 WL 20837 (Trademark Tr. & App. Bd.), 188 U.S.P.Q. 141

**(Cite as: 188 U.S.P.Q. 141)**

C

Crown Wallcovering Corporation

v.

The Wall Paper Manufacturers Limited

Patent and Trademark Office Trademark Trial and Appeal Board

Decided Dec. 10, 1975

United States Patents Quarterly Headnotes

**TRADEMARKS**

**[1] Cancellation -- Pleading and practice -- In general (§ 67.1811)**

It must be asserted that cancellation petitioner will be damaged by continued existence of registration sought to be cancelled, i.e., that such registration is inimical to petitioner's equal or superior right to use similar term in connection with commercially related goods or services, in order to state claim upon which relief can be granted; petitioner seeking cancellation based on abandonment or fraud must allege not only elements relative to abandonemnt or fraud charge but also that it is using similar mark for similar goods or services, together with pleading of likelihood of confusion.

**TRADEMARKS**

**[2] Cancellation -- Pleading and practice -- In general (§ 67.1811)**

Cancellation petition that fails to allege either hypothetically or otherwise that respondent's mark, as applied to goods recited in registration, so resembles cancellation petitioner's mark for goods as to be likely to cause confusion, or mistake, or to deceive, fails to show that petitioner will be damaged by continued registration and does not state claim upon which relief can be granted.

**TRADEMARKS**

**[3] Cancellation -- Pleading and practice -- In general (§ 67.1811)**

Under Lanham Act Section 14, verified petition to cancel mark's registration may be filed at any time if registration was fraudulently obtained.

**TRADEMARKS**

**[4] Affidavits of use (§ 67.10)**

**Cancellation -- In general (§ 67.171)**

Cancellation petitioner's pleading of fraud, insofar as it is predicated on alleged false averment under Lanham Act Section 2(f), is insufficient against respondent that owned registration not issued pursuant to Section 2(f) and that gained nothing to which it was not entitled through asserted false statement.

**TRADEMARKS**

**[5] Affidavits of use (§ 67.10)**

**Registration -- Effect (§ 67.747)**

**Registration -- Incontestability (§ 67.751)**

While Lanham Act Section 15 affidavit is not required for registration's maintenance, it must be filed to secure incontestability; Section 7(b) provides that certificate of registration on Principal Register is prima facie evidence of registration's validity, registrant's ownership of mark, and registrant's exclusive right to use mark in commerce in connection with goods or services specified in certificate, subject to any stated conditions and limitations; under Section 15, registrant's right to use mark becomes incontestable, subject to stated exceptions, for goods or services in connection with which registered mark has been continually used for five years after registration and is still used in commerce; Section 33(b) provides that if right to use mark has become incontestable under Section 15, registration is conclusive evidence of registrant's exclusive right to use mark in commerce in connection with goods or services specified in Section 15 affidavit, subject to any stated conditions or limitations, unless specified defect or defense, including that registration or incontestable right to use mark was fraudulently obtained, is established.

**TRADEMARKS**

**[6] Affidavits of use (§ 67.10)**

**Cancellation -- In general (§ 67.171)**

Since fraudulent Lanham Act Section 15 affidavit

COPR. © 2008 The Bureau of National Affairs, Inc.

would enable registrant to obtain new right, incontestability, it constitutes grounds for cancellation of registration, within purview of Section 14(c).

## TRADEMARKS
### [7] Affidavits of use (§ 67.10)
### Cancellation -- Pleading and practice -- In general (§ 67.1811)
It must be asserted that false statements were made willfully, in bad faith, and with intent to obtain that to which party making statements would not otherwise have been entitled in order to state claim in cancellation proceeding upon which relief can be granted on grounds of fraud; cancellation petitioner's allegation that Section 15 affidavit contained false statements is insufficient pleading of fraud in absence of assertion that false statements were willfully made with intent to deceive Patent and Trademark Office.

## TRADEMARKS
### [8] Pleading and practice in Patent Office -- In general (§ 67.671)
Right to take discovery depositions in proceedings before Trademark Trial and Appeal Board does not hinge on joinder of issues but rather on expiration of thirty days after service of complaint.

