EXHIBIT B

LEXSEE 1990 US DIST LEXIS 12749

GENERAL CAR AND TRUCK LEASING SYSTEMS, INC., Plaintiff, v. GENERAL RENT-A-CAR, INC., Defendant

Case No. 88-6500-CIV

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

1990 U.S. Dist. LEXIS 12749; 17 U.S.P.Q.2D (BNA) 1398

July 6, 1990, Decided
July 11, 1990, Filed

JUDGES: [*1] Norman C. Roettger, Jr., United States District Judge.

OPINION BY: ROETTGER

OPINION

*ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT*

THIS CAUSE is before the Court on motion of Defendant GENERAL RENT-A-CAR for partial Summary Judgment as to Count I of the Complaint for this cause. Upon consideration of the motion, the oral arguments of counsel and the record in this cause, the court finds as follows:

*STANDARD OF REVIEW*

1. Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. filed this cause seeking review, pursuant to *15 U.S.C. § 1071(b)*, of the Trademark Trial and Appeal Board's ("TTAB") order dated May 2, 1988 granting Summary Judgment, thereby cancelling Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEM's Registration for the mark "GENERAL" (Registration No. 1,134,297) in its entirety.

2. The standard of review in this cause is *de novo*. *Holiday Inns, Inc. v. Holiday Out In America, 351 F.Supp. 537, 540 (S.D. Fla. 1972), aff'd 481 F.2d 445 (5th Cir. 1973)*.

3. Defendant GENERAL RENT-A-CAR, INC. prevailed in the TTAB action as the plaintiff in that case seeking cancellation of the mark "GENERAL".

4. Defendant GENERAL RENT-A-CAR, INC. seeks Summary Judgment solely on the issue of whether the [*2] TTAB erred in cancelling Registration No. 1,134,297 (Count I of the Complaint).

5. The findings of the TTAB are controlling "unless the contrary is established by evidence that, in character and amount, carries 'through conviction.'" *Freedom Sav. and Loan Ass'n v. Way, 757 F.2d 1176, 1181 (11th Cir. 1985), cert. denied 474 U.S. 845 (1985)*.

*FINDINGS OF FACT*

1. The court finds that on July 20, 1977 Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. filed an application for Federal trademark registration of the mark "GENERAL".

2. The July 20, 1977 application was signed by Gene Ehlers, the President of Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. since Plaintiff was incorporated in 1971.

3. The July 20, 1977 application contained a statement that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. had used the mark "GENERAL" prior to and at the time of the application continued to use the mark in connection with the leasing of automobiles, trucks, tractors, trailers, aircraft, and boats and agricultural, industrial and commercial equipment and machinery.

4. The court finds that there is no question that Gene Ehlers knew that at the time the July 20, 1977 application [*3] was filed that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. had never leased aircraft or boats.

5. The court finds that the July 20, 1977 application was issued to Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. as Registration No. 1,134,297 on April 29, 1980 for the mark "GENERAL"

Case 3:07-cv-03752-JSW    Document 63-3    Filed 03/21/2008    Page 3 of 4

Page 2
1990 U.S. Dist. LEXIS 12749, *; 17 U.S.P.Q.2D (BNA) 1398

as it pertained to the leasing of automobiles, trucks, tractors, trailers, aircraft and boats.

6. The court finds that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. filed a combined Sections 8 and 15 Affidavit for Registration under the Trademark Act, pursuant to *15 U.S.C. §§ 1058 and 1065*, on May 13, 1985, for Registration No. 1,134,297.

7. The purpose of a Section 8 Affidavit is to declare that a particular mark is still valid and in use in commerce; the failure to file a Section 8 Affidavit in the time period from five years after the date of registration but not later than the sixth anniversary of the registration date results in the automatic cancellation of the federal trademark registration of a mark. *15 U.S.C. § 1058.*

8. Upon the filing and acceptance of a Section 15 Affidavit, a mark becomes incontestable and is eligible for the full panoply of protections and assumptions [*4] of validity the Federal Trademark Act accords a mark in commerce. *15 U.S.C. § 1065.*

9. The Court finds that the previously mentioned Sections 8 and 15 Affidavits submitted by Plaintiff GENERAL CAR AND TRUCK LEASING, INC. on May 13, 1985 stated that the registered mark "GENERAL" had been used by Plaintiff "in continuous use . . . for five consecutive years from the date of registration to the present, on *all* services stated in the registration" (emphasis added), which included, of course, the leasing of aircraft and boats.

10. The Section 8 and 15 Affidavits were signed by Michael Ehlers, as Vice-President and General Counsel of Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.

11. The court finds that it is beyond question that Michael Ehlers knew that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. had never leased either aircraft or boats at any time during Plaintiff's existence, much less during the time period sworn to in the Sections 8 and 15 Affidavits.

12. The court finds that on April 26, 1985 Defendant GENERAL RENT-A-CAR, INC. filed a Petition to Cancel Registration No. 1,134,297 for the mark "GENERAL", on the grounds of use of the mark in connection with automobile [*5] rental services prior to the July, 1973 date of first use alleged by Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. in registration No. 1,134,297.

13. Defendant GENERAL RENT-A-CAR, INC. prevailed in the cancellation proceeding on the basis of the TTAB's finding that Registration No. 1,134,297 was fraudulently procured and maintained.

14. The TTAB expressly found Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s continuing misrepresentation as to the use of the mark "GENERAL" in connection with aircraft and boat rentals, and the signing of false affidavits thereby, to be 'willful' and thus fraudulent." *General Rent-A-Car, Inc. v. General Leaseways, Inc.,* TTAB Cancellation No. 14,870, May 2, 1988 slip op. at 10. (Plaintiff filed the initial application in the name of GENERAL LEASEWAYS, INC. and subsequently changed its name).

