EXHIBIT C

LEXSEE 1992 TTAB LEXIS 8

Mister Leonard, Inc. v. Jacques Leonard Couture, Inc.

Cancellation No. 19,241

Trademark Trial and Appeal Board

*1992 TTAB LEXIS 8; 23 U.S.P.Q.2D (BNA) 1064*

April 22, 1992, Decided

May 12, 1992, Released

**JUDGES:** [*1]

Before Sams, Hanak and Hohein, Members.

**OPINION BY:** HANAK

**OPINION:**

Opinion by Hanak, Member:

Mister Leonard, Inc. (petitioner) filed a petition for cancellation of Registration No. 1,239,520 for the trademark LEONARD on the basis that Jacques Leonard Couture, Inc. (registrant) fraudulently filed a false Section 8 and 15 declaration to maintain that registration, and then perpetuated the fraud on the Patent and Trademark Office (PTO) by failing to correct the false statement contained in that declaration. In its answer, registrant denied that it had committed fraud on the PTO.

This matter is now before us on a motion for summary judgment filed by petitioner. The motion has been contested by registrant.

The undisputed facts are as follows. On May 24, 1983 Registration No. 1,239,520 for the mark LEONARD in typed capital letters issued to registrant. The goods listed in that registration were "dresses, pants, ski wear, tennis wear, hats, coats and raincoats for women, scarves and bathing costumes for men and women, ties."

On May 21, 1986, registrant -- as opposer in Opposition No. 72,113 -- served on petitioner (as applicant in the opposition proceeding) answers to interrogatories. [*2] In response to Interrogatory No. 2 which asked registrant/opposer to "identify each of the officers, directors, managerial and/or supervisory employees of opposer who are most familiar with opposer's past and/or present use of LEONARD," registrant/opposer answered simply "Joan Arkin, c/o Jacques Leonard Couture, Inc., 550 Seventh Avenue, New York, New York." In response to Interrogatory No. 18, registrant/opposer stated that "opposer does not sell men's clothing under the LEONARD mark." The foregoing interrogatory answers were signed on May 21, 1986 on behalf of registrant/opposer by "Joan Arkin, manager."

On October 6, 1988, counsel for registrant wrote to Joan Arkin at Jacques Leonard Couture, Inc. and, among other things, posed the following two questions: "First, please confirm that the trademark LEONARD is currently in use in the U.S. on these products [dresses, pants, ski wear, tennis wear, coats and raincoats for women, scarves and bathing costumes for men and women, ties]. Second, let us know which of these items have been sold in the U.S. continuously for the last five years."

On October 12, 1988 Joan Arkin wrote back to counsel for registrant and stated, in part, [*3] the following: "Iconfirm that the trademark LEONARD is currently in use in the U.S. on the following products: dresses, pants, skiwear, tennis wear, coats & raincoats for women, scarves, swimwear for men & women, ties."

Subsequently, counsel for registrant prepared a Section 8 and 15 declaration which was signed by Daniel Tribouillard (registrant's president) on January 5, 1989. That declaration contained, among other things, the following state-

ment: "The undersigned declares . . . that the mark shown therein [LEONARD] has been in continuous use in interstate commerce for five consecutive years from May 24, 1983 to the present, on or in connection with each of the following goods or services recited in the registration: dresses, pants, ski wear, tennis wear, coats and raincoats for women, scarves and bathing costumes for men and women, ties."

In her deposition of June 25, 1990 in the opposition proceeding (page 41) and in her deposition of June 13, 1991 in this proceeding (page 86) Joan Arkin conceded that registrant had not made use of the mark LEONARD in the United States on men's bathing costumes since 1986.

Based on the foregoing undisputed facts, there can be no dispute [*4] that the Section 8 and 15 declaration signed by registrant's president on January 5, 1989 was in error when it stated "that the mark shown therein [LEONARD] has been in continuous use in interstate commerce for five consecutive years from May 24, 1983 to the present, on or in connection with . . . bathing costumes for men . . .". Indeed, at page 3 of its January 6, 1992 brief in opposition to summary judgment, "registrant admits that the LEONARD mark was not used by registrant on bathing costumes for men for the five continuous years as stated therein [i.e. the section 8 & 15 declaration]."

The foregoing facts are undisputed. What is disputed are the legal conclusions to be drawn from these undisputed facts. Fraud in obtaining or maintaining a trademark registration "occurs when an applicant [or later, registrant] knowingly makes false, material representations of fact in connection with his application," or in connection with a Section 8 and/or 15 declaration or in connection with an application for renewal. *Torres v. Cantine Torresella S.R.L.*, 808 F.2d 46, 1 USPQ2d 1483, 1484 (Fed. Cir. 1986); 1 J. McCarthy, Trademarks and Unfair Competition, Section [*5] 20:15 at page 1058 (2d ed. 1984) ("It is relatively clear that fraud made in affidavits under sections 8 and 15, to continue a registration and obtain incontestability, also constitute fraud in 'obtaining' a registration sufficient for cancellation.")

