EXHIBIT E

Westlaw.
12 U.S.P.Q.2d 1139, 1989 WL 274373 (Trademark Tr. & App. Bd.)                                    Page 1

C
12 U.S.P.Q.2d 1139, 1989 WL 274373 (Trademark Tr. & App. Bd.)

Trademark Trial and Appeal Board
Patent and Trademark Office (P.T.O.)

*1 IN RE THE WINE SOCIETY OF AMERICA, INC.

Serial No. 662,515

April 6, 1989

Temko & Temko for applicant
Steven Foster
Trademark Examining Attorney
Law Office 4
(Thomas Lamone, Managing Attorney)

Before Sams, Cissel and Hanak
Members
Opinion by Sams
Member

The Wine Society of America, Inc. has appealed from the Trademark Examining Attorney's refusal to allow registration of its mark "THE WINE SOCIETY OF AMERICA" (and design), as shown below, for services described in the application as "wine club membership services including the supplying of printed materials, sale of wines to members, conducting wine tasting sessions and recommending specific restaurants offering wines sold by applicant."[FN1]

TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE

The Examining Attorney refused registration on three grounds: (1) the mark shown in the drawing reproduced above is a material alteration of the mark for which registration was originally sought (namely, the words "THE WINE SOCIETY OF AMERICA"); (2) the mark is primarily geographically descriptive, within the meaning of Section of 2(e)(2) of the Trademark Act, of the services in connection with which applicant seeks to register its mark; and (3) applicant's mark "THE WINE SOCIETY OF AMERICA" so resembles the mark "AMERICAN WINE SOCIETY 1967" (and design), as shown below, for a "newsletter, bulletin and journal of interest to members of applicant" as to be likely to cause confusion, within the meaning of Section 2(d) of the Trademark Act.

TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Refusal to Accept Applicant's Amended Drawing

The drawing which accompanied applicant's application to register was a typewritten rendering of the words "THE WINE SOCIETY OF AMERICA". After the Examining Attorney entered various refusals to register, applicant sought to amend the mark for which it seeks registration to a composite trademark consisting of the words "THE WINE SOCIETY OF AMERICA" (in stylized lettering), a crown design, and a banner design bearing the words "IN VINO VERITAS". With its brief on appeal, applicant filed a Section 6 disclaimer, by which it disclaimed the words "THE WINE SOCIETY OF AMERICA," apart from the composite mark as shown in the amended drawing. The Examining Attorney refused to allow registration of the mark shown in the amended drawing, arguing that the addition of the crown design and of the banner design bearing the words "IN VINO VERITAS" constituted a material alteration of the mark, an amendment impermissible under Trademark Rule 2.72. The Examining Attorney stated that applicant's options were to go forward with its application on the basis of the original drawing (namely, the words "THE WINE SOCIETY OF AMERICA," standing alone) or to file a new application to register the composite word and design mark.

In holding the mark shown in the amended drawing a material alteration of the mark shown in the drawing as originally filed and in refusing registration on the basis of that finding, the Examining Attorney relied on decisions rendered by this Board in Visa Int'l Service Ass'n. v. Life-Code Systems, Inc., 220 USPQ 740 (TTAB 1983), In re Pierce Foods Corp., 230 USPQ 307 (TTAB 1986) and In re Nationwide Industries, Inc., 6 U.S.P.Q.2d 1882 (TTAB 1988). All three cases involved the question of material alteration of marks. In its brief on the case, applicant argued that the facts appearing in the Pierce Foods and Nationwide Industries cases, supra, were sufficiently different from those presented here that the Board should reach a result different from that reached in those cases. Applicant has not convinced us that the facts of this case are more nearly like those presented in Visa Int'l., supra, than they are like the facts presented in Pierce Foods and Nationwide Industries. The crown design and banner design bearing the words "IN VINO VERITAS" represent substantial and, thus, material additions to the typewritten word mark "THE WINE SOCIETY OF AMERICA." Under Rule 2.72, such an amendment to the drawing of the mark is impermissible, and the Examining Attorney's refusal to allow the amended drawing was, therefore, correct. Cf. United Rum Merchants Ltd. v. Distillers Corp. (S.A.) Ltd., 9 U.S.P.Q.2d 1481 (TTAB 1988) [drawing shown in an application under Section 44(e) of the Trademark Act for the words "LEMON BREEZE" held materially different from the drawing shown in the country-of-origin registration (a composite mark consisting of the words "LEMON BREEZE" and a design element). To the extent that the language of Section 807.14(a) of the Trademark Manual of Examining Procedure (to which applicant has directed our attention) describes a standard of "material alteration" different from that described in the cases to which we have referred, that section of the manual should be revised.

The Refusal Under Section 2(e)(2)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*2 The Examining Attorney also refused registration under Section 2(e)(2) of the Trademark Act, on the grounds that applicant's mark "THE WINE SOCIETY OF AMERICA" is primarily geographically descriptive of the services in connection with which applicant seeks registration of that mark. In particular, the Examining Attorney held that the words "THE WINE SOCIETY" immediately convey to the public the nature of applicant's organization and that, when these words are combined with the words "OF AMERICA", the resulting mark merely indicates the geographic origin of the services and activities of a wine society.

