TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: gsgilchrist@townsend.com, glcincone@townsend.com

Attorneys for
Plaintiff/Counterdefendant
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> ABERCROMBIE & FITCH TRADING CO., <br><br> Defendant/Counterclaimant. | Case No.  C 07-03752 JSW <br><br> **LEVI STRAUSS & CO.'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF AND CROSS-MOTION FOR ALTERNATIVE RELIEF RE HEARING DATES** |
| ABERCROMBIE & FITCH TRADING CO., <br><br> Defendant/Counterclaimant, <br><br> v. <br><br> LEVI STRAUSS & CO., <br><br> Plaintiff/Counterdefendant. | |

## I. INTRODUCTION

Along with its "Motion for Summary Adjudication of Undisputed Facts," Abercrombie & Fitch Trading Co. ("A&F") has filed a motion to consolidate the hearing of its motion with the hearing of Levi Strauss & Co.'s ("LS&CO.") motion to dismiss A&F's counterclaims, which is currently set on the Court's calendar for April 25, 2008. LS&CO. opposes that motion, and seeks instead to postpone the hearing of A&F's motion so that LS&CO.'s threshold pleading motion can be heard and decided before LS&CO. is forced to respond to A&F's hundreds of pages of evidentiary submissions.

## II. ARGUMENT

LS&CO. filed its Rule 12(b)(6) motion to dismiss on March 7, 2008 – a simple pleading motion limited to the allegations and legal theories stated in A&F's counterclaims. LS&CO.'s motion included a request that the Court dismiss A&F's claim that one of LS&CO.'s registrations for its Arcuate Trademark be cancelled because LS&CO. supposedly made fraudulent statements in its incontestability affidavits. LS&CO.'s motion to dismiss was set for hearing on April 25, 2008, the first available date on the Court's calendar at the time LS&CO.'s motion was filed. The Court issued a briefing schedule, granting A&F three weeks to oppose LS&CO.'s motion instead of the two weeks normally allowed if a motion is set for hearing on 35 days' notice. *See* Civil Local Rules 7-2, 7-3. A&F's opposition to LS&CO.'s motion accordingly is due on March 28, 2008.

A&F has now, after hours on a holiday weekend, filed what it styles as a "Motion for Summary Adjudication of Undisputed Facts" on its fraud counterclaim. A&F does not seek judgment on any claim; rather, it wants the Court to find that LS&CO.'s incontestability statements were false, and false in a material way. The question whether A&F is actually entitled to judgment on its fraud claim apparently is to be left for a later motion, or for trial. (Motion for Summary Adjudication at 8.)

A&F's motion is supported by a 20-page brief as well as a declaration attaching over *350 pages* of supposedly supporting "evidence." Nonetheless, A&F claims that its motion is "expected" to be "substantively indistinguishable" from its opposition to LS&CO.'s motion to dismiss – an opposition which has not even been filed yet. (Motion for Admin. Relief at 2.) On the strength of that "expectation," A&F asks the Court to advance the hearing on its motion, and therefore also the briefing schedule to which LS&CO. would be required to adhere. In other words, having taken *three*

LS&CO.' OPP. TO MOTION FOR ADMIN RELIEF
AND CROSS-MOTION FOR ALTERNATIVE RELIEF     2     *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*

1  weeks (not yet even expired) to respond to a pleading motion, A&F wants LS&CO. to respond in *two*
2  weeks to a "summary adjudication" motion supported by hundreds of pages of evidence, ostensibly
3  imperiling a registration for LS&CO.'s 135-year-old trademark, before LS&CO. has even answered
4  A&F's counterclaim or knows whether it will be required to do so.

5       LS&CO. brought its motion to dismiss in order to test the legal sufficiency of A&F's
6  counterclaims. The point of such a motion, by its very nature, is to avoid costly discovery and pretrial
7  practice if there is no legal basis for A&F's counterclaims. *See, e.g., Migdal v. Rowe Price-Fleming*
8  *Int'l*, 248 F.3d 321, 325 (4th Cir. 2001) (pleading requirement of federal rules "serves to prevent
9  costly discovery on claims with no underlying factual or legal basis"); *DM Research, Inc. v. College*
10 *of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("the price of entry, even to discovery, is for
11 the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may
12 be costly and burdensome) (emphasis omitted); *Cody v. Harris*, 2004 U.S. Dist. LEXIS 6934 at *10
13 (N.D. Ill. 2004) ("The purpose of a motion to dismiss is to save parties the time and expense of
14 conducting discovery and going to trial on a matter that cannot succeed."). This objective is severely
15 compromised if LS&CO. must respond to A&F's elaborate motion even before LS&CO.'s pleading
16 motion is heard. The problem is compounded by the fact that A&F's motion relies heavily on
17 allegations and statements lifted out of context, taken from the extensive record of a lawsuit decided in
18 LS&CO.'s favor over 20 years ago. *See, e.g.,* Keyes Dec. ISO Motion for Summary Adjudication,
19 Exs. A, B, D, E, F, G, H, N, O, P. Examining the purported clarity of that record will take time, and
20 cause burden to LS&CO. that can be entirely avoided if LS&CO. prevails on its motion to dismiss.

21      In fact, A&F has no reason (and indeed offers none) for needing an early decision on its
22 motion. If its motion is indeed "substantively indistinguishable" from LS&CO.'s motion to dismiss,
23 then there is no reason for it. A&F can respond to the pending motion, and it can be decided. If the
24 Court determines that A&F has a legal basis for its claim, A&F can bring an appropriate motion at that
25 time. Unlike LS&CO.'s motion, A&F's "motion for summary adjudication of undisputed facts" will
26 not accord final relief in any event; as A&F concedes, a final adjudication of its claim will have to
27 wait for a subsequent motion or for trial. Under the circumstances, there is no good reason for
28 depriving LS&CO. of the benefits of Rule 12(b)(6), which is meant to serve as an expeditious remedy

for disposing of unmeritorious claims. Nor is there any good reason for allowing LS&CO. only two weeks to gather the evidence and authorities necessary to establish the factual context for A&F's motion, and to oppose a motion that attacks a venerable trademark and a registration that issued almost 30 years ago.

For the foregoing reasons, LS&CO. requests that A&F's motion to advance the hearing on its motion be denied. At the same time, LS&CO. requests that the hearing on A&F's motion be continued from its current date of May 16, 2008, to May 30, 2008. That will allow LS&CO. two weeks to respond to A&F's summary adjudication motion after LS&CO.'s motion to dismiss has been heard – very likely mooting A&F's motion in the process.

### III. CONCLUSION

For the reasons set forth above, LS&CO. respectfully requests that A&F's motion for administrative relief be denied. LS&CO. further requests that A&F's motion for summary adjudication of undisputed facts be set for hearing on May 30, 2008, or such later date as the Court deems appropriate, and that LS&CO.'s opposition to that motion be due no sooner than May 9, 2008.

DATED: March 24, 2008                Respectfully submitted,

                                     By:    /s/ Gia L. Cincone
                                            Gia L. Cincone
                                     TOWNSEND AND TOWNSEND AND CREW LLP

                                     Attorneys for Plaintiff
                                     LEVI STRAUSS & CO.

61318895 v1