IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | |
| Plaintiff, | No. C 07-03752 JSW |
| v. | **ORDER GRANTING IN PART AND DENYING PLAINTIFF LEVI STRAUSS & CO.'S MOTION TO DISMISS COUNTERCLAIMS FOR CANCELLATION** |
| ABERCROMBIE & FITCH TRADING COMPANY, | |
| Defendant. | |

## INTRODUCTION

Now before the Court is the Motion to Dismiss Counterclaims for Cancellation, filed by Plaintiff Levi Strauss & Co. ("LS&CO"). Having considered the parties' papers, the record in this case, and relevant legal authority, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for April 25, 2008. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY GRANTS IN PART AND DENIES IN PART LS&CO's motion.

## BACKGROUND

On July 20, 2007, LS&CO filed this suit alleging that defendant Abercrombie & Fitch Trading Company ("Abercrombie") infringes its Arcuate Stitching Design Trademark ("the Arcuate Trademark"). (*See* Complaint ¶¶ 8-11.) On February 7, 2008, the Court granted a stipulation, which permitted Abercrombie to file an Amended Answer and Counterclaim against LS&CO.

//

1    In its Complaint, LS&CO asserts that it owns U.S. Registration Nos. 404,248 (the "'248 Registration") and 1,139,254 (the "'254 Registration"), and further asserts that these registrations have become incontestable under 15 U.S.C. § 1065. (Compl. ¶ 9.) In order to obtain "inconstestability" status, a trademark registrant must file an affidavit pursuant to 15 U.S.C. § 1065 ("Section 15 affidavit"), in which the registrant must attest, *inter alia*, that "there has been no final decision adverse to registrant's claim of ownership of such mark for such goods or services, or to registrant's right to register the same or to keep the same on the register," and that "there is no proceeding involving said rights pending in the Patent and Trademark Office or in a court and not finally disposed of." 15 U.S.C. § 1065(a).

In its Counterclaim, Abercrombie alleges that in 1985, LS&CO was engaged in "two related and hotly-contested federal lawsuits over the validity and enforceability of the" '248 Registration and the '254 Registration. (Counterclaim ¶ 4.) Abercrombie also alleges that the plaintiff in one of those cases, Lois Sportswear, challenged LS&CO's claim of ownership of the Arcuate Trademark, its right to register that mark, and the right to keep the mark on the Trademark Register of the United States Patent and Trademark Office ("USPTO"). (*Id.* ¶ 5.) Abercrombie contends that while this litigation was pending, LS&CO filed two materially false affidavits with the USPTO in order to obtain "inconstestability" status for the Arcuate Trademark. (*Id.* ¶¶ 6-13, 28.) Abercrombie asserts that LS&CO filed the first false affidavit on May 14, 1985 (the "May 1985 Affidavit"). (*Id.* ¶ 7, Ex. C.) Abercrombie asserts that LS&CO filed the second false affidavit on January 2, 1986 (the "January 1986 Affidavit"). (*Id.* ¶ 12, Ex. G.) Abercrombie also alleges that LS&CO's enforcement policy demonstrates that it is not actively policing the Arcuate Trademark against suspected infringers and, on this basis has "abandoned" the mark. (*Id.* ¶¶ 14-26, 29.)

The Court addresses additional facts as necessary in its analysis.

## ANALYSIS

**A.    Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6)

2

motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B.     LS&CO's Motion is Granted in Part and Denied in Part.**

LS&CO moves to dismiss Abercrombie's Counterclaim on the basis that the facts alleged do not state a claim for cancellation.

**1.     Allegations of Fraud on the USPTO.**

Abercrombie seeks to cancel the Arcuate Trademark on the basis that LS&CO committed fraud on the USPTO in connection with obtaining inconstestability status for the Arcuate Trademark. When a party asserts a claim for fraud on the USPTO, it must prove "a false representation regarding a material fact, the registrant's knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990).

Abercrombie alleges that both the May 1985 Affidavit and the January 1986 Affidavit were materially false because of the pending *Lois Sportswear* litigation. Thus, Abercrombie alleges that LS&CO's statements that "there is no proceeding involving said rights pending and not disposed of in either the Patent and Trademark Office or in the courts," was false and that LS&CO knew those statements were false. However, with respect to the May 1985 affidavit, Abercrombie alleges that the affidavit was rejected by the USPTO, because it was not timely. (Counterclaim ¶ 9, Ex. D.) Thus, even if the Court accepts that the May 1985 Affidavit was materially false, that LS&CO knew it was false, and that LS&CO intended that the USPTO rely on the statements therein, Abercrombie's own allegations negate the elements of reliance and damages. Thus, Abercrombie fails to state a claim for cancellation based on the May 1985 Affidavit. LS&CO's motion is GRANTED IN PART on this basis.

3

1　　　　　The January 1986 Affidavit presents a different question, because that Affidavit was
2　accepted by the USPTO.  (*Id.* ¶ 12.)  LS&CO asserts that Abercrombie cannot show this
3　affidavit was materially false, because the USPTO does not consider "a proceeding involving
4　the mark in which the owner is the plaintiff, where there is no counterclaim involving the
5　owner's rights in the mark, to be a 'proceeding involving these rights' that would preclude the
6　filing or acknowledgment of a § 15 affidavit."  Trademark Manual of Examining Procedure
7　("TMEP") § 1605.04.  Thus, LS&CO argues that under the TMEP rule it was not required to
8　disclose the *Lois* proceedings and, thus, it did not make any misrepresentations to the USPTO
9　when it stated there were no proceedings pending.  (*See* Mot. at 7:10-8:19.)

10　　　　　In support of its argument, LS&CO relies on *Sunrise Jewelry Mfg. Corp. v. Fred S.A.*,
11　175 F.3d 1322 (Fed. Cir. 1999).  In that case, the defendant, Fred S.A. ("Fred", had filed an
12　infringement suit against a third party at the time it filed a Section 15 affidavit.  When Fred filed
13　the Section 15 affidavit, the defendant in the related litigation had not filed a counterclaim,
14　although it subsequently did file one in which it challenged the validity of Fred's mark.  *Id.* at
15　1323-24.  Sunrise filed a petition to cancel Fred's registration before the Trademark Trial and
16　Appeal Board ("TTAB") and asserted that Fred's "statements in its incontestability declaration
17　to the PTO were fraudulent," because of the pending infringement suit.  The TTAB concluded
18　that Fred made no false statements to the PTO, and the Federal Circuit affirmed.  *Id.* at 1324,
19　1327.

20　　　　　The Federal Circuit relied on section 1604.03 of the TMEP, and found that the TTAB
21　"did not err in concluding that Fred made no false declaration in claiming that no proceeding
22　involving rights in the mark was pending," because the counterclaim had not been filed at the
23　time Fred submitted the Section 15 affidavit and because there was no continuing duty to update
24　the affidavit.  *Id.* at 1327.  In this case, it is undisputed that LS&CO was *not* the plaintiff in the
25　*Lois Sportswear* litigation.[1]  LS&CO argues, however, that it for purposes of its counterclaims

---

28　　　[1]　　It is also undisputed that Lois did not seek affirmatively to cancel LS&CO's mark, although it did assert abandonment as a defense to LS&CO's counterclaims.

4

of infringement against Lois it "stood in the position of plaintiff for purposes of the TMEP rule." (Reply at 7:2-5.)[2]

*If* LS&CO had been the plaintiff in the *Lois* litigation, the Court would not hesitate to find the *Sunrise Jewelry* case controlling. However, given the difference in the procedural posture between parties in this case and the parties in the infringement action in the *Sunrise Jewelry* case, and although LS&CO would have had the burden of proof to show the plaintiff in the *Lois* litigation infringed its marks, the Court cannot say as a matter of law, based on TMEP § 1604.03, that LS&CO had no duty to disclose the *Lois* litigation. Therefore, although Abercrombie may be facing an uphill battle, the Court cannot say that Abercrombie's allegations of fraud with respect to the January 1986 Affidavit are legally insufficient. LS&CO's motion is DENIED IN PART on this basis.[3]

**2. Allegations of Abandonment.**

> A mark shall be deemed to be "abandoned" if either of the following occurs: ...
>
> (2) When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark. Purchaser motivation shall not be a test for determining abandonment under this paragraph.

15 U.S.C. § 1127.

In its Counterclaim, Abercrombie alleges facts regarding LS&CO's enforcement of its marks and alleges facts that it contends demonstrate LS&CO does not adequately police and control use of the Arcuate Trademark. Abercrombie also alleges that LS&CO's actions "constitute 'abandonment,' as that term has been defined in this Circuit." (Counterclaim ¶ 29.) Although LS&CO argues that these allegations are insufficient to withstand a motion to

---

[2] Nor is there any evidence in the record to suggest that LS&CO sought to realign the parties. *See Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948 (N.D. Cal. 2003) (recognizing discretion to realign parties on motion for realignment and concluding that parties in declaratory relief action should be realigned).

[3] LS&CO argues that because it prevailed in the *Lois* litigation, any statements in the January 1986 affidavit cannot be considered "material." The Court finds that argument unpersuasive, because the proper focus is on whether disclosure would have affected the USPTO's action.

5

dismiss, the authorities on which it relies all involve proceedings beyond the pleadings stage of a case. Further, it is not clear that the facts alleged in Abercrombie's counterclaims are the only facts on which it will rely to establish abandonment. Accordingly, the Court concludes that Abercrombie has alleged facts sufficient to withstand a motion to dismiss, and LS&CO's motion is DENIED IN PART on that basis.

## CONCLUSION

For the foregoing reasons, LS&CO's motion is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

Dated: April 22, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE