TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
RAQUEL PACHECO (Bar # 245328)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  gsgilchrist@townsend.com, glcincone@townsend.com
rpacheco@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>　　　　　Plaintiff/Counterdefendant,<br><br>　　v.<br><br>ABERCROMBIE & FITCH TRADING CO.,<br><br>　　　　　Defendant/Counterclaimant.<br><br>ABERCROMBIE & FITCH TRADING CO.,<br><br>　　　　　Defendant/Counterclaimant,<br><br>　　v.<br><br>LEVI STRAUSS & CO.,<br><br>　　　　　Plaintiff/Counterdefendant. | Case No.   C 07-03752 JSW<br><br>**LEVI STRAUSS & CO.'S ANSWER TO COUNTERCLAIMS** |

　　　　Plaintiff and counterdefendant Levi Strauss & Co. ("LS&CO.") answers the Counterclaims of defendant and counterclaimant Abercrombie & Fitch Trading Co. ("A&F") as follows:

　　　　1.　　LS&CO. admits that the referenced article is attached to the Counterclaims as Exhibit A, and states that the article speaks for itself.  LS&CO. denies the remaining allegations of this paragraph.

1     2.     LS&CO. denies the allegations of this paragraph.

2     3.     LS&CO. incorporates by reference as though fully set forth herein its answers to the preceding paragraphs.

4     4.     LS&CO. admits that it was a party to the two lawsuits referenced in this paragraph, and admits that the two lawsuits were consolidated.  LS&CO. further admits that partial pleadings are attached to the Counterclaims, and states that the documents speak for themselves.  LS&CO. denies the remaining allegations of this paragraph.

8     5.     LS&CO. admits that partial pleadings are attached to the Counterclaims, and states that the documents speak for themselves.  LS&CO. denies the remaining allegations of this paragraph.

10     6.     This paragraph contains legal conclusions as to which no response is required.

11     7.     LS&CO. admits that the referenced affidavit was submitted to the United States Patent and Trademark Office, states that the document speaks for itself and avers that the allegations concerning this affidavit are surplusage in view of the Court's rulings.  LS&CO. denies the remaining allegations of this paragraph.

15     8.     LS&CO. denies the allegations of this paragraph.

16     9.     LS&CO. admits the allegations of this paragraph.

17     10.     LS&CO. admits that the referenced affidavit was submitted to the United States Patent and Trademark Office on or about May 15, 1985, and that its motion for summary judgment in the *Lois Sportswear* litigation was filed on or about May 28, 1985.  LS&CO. denies the remaining allegations of this paragraph.

21     11.     LS&CO. admits that its motion for summary judgment in the *Lois Sportswear* litigation was granted by the district court and further admits that that ruling was appealed to the Second Circuit Court of Appeals.  LS&CO. further admits that partial pleadings are attached to the Counterclaims, and states that the documents speak for themselves.  LS&CO. denies the remaining allegations of this paragraph.

26     12.     LS&CO. admits that the referenced affidavit was submitted to the United States Patent and Trademark Office, and states that the document speaks for itself.  LS&CO. denies the remaining allegations of this paragraph.

13.   LS&CO. admits that it has filed complaints alleging that United States Trademark Registration No. 1,139,254 is incontestable. LS&CO. denies the remaining allegations of this paragraph.

14.   LS&CO. incorporates by reference as though fully set forth herein its answers to the preceding paragraphs.

15.   LS&CO. denies the allegations of this paragraph.

16.   LS&CO. incorporates by reference as though fully set forth herein its answers to the preceding paragraphs.

17.   LS&CO. denies the allegations of this paragraph.

18.   LS&CO. admits that it has sold garments under the names ACTION SLACKS® and FASHION JEANS bearing the referenced stitching designs. LS&CO. denies the remaining allegations of this paragraph.

19.   LS&CO. admits that the referenced stitching designs are not currently being used on its LEVI'S® products. LS&CO. denies the remaining allegations of this paragraph.

20.   LS&CO. admits that certain advertising materials for some of its products are attached as an exhibit to the Counterclaims. LS&CO. denies the remaining allegations of this paragraph.

21.   LS&CO. admits that it has objected to third parties' use of certain stitching designs on the grounds that the designs violate LS&CO.'s rights in its Arcuate Trademark. LS&CO. denies the remaining allegations of this paragraph.

22.   LS&CO. admits that it has not used the referenced stitching design since the 1980's. LS&CO. denies the remaining allegations of this paragraph.

23.   LS&CO. admits that it sued Federal Jeans, Inc. in 2003 and states that LS&CO.'s complaint in that action speaks for itself. LS&CO. denies the remaining allegations of this paragraph.

24.   LS&CO. admits that it filed the referenced actions and states that LS&CO.'s complaints in those actions speak for themselves. LS&CO. denies the remaining allegations of this paragraph.

25.   LS&CO. admits that it sued RP55, Inc. in 2004 and states that LS&CO.'s complaint in that action speaks for itself. LS&CO. further admits that it filed an expert report in that action and

states that the report speaks for itself. LS&CO. further admits that its action against RP55, Inc. was dismissed and states that the order of dismissal speaks for itself. LS&CO. denies the remaining allegations of this paragraph.

26. LS&CO. denies the allegations of this paragraph.

## COUNTERCLAIMS FOR CANCELLATION

27. LS&CO. incorporates by reference as though fully set forth herein its answers to the preceding paragraphs.

28. LS&CO. denies the allegations of this paragraph.

29. LS&CO. denies the allegations of this paragraph.

30. LS&CO. denies the allegations of this paragraph.

## PRAYER FOR RELIEF

In response to the allegations in the Prayer for Relief, LS&CO. denies that A&F is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

The Counterclaims are barred by the doctrine of judicial estoppel. In attempting to secure its own marks, A&F made representations to the PTO that are inconsistent with its Counterclaims. In attempting to defeat disqualification of its counsel, A&F made allegations that are inconsistent with its Counterclaims.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

The Counterclaims are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Counterclaims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Strategic Litigation Against Public Participation)**

The Counterclaims arise from LS&CO.'s acts in furtherance of its right of free speech.

**PRAYER FOR RELIEF**

Wherefore, LS&CO. prays as follows:

1. That A&F take nothing by reason of its Counterclaims;

2. That this Court enter judgment in favor of LS&CO. and against A&F on the Counterclaims;

3. For LS&CO.'s cost of suit; and

4. For such other and further relief as the Court may deem fair and equitable.

DATED: May 2, 2008          Respectfully submitted,

By:      */s/ Gia L. Cincone*
         Gia L. Cincone
         TOWNSEND AND TOWNSEND AND CREW LLP
         Two Embarcadero Center, Eighth Floor
         San Francisco, California  94111
         Telephone: (415) 576-0200
         Facsimile: (415) 576-0300

         Attorneys for Plaintiff/Counterdefendant
         LEVI STRAUSS & CO.

61358051 v1