# EXHIBIT CC

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,139,254

United States Patent and Trademark Office   Registered Sep. 2, 1980

## TRADEMARK
Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif. 94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND SHORTS, in CLASS 25 (U.S. CL. 39).
First use 1873; in commerce 1873.
Owner of U.S. Reg. No. 404,248.

Ser. No. 169,399. Filed May 8, 1978.

M. J. LEAHY, Primary Examiner





Exhibit A-1

# EXHIBIT DD





Exhibit C

**EXHIBIT EE**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO, <br><br> Plaintiff, <br><br> v. <br><br> RP55, INC., et al., <br><br> Defendants. | No. C 04-00468 SI <br><br> ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF WALTER McCULLOUGH |

Currently pending are cross-motions for summary judgment on plaintiff's trademark infringement and dilution claims. At argument, the Court stated that it was inclined to grant summary judgment in favor of defendants. Although the parties agreed that the matter could be resolved on summary judgment, plaintiff stated that the Court could benefit by hearing testimony from the parties' experts at a bench trial.

The Court is still inclined to grant judgment in favor of defendant; however, in-court testimony from the parties' experts responsible for the consumer surveys could be helpful in making that determination. Therefore, the Court DENIES cross-motions for summary judgment.

The Court also DENIES plaintiff's motion to strike defendant's expert report and testimony of Walter McCullough because the Ninth Circuit has found that criticisms regarding the technical details of the survey go towards the weight given to the survey, not the admissibility. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1143 (9th Cir. 1997) (stating that objections regarding scope of survey and questions asked to respondents address the weight of expert survey, not the admissibility).

The Court will hold a one-day bench trial consisting solely of testimony from the parties' experts regarding the consumer surveys conducted in this action. No other testimony will be necessary because all other matters may be resolved on the extensive papers submitted in the parties' cross-motions for summary

1  judgment.

2  <u>The final pretrial conference will be held on Monday, June 20, 2005 at 9:30 a.m. The testimony will</u>

3  <u>be taken beginning at 9:30 a.m. on Tuesday, June 21, 2005.</u>

5  **IT IS SO ORDERED.**

7  Dated: June 7, 2005                              S/Susan Illston
                                                    SUSAN ILLSTON
8                                                   United States District Judge

# EXHIBIT FF

| | |
|---|---|
| To: | Abercrombie & Fitch Trading Co. (ipdocketing@howrey.com) |
| Subject: | TRADEMARK APPLICATION NO. 78766368 - 00863.0216.T |
| Sent: | 6/13/2006 5:16:47 PM |
| Sent As: | ECOM110@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 78/766368

**APPLICANT:** Abercrombie & Fitch Trading Co.

**CORRESPONDENT ADDRESS:**
Caroline C. Smith
Howrey LLP
Suites 200 and 300
2941 Fairview Park Drive
Falls Church VA 22042

**\*78766368\***

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**

**CORRESPONDENT'S REFERENCE/DOCKET NO:** 00863.0216.T

**CORRESPONDENT EMAIL ADDRESS:**
ipdocketing@howrey.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT:** TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:** If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

LSC v. A&F 26(a)
0192

ial Number  78/766368

The assigned examining attorney has reviewed the referenced application and determined the following.

## POSSIBLE ORNAMENTAL REFUSAL

In view of the nature of the proposed mark, applicant is advised that, upon the trademark examining attorney's consideration of an amendment to allege use or statement of use, registration may be refused under Trademark Act Sections 1, 2 and 45, 15 U.S.C. §§1051, 1052 and 1127, on the ground that the proposed mark is merely ornamental and, thus, does not function as a trademark.

In determining whether the public would perceive the proposed mark as a trademark, i.e., an indicator of the source of the goods, or merely as a decorative or ornamental feature, the trademark examining attorney will consider the commercial impression created by the display of the subject matter on the specimen, any prior registrations of the same or similar matter for similar goods, promotion of the subject mark as a trademark, and the practice of the relevant trade. *See* TMEP §§1202.03 *et seq.*

## SEARCH OF THE OFFICE RECORDS

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 704.02.

/Caroline E. Wood/

Trademark Examining Attorney

Law Office 110

(571) 272-9243

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- 

LSC v. A&F 26(a)
0193

NOTE: The filing date of the response will be the *date of receipt in the Office*, not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

STATUS OF APPLICATION: To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

VIEW APPLICATION DOCUMENTS ONLINE: Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

GENERAL TRADEMARK INFORMATION: For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.

**EXHIBIT GG**

| | |
|---|---|
| 1 | TOWNSEND AND TOWNSEND AND CREW LLP |
| | GREGORY S. GILCHRIST (State Bar No. 111536) |
| 2 | GIA L. CINCONE (Bar # 141668) |
| | Two Embarcadero Center, Eighth Floor |
| 3 | San Francisco, California 94111 |
| | Telephone: (415) 576-0200 |
| 4 | Facsimile: (415) 576-0300 |
| | Email: gsgilchrist@townsend.com; glcincone@townsend.com |
| 5 | |
| | Attorneys for Plaintiff |
| 6 | LEVI STRAUSS & CO. |

RECEIVED
MAR 27 2008
KIRKPATRICK & ........ART
PRESTON GATES ELLIS LLP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | Case No.   C 07-03752 JSW |
| Plaintiff/Counterdefendant, | LEVI STRAUSS & CO.'S RESPONSES TO ABERCROMBIE & FITCH TRADING CO.'S INTERROGATORIES TO LEVI STRAUSS & CO., SET ONE |
| v. | |
| ABERCROMBIE & FITCH TRADING CO., | |
| Defendant/Counterclaimant. | |
| ABERCROMBIE & FITCH TRADING CO., | CONFIDENTIAL |
| Defendant/Counterclaimant, | |
| v. | |
| LEVI STRAUSS & CO., | |
| Plaintiff/Counterdefendant. | |

PROPOUNDING PARTY:   ABERCROMBIE & FITCH TRADING CO.

RESPONDING PARTY:   LEVI STRAUSS & CO.

SET:   ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff/counterdefendant Levi Strauss & Co. ("LS&CO.") hereby responds to defendant/counterclaimant Abercrombie & Fitch Trading Co.'s ("A&F") Interrogatories to Levi Strauss & Co., Set One as follows:

**GENERAL OBJECTIONS**

1. LS&CO. objects to each Instruction and Definition set forth in A&F's first set of interrogatories to the extent that any such instruction or definition exceeds the scope of discovery permissible under Federal Rule of Civil Procedure 33 and the Local Rules of the Northern District of California.

2. LS&CO. objects to each interrogatory to the extent that it seeks information that is equally available to A&F, on the grounds that such interrogatories subject LS&CO. to unreasonable and undue annoyance, oppression, burden and expense.

3. LS&CO. objects to each interrogatory to the extent that it seeks information that is not in LS&CO.'s possession, custody or control.

4. LS&CO. objects to each interrogatory to the extent that it requires disclosure of information protected by the attorney-client privilege, the work product doctrine, LS&CO.'s right to privacy, and/or any other applicable privilege. LS&CO. will interpret each interrogatory not to call for such privileged information. Any production of such information is strictly inadvertent and shall not be construed as a waiver of the applicable privilege(s).

5. LS&CO. has not completed its investigation into the subject matter of this action or the underlying facts or evidence. LS&CO.'s responses are therefore made to the best of LS&CO.'s current knowledge, information and belief after good faith investigation of sources reasonably available to it. LS&CO. reserves the right to conduct additional investigation and discovery, to rely on additional facts, information, documents or materials and to supplement its responses to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

6. The foregoing General Objections apply to each interrogatory and are hereby specifically incorporated into each response to each such interrogatory. Any failure to repeat all or any part of such General Objection in any specific response shall not constitute a waiver or other relinquishment of such objection.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Provide the names, addresses, and telephone numbers of any person that you claim experienced "actual confusion" between the A&F Accused Design and the Levi's Arcuate trademark.

**RESPONSE:**

Subject to the General Objections, LS&CO. responds that it is not aware of any such individuals at the present time.

**INTERROGATORY NO. 2:**

Provide the names, addresses, and telephone numbers of any individual that was responsible for drafting, commenting on, or negotiating the terms of the settlement agreements on behalf of Levi in connection with its litigation with RP55, Inc, entitled *RP55, Inc. v. Levi Strauss & Co.*, Case No., C05-5128 SI, and *Levi Strauss &Co. v. RP55, Inc.* Case No. C04-0468 SI.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's decision/agreement to pay RP55, Inc. $125,000.00 as part of its settlement with RP55, Inc.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. LS&CO. further notes that this response and A&F's original interrogatories must be designated as Confidential in conformity with the designation accorded the document from which the information repeated in this interrogatory was taken.

**INTERROGATORY NO. 4:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's decision/agreement to allow RP55, Inc. to continue using any of the accused stitching designs at issue

1 | **RESPONSE:**

2 |     LS&CO. objects to this interrogatory as burdensome, harassing, not relevant to the subject
3 | matter of this action and not calculated to lead to the discovery of admissible evidence. LS&CO.
4 | notes that this information is publicly available.

5 | **INTERROGATORY NO. 14:**

6 |     Provide the names of the Officers and Board of Directors of Levi Strauss & Company in 1985
7 | and 1986.

8 | **RESPONSE:**

9 |     LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not
10 | relevant to the subject matter of this action and not calculated to lead to the discovery of admissible
11 | evidence.

13 | DATED: March 24, 2008

By: *[signature]*
Gia L. Cincone
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
LEVI STRAUSS & CO.

## VERIFICATION

I, Thomas M. Onda, declare under penalty of perjury that the following statements are true and correct:

I am an employee of Levi Strauss & Co., a Delaware Corporation, and am authorized to make this verification for and on its behalf. I have read **LEVI STRAUSS & CO.'S RESPONSES TO ABERCROMBIE & FITCH TRADING CO.'S INTERROGATORIES TO LEVI STRAUSS & CO., SET ONE** and I am informed and believe that the matters stated therein are true and correct.

EXECUTED at San Francisco, California, this **24Th** day of March, 2008.

_____
Thomas M. Onda

61310116 v1