TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar No. 111536)
GIA L. CINCONE (Bar No. 141668)
RAQUEL PACHECO (State Bar No. 245328)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
gsgilchrist@townsend.com; glcincone@townsend.com;
rpacheco@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>        Plaintiff/Counterdefendant,<br><br>        v.<br><br>ABERCROMBIE & FITCH TRADING CO.,<br><br>        Defendant/Counterclaimant.<br>_____<br><br>ABERCROMBIE & FITCH TRADING CO.,<br><br>        Defendant/Counterclaimant,<br><br>        v.<br><br>LEVI STRAUSS & CO.,<br><br>        Plaintiff/Counterdefendant. | Case No. C 07-03752 JSW<br><br>**DECLARATION OF GIA L. CINCONE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS AND SELECTED AFFIRMATIVE DEFENSES, AND FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF TRADEMARK DILUTION**<br><br>**DATE:  September 26, 2008**<br>**TIME:   9:00 a.m.**<br>**COURTROOM:  2** |

1    I, Gia L. Cincone, hereby declare as follows:

2        1.    I am an attorney admitted to practice in the State of California and before this Court.  I

3    am affiliated with the law firm of Townsend and Townsend and Crew LLP, attorneys of record for

4    plaintiff Levi Strauss & Co. ("LS&CO.") in this proceeding.  I make this declaration based on my

5    personal knowledge and, if called as a witness, I could and would be competent to testify to the

6    matters set forth below.

7        2.    I submit this Declaration in support of LS&CO.'s motion for summary judgment and

8    partial summary judgment in this action.

9        3.    Attached hereto as Exhibit A is a true and correct copy of the Complaint for declaratory

10   relief filed by Lois Sportswear, U.S.A., Inc. ("Lois") in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss &*

11   *Company*, U.S. District Court for the Southern District of New York, Case No. 82 Civ. 8326 (the

12   "*Lois* action"), dated December 13, 1982.

13       4.    Attached hereto as Exhibit B is a true and correct copy of LS&CO.'s Answer and

14   Counterclaims in the *Lois* action, dated January 5, 1983.

15       5.    Attached hereto as Exhibit C is a true and correct copy of the Complaint filed by

16   LS&CO. in *Levi Strauss & Company v. Textiles Confecciones Europas, S.A.*, U.S. District Court for

17   the Southern District of New York, Case No. 83 Civ. 4338 (the "*Textiles* action").

18       6.    Attached hereto as Exhibit D is a true and correct copy of Lois's Answer to

19   Counterclaims in the *Lois* action, dated January 25, 1983.

20       7.    Attached hereto as Exhibit E is a true and correct copy of Textiles Confecciones

21   Europas, S.A.'s ("Textiles") Answer in the *Textiles* action, dated November 23, 1983.

22       8.    Attached hereto as Exhibit F is a true and correct copy of Lois's and Textiles's

23   Memorandum of Law in Support of Motion for Summary Judgment in the consolidated *Lois* and

24   *Textiles* actions, dated April 3, 1985.

25       9.    Attached hereto as Exhibit G is a true and correct copy of Lois's and Textiles's

26   Memorandum in Opposition to Cross-Motion for Summary Judgment and In Reply to Memorandum

27   of Levi Strauss & Company In Opposition to Motion for Summary Judgment in the consolidated *Lois*

28   and *Textiles* actions, dated June 19, 1985.

10.     Attached hereto as Exhibit H is a true and correct copy of the transcript of the court's hearing on the parties' cross-motions for summary judgment in the consolidated *Lois* and *Textiles* actions, dated July 12, 1985.

11.     Attached hereto as Exhibit I is a true and correct copy of LS&CO.'s Combined Affidavit Under Sections 8 and 15 in connection with U.S. Trademark Registration No. 1,139,254, dated January 2, 1986.

12.     Attached hereto as Exhibit J is a true and correct copy of Lois's and Textiles's Notice of Appeal in the consolidated *Lois* and *Textiles* actions, dated December 3, 1985.

13.     Attached hereto as Exhibit K is a true and correct copy of Lois's and Textiles's Brief for Appellant in the Second Circuit Court of Appeals, Case No. 85-7976/7880, filed January 22, 1986.

14.     Attached hereto as Exhibit L is a true and correct copy of excerpts from the Trademark Manual of Examining Procedure, United States Patent and Trademark Office, Fifth Edition, September 2007.

15.     Attached hereto as Exhibit M is a true and correct copy of excerpts from the U.S. Department of Commerce, Patent and Trademark Office, Trademark Manual of Examining Procedure, First Edition, Rev. 7, January 1986.

16.     Attached hereto as Exhibit N is a true and correct copy of pages 35-36, 43, 62-63, and 67-70 from the transcript of the deposition of David J. Kera conducted in this action on July 31, 2008.

17.     Attached hereto as Exhibit O is a true and correct copy of Abercrombie & Fitch Trading Co.'s ("A&F") Response to LS&CO.'s Second Set of Interrogatories in this action, dated June 2, 2008.

18.     Attached hereto as Exhibit P is a true and correct copy of the expert report of David J. Kera, dated June 30, 2008, produced by A&F in this action, along with true and correct copies of pages from the transcript of the deposition of Mr. Kera authenticating the report.

19.     Attached hereto as Exhibit Q is a true and correct copy of A&F's Supplemental Responses to LS&CO.'s First Set of Interrogatories in this action, dated April 21, 2008.

20.     Attached hereto as Exhibit R is a true and correct copy of the expert report of Dr. Gerald Ford (without exhibits), dated June 30, 2008, produced by A&F in this action, along with true

1    and correct copies of pages from the transcript of the deposition of Dr. Ford conducted in this action

2    on July 23, 2008, authenticating the report.

3         21.    Attached hereto as Exhibit S is a true and correct copy of U.S. Trademark Application

4    Serial Number 78/766,368, filed by A&F on or about December 5, 2005.

5         22.    Attached hereto as Exhibit T is a true and correct copy of a document produced by

6    A&F in this action bearing the Bates numbers A&F RFP#1 0804 - A&F RFP#1 0805.

7         23.    Attached hereto as Exhibit U is a true and correct copy of LS&CO.'s Notice of

8    Opposition to U.S. Trademark Application Serial Number 78/766,368, filed with the Trademark Trial

9    and Appeal Board on February 9, 2007.

10        24.    Attached hereto as Exhibit V is a true and correct copy of A&F's Responses to

11   LS&CO.'s First Set of Interrogatories in Opposition Proceeding No. 91175601, dated June 19, 2007.

12   On page 4, in its response to Interrogatory No. 6, A&F identified a first use date of February 2005.

13        I declare under penalty of perjury under the laws of the United States that the foregoing

14   statements are true and correct.

15        Executed at San Francisco, California on this 15th day of August, 2008.

16

17

18                                    _____/s/ Gia L. Cincone_____
                                      Gia L. Cincone

19   61466805 v1

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**A-39**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

LOIS SPORTSWEAR, U.S.A., INC.,          :

                     Plaintiff,          :          Civ.

     -against-          :          COMPLAINT

LEVI STRAUSS & COMPANY,          :

                  Defendant.          :

--------------------------------------x

       Plaintiff Lois Sportswear, U.S.A., Inc. ("Lois") by its attorneys, Whitman & Ransom, complaining of the defendant, alleges, upon information and belief, that:

### JURISDICTION AND VENUE

       1.  This action is brought under the provisions of the Lanham Act, 15 U.S.C. §§ 1051 et seq., 28 U.S.C. § 2201 and the laws of the State of New York for (a) a declaration against the named defendant that the use of a stitched pocket design on certain items of wearing apparel imported and distributed by Lois does not infringe any trademark rights possessed by defendant and does not constitute a violation of defendant's rights under 15 U.S.C. § 1125(a) or New York State law governing trademarks, unfair competition and dilution; and (b) a permanent injunction restraining defendant from interfering in any manner with Lois' importation and distribution of items of apparel bearing such a design.

       2.  Jurisdiction of this Court is predicated upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and principles of pendent jurisdiction.

LS-A&F010972

A-40

3.  Venue is properly laid in this district in accordance with 28 U.S.C. § 1391.

## THE PARTIES

4.  Plaintiff Lois is a corporation organized under the laws of the State of Delaware, with a principal place of business at 12 West 57th Street, New York, New York, and is a wholly-owned subsidiary of Tycesa Holdings, B.V., a Netherlands company.  Lois is part of a group of companies affiliated with Textiles y Confecciones Europeas, S.A. ("Textiles"), a Spanish company located in Valencia, Spain.  Textiles is the manufacturer of textiles and wearing apparel bearing the Lois brand name, which has attained widespread recognition throughout Europe and Canada as a result of extensive marketing efforts by Textiles and its affiliates over the past 20 years.  Plaintiff Lois, which was incorporated in 1977 and has been doing business in the United States since 1979, imports and distributes wearing apparel manufactured by Textiles.

5.  Upon information and belief, defendant Levi Strauss & Company ("Levi") is a corporation organized under the laws of the State of Delaware with its principal place of business at 98 Battery Street, San Francisco, California.  Upon further information and belief, Levi is doing business in the State of New York, having an office located at 666 Fifth Avenue, New York, New York.  Levi is in the business of manufacturing and distributing certain types of wearing apparel, including jeans.

## FACTUAL ALLEGATIONS

6.  Included among the items of apparel imported and

-2-

LS-A&F010973

A-41

distributed by Lois are jeans made of denim and other fabrics. These jeans, which retail for approximately $60 per pair, are sold to consumers through various high-quality department stores and boutiques throughout the United States.

7. Over the past three years, Lois has exerted considerable efforts to promote its brand name in the American market. In 1982, Lois spent over $700,000 in advertising its brand name through television commercials and advertisements in the print media. Additionally, Lois has participated in a number of trade shows in the United States to promote its brand name among members of the retail trade. As a result of these substantial expenditures and efforts, the Lois brand name has gained widespread recognition in the American market and has become associated in the mind of the consuming public with high-quality, high-priced sportswear.

8. Lois' jeans are marketed and sold to the ultimate consumer with a variety of identifying marks, which serve to distinguish Lois' jeans from those of other manufacturers. For example, jeans distributed by Lois are sold with "hang tags" upon which the Lois brand name and its distinctive bull symbol are prominently displayed. Additionally, each pair of Lois' jeans is sold with two stitched-on cardboard tags, one measuring approximately 5 inches by 3 inches and the other measuring approximately one inch by three inches, both of which tags prominently feature Lois' brand name and bull symbol and also indicate in conspicuous print that Lois' jeans are "imported from Europe." Finally, there are various identifying symbols affixed

-3-

LS-A&F010974

permanently to the jeans, including:  (a) a two-inch by one-inch leather tag affixed to the left rear pocket bearing the Lois brand name and bull symbol; (b) a fabric tag stitched to the right rear pocket which features the Lois brand name; (c) a sizing and care tag stitched to the inner waist seam which bears the Lois brand name and indicates that both the fabric and product are made in Spain; (d) a brass button located on the waist band bearing the Lois brand name; and (e) a quarter circle leather tag stitched to the right front pocket bearing the distinctive bull symbol.  Annexed to this complaint as Exhibit A are copies of the various identifying tags which are affixed to Lois' jeans.

9.  As part of their design, Lois' jeans have a stitched pattern on each of the two back pockets.  A photocopy of this pattern as it appears on Lois' jeans is annexed to this complaint as Exhibit B.

10.  In the past, defendant Levi has complained to Lois that the use of this pocket pattern on Lois' jeans infringes Levi's rights under the trademark laws.  Specifically, Levi has claimed that the design which it uses on the back pockets of its jeans is a registered trademark and that the use of a purportedly similar design on Lois' jeans creates a likelihood of confusion.  As a consequence, Levi has threatened to sue Lois for trademark infringement.  (A copy of the design which appears on the back pockets of Levi's jeans is annexed to this complaint as Exhibit C).

11.  In an apparent attempt to enforce what it perceives

-4-

LS-A&F010975

to be its trademark rights, Levi has recently attempted to
interfere with Lois' business by invoking 15 U.S.C. § 1124 and 19
U.S.C. § 1526 and persuading the United States Customs Service
("Customs") to prevent the importation of Lois' jeans on the
ground that they infringe Levi's registered trademark.
Specifically, on or about October 30, 1981, Levi formally asked
Customs to reconsider its decision dated June 30, 1981, which
held that Lois' jeans do not infringe any trademark rights held
by Levi.  As a result of Levi's request, Customs issued a ruling
pursuant to 19 C.F.R., part 177, without notice to Lois, that
Lois jeans bearing the stitched pocket design infringe Levi's
trademark rights and that such jeans will not be permitted entry
into the United States.  A copy of this ruling is annexed to this
complaint as Exhibit D.

        12.  In view of Levi's conduct, including its past
demands to Lois to cease using the stitched pocket design on Lois
jeans, its threat to bring a trademark infringement action
against Lois and its most recent efforts to prevent the
importation of Lois jeans by invoking the customs and trademark
laws, there exists a present and justiciable controversy between
Lois and Levi as to whether the stitched pocket design on Lois'
jeans infringes Levi's rights under the trademark laws.

                    AS AND FOR A FIRST CLAIM

        13.  Lois repeats and realleges all of the allegations
contained in paragraphs 1 through 12 of this complaint,
inclusive.

        14.  The design which appears on the back pockets of

-5-

LS-A&F010976

**A-44**

Lois' jeans is not identical to the design which appears on the back pockets of Levi's jeans.

15.   The design which appears on the back pockets of Lois' jeans is not confusingly similar to the design which appears on the back pockets of Levi's jeans.

16.   There is no possibility of confusion arising from the use of the stitched design on the back pockets of Lois' jeans, since Lois prominently displays its house mark and other identifying marks on "hang tags," stitched tags and other features which are permanently affixed to the jeans.

17.   Additionally, there is no possibility that consumers or merchants will confuse Lois' jeans with Levi's jeans, since the price ranges of the products differ substantially and the goods are generally not sold in the same retail outlets.

18.   The use of the stitched pocket design on Lois jeans therefore does not constitute a violation of any of Levi's rights under 15 U.S.C. §§ 1114 and 1124 or 19 U.S.C. § 1526.

### AS AND FOR A SECOND CLAIM

19.   Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12 and 14 through 17 of this complaint, inclusive.

20.   The use of the stitched pocket design on Lois' jeans does not constitute a false designation of origin or a false description or representation within the meaning of 15 U.S.C. § 1125(a).

-6-

LS-A&F010977

## AS AND FOR A THIRD CLAIM

21.  Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12 and 14 through 17 of this complaint, inclusive.

22.  The use of the stitched design on the back pockets of Lois' jeans does not constitute trademark infringement, unfair competition or unlawful dilution under the laws of the State of New York.

## AS AND FOR A FOURTH CLAIM

23.  Lois repeats and realleges all of the allegations contained in paragraphs 1 through 12, inclusive.

24.  Levi has known of the use of the stitched pocket design on jeans distributed in the United States by Lois since at least 1979, but has not commenced any action against Lois in any court within the United States to enforce its purported trademark rights.

25.  In reliance upon Levi's failure to take legal action, Lois has made binding commitments in recent months to purchase and import jeans bearing the stitched pocket design and to supply such jeans to retailers within the United States.

26.  As a consequence, Lois would be severely prejudiced by the untimely assertion of a trademark claim by Levi after at least three years of inaction.

27.  Levi is therefore barred by laches from asserting any claim against Lois based upon its alleged trademark rights in its stitched pocket design.

WHEREFORE, plaintiff Lois Sportswear, U.S.A., Inc. asks

LS-A&F010978

**A-46**

for judgment:

      (a)  declaring that the use of the stitched pocket design on its jeans does not constitute an infringement of any trademark rights defendant Levi may possess under 15 U.S.C. §§ 1114 and 1124 or 19 U.S.C. § 1526;

      (b)  declaring that the use of the stitched pocket design on Lois' jeans does not constitute a false designation of origin or false representation within the meaning of 15 U.S.C. § 1125(a);

      (c)  declaring that the use of the stitched pocket design on Lois' jeans does not constitute a violation of any of Levi's rights under the laws of the State of New York dealing with trademark, unfair competition or dilution;

      (d)  declaring that Levi is barred by laches from asserting any claim against Lois based upon any alleged trademark rights in the stitched pocket design; and

      (e)  permanently enjoining Levi from interfering in any manner whatsoever with Lois' importation or sale of jeans bearing the stitched pocket design.

Dated:  New York, New York
       December 13, 1982

                        WHITMAN & RANSOM

                        By _/s/ John M. Hadlock_
                        A Member of the Firm
                        Attorneys for Plaintiff
                        Lois Jeans & Jackets,
                          U.S.A., Inc.
                        522 Fifth Avenue
                        New York, New York 10036
                        (212) 575-5800

LS-A&F010979

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

LOIS SPORTSWEAR, U.S.A., INC.          :    Civil Action
                                            82 Civ. 8326
                         Plaintiff,    :
                                                ANSWER
        - against -                    :         AND
                                            COUNTERCLAIMS
LEVI STRAUSS & COMPANY                  :

                         Defendant.    :
- - - - - - - - - - - - - - - - - - - -x

        Defendant, Levi Strauss & Co. ("Levi"), for its answer
to the complaint of plaintiff, Lois Sportswear U.S.A., Inc.
("Lois") and for its counterclaims against said plaintiff, al-
leges:

        1.   Admits that plaintiff purports to allege a claim
for declaratory judgment and injunctive relief but otherwise
denies plaintiff's entitlement to such relief as alleged in par-
agraph 1.

        2.   Admits the allegations of paragraph 2.

        3.   Admits the allegations of paragraph 3.

        4.   Admits upon information and belief that Lois is a
corporation formed under the laws of the State of New York with
a place of business in this District and that it engages in the
importation and distribution of wearing apparel but denies
knowledge or information sufficient to form a belief as to the

1/5/83

LS-A&F010980

truth or falsity of the remaining allegations of paragraph 4 and, accordingly, denies same.

5.   Admits the allegations of paragraph 5.

6.   Admits that Lois imports and distributes jeans but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and, accordingly, denies same.

7.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and, accordingly, denies same.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and, accordingly, denies same.

9.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and, accordingly, denies same.

10.  Asserts that the stitching design on the back pocket of Lois' jeans is confusingly similar to the stitching design long previously used by Levi and, as thus asserted, admits the allegations of paragraph 10.

2

LS-A&F010981

11. Admits that Levi has lawfully asserted its rights pursuant to federal statute in communicating under date of October 30, 1981 with the United States Customs Service to prevent the importation of Lois jeans bearing the aforesaid stitching design upon the ground that it is confusingly similar to Levi's registered trademark, that the Customs Service determined on June 30, 1982 that said products should not be permitted entry into the United States because of such confusing similarity, and that a copy of such ruling is annexed to the Complaint as Exhibit D but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 and, accordingly, denies same.

12. Admits the allegations of paragraph 12.

13. Repeats and realleges its responses to paragraphs 1 through 12, inclusive, as repeated and realleged in paragraph 13.

14. Admits that the design which appears on the back pocket of the jeans of Lois discloses a slight variation by way of an additional embellishment upon the design mark used by Lois but that the Lois design otherwise incorporates the entirety of Levi's design and, except as so admitted, denies the allegations of paragraph 14.

3

15.   Denies the allegations of paragraph 15.

16.   Denies the allegations of paragraph 16.

17.   Denies the allegations of paragraph 17.

18.   Denies the allegations of paragraph 18.

19.   Repeats and realleges its responses to paragraphs 1 through 12, inclusive, and 14 as repeated and realleged in paragraph 19.

20.   Denies the allegations of paragraph 20.

21.   Repeats and realleges its responses to paragraphs 1 through 12 and 14 through 17, inclusive, as repeated and re-alleged in paragraph 21.

22.   Denies the allegations of paragraph 22.

23.   Repeats and realleges its responses to paragraphs 1 through 12, inclusive, as repeated and realleged in paragraph 23.

24.   Admits that Levi has been aware of some sporadic use of the stitched pocket design by Lois and that Levi has not

4

LS-A&F010983

heretofore instituted an infringement action based thereupon but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 24 and, accordingly, denies same.

25.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 and, accordingly, denies same.

26.    Denies the allegations of paragraph 26.

27.    Denies the allegations of paragraph 27.

## AS AND FOR A FIRST COUNTERCLAIM

28.    Levi is a corporation formed under the laws of the State of Delaware with its principal place of business in San Francisco, California.

29.    Upon information and belief, plaintiff is a corporation formed under the laws of the State of Delaware with a place of business in this District and is doing and transacting business in the State of New York.

30.    Jurisdiction is alleged under 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper under 28 U.S.C. § 1391.

5

LS-A&F010984

31.  Commencing from a time long prior to the acts of plaintiff herein alleged, Levi adopted and has continuously employed an arbitrary and distinctive design (hereinafter "arcuate design mark") on the rear pockets of its jeans.  Said arcuate design mark has been used by Levi on a vast scale throughout the United States over a period of many decades and it has, accordingly, come to be recognized by the public as an indication that Levi is the source of garments upon which it appears.

32.  Levi is the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No. | Issue Date |
|----------|------------|
| 404,248 | November 16, 1943 |
| 1,139,254 | September 2, 1980 |

Levi Strauss is also the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No. | Issue Date |
|----------|------------|
| 223,725 | February 8, 1927 |
| 849,437 | May 21, 1968 |
| 989,435 | July 30, 1974 |

6

LS-A&F010985

33.   Upon a date presently unknown to Levi, plaintiff knowingly and with deceptive purpose commenced and has since used, and threatens to continue to use, in commerce and in a manner affecting commerce, a design mark on the rear pockets of its jeans which design closely imitates the arcuate design mark of Levi.

34.   The use by plaintiff of said design mark constitutes an unprivileged reproduction, copy or colorable imitation of Levi's registered arcuate design mark and is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

35.   Levi has suffered and will continue to suffer irreparable injury from the acts of plaintiff for which no adequate remedy exists at law.

### AS AND FOR A SECOND COUNTERCLAIM

36.   The allegations of paragraphs 28-31, and 33 and 35 are repeated and realleged as though fully set forth herein.

37.   The use by plaintiff of said design mark, by reason of its confusing similarity to the arcuate design mark of Levi, constitutes a false representation or description tending falsely to describe or represent the products of plaintiff in violation of 15 U.S.C. § 1125(a).

7

LS-A&F010986

## AND AS FOR A THIRD COUNTERCLAIM

38. The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

39. The use by plaintiff of said design marks constitutes an infringement of Levi's trademark rights and an unfair method of competition in violation of the common law of the State of New York and of the other States of the United States in which plaintiff makes such use.

## AS AND FOR A FOURTH COUNTERCLAIM

40. The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

41. The use by plaintiff of said design mark is likely to dilute the distinctive quality of the arcuate design mark of Levi in violation of New York General Business Law § 368(d) and the similar laws of other states in which plaintiff makes such use.

## AS AND FOR A FIFTH COUNTERCLAIM

42. The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

8

LS-A&F010987

43. The use by plaintiff of said design mark constitutes a deceptive act and practice in violation of New York Business Law § 349 and the similar law of other states in which plaintiff makes such use.

WHEREFORE, Levi demands judgment:

1. Enjoining plaintiff, its officers, agents, assigns and all who act in privity with it from using in the advertising or sale of jeans or related products the design mark herein alleged to violate the rights of Levi or any other design mark which is confusingly similar to the arcuate design mark of Levi;

2. Awarding to Levi such damages as may be established upon the trial, trebled in accordance with 15 U.S.C. § 1117;

3. Ordering plaintiff to account for an pay over to Levi all profits received by plaintiff from the sale of jeans in connection with the confusingly similar design mark used by plaintiff;

4. Granting Levi an award of its counsel fees and expenses herein pursuant to 15 U.S.C. § 1117;

9

LS-A&F010988

**A-56**

      5.   Awarding Levi such other and further relief as to the Court may seem just and proper.

Dated:  New York, New York
        January ___, 1983

                     MILGRIM THOMAJAN JACOBS & LEE
                     PROFESSIONAL CORPORATION

                     By _____
                        Alfred T. Lee
                     Attorneys for Defendant
                     LEVI STRAUSS & CO.
                     The Chrysler Building
                     405 Lexington Avenue
                     New York, New York 10174
                     (212) 867-6660

10

LS-A&F010989