# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
LEVI STRAUSS & COMPANY,           :  Civil Action No.
                 Plaintiff,       :
       -against-                  :  COMPLAINT
TEXTILES CONFECCIONES EUROPAS, S.A.,  :
                 Defendant.       :
----------------------------------x

Levi Strauss & Company ("Levi") for its complaint against the defendant, Textiles Confecciones Europas, S.A. ("Textiles"), alleges as follows:

### FIRST CLAIM

1. Levi is a corporation formed under the laws of the State of Delaware with its principal place of business in San Francisco, California.

2. Upon information and belief, defendant Textiles is a corporation formed under the laws of Spain with a principal place of business in Valencia, Spain and is doing and transacting business in the State of New York and in this District.

3. Jurisdiction of this Court lies under 15 U.S.C. § 1121 and 18 U.S.C. § 1338.

4. Commencing from a time long prior to the acts of plaintiff herein alleged, Levi adopted and has continuously employed an arbitrary and distinctive design (hereinafter "arcuate design mark") on the rear pockets of its jeans. Said arcuate design mark has been used by Levi on a vast scale throughout the United States over a period of many decades and it has, accordingly, come to be recognized by the public as an indication that Levi is the source of garments upon which it appears.

5. Levi is the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No. | Issue Date |
|---|---|
| 404,248 | November 16, 1943 |
| 1,139,254 | September 2, 1980 |

Levi Strauss is also the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

2

| Reg. No. | Issue Date |
|---|---|
| 223,725 | February 8, 1927 |
| 849,437 | May 21, 1968 |
| 989,435 | July 30, 1974 |

6. Upon a date presently unknown to Levi, Textiles knowingly and with deceptive purpose commenced and has since used, and threatens to continue to use, in commerce and in a manner affecting commerce, a design mark on the rear pockets of its jeans which design closely imitates the arcuate design mark of Levi and Textiles has caused such jeans to enter the United States and this District for sale to and resale by merchants throughout the country.

7. The use by Textiles of said design mark constitutes an unprivileged reproduction, copy or colorable imitation of Levi's registered arcuate design mark and is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

8. Levi has suffered and will continue to suffer irreparable injury from the acts of Textiles for which no adequare remedy exists at law.

3

LS-A&F011000

## SECOND CLAIM

9. The allegations of paragraphs 1-4, and 6-8 are repeated and realleged as though fully set forth herein.

10. The use by Textiles of said design mark, by reason of its confusing similarity to the arcuate design mark of Levi, constitutes a false representation or description tending falsely to describe or represent the products of Textiles in violation of 15 U.S.C. § 1125(a).

## THIRD CLAIM

11. The allegations of paragraphs 1-4, and 6-8 are repeated and realleged as though fully set forth herein.

12. The use by Textiles of said design marks constitutes an infringement of Levi's trademark rights and an unfair method of competition in violation of the common law of the State of New York and of the other States of the United States in which Textiles makes such use.

## FOURTH CLAIM

13. The allegations of paragraphs 1-4, and 6-8 are repeated and realleged as though fully set forth herein.

4

14. The use by Textiles of said design mark is likely to dilute the distinctive quality of the arcuate design mark of Levi in violation of New York General Business Law § 368-d and the similar laws of other states in which Textiles makes such use.

### FIFTH CLAIM

15. The allegations of paragraphs 1-4, and 6-8 are repeated and realleged as though fully set forth herein.

16. The use by Textiles of said design mark constitutes a deceptive act and practice in violation of New York Business Law § 349 and the similar laws of other states in which Textiles makes such use.

WHEREFORE, Levi demands judgment:

1. Enjoining Textiles, its officers, agents, assigns and all who act in privity with it from using in the advertising or sale of jeans or related products the design mark herein alleged to violate the rights of Levi or any other design mark which is confusingly similar to the arcuate design mark of Levi;

5

    2.  Awarding to Levi such damages as may be established upon the trial, trebled in accordance with 15 U.S.C. § 1117;

    3.  Ordering Textiles to account for and pay over to Levi all profits received by Textiles from the sale of jeans in connection with the confusingly similar design mark used by it;

    4.  Granting Levi an award of its counsel fees and expenses herein pursuant to 15 U.S.C. § 1117;

    5.  Awarding to Levi such other and further relief as to the Court may seem just and proper.

Dated: New York, New York

                      MILGRIM THOMAJAN JACOBS & LEE
                      PROFESSIONAL CORPORATION

                      By _____
                          Alfred T. Lee
                      Attorneys for Plaintiff
                      The Chrysler Building
                      405 Lexington Avenue
                      New York, New York 10174
                      (212) 867-6660

LS-A&F011003

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------x

LOIS SPORTSWEAR, U.S.A., INC.,                : Civil Action
                                                82 Civ. 8326 (KTD)
                    Plaintiff,                :
                                                PLAINTIFF'S
      -against-                               : ANSWER TO
                                                COUNTERCLAIMS
LEVI STRAUSS & COMPANY,                       :

                    Defendant.                :

---------------x

      Plaintiff, Lois Sportswear, U.S.A., Inc. ("Lois"), by its attorneys Whitman & Ransom, hereby responds to the allegations of the counterclaims, as follows:

### AS TO THE FIRST COUNTERCLAIM

      1. Upon information and belief, admits each and every allegation set forth in paragraph 28 of the Answer and Counterclaims.

      2. Admits each and every allegation set forth in paragraph 29 of the Answer and Counterclaims.

      3. Admits the allegations of jurisdiction and the propriety of venue as set forth in paragraph 30 of the Answer and Counterclaims.

      4. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 31 of the Answer and Counterclaims, except denies that defendant's "arcuate design mark" possesses distinctive qualities, and further denies that that mark serves as a means of designating origin with the defendant, and that the public recognizes that design as an indication that defendant

is the source of garments upon which it appears.

5. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 32 of the Answer and Counterclaims, and refers the Court to the registrations referenced in that paragraph.

6. Denies each and every allegation set forth in paragraphs 33, 34 and 35 of the Answer and Counterclaims.

### AS TO THE SECOND COUNTERCLAIM

7. In response to paragraph 36 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

8. Denies each and every allegation set forth in paragraph 37 of the Answer and Counterclaims.

### AS TO THE THIRD COUNTERCLAIM

9. In response to paragraph 38 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

10. Denies each and every allegation set forth in paragraph 39 of the Answer and Counterclaims.

### AS TO THE FOURTH COUNTERCLAIM

11. In response to paragraph 40 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims,

-2-

LS-A&F010991

to the extent applicable, as though fully set forth at length.

12. Denies each and every allegation set forth in paragraph 41 of the Answer and Counterclaims.

### AS TO THE FIFTH COUNTERCLAIM

13. In response to paragraph 42 of the Answer and Counterclaims, repeats each and every allegation set forth in paragraphs 1 through 4 and 6 of the Answer and Counterclaims, to the extent applicable, as though fully set forth at length.

14. Denies each and every allegation set forth in paragraph 43 of the Answer and Counterclaims.

### AS A FIRST AFFIRMATIVE DEFENSE

15. Upon information and belief, defendant's "double arcuate mark" never functioned as a designation of source or origin and was and is, therefore, not susceptible of appropriation or protection as a trademark.

### AS A SECOND AFFIRMATIVE DEFENSE

16. Even assuming that defendant's "double arcuate mark" performed a trademark function at some prior time, it has become so diluted by reason of the widespread use by others, on jeans and similar garments, of the same or a similar design that it has lost whatever distinctiveness it otherwise possessed and no longer functions as a designation of source or origin with the defendant.

### AS A THIRD AFFIRMATIVE DEFENSE

17. Defendant's failure to police adequately the

-3-

LS-A&F010992

use by others, on jeans and similar garments, of the "double arcuate mark" or a similar design, and/or defendant's acquiescence to such use, has resulted in a loss by defendant of any trademark rights it otherwise possessed in that mark.

### AS A FOURTH AFFIRMATIVE DEFENSE

18. Defendant is estopped from asserting the causes of action set forth in its counterclaims against plaintiff by reason of its failure to police adequately the use by others of the "double arcuate mark" or a similar design, on jeans and similar garments, and/or its acquiescence to such use.

### AS A FIFTH AFFIRMATIVE DEFENSE

19. Defendant is barred from asserting the cause of action set forth in its counterclaims against plaintiff, by reason of its laches in unreasonably delaying its attempt to enforce such claims against plaintiff, after it had knowledge that plaintiff was utilizing on its jeans the particular back pocket stitching design which is the subject of the counterclaims.

WHEREFORE, Lois demands judgment dismissing the counterclaims, and for the relief set forth in its complaint, which is incorporated in this answer to counterclaims by reference, and for costs, disbursements and reasonable

LS-A&F010993

attorneys' fees incurred in this action, and such other and further relief as may be just.

Dated: New York, New York
       January 25, 1983

          WHITMAN & RANSOM

          By _____

          Attorneys for Plaintiff
          522 Fifth Avenue
          New York, New York 10036
          (212) 575-5800

LS-A&F010994

# CERTIFICATE OF SERVICE

STATE OF NEW YORK  )
                   : ss.:
COUNTY OF NEW YORK )

   MAX F. SCHUTZMAN, pursuant to 28 U.S.C. § 1746, states:

   1. I am an attorney duly admitted to practice in the courts of this State and in this Court. I am associated with the firm of Whitman & Ransom, attorneys for plaintiff, and am not a party to this action.

   2. On January 25, 1983, I served the annexed plaintiff's answer to counterclaims upon the following attorneys of record for defendant by placing a true copy of same in a properly addressed, postpaid wrapper and depositing said wrapper in an official depository under the exclusive custody and control of the Postal Department within this State:

   Milgrim Thomajan Jacobs & Lee
   405 Lexington Avenue
   New York, New York  10174

   3. I certify under penalty of perjury that the foregoing is true and correct. Executed on January 25, 1983.

                                    _____
                                    Max F. Schutzman

**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

LEVI STRAUSS & COMPANY,                     :
                Plaintiff,          :    Civil Action
                                            :    83 Civ. 4338 (J. Sweet)
   -against-                               :

TEXTILES CONFECCIONES EUROPAS, S.A.         :
                                                 ANSWER
                Defendant.          :

- - - - - - - - - - - - - - - - - -x

        Defendant, Textiles Confecciones Europas, S.A., ("Textiles"), by its attorneys Whitman & Ransom, for its Answer to the Complaint herein, responds as follows:

### AS TO THE FIRST CLAIM

        1.  Upon information and belief, admits each and every allegation set forth in paragraph 1 of the Complaint.

        2.  Admits the allegations set forth in paragraph 2 of the Complaint except denies that Textiles is doing or transacting business in the State of New York and in this District.

        3.  Denies the allegations contained in paragraph 3 of the Complaint.

        4.  Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 4 of the Complaint except denies that plaintiff's "arcuate design mark" possesses distinctive qualities, and further denies that that mark serves as a means of designating origin with the

11/23/83

LS-A&F011014

plaintiff, and that the public recognizes that design as an indication that plaintiff is the source of garments upon which it appears.

5. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 5 of the Complaint, and refers the Court to the registrations referenced in that paragraph.

6. Denies each and every allegation set forth in paragraphs 6, 7 and 8 of the Complaint.

### AS TO THE SECOND CLAIM

7. In response to paragraph 9 of the Complaint, repeats each and every allegation set forth in paragraphs 1 through 6 hereof to the extent applicable, as though fully set forth at length.

8. Denies each and every allegation set forth in paragraph 10 of the Complaint.

### AS TO THE THIRD CLAIM

9. In response to paragraph 11 of the Complaint, repeats each and every allegation set forth in paragraphs 1 through 8 hereof to the extent applicable, as though fully set forth at length.

10. Denies each and every allegation set forth in paragraph 12 of the Complaint.

### AS TO THE FOURTH CLAIM

11. In response to paragraph 13 of the Complaint, repeats each and every allegation set forth in paragraphs 1

LS-A&F011015

through 10 hereof to the extent applicable, as though fully set forth at length.

12. Denies each and every allegation set forth in paragraph 14 of the Complaint.

## AS TO THE FIFTH CLAIM

13. In response to paragraph 15 of the Complaint, repeats each and every allegation set forth in paragraphs 1 through 12 hereof to the extent applicable, as though fully set forth at length.

14. Denies each and every allegation set forth in paragraph 16 of the Complaint.

## AS A FIRST AFFIRMATIVE DEFENSE

15. Upon information and belief, plaintiff's "double arcuate mark" never functioned as a designation of source or origin and was and is, therefore, not susceptible of appropriation or protection as a trademark.

## AS A SECOND AFFIRMATIVE DEFENSE

16. Even assuming that plaintiff's "double arcuate mark" performed a trademark function at some prior time, it has become so diluted by reason of the widespread use by others, on jeans and similar garments, of the same or a similar design that it has lost whatever distinctiveness it otherwise possessed and no longer functions as a designation of source or origin with the defendant.

## AS A THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's failure to police adequately the use by others, on jeans and similar garments, of the "double arcuate

-3-

mark" or a similar design, and/or plaintiff's acquiescence to such use, has resulted in a loss by plaintiff of any trademark rights it otherwise possessed in that mark.

### AS A FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff is estopped from asserting the causes of action set forth in its Complaint against defendant by reason of its failure to police adequately the use by others of the "double arcuate mark" or a similar design, on jeans and similar garments, and/or its acquiescence to such use.

### AS A FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff is barred from asserting the cause of action set forth in its Complaint against defendant, by reason of its laches in unreasonably delaying its attempt to enforce such claims against defendant, after it had knowledge that defendant was utilizing on its jeans the particular back pocket stitching design which is the subject of the counterclaims.

WHEREFORE, Textiles demands judgment dismissing the Complaint, and awarding Textiles the costs, disbursements and reasonable attorneys' fees incurred in this action, and such other and further relief as may be just.

Dated: New York, New York
       November 23, 1983

                                    WHITMAN & RANSOM

                                    By _John M. Hadlock_
                                    Attorneys for Plaintiff
                                    522 Fifth Avenue
                                    New York, New York 10036
                                    (212) 575-5800

-4-

LS-A&F011017

CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

   Louis Armand Dejoie, pursuant to 28 U.S.C. § 1746, states:

   1. I am an attorney associated with the firm of Whitman & Ransom, attorneys for defendant and am not a party to this action.

   2. On November 23, 1983, I served the annexed Answer upon the following attorneys of record for defendant by placing a true copy of same in a properly addressed, postpaid wrapper and depositing said wrapper in an official depository under the exclusive custody and control of the Postal Department within this State:

   Milgrim Thomajan Jacobs & Lee
   405 Lexington Avenue
   New York, New York 10174

   3. I certify under penalty of perjury that the foregoing is true and correct. Executed on November 23, ~~January 25,~~ 1983.

          /s/ Louis Armand Dejoie
          Louis Armand Dejoie