# EXHIBIT U

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA124327** |
|---|---|
| Filing date: | **02/09/2007** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| Name | Levi Strauss &amp; Co. | | |
|---|---|---|---|
| Entity | Corporation | Citizenship | Delaware |
| Address | Levi's Plaza, 1155 Battery St.<br>San Francisco, CA 94111<br>UNITED STATES | | |

| Attorney information | Gia L. Cincone<br>Townsend and Townsend and Crew LLP<br>Two Embarcadero Ctr., 8th Floor<br>San Francisco, CA 94111<br>UNITED STATES<br>glcincone@townsend.com Phone:415-576-0200 |
|---|---|

## Applicant Information

| Application No | 78766368 | Publication date | 01/16/2007 |
|---|---|---|---|
| Opposition Filing Date | 02/09/2007 | Opposition Period Ends | 02/15/2007 |
| Applicant | Abercrombie &amp; Fitch Trading Co.<br>6301 Fitch Path<br>New Albany, OH 43054<br>UNITED STATES | | |

## Goods/Services Affected by Opposition

| Class 025.<br>All goods and sevices in the class are opposed, namely: Clothing, namely, jackets |
|---|

| Attachments | A&amp;F 368 Notice of Opposition.pdf ( 14 pages )(358333 bytes ) |
|---|---|

| Signature | /Gia L. Cincone/ |
|---|---|
| Name | Gia L. Cincone |
| Date | 02/09/2007 |

Attorney Docket No. 031010-014900US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In re application of:

Abercrombie & Fitch Trading Co.

For:  DESIGN ONLY                                    NOTICE OF OPPOSITION

Serial No.:  78/766,368

Filed:  December 5, 2005

Published:  January 16, 2007

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451

Sir or Madam:

        Levi Strauss & Co. ("Opposer" or "LS&CO.") believes it will be damaged by the

registration of the DESIGN ONLY mark illustrated in and covered by Application Serial No.

78/766,368, filed on December 5, 2005, by Abercrombie & Fitch Trading Co. (hereinafter

"Applicant's mark"), and hereby opposes such registration.

        LS&CO. is a Delaware corporation with its headquarters and principal place of business

at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.  Applicant is, upon

information and belief, an Ohio corporation with its principal place of business at 6301 Fitch

Path, New Albany, Ohio 43054.  This Notice of Opposition has been timely filed.  As grounds of

opposition, LS&CO. alleges as follows:

Attorney Docket No. 031010-014900US

1.      As illustrated in the Official Gazette dated January 16, 2007, Applicant seeks to register the DESIGN ONLY mark that is the subject of Application Serial No. 78/766,368 in International Class 25.

2.      LS&CO. is the owner of the distinctive Arcuate Stitching Design Trademark (hereinafter the "Arcuate Trademark"), as reflected in the following representative registrations issued on the Principal Register, which are in full force and effect and are attached hereto as Exhibit A:

| Registration No. | Registration Date |
|---|---|
| 404,248 | November 16, 1943 |
| 1,139,254 | September 2, 1980 |
| 2,791,156 | December 9, 2003 |
| 2,794,649 | December 16, 2003 |

Since at least as early as 1873, LS&CO. continuously has used its Arcuate Trademark on a variety of goods, including but not limited to jeans, pants, jackets, skirts, dresses and shorts.

3.      No issue of priority exists with respect to LS&CO.'s Arcuate Trademark and Applicant's mark.  LS&CO.'s dates of adoption and first use of its Arcuate Trademark long precede the date of Applicant's first use, if any.

4.      Since adoption and first use of LS&CO.'s Arcuate Trademark, LS&CO. continuously has marketed and is presently marketing its goods nationwide.  LS&CO. has expended and continues to expend substantial time, money, and effort in promoting its Arcuate Trademark to identify LS&CO. as the source of the goods displaying that trademark.  As a result, LS&CO.'s goods are identified as originating from LS&CO. through the display of the Arcuate Trademark, and the public has come to recognize LS&CO. as the source of goods displaying the mark.

2.

Attorney Docket No. 031010-014900US

5.      By virtue of its long use and promotion of the Arcuate Trademark, LS&CO. has gained a valuable reputation for the mark and has developed exceedingly valuable goodwill in the mark.

6.      Registration of Applicant's mark will lead the public to conclude, incorrectly, that Applicant is or has been, and Applicant's goods displaying the mark are or have been, authorized, sponsored, or licensed by LS&CO..  Issuance of any registration to Applicant for the mark at issue is therefore contrary to the provisions of 15 U.S.C. § 1052(a) and will result in damage to LS&CO. and the public.

7.      Applicant's mark is deceptively similar to LS&CO.'s Arcuate Trademark so as to cause confusion, or to cause mistake or to deceive the public as to the origin of Applicant's goods bearing that trademark.  Therefore, registration of said trademark is prohibited by 15 U.S.C. § 1052(d).

8.      Because Applicant's mark is not associated with Applicant and creates the same, or essentially the same, commercial impression as LS&CO.'s Arcuate Trademark, registration of Applicant's mark is likely to cause confusion, or to cause mistake or to deceive the public as to the source of Applicant's goods, to the harm and damage of LS&CO. and the public.  Therefore, registration of Applicant's mark is prohibited by 15 U.S.C. § 1052(d).

9.      LS&CO.'s Arcuate Trademark is distinctive and famous within the meaning of 15 U.S.C. § 1125(c).  Applicant's mark has or is likely to cause dilution of the distinctive quality of LS&CO.'s Arcuate Trademark, in violation of 15 U.S.C. § 1125(c), to the harm and damage of LS&CO. and the public.  Therefore, registration of Applicant's mark may be refused under 15 U.S.C. §§ 1052 and 1063(a).

10.      Registration of Applicant's mark would constitute prima facie evidence of the validity of such registration, Applicant's ownership of the mark, and Applicant's exclusive right to use the mark pursuant to the provisions of 15 U.S.C. § 1057(b).  Such registration would be a source of damage and injury to LS&CO. and the public, and would be contrary to the principles of registration set out in 15 U.S.C. §§ 1051 *et seq.*

3.

Attorney Docket No. 031010-014900US

WHEREFORE, LS&CO. prays that this Opposition be sustained, and that registration to Applicant for the DESIGN ONLY mark illustrated in and covered by Application Serial No. 78/766,368 in International Class 25 be denied.

Please charge any necessary fee regarding this Opposition to the Deposit Account of Townsend and Townsend and Crew LLP, No. 20-1430, and credit any overpayment to such deposit account.

Please direct all notices, pleadings and process regarding this matter to:

Gia L. Cincone, Esq.
TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111-3834
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

Respectfully submitted,

TOWNSEND *and* TOWNSEND *and* CREW LLP

Dated:  February 9, 2007                    By:/s/  Gia L. Cincone
                                                  Gia L. Cincone
                                                  *Attorneys for Opposer*
                                                  *Levi Strauss & Co.*

Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834
Telephone:     (415) 576-0200
Facsimile:     (415) 576-0300
60979700 v1

4.

Exhibit A



429326

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *404,248* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *November 16, 1943*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *November 16, 1983*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS, LEVI & CO.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
**Certifying Officer**

**Registered Nov. 16, 1943**                    **Trade-Mark 404,248**

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Franisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

### Levi Strauss & Company, San Francisco, Calif.

### Act of February 20, 1905

### Application September 25, 1942, Serial No. 455,769



## STATEMENT

*To the Commissioner of Patents:*

Levis Strauss & Company, a corporation duly organized under the laws of the State of California and located at the city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for WAISTBAND TYPE OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in applicant's business since the year 1873. The trade-mark consists of double arcuate designs of orange color displayed on the hip pockets of the overalls as shown on the drawing. The mark is applied to the overalls by stitching the double arcuate designs on the hip pockets with orange colored thread, or by painting the lines of said design on the hip pockets with orange colored paint.

No claim is made to the exclusive use of the representation of a pair of overalls.

The undersigned hereby appoints Castberg & Roemer, a firm composed of Thomas Castberg and Irving C. Roemer, whose address is 807 Crocker Building, San Francisco, California, and whose registration number is 15,030, as its attorneys, with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By DANIEL E. KOSHLAND,
*Vice President.*

438326

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,139,254* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *September 02, 1980*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & CO.*
   *A DE CORP*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,139,254

## United States Patent and Trademark Office

Registered Sep. 2, 1980

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif.   94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND SHORTS, in CLASS 25 (U.S. CL. 39).
First use 1873; in commerce 1873.
Owner of U.S. Reg. No. 404,248.

Ser. No. 169,399. Filed May 8, 1978.

M. J. LEAHY, Primary Examiner



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

**OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS**
2900 Crystal Drive
Arlington, Virginia   22202-3513

REGISTRATION NO: 1139254      SERIAL NO: 73169399        MAILING DATE: 08/06/2001
REGISTRATION DATE: 09/02/1980
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO.
CORRESPONDENCE ADDRESS:

SARAH R. FULLER
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE, CA  94608-1925

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*********************************************

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

*********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
025.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,791,156 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *December 09, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
*LEVI STRAUSS & CO.*
*A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,791,156
Registered Dec. 9, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

OWNER OF U.S. REG. NOS. 1,041,846, 1,135,196,
AND 1,139,254.

THE LINING AND SHADING SHOWN IN THE
DRAWING ARE FEATURES OF THE MARK AND
NOT INTENDED TO INDICATE COLOR.

THE MARK CONSISTS OF THE COMBINATION
OF A DOUBLE ARCUATE AND TAB DESIGN
SHOWN ON THE SHAPE OF A POCKET, AS INDI-
CATED BY A SOLID LINE.

SER. NO. 78-144,339, FILED 7-16-2002.

ELLEN B. AWRICH, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,794,649 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 16, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & CO.*
   *A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,794,649

Registered Dec. 16, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1873; IN COMMERCE 0-0-1873.

THE MARK CONSISTS OF A DOUBLE ARCUATE
DESIGN.

SER. NO. 78-142,765, FILED 7-10-2002.

GINNY ISAACSON, EXAMINING ATTORNEY

# EXHIBIT V

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Levi Strauss & Co., | |
| Opposer, | Opposition No. 91175601 |
| | Application SN 78766368 |
| v. | |
| Abercrombie & Fitch Trading Co., | |
| Applicant. | |

## APPLICANT'S RESPONSES TO OPPOSER LEVI STRAUSS & CO.'S FIRST SET OF INTERROGATORIES

Applicant, Abercrombie & Fitch Trading Co., responds as follows to Opposer's interrogatories. The following answers are submitted to the extent that Opposer's interrogatories are understood and are based on information available at the present time. Applicant reserves the right to supplement its answers at such time as additional information, documents and facts come to its attention as a result of further case investigation, discovery or otherwise.

## GENERAL OBJECTIONS

Applicant asserts the following general objections in addition to the specific objections stated in response to particular interrogatories:

1.     By supplying information responsive to each interrogatory, Applicant does not concede the relevance, materiality, or admissibility of such documents or information, and reserves all objections thereto.

2.     Applicant objects to each interrogatory to the extent that they purport to require the disclosure of communications, documents or information prepared in anticipation of litigation, protected by the work product doctrine or subject to a claim of privilege, including, without limitation, the attorney-client privilege. Applicant hereby claims such privileges and protections to the extent implicated by each interrogatory and excludes privileged and protected information from its responses to each interrogatory. Any disclosure of such protected or

1

privileged information is inadvertent and is not intended to waive those privileges and protections.

      3.      Applicant objects to the interrogatories to the extent they seek the disclosure of documents containing confidential, proprietary or highly sensitive business information.  Such documents will be produced after a mutually agreeable protective order is in place.

      4.      Applicant objects to the request for information from "any jurisdiction" to the extent that it refers to jurisdiction outside the United States.

**RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 1**:

      IDENTIFY any PERSON furnishing information for YOUR responses to these interrogatories, designating the number of the interrogatory for which that PERSON furnished information.

**RESPONSE TO INTERROGATORY NO. 1**:

      Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks information protected by the attorney-client or work product privileges, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.   Subject to and without waiving the above objections, Applicant responds as follows:  Reid M. Wilson, Senior Director - Intellectual Property Counsel for Abercrombie & Fitch, and Jackie Buday, Trademark Manager.

**INTERROGATORY NO. 2**:

      IDENTIFY the APPLICANT, including any entities or associations (whether incorporated or unincorporated) under or through which APPLICANT does business.

**RESPONSE TO INTERROGATORY NO. 2**:

      Applicant objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad, and to the extent that it calls for information that is neither relevant nor reasonably

2

likely to lead to the discovery of admissible evidence. Subject to and without waiving the above objections, and to the extent this interrogatory is understood, Applicant will supplement this answer with responsive information specific to the Ruehl brand.

**INTERROGATORY NO. 3:**

IDENTIFY any PERSON who was, is, or will be in charge of or responsible for the manufacture, production, advertising, sale and/or marketing of goods bearing the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 3:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant will supplement this answer with responsive information specific to the Ruehl brand.

**INTERROGATORY NO. 4:**

For each PERSON IDENTIFIED in YOUR response to Interrogatory No. 3, describe the extent of his or her responsibilities with regard to the manufacture, production, advertising, sale, and/or marketing of goods bearing the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 4:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant will supplement this answer with responsive information specific to the Ruehl brand.

**INTERROGATORY NO. 5:**

IDENTIFY any states in which YOU have sold, distributed, advertised or marketed goods bearing the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 5:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant responds as follows: California, Florida, Hawaii, Illinois, Michigan, New Jersey, New York, Ohio, Texas and Virginia.

**INTERROGATORY NO. 6:**

For each state IDENTIFIED in YOUR response to Interrogatory No. 5, state the period of time over which YOU have sold, distributed, advertised or marketed goods bearing the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 6:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant responds as follows: February 2005 to present.

**INTERROGATORY NO. 7:**

IDENTIFY any MARKS, names, symbols or designs that YOU ever considered as alternatives to the selection, adoption, acquisition or use of the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 7:**

Applicant objects to this interrogatory on the grounds that it seeks confidential business information or information protected by the attorney-client or work product privileges, and to the

DM_US:20519542_1

extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period.

**INTERROGATORY NO. 8:**

IDENTIFY any PERSON who has knowledge of any facts stated in YOUR response to Interrogatory No. 7.

**RESPONSE TO INTERROGATORY NO. 8:**

Applicant objects to this interrogatory on the grounds that it seeks confidential business information or information protected by the attorney-client or work product privileges, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  Applicant further objects to this interrogatory as it fails to identify a reasonable time period.

**INTERROGATORY NO. 9:**

IDENTIFY any stitching designs other than the A&F MARK that YOU have used on products.

**RESPONSE TO INTERROGATORY NO. 9:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period.

**INTERROGATORY NO. 10:**

IDENTIFY any PERSON who has knowledge of any facts stated in YOUR response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and to the extent that it calls for information that is neither relevant nor reasonably

DM_US:20519542_1

likely to lead to the discovery of admissible evidence.  Applicant further objects to this
interrogatory as it fails to identify a reasonable time period.

**INTERROGATORY NO. 11:**

      IDENTIFY any PERSON who has rendered services to YOU or on YOUR behalf in
connection with the advertising or promotion of goods bearing the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 11:**

      Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly
broad, unduly burdensome and on grounds that it seeks confidential business information, and to
the extent that it calls for information that is neither relevant nor reasonably likely to lead to the
discovery of admissible evidence.   Applicant further objects to this interrogatory as it fails to
identify a reasonable time period.

**INTERROGATORY NO. 12:**

      For each PERSON IDENTIFIED in YOUR response to Interrogatory No. 11, describe
the type of services rendered, costs associated with such services, and the dates such services
were rendered.

**RESPONSE TO INTERROGATORY NO. 12:**

      Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly
broad, unduly burdensome and on grounds that it seeks confidential business information, and to
the extent that it calls for information that is neither relevant nor reasonably likely to lead to the
discovery of admissible evidence.  Applicant further objects to this interrogatory as it fails to
identify a reasonable time period.

**INTERROGATORY NO. 13:**

      IDENTIFY any product, thing and/or service in conjunction with which YOU have used
the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 13:**

Applicant objects to this interrogatory on the grounds that it is overly broad and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant responds as follows: jeans, skirts, shorts and pants.

**INTERROGATORY NO. 14:**

For each product, thing and/or service IDENTIFIED in YOUR response to Interrogatory No. 13, IDENTIFY all retailers, online retailers, wholesalers and/or distributors that sell or have ever sold the product, thing and/or service.

**RESPONSE TO INTERROGATORY NO. 14:**

Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, and to the extent this interrogatory is understood, Applicant responds as follows: Ruehl No. 925 stores for all products identified in Applicant's response to Interrogatory No. 13.

**INTERROGATORY NO. 15:**

For each product, thing and/or service IDENTIFIED in YOUR response to Interrogatory No. 13, describe the past, current and anticipated geographic areas of distribution of the product, thing and/or service.

**RESPONSE TO INTERROGATORY NO. 15:**

Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and on grounds that it seeks confidential business information, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to

DM_US:20519542_1

identify a reasonable time period. Subject to and without waiving the above objections, and to the extent this interrogatory is understood, Applicant responds as follows: Ruehl No. 925 stores for all products identified in Applicant's response to Interrogatory No. 13.

**INTERROGATORY NO 16:**

For each product, thing and/or service IDENTIFIED in YOUR response to Interrogatory No. 13, state the date that the product, thing and/or service was first sold.

**RESPONSE TO INTERROGATORY NO. 16:**

Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, and to the extent this interrogatory is understood, Applicant responds as follows: February 2005 for jeans, skirts, shorts and pants.

**INTERROGATORY NO. 17:**

For each product, thing and/or service IDENTIFIED in YOUR response to Interrogatory No. 13, state the quantity of the product, thing and/or service sold per calendar or fiscal year, from the date of YOUR first sale to the present.

**RESPONSE TO INTERROGATORY NO. 17:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:**

For each product, thing and/or service IDENTIFIED in YOUR response to Interrogatory No. 13, state the total dollar amount of sales of the product, thing and/or service per calendar or fiscal year, from the date of YOUR first sale to the present.

8

**RESPONSE TO INTERROGATORY NO. 18:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:**

For each product, thing and/or service IDENTIFIED in YOUR response to Interrogatory No. 13, state all costs that YOU incurred from the date of YOUR first sale of the product, thing and/or service to the present, which YOU contend should be accounted for in calculating YOUR profits from such sale.

**RESPONSE TO INTERROGATORY NO. 19:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information or information protected by the attorney-client or work product privileges, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period.

**INTERROGATORY NO. 20:**

Describe any advertisement or promotion, or planned advertisement or promotion, including without limitation in print, on the Internet, television or other media, for any of the products, things and/or services IDENTIFIED in YOUR response to Interrogatory No. 13, including the media outlet, the inclusive dates that the advertisement or promotion ran or will run, the geographical distribution of the advertisement or promotion, and the total dollar amount per year that YOU spent or anticipate spending for such advertisement or promotion.

**RESPONSE TO INTERROGATORY NO. 20:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information or information protected by the attorney-client or work product privileges, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant will supplement this response.

**INTERROGATORY NO. 21:**

IDENTIFY any PERSON who participated in the design, creation, selection, adoption, and/or approval of the A&F MARK.

**RESPONSE TO INTERROGATORY NO. 21:**

Applicant objects to this interrogatory on grounds that it seeks confidential business information or information protected by the attorney-client or work product privileges. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant will supplement this response.

**INTERROGATORY NO. 22:**

Describe the circumstances under which YOU first became aware of the ARCUATE TRADEMARK.

**RESPONSE TO INTERROGATORY NO. 22:**

Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

**INTERROGATORY NO. 23:**

IDENTIFY any PERSON with knowledge of any facts stated in YOUR response to Interrogatory No. 22.

10

**RESPONSE TO INTERROGATORY NO. 23:**

Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome.

**INTERROGATORY NO. 24:**

IDENTIFY any COMMUNICATIONS RELATING TO any inquiries about whether YOUR products are manufactured by, associated with, sponsored by, or in any manner connected with LS&CO. or any of LS&CO.'s products.

**RESPONSE TO INTERROGATORY NO. 24:**

Applicant objects to this interrogatory on grounds that it seeks information protected by the attorney-client or work product privileges. Subject to and without waiving the above objections, Applicant responds as follows: There are no responsive communications.

**INTERROGATORY NO. 25:**

IDENTIFY any PERSON with knowledge of any facts stated in YOUR response to Interrogatory No. 24.

**RESPONSE TO INTERROGATORY NO. 25:**

Applicant objects to this interrogatory on grounds that it seeks information protected by the attorney-client or work product privileges. Subject to and without waiving the above objections, Applicant responds as follows: None. See response to Interrogatory No. 24.

**INTERROGATORY NO. 26:**

IDENTIFY any PERSON responsible for conducting trademark searches for YOU in the period beginning one year prior to YOUR first use of or first application to register the A&F MARK to the present.

**RESPONSE TO INTERROGATORY NO. 26:**

Applicant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and on grounds that it seeks information protected by the attorney-client or work product

privileges, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 27:**

IDENTIFY any COMMUNICATIONS with any PERSON other than LS&CO. in which it was asserted that there was confusion or a likelihood of confusion of products bearing the A&F MARK with products bearing any TRADEMARK, including without limitation the ARCUATE TRADEMARK.

**RESPONSE TO INTERROGATORY NO. 27:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information or information protected by the attorney-client or work product privileges, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period.

**INTERROGATORY NO. 28:**

State all facts that support YOUR denials in YOUR Answer to LS&CO.'s Notice of Opposition.

**RESPONSE TO INTERROGATORY NO. 28:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information.

**INTERROGATORY NO. 29:**

IDENTIFY any PERSON with knowledge of any facts stated in YOUR response to Interrogatory No. 28.

**RESPONSE TO INTERROGATORY NO. 29:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and on grounds that it seeks confidential business information.

12

**INTERROGATORY NO. 30:**

IDENTIFY any stitching designs other than the A&F MARK which YOU have applied to register as a TRADEMARK.

**RESPONSE TO INTERROGATORY NO. 30:**

Applicant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and to the extent that it calls for information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Applicant further objects to this interrogatory as it fails to identify a reasonable time period. Subject to and without waiving the above objections, Applicant responds as follows: All marks which Applicant has applied to register as a trademark on the federal register are a matter of public record and are available on the USPTO website.

DATED: June 19, 2007

ABERCROMBIE & FITCH TRADING CO.

By: _Caroline C. Smith_
　　　Susan M. Kayser
　　　Caroline C. Smith
　　　Kelly R. McCarty
　　　Attorneys for Applicant
　　　Howrey LLP
　　　1299 Pennsylvania Avenue, N.W.
　　　Washington, DC 20004-2402
　　　202.783.0800

## **VERIFICATION**

I, Reid M. Wilson, am Senior Director - Intellectual Property Counsel of Abercrombie & Fitch, Applicant's related company. I hereby verify that I have read the foregoing answers to interrogatories, and that the foregoing answers are true and correct based on my own corporate knowledge of Applicant.

*I verify under penalty of perjury that the foregoing is true and correct.*

Dated: June 19, 2007

Reid M. Wilson
Senior Director - Intellectual Property Counsel
Abercrombie & Fitch

CERTIFICATE OF SERVICE

    This is to certify that on this 19th day of June, 2007 a copy of the foregoing "Applicant's Responses to Opposer Levi Strauss & Co.'s First Set of Interrogatories" was mailed by First Class mail, postage prepaid, to Gia L. Cincone, Townsend and Townsend and Crew LLP, 2 Embarcadero Center, 8th Floor, San Francisco, California 94111.

_Joy L. Clay_

Joy Lynne Clay

DM_US:20519542_1