*142 Trademark cancellation No. 10,954 by Crown Wallcovering Corporation against The Wall Paper Manufacturers Limited, Registration No. 620,395, issued Jan. 31, 1956. On respondent's motions for dismissal and protective order. Motions denied.

Watson, Leavenworth, Kelton & Taggart, New York, N.Y., for Crown Wallcovering Corporation.

Cushman, Darby & Cushman, Washington, D.C., for The Wall Paper Manufacturers Limited.

Before Lefkowitz, Bogorad, and Rice, Members.

Rice, Member.

A petition has been filed by Crown Wallcovering Corporation to cancel the registration of a mark consisting of a representation of a crown issued on the Principal Register to The Wall Paper Manufacturers Limited for wall paper. [FN1]

As grounds for cancelation, petitioner asserts, inter alia, that for many years it has been using in interstate commerce its trade name "CROWN WALLCOVERING" and its trademark "CROWN" in connection with the manufacture and sale of wallcoverings, including wallpaper; that on October 18, 1954, respondent filed the application which matured into its involved registration; that the application contained an averment that "The mark is claimed to have become distinctive of Applicant's goods in commerce which may be lawfully regulated by Congress through substantially exclusive and continuous use thereof as a Trade Mark in commerce between England and the several States of the United States for the five years next preceding the filing of this application."; but that the mark was not in fact in continuous use by respondent in any commerce which may be lawfully regulated by Congress during the five-year period prior to the execution of the aforesaid application; that thereafter, respondent on August 22, 1961 filed in the Patent and Trademark Office an affidavit stating that the mark shown in its involved registration "* * * has been in continuous use in commerce with the United States for five consecutive years from January 31, 1956, to the present, on the following goods recited in the registration: WALL PAPER * * *"; that such affidavit was submitted by respondent for the purpose of obtaining a new right under Section 15 of the Trademark Act of 1946; but that the mark shown in respondent's registration was not in fact in continuous use by respondent in any commerce which may be lawfully regulated by Congress during the period from January 31, 1956 to the date of execution of the affidavit. Additionally, the petition for cancelation contains allegations relating to a charge that the mark shown in respondent's involved registration has been abandoned.

This case now comes up on respondent's motions (a) to dismiss the petition for cancelation for failure to state a claim upon which relief can be granted,

COPR. © 2008 The Bureau of National Affairs, Inc.

and (b) for a protective order.

Turning first to (a), respondent asserts, in support of its motion to dismiss the petition for cancelation, that petitioner has failed therein to state facts tending to show that it would be damaged by the continued existence of respondent's registration; that moreover, even assuming that respondent's affidavits under Sections 2(f) and 15 of the Act were false, which respondent denies, nevertheless in neither instance would such false statements constitute grounds for cancelation; that the registration was not issued, i.e., obtained, under the provisions of Section 2(f); that Section 14(c) of the Act, which sets forth in the grounds upon which a registration which is more than five years old may be canceled, provides that such a registration may be canceled if it was obtained fraudulently; that a Section 15 affidavit neither obtains nor maintains a registration, and in fact does not have to be filed at all; that the sanction for the filing of a fraudulent Section 15 affidavit is specified in Section 33(b); and furthermore that petitioner's pleading of fraud is in both instances insufficient for the additional reason that petitioner has alleged that false statements were made but has failed to set forth facts tending to show that they were made with intent to deceive, i.e., fraudulently.

[1] Considering first the issue of petitioner's standing to maintain this proceeding, it is well settled that in order to state a claim upon which relief can be granted in a cancelation proceeding, it must be asserted that petitioner will be damaged *143 by the continued existence of the registration sought to be canceled; that is, that such registration is inimical to an equal or superior right of the petitioner to use the same or a similar term in connection with goods or services which are similar or commercially related to those of respondent. See: Angel Soft Tissue Mills, Inc. v. Corn Products Company, 123 USPQ 551 (TT&A Bd., 1959); Yard-Man, Inc. v. Getz Exterminators, Inc., 157 USPQ 100 (TT&A Bd., 1968) and Clamage Industries Ltd. v. Glendinning Compan-

ies, Inc., 175 USPQ 362 (TT&A Bd., 1972). Thus where a petition to cancel is based on the ground of abandonment or fraud, the petitioner must allege not only the elements relative to the charge of abandonment or fraud but also that it is using the same or a similar mark for the same or similar goods or services, together with a direct or hypothetical pleading of likelihood of confusion. See: Yard-Man, Inc. v. Getz Exterminators, Inc., supra, and cases cited therein.

[2] In the instant case, petitioner has failed to allege, either hypothetically or otherwise, that respondent's representation of a crown, as applied to the goods recited in the registration thereof, so resembles petitioner's mark "CROWN" for wallcoverings as to be likely to cause confusion or mistake or to deceive. In view thereof, it is adjudged that the petition for cancelation fails to show that petitioner is or will be damaged by the continued existence of respondent's registration and thus does not state a claim upon which relief can be granted.

[3] Moreover, respondent's contention as to the alleged false averment under Section 2(f) is also well taken. In this regard, Section 14 of the Act of 1946 provides that a verified petition to cancel a registration of a mark may be filed at any time if the registration was obtained fraudulently. And as stated by the Board in Rogers Corporation v. Fields Plastics & Chemicals, Inc., 176 USPQ 280 (TT&A Bd., 1972):

* * * "Fraud, within its onerous connotation, implies some intentional deceitful practice or act designed to obtain something that the party practicing such deceit would not otherwise have been entitled. To relate this to the concept of fraud upon the Patent Office, it signifies a willful withholding from the Patent Office by an applicant or registrant of material information or facts which, if transmitted and disclosed to the examiner, would have resulted in the disallowance of the registration sought * * *."

COPR. © 2008 The Bureau of National Affairs, Inc.

[4] In the present case, respondent's registration was not issued pursuant to the provisions of Section 2(f). Thus respondent gained nothing, through the asserted false statement, to which it would not in any event have been entitled. That is to say, there was no withholding by respondent of material information which, if transmitted and disclosed to the Examiner, would have resulted in the disallowance of the registration sought by respondent. Under such circumstances, petitioner's pleading of fraud, insofar as it is predicated upon the alleged false averment under Section 2(f), is manifestly insufficient.

As to that portion of petitioner's pleading of fraud predicated upon the alleged false averment under Section 15 of the Act of 1946, neither the Trademark Trial and Appeal Board nor the Court of Customs and Patent Appeals has ever ruled directly upon the question of whether the filing of a fraudulent Section 15 affidavit constitutes a ground for cancelation of the registration in connection with which the affidavit is filed.

As noted above, Section 14(c) of the Act provides in part that a verified petition to cancel a registration of a mark may be filed at any time if its registration was obtained fraudulently. The Board has in the past held that the words "obtained fraudulently" comprehend not only the initial securance of a registration, but also the maintenance thereof, i.e., the securance of continuing rights of registration, by fraud. See: Volkswagenwerk Aktiengesellschaft v. Advance Welding and Mfg. Corp., 184 USPQ 367 (TT&A Bd., 1974). Cf., G. B. Kent & Sons Ltd. v. Colonial Chemical Corporation, 162 USPQ 557 (TT&A Bd., 1969), and Conwood Corporation v. Loew's Theatres, Inc., 173 USPQ 829 (TT&A Bd., 1972).

[5] While a Section 15 affidavit is not required for the maintenance of a registration, it must be filed if a registrant wishes to secure that additional right of registration known as incontestability. That is to say, Section 7(b) provides that a certificate of registration of a mark upon the Principal Register shall be *prima facie evidence* (emphasis added) of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein. Under Section 15, however, the registrant's right to use the registered mark becomes *incontestable*, subject to certain stated exceptions, for the goods or services on or in connection with *144 which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce; and Section 33(b) provides that if the right to use the registered mark has become incontestable under Section 15, the registration shall be *conclusive evidence* (emphasis added) of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the affidavit filed under the provisions of Section 15, subject to any conditions or limitations stated therein, except when one of a number of certain specified defenses or defects is established, including that the registration or the incontestable right to use the mark was obtained fraudulently.

[6] In view of the foregoing, it is clear that the filing of a fraudulent Section 15 affidavit would enable a registrant to obtain a new right, namely, incontestability, to which he would not otherwise be entitled; i.e., to obtain the right to have his registration accepted as conclusive evidence, rather than merely prima facie evidence, of registrant's exclusive right to use the registered mark in commerce. Under such circumstances, it is adjudged that the filing of a fraudulent Section 15 affidavit constitutes a ground for cancelation of the involved registration within the purview of Section 14(c). Our conclusion is buttressed by Duffy-Mott Company, Inc. v. Cumberland Packing Company, 165 USPQ 422 (1970), wherein the Court of Customs and Patent Appeals ruled that an opposer which had filed a fraudulent Section

COPR. © 2008 The Bureau of National Affairs, Inc.

15 affidavit in connection with its pleaded registration might not rely upon that registration in an attempt to defeat applicant's right to register thus depriving opposer not only of the right of incontestability but also of the presumptions afforded to all registrations of marks upon the Principal Register under Section 7(b) of the Act. [FN2]

[7] However, it is of course well established that in order to state a claim upon which relief can be granted on the ground of fraud, it must be asserted that the false statements complained of were made willfully in bad faith with the intent to obtain that to which the party making the statements would not otherwise have been entitled. See: Rogers Corporation v. Fields Plastics & Chemicals, Inc., supra; W. D. Byron & Sons, Inc. v. Stein Bros. Mfg. Co., 146 USPQ 313 (TT&A Bd., 1965); De Mert & Dougherty, Inc. v. Chesebrough-Pond's, Inc., 175 USPQ 460 (DC ND Ill, 1972); and cases cited therein. In view thereof, petitioner's allegation that the Section 15 affidavit filed in connection with respondent's involved registration contained false statements cannot be considered to constitute a sufficient pleading of fraud in the absence of an accompanying assertion to the effect that such false statements were made willfully with the intent to deceive the Patent Office. Cf., Cool-Ray, Inc. v. Eye Care, Inc., 183 USPQ 618 (TT&A Bd., 1974).

Accordingly, petitioner is allowed until January 9, 1976 in which to file a perfected petition for cancelation, failing which respondent's motion to dismiss will be granted.

As to (b), that is, respondent's motion for a protective order, respondent requested therein that the Board issue an order forbidding the taking of a discovery deposition noticed by petitioner for October 7, 1975 in New York, New York, until such time as the Board had determined respondent's motion to dismiss.

[8] At an oral hearing held on October 2, 1975 at the joint request of the parties, the Board denied respondent's motion essentially for the reason that FRCP 30(a), which governs the time for the taking of discovery depositions in cases such as this, provides in part that after commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination, and that leave of court must be obtained only if the plaintiff seeks to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant, except that leave is not required in certain specified situations. That is, a party's right to take discovery depositions in proceedings before the Board does not hinge upon the joinder of issues but rather upon the expiration of thirty days after service of the complaint. In the present case, a copy of the petition for cancelation was served upon respondent by mail on July 23, 1975, and it was not until two months later that petitioner sought to take the discovery deposition to which respondent's motion is directed.

The denial of respondent's motion for a protective order is hereby confirmed.

> FN1 Reg. No. 620,395, issued Jan. 31, 1956, Sec. 8 affidavit accepted, Sec. 15 affidavit filed.

> FN2 It should be noted that the Court of Customs and Patent Appeals did not rule on the question of whether the filing of the fraudulent Section 15 affidavit constituted a ground for cancelation of opposer's pleaded registration under Section 14 of the Act because applicant did not request that such registration be canceled but rather asked only that opposer be precluded from relying thereon.

P.T.O. T.T.A.B.

188 U.S.P.Q. 141

END OF DOCUMENT

COPR. © 2008 The Bureau of National Affairs, Inc.