15. The TTAB found that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s false allegations were material and that the entire registration was tainted, thus cancellation of the entire registration was required. *Id.* at 11-12.

16. The TTAB rejected Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEM, INC.'s equitable defenses of laches and unclean [*6] hands as inapplicable.

17. The TTAB likewise rejected Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s assertions that the matter was not ripe for Summary Judgment on the issue of fraud.

18. Any conclusion of law which is deemed to be a finding of fact is hereby adopted as a finding of fact.

*CONCLUSIONS OF LAW*

1. The only disputed issue of material fact in this matter is the state of mind of Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s officers when the registration documents and affidavits in question were executed.

2. The court finds as a matter of law that in the context of cancellation proceedings proof of specific intent to commit fraud is not required, rather, fraud occurs when an applicant or registrant makes a false material representation that the applicant or registrant knew or should have known was false. *Torres v. Cantine Torresella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986); Duffy-Mott Company v. Cumberland Packing Company, 424 F.2d 1095, 1098-100 (C.C.P.A. 1970).*

3. Also, the court is in agreement with the TTAB that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. would have been denied the initial registration and the maintenance of [*7] the registration, had the truth concerning the extent of Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s actual use of the mark been made known to the Patent and Trademark Office ("PTO"). *Citibank, N.A. v. Citibanc Group, Inc., 724 F.2d 1540 (11th Cir. 1984); General Rent-A-Car, Inc.,* slip op. at 9.

Case 3:07-cv-03752-JSW   Document 63-3   Filed 03/21/2008   Page 4 of 4

Page 3

1990 U.S. Dist. LEXIS 12749, *; 17 U.S.P.Q.2D (BNA) 1398

3. Thus, the intent of Gene Ehlers and Michael Ehlers is not material to the question of fraud in this cause.

4. As there are no genuine issues of material fact, Count I of this cause is ripe for summary judgment. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1985).*

5. The court finds that, as a matter of law, both Gene and Michael Ehlers committed fraud on the Patent and Trademark Office ("PTO") as both admit they knew Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. had never been involved in rentals of aircraft and boats, and that the affidavits and registration documents filed to that effect in acquisition, support and maintenance of Registration No. 1,134,297 were material, as well as inaccurate and/or misleading. *Torres, 808 F.2d at 48.*

6. Fraud in the securing and maintenance of the registration of a federal trademark "constitutes a ground for the cancelation [*8] thereof within the purview of Section 14(c) [*15 U.S.C. § 1064*]"; further:

A contrary ruling would in effect sanction open and notorious fraud by those filing false affidavits under Sections 8 . . . and 15 of the Statute and thereby serve to contravene and place in doubt the presumptions afforded registrations under Section 7(b) [*15 U.S.C. § 1057(b)*] thereof.

*Volkswagenwerk A.G. v. Advance Welding & Mfg. Corp., 184 U.S.P.Q. 367, 368 (TTAB 1974).*

7. Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s affirmative equitable defense of unclean hands is without merit because the allegations regarding Defendant GENERAL RENT-A-CAR, INC.'s activities in Oklahoma are not material to the issue of fraud before this court. *See Warnaco, Inc. v. Adventure Knits, Inc., 210 U.S.P.Q. 307, 313 (TTAB 1981)* (not a cancellation for fraud case; equitable defense of unclean hands valid in confusing similarity cancellation proceeding).

8. The court refuses to extend the equitable defense of unclean hands to a cancellation for fraud proceeding based on the fact that it is in the public interest to prevent fraud in the receipt and maintenance of federal trademark protection. *15 U.S.C. § 1064(c);* [*9] *See Bausch & Lomb Inc. v. Leupold & Stevens, Inc., 1 U.S.P.Q. 1497, 1499-500 (TTAB 1986).*

9. The court finds that Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s defense that Defendant GENERAL RENT-A-CAR, INC. lacks standing to challenge the "GENERAL" mark is without merit, in that Defendant GENERAL RENT-A-CAR, INC. has standing because they were denied registration of the mark "GENERAL RENT-A-CAR" based on the entirety of Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC.'s Registration No. 1,343,297. *Lipton Indus. v. Ralston Purina Co., 670 F.2d 1024, 1029 (C.C.P.A. 1982).*

10. The sole remaining issue for this court to determine on the motion for partial Summary Judgment is whether the cancellation of the mark "GENERAL" extends to the entirety of Registration No. 1,134,297, as the TTAB ruled, or cancels only the portions of the registration that are provide the basis for this court's finding of fraud, e.g. rentals of aircraft and boats.

11. The court finds that as a matter of law, Plaintiff GENERAL CAR AND TRUCK LEASING SYSTEMS, INC. has failed to bear its burden of convincing the court by "evidence in character and amount that carries through with conviction" [*10] that the TTAB Order cancelling the entire mark is erroneous. *Freedom Sav. and Loan Ass'n, 757 F. 2d at 1181.*

12. The court agrees that the case of *Western Farmers Association v. Loblaw, Inc., 180 U.S.P.Q. 345 (TTAB 1973)* is legally and factually on point with the case *sub judice*, and that after *de novo* review of this cause, cancellation of the entirety of Registration No. 1, 134,297 is required.

Therefore in accordance with the foregoing, it is

ORDERED AND ADJUDGED that Defendant GENERAL RENT-A-CAR, INC.'s motion for Partial Summary Judgment as to Count I of the Complaint in this cause is GRANTED. Registration No. 1,134,297 for the mark "GENERAL" is hereby CANCELLED IN ITS ENTIRETY.

DONE AND ORDERED this 6 day of July, 1990.