Thus, according to Torres, to constitute fraud on the PTO, the statement must be (1) false, (2) a material representation and (3) made knowingly. *1 USPQ2d at 1484*. In this case, there can be no doubt that the first two elements are met. The statement in the Section 8 and 15 declaration that the mark LEONARD had been used continuously in interstate commerce for five consecutive years from May 24, 1983 in connection with bathing costumes for men was totally false. Moreover, this false statement was -- vis-a-vis the Section 15 portion of the declaration -- material in that with this statement, the registration obtained the status of incontestability with regard to bathing costumes for men when it should not have. See *Crown Wallcovering Corp. v. Wall Paper Mfgrs. Ltd.*, 188 USPQ 141, 144 (TTAB 1975). n1

---

n1 The false statement was not material with regard to the Section 8 portion of the declaration because the declaration was filed in January 1989 prior to the effective date of the Trademark Law Revision Act of 1988 (November 16, 1989). Old Section 8 -- prior to its amendment on November 16, 1989 -- merely required the filing of an affidavit "showing that said mark is in use in commerce" without any requirement that there be a listing of the specific goods and/or services for which the mark was still in use.

[*6]

Thus, we come to the third element required for fraud on the PTO as set forth in Torres, namely, whether the false, material representation was made "knowingly." *1 USPQ2d at 1484*. In this regard, registrant makes much of the fact that the Section 8 and 15 declaration was signed by Daniel Tribouillard (registrant's president); that Mr. Tribouillard has stated in an affidavit that his "mistake as to the use of the LEONARD trademark on men's bathing suits for five consecutive years starting from May 24, 1983 was due to inadvertence on my part" (paragraph 5); and that "while [petitioner] had ample opportunity to take the deposition of Mr. Tribouillard, the individual who had signed the affidavit, [petitioner] chose ultimately not to do so." (Registrant's brief page 2).

The problem that we have with registrant's position is that even if we assume that the false, material statement contained in the Section 8 and 15 declaration was not made knowingly by Mr. Tribouillard, that declaration was prepared by counsel for registrant based upon statements made by Ms. Arkin in her letter of October 12, 1988 which, with regard to swimwear for men, were (1) false, (2) material [*7] and (3) made knowingly. It is indefensible to suggest that Ms. Arkin did not know that her October 12, 1988 statement that "the trademark LEONARD is currently in use in the U.S. on . . . swimwear for men" was false. As previously noted, Ms. Arkin has been identified by registrant as the person most familiar with registrant's past and/or present use of LEONARD. (Interrogatory 2). On May 21, 1986 Ms. Arkin swore and subscribed to the statement that "opposer does not sell men's clothing under the LEONARD mark." (Interrogatory 18). Moreover, in her June 25, 1990 deposition and again in June 13, 1991 deposition Ms. Arkin stated that registrant had made no use of LEONARD in connection with men's swimwear in the U.S. since 1986. Thus, Ms. Arkin had to have known that the statement contained in her letter of October 12, 1988 -- which formed the basis for the

preparation of the Section 8 and 15 declaration -- was false. This Board will not tolerate a situation where an officer of a registrant knowingly provides false, material information to counsel for the preparation of a Section 8 and/or 15 affidavit. n2 The fact that a second officer possessing less knowledge of a particular [*8] trademark then signs the Section 8 and/or 15 declaration not personally knowing that a statement contained therein is false will not sanitize the matter. Accordingly, we find that as a matter of law, registrant committed fraud on the PTO in connection with the Section 15 portion of its combined Section 8 and 15 declaration filed in January 1989.

> n2 At page 5 of her June 25, 1990 deposition, Ms. Arkin is identified as the chief executive officer of registrant in America.

Moreover, an applicant or registrant is under a duty to correct material, false statements made to the PTO when their falsity becomes known. *Space Base Inc. v. Stadis Corp., 17 USPQ2d 1216, 1219 (TTAB 1990)* (". . . A person can commit fraud upon the Office by willfully failing to correct his or her own misrepresentation, even if originally innocent, as long as that person subsequently learns of the misrepresentation, and knows that the Office has relied upon that misrepresentation in conferring a substantive benefit upon that person to which the person knows it is not entitled.") Even assuming arguendo that on October 12, 1988 Ms. Arkin did not know that she made a false, material misrepresentation [*9] to counsel for use in preparation of the Section 8 and 15 declaration, it is abundantly clear that by the time of her June 25, 1990 deposition, Ms. Arkin -- and hence registrant -- knew that a statement contained in that declaration was false and material. However, registrant chose to do nothing to bring this matter to the attention of the PTO. At page 7 of its January 6, 1992 brief, registrant states that it was "not just a simple matter of making the correction" because "a registration involved in a proceeding may not be amended during the inter partes proceeding without the consent of the other party and the approval of the Trademark Trial and Appeal Board." However, this in no way excused the registrant from totally failing to make any effort whatsoever to bring this error to the attention of the PTO. Instead of bringing the error to the attention of the PTO, registrant -- on April 22, 1991, after the start of this proceeding -- caused to be filed with the PTO a new application to register LEONARD which was virtually identical to that of the existing Registration No. 1,239,520 except for the omission of bathing costumes for men. In short, registrant committed fraud on the PTO [*10] with the filing of its Section 15 declaration and then perpetuated for a number of years that fraud by its failure to make any attempt whatsoever to bring the material misrepresentation to the attention of the PTO.

In summary, petitioner's motion for summary judgment is granted, and Registration No. 1,239,520 will be cancelled in due course.

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Civil ProcedureDiscoveryMethodsGeneral OverviewCivil ProcedureSummary JudgmentOppositionMemoranda in OppositionTrademark LawProtection of RightsRegistrationFraudulent Registration