In support of his refusal to register, the Examining Attorney submitted copies of excerpts from various periodicals, which excerpts he obtained through use of the NEXIS library of Mead Data Central's LEXIS information retrieval system. The Examining Attorney sought to locate in the NEXIS library all stories in which the words "wine society" or "wine societies" appeared. With the search so framed, the system identified 130 stories in which one of those terms appeared; the Examining Attorney made of record excerpts from sixteen of the stories identified by the system. These excerpts show use of the words "wine society" or "wine societies" to refer to organizations engaged in activities related to promotion and enjoyment of wine.

The Examining Attorney also relies on In re Society for Private and Commercial Earth Stations, 226 USPQ 436 (TTAB 1985) for the proposition that the word "society", when it forms the part of a term designating a particular entity, is merely descriptive [the mark "SOCIETY FOR PRIVATE AND COMMERCIAL EARTH STATIONS" held merely descriptive of an association which promotes the interests of its members in the earth station industry]. The Examining Attorney also points to In re BankAmerica Corp., 231 USPQ 873 (TTAB 1986) for the proposition that the word "America," as applied to services emanating from the United States, is geographically descriptive, within the meaning of Section 2(e)(2) [the mark "BANK OF AMERICA" held primarily geographically descriptive of computerized financial data processing services]. Finally, the Examining Attorney points out that, by its disclaimer of the words "THE WINE SOCIETY OF AMERICA", applicant concedes the geographical descriptiveness of those words.

In view of our decision that applicant's amended drawing was properly rejected, we are confronted with applicant's having submitted a disclaimer of its entire mark, "THE WINE SOCIETY OF AMERICA." An applicant may not, of course, obtain a registration for a word mark where it has disclaimed all of the words that compose that mark, unless the words are displayed in such a way that the mark as a whole has a distinctive appearance, separate and apart from the words which compose it. See In re Newport Fastener Co. Inc., 5 USPQ 2d 1064 (TTAB 1987) (and cases cited there). Here, applicant's mark is displayed in typewritten form. Thus, it is not registrable with a disclaimer of all the wording. Even if we were to consider the disclaimer withdrawn, we believe the mark as a whole is primarily geographically descriptive of applicant's services, based upon the evidence and precedents relied upon by the Examining Attorney.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Refusal under Section 2(d)

*3 The mark cited by the Examining Attorney under Section 2(d) of the Trademark Act, namely "AMERICAN WINE SOCIETY 1967" (and design), is registered for goods identified as a "newsletter, bulletin, and journal of interest to members of applicant." Applicant seeks registration of its mark "THE WINE SOCIETY OF AMERICA" for a range of services, namely, "wine club membership services including the supplying of printed materials, sale of wines to members, conducting wine tasting sessions and recommending specific restaurants offering wines sold by applicant" [emphasis added]. Applicant makes the argument that its services are in the nature of mail order services, rendered with the goal of selling wine and that, by contrast, the activity of the owner of the cited registration does not include the sale of wine. Applicant argues that, for this reason, confusion as to source is unlikely here. The Examiner properly notes that applicant is seeking registration for a wide variety of services including "the supplying of printed materials." We agree with the Examining Attorney that the service of "supplying printed materials", when offered as part of a wine club membership service, must be considered highly related to the goods in connection with which the cited mark is registered. Moreover, we hardly need reiterate the case law that, in deciding the issue of likelihood of confusion, the Board must refer to the recitation of goods and/or services included in applicant's application and must read that recitation to include all goods or services reasonably described by the words forming the recitation. That applicant may emphasize the sale of wines does not gainsay its attempt to register its mark for services including the broad language, "the supplying of printed materials." Moreover, we believe that the other activities included in applicant's recitation of its services are sufficiently related to the goods recited in the cited registration that, if similar marks were applied to all these goods and services, confusion as to source would be likely.

We find that the marks of these parties are substantially similar. While the cited registration includes design features, those design features are, primarily, a representation of a map of North America, a bunch of grapes, and a glass filled with wine. The design features merely emphasize, in a pictorial way, the main word portion of the cited mark, namely, "AMERICAN WINE SOCIETY". The connotation of the cited mark is virtually identical to the connotation of applicant's mark, the only real difference being that the word "AMERICA" in applicant's mark follows the words "WINE SOCIETY", while the word "AMERICAN" in the cited mark precedes the words "WINE SOCIETY". This difference is minor, as it relates to the overall commercial impressions conveyed by these marks. Moreover, the Examining Attorney was correct in noting that, where the sole significant difference between marks applied to similar goods or services is the transposition of the words which compose those marks and where the transposition of words does not change the overall commercial impression, confusion has been found. See Bank of America National Trust and Savings Ass'n. v. American Bank of St. Joseph, 201 USPQ 842 (TTAB 1978) [and cases cited there].

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*4 Decision: The refusal to register is affirmed on each of the grounds asserted by the Examining Attorney.

J.D. Sams

R.F. Cissel

E.W. Hanak

Members, Trademark Trial and Appeal Board

FN1. Serial No. 662,515, filed May 22, 1987.

12 U.S.P.Q.2d 1139, 1989 WL 274373 (Trademark Tr. & App. Bd.)
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.