# EXHIBIT N

1  GREGORY S. GILCHRIST (Bar No. 111536)
   GIA L. CINCONE (Bar No. 141668)
2  NANCY LEE TANG (Bar No. 148726)
   LEGAL STRATEGIES GROUP
3  5905 Christie Avenue
   Emeryville, California 94608-1925
4  Telephone: 510-450-9600
   Facsimile: 510-450-9601
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  LEVI STRAUSS & CO.,                    Case No. C 03-3343 SI (ADR)

12              Plaintiff,                  COMPLAINT FOR FEDERAL
                                            TRADEMARK INFRINGEMENT;
13         v.                               UNFAIR COMPETITION; DILUTION;
                                            CALIFORNIA DILUTION AND
14  LUCKY BRAND DUNGAREES, INC.,            TRADEMARK INFRINGEMENT;
    and DOES 1 through 10,                  UNFAIR COMPETITION; AND
15                                          ACCOUNTING
              Defendants.                   (INJUNCTIVE RELIEF SOUGHT)
16
                                            JURY TRIAL DEMAND
17

18

19         Plaintiff Levi Strauss & Co. ("LS&CO.") complains against Defendants Lucky Brand

20  Dungarees, Inc. and Does 1-10 (collectively "Defendants") as follows:

21         JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

22         1.     Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

23  Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051-

24  1127). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)

25  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

26  (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims

27  under 28 U.S.C. § 1367.

28

COMPLAINT                                          Levi Strauss & Co. v. Lucky Brand Dun
                                                   Case No. C

EXHIBIT 660
Deponent Onoa
Date 5/14/08  Rptr. GF
WWW.DEPOBOOK.COM

2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact affairs in this district and because a substantial part of the events giving rise to the claims asserted herein arose in this district.

3.    Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

PARTIES

4.    LS&CO. is a Delaware corporation which has its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Since approximately 1850, LS&CO. has manufactured, marketed and sold a variety of clothing products, including its traditional denim blue jean products.

5.    LS&CO. is informed and believes and on that basis alleges that Defendant Lucky Brand Dungarees, Inc. is a Delaware corporation with its principal place of business at 5233 Alcoa Avenue, Vernon, California 90058. LS&CO. is informed and believes that Lucky Brand Dungarees, Inc. manufactures or has manufactured for it a line of men's and women's clothing, including jeans under the Lucky brand name, which is sold in this judicial district and throughout the United States. LS&CO. is informed and believes that Lucky Brand Dungarees, Inc. has authorized, directed and/or actively participated in the wrongful conduct alleged herein.

6.    LS&CO. is unaware of the true names and capacities of the Defendants named as "Does" herein. LS&CO. is informed and believes and on that basis alleges that each of the Doe Defendants is legally liable and responsible directly or indirectly for the matters alleged in the Complaint. LS&CO. will seek leave to amend this Complaint to show the true names and capacities of the Doe Defendants when they become known.

7.    LS&CO. is informed and believes and on that basis alleges that at all times mentioned in this Complaint each of the Defendants, including Does 1-10, was the agent or principal or both for one another, was acting within the scope of such agency when engaging in the conduct alleged in this Complaint, and is jointly and severally liable for all damages and profits arising from the conduct described herein.

COMPLAINT                                            - 2 -

*Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
Case No. C 03-3343 SI

114826.1

LS-A&F006772

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

8.    Since the 1850's, and continuously thereafter, LS&CO. has developed, manufactured, promoted and sold a variety of clothing products, including its traditional denim blue jeans.

9.    Through substantial financial investment and effort, LS&CO. has built up considerable good will and a reputation for quality products.

10.    For well over a century, LS&CO. has continuously used federal and state registered trademarks to distinguish its products. These trademarks have a significant degree of inherent distinctiveness.

11.    For many years prior to the events giving rise to this Complaint, and continuing to the present, LS&CO. annually has spent great time, money and effort in the promotion and advertisement of products on which its trademarks are used and displayed, and has sold tens of millions of products displaying its trademarks all over the world.

12.    LS&CO.'s trademark registrations are valid, extant, in full force and effect and exclusively owned by LS&CO. LS&CO. has continuously used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to the claims in this Complaint.

13.    LS&CO. has continuously used its trademarks in interstate commerce throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale, advertisement and promotion of its products, including LEVI'S® brand jeans.

14.    By virtue of LS&CO.'s long use of its trademarks, as well as LS&CO.'s extensive advertising and large volume of sales, consumers and retailers accept and recognize LS&CO.'s trademarks as identifying LS&CO.'s products only and distinguishing them from products manufactured and sold by all others.

15.    Since the issuance of the registrations for its trademarks, LS&CO. has given notice that the marks are registered.

COMPLAINT                                     - 3 -

*Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
Case No. C 03-3343 SI

134826.1

LS–A&F006773

1    **LS&CO.'s Arcuate Stitching Design Trademark**

2    16.    LS&CO. is the owner of the famous Arcuate Stitching Design Trademark

3    (hereinafter the "Arcuate Trademark"), consisting of a distinctive pocket stitching design used

4    continuously since 1873 in interstate commerce on clothing products. LS&CO. first used the

5    Arcuate Trademark on jeans and later on other garments. An example of the Arcuate Trademark

6    as used on LEVI'S® jeans is attached as Exhibit A.

7    17.    LS&CO. owns, among others, the following United States Registrations for its

8    Arcuate Trademark:

9        a.    Registration No. 1,139,254 (first used as early as 1875; registered

10            September 2, 1980), attached as Exhibit B; and

11        b.    Registration No. 404,248 (first used as early as 1873; registered November

12            16, 1943), attached as Exhibit C.

13    These registrations have become incontestable under the provisions of 15 U.S.C. §1065.

14    18.    LS&CO. owns, among others, the following California Registrations for its

15    Arcuate Trademark:

16        a.    Registration No. 088399 (first used as early as 1873; registered August 24,

17            1980), attached as Exhibit D.

18    **Defendants' Infringement of LS&CO.'s Trademark**

19    19.    Beginning at some time in the past and continuing until the present, Defendants,

20    with actual or constructive knowledge of LS&CO.'s federal- and state-registered Arcuate

21    Trademark, have manufactured or arranged for the manufacture for sale in the United States,

22    promoted and sold clothing, including denim jeans and other products, that infringe LS&CO.'s

23    trademark (hereafter the "infringing products").

24    20.    On information and belief, Defendants manufacture, source, market and/or sell

25    jeans and/or bottoms that display pocket stitching designs hereinafter referred to as the "Lucky

26    pocket stitching designs." The Lucky pocket stitching designs, as used by Defendants, are highly

27    similar to LS&CO.'s Arcuate Trademark. Examples of the Lucky pocket stitching designs as used

28    on Lucky brand jeans are attached as Exhibits E-1 through E-6.

COMPLAINT    - 4 -    *Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
                    Case No. C 03-3343 SI

1348263

LS-A&F006774

1     21.    On information and belief, Defendants have manufactured, marketed and sold

2  substantial quantities of the infringing products and obtained and continue to obtain substantial

3  profits thereby.

4     22.    On information and belief, each of the Defendants has at all times knowingly

5  participated with one another to manufacture, promote and/or sell these infringing products and

6  are, accordingly, jointly and severally liable for all damages from their conduct.

7     23.    Defendants' actions have and will cause LS&CO. irreparable harm for which

8  money damages and other remedies are inadequate. Unless Defendants are restrained by this

9  Court, Defendants will continue and/or expand the illegal activities alleged in this Complaint and

10  otherwise continue to cause great and irreparable damage and injury to LS&CO. through, inter

11  alia:

12          a.    depriving LS&CO. of its statutory rights to use and control use of its

13              trademark;

14          b.    creating a likelihood of confusion, mistake and deception among consumers

15              and the trade as to the source of the infringing products;

16          c.    causing the public to falsely associate LS&CO. with the Defendants or vice

17              versa;

18          d.    causing incalculable and irreparable damage to LS&CO.'s goodwill and

19              dilution of the value of its trademark; and

20          e.    causing LS&CO. to lose sales of its genuine clothing products.

21     24.    Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary

22  and permanent injunctive relief against Defendants and against all persons acting in concert with

23  them.

24                            FIRST CLAIM

25              FEDERAL TRADEMARK INFRINGEMENT
                (15 U.S.C. §§ 1114 – 1117; Lanham Act § 32)

26

27     25.    LS&CO. realleges and incorporates by reference each of the allegations contained

28  in paragraphs 1 through 24 of this Complaint.

COMPLAINT                                           - 5 -              Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.
                                                                       Case No. C 03-3343 SI

114826.1

LS-A&F006775

1    26.    Without LS&CO.'s consent, Defendants have used, in connection with the sale,

2    offering for sale, distribution or advertising of Defendants' goods, designs which infringe

3    LS&CO.'s registered Arcuate Trademark.

4    27.    These acts of trademark infringement have been committed with the intent to

5    cause confusion, mistake or deception, and are in violation of 15 U.S.C. § 1114.

6    28.    As a direct and proximate result of Defendants' infringing activities as alleged

7    herein, LS&CO. has suffered substantial damage.

8    29.    Defendants' infringement of LS&CO.'s trademark as alleged herein is an

9    exceptional case and was intentional.  Said exceptional and intentional infringements have

10   damaged LS&CO. as described herein, entitling LS&CO. to treble its actual damages and to an

11   award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

12                                SECOND CLAIM

13                   FEDERAL UNFAIR COMPETITION
                (False Designation of Origin and False Description)
14                (15 U.S.C. § 1125(a); Lanham Act § 43(a))

15   30.    LS&CO. realleges and incorporates by reference each of the allegations contained

16   in paragraphs 1 through 29 of this Complaint.

17   31.    Defendants' conduct constitutes the use of words, terms, names, symbols or

18   devices tending falsely to describe its infringing products, within the meaning of 15 U.S.C. §

19   1125(a)(1). Defendants' conduct is likely to cause confusion, mistake or deception by or in the

20   public as to the affiliation, connection, association, origin, sponsorship or approval of the

21   infringing products to the detriment of LS&CO. and in violation of 15 U.S.C.§ 1125(a)(1).

22                                THIRD CLAIM

23              FEDERAL DILUTION OF FAMOUS MARK
                (Federal Trademark Dilution Act of 1995)
24                (15 U.S.C. § 1125(c); Lanham Act § 43(a))

25   32.    LS&CO. realleges and incorporates by reference each of the allegations contained

26   in paragraphs 1 through 31 of this Complaint.

27   33.    LS&CO.'s Arcuate Trademark is distinctive and famous within the meaning of the

28   Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

COMPLAINT                                    - 6 -              *Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
                                                               Case No. C 03-3343 SI

114826.1

LS-A&F006776

1       34.   Defendants' activities as alleged herein constitute dilution of the distinctive quality

2   of LS&CO.'s trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C.

3   § 1125(c).

4       35.   LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

5       36.   Because Defendants willfully intended to trade on LS&CO.'s reputation or to cause

6   dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages,

7   fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

8                                  **FOURTH CLAIM**

9          **CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
               (Cal. Bus. & Prof. Code §§ 14320, 14330, 14335 and 14340)

10

11      37.   LS&CO. realleges and incorporates by reference each of the allegations contained

12  in paragraphs 1 through 36 of this Complaint.

13      38.   Defendants' conduct constitutes infringement and dilution of LS&CO.'s Arcuate

14  Trademark under California Business & Professions Code §§ 14320, 14330 and 14335.

15      39.   Defendants infringed LS&CO.'s trademarks with knowledge and intent to cause

16  confusion, mistake or deception.

17      40.   Defendants' conduct is aggravated by that kind of willfulness, wantonness and

18  malice for which California law allows the imposition of exemplary damages. That is,

19  Defendants' activities were intentional, willful, wanton, fraudulent and without justification or

20  excuse, and were undertaken with gross indifference to the rights of LS&CO.

21      41.   Alternatively, Defendants were reckless or grossly negligent in that Defendants'

22  actions involved such an entire want of care as could have only resulted from actual conscious

23  indifference to the rights and welfare of LS&CO.

24      42.   As a direct and proximate result of Defendants' conduct, pursuant to California

25  Business & Professions Code § 14340, LS&CO. is entitled to injunctive relief and damages in the

26  amount of three times Defendants' profits and three times all damages suffered by LS&CO. by

27  reason of Defendants' manufacture, use, display or sale of infringing goods.

28

LS-A&F006777

### FIFTH CLAIM

### CALIFORNIA UNFAIR COMPETITION
(Cal. Bus. & Prof. Code § 17200)

43.  LS&CO. realleges and incorporates by reference each of the allegations contained

in paragraphs 1 through 42 of this Complaint.

44.  Defendants' infringement of LS&CO.'s Arcuate Trademark constitutes "unlawful,

unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading

advertising" within the meaning of California Business & Professions Code § 17200.

45.  As a consequence of Defendants' actions, LS&CO. is entitled to injunctive relief

and an order that Defendants disgorge all profits on the manufacture, use, display or sale of

infringing goods.

### SIXTH CLAIM

### ACCOUNTING
(Common Law)

46.  LS&CO. realleges and incorporates by reference each of the allegations contained

in paragraphs 1 through 45 of this Complaint.

47.  Defendants' activities, as alleged above, have violated LS&CO.'s rights in its

Arcuate Trademark under the common law.

48.  As a direct result of their infringing activities, Defendants have been unjustly

enriched through fraudulent conversion of LS&CO.'s goodwill and its rights in its trademark into

their own profits through the sale of the infringing products and has caused LS&CO. to lose sales

of its genuine products.

49.  As a direct result of Defendants' misconduct, Defendants have received substantial

profits, to which LS&CO. is entitled under common law.

50.  The amount of such profits is unknown to LS&CO. and cannot be ascertained

without an accounting.

COMPLAINT                          - 8 -                *Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
                                                         Case No. C 03-3343 SI

114826.1

LS-A&F006778

## PRAYER FOR JUDGMENT

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

51.    Adjudge that LS&CO.'s Arcuate Trademark has been infringed by Defendants in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or under California law;

52.    Adjudge that Defendants have competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

53.    Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous Arcuate Trademark in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

54.    Adjudge that each of the Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliates and joint venturers and any person(s) in active concert or participation with any of them and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently:

a.    From manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising or promoting any goods that use any words or symbols which so resemble LS&CO.'s Arcuate Trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product which is not authorized by or for LS&CO., including without limitation any product that bears the Lucky pocket stitching designs or any other confusingly similar approximation of LS&CO.'s Arcuate Trademark;

b.    From using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with LS&CO. or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

c.    From further infringing the rights of LS&CO. in and to any of its trademarks used in connection with its LEVI'S® brand products or

COMPLAINT                                         -9-

*Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
Case No. C 03-3343 SI

1148261.1

LS-A&F006779

otherwise damaging LS&CO.'s goodwill or business reputation;

d.  From otherwise competing unfairly with LS&CO. in any manner; and

e.  From continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

55.  Adjudge that Defendants immediately be required to supply LS&CO.'s counsel with a complete list of individuals and entities from whom or which they purchased, and to whom or which they sold, offered for sale, distributed, advertised or promoted, infringing products as herein alleged;

56.  Adjudge that Defendants be required forthwith to deliver to LS&CO.'s counsel Defendants' entire inventory of infringing products, including without limitation pants and any other clothing, packaging, labeling, advertising matter, promotional material and all plates, molds, matrices and other material for producing or printing such items, which is in Defendants' possession or subject to their control and which infringe LS&CO.'s Arcuate Trademark as herein alleged;

57.  Adjudge that Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel a written report under oath setting forth in detail the manner in which they have complied with the Judgment;

58.  Adjudge that LS&CO. recover from Defendants its actual damages and lost profits in an amount to be proven at trial, that Defendants be required to account for any profits that are attributable to their illegal acts, and that LS&CO. be awarded the greater of either (1) three times Defendants' profits or (2) three times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

59.  Impose a constructive trust on all Defendants' funds and assets that arise out of Defendants' infringing activities;

60.  Adjudge that Defendants be required to pay LS&CO. punitive damages for their oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by LS&CO. or on proof of Defendants' unjust enrichment;

COMPLAINT       - 10 -       *Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
Case No. C 03-5343 SI

114826.1

LS-A&F006780

1    61.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in

2    connection with this action, including LS&CO.'s reasonable attorneys' fees and investigative

3    expenses; and

4    62.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just

5    and proper.

6

7    Dated: July 17, 2003                LEGAL STRATEGIES GROUP

8

9                                By: /GLC/
                                    Gia L. Cincone
                                    Attorneys for Plaintiff
10                                  LEVI STRAUSS & CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    - 11 -

*Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
Case No. C 03-3343 SI

1148826.1

LS-A&F006781

### DEMAND FOR JURY TRIAL

1

2      Plaintiff hereby demands that this action be tried to a jury.

3

4    Dated: July 17, 2003          LEGAL STRATEGIES GROUP

5

6                                  By:    /GLG/
                                          Gia L. Cinsone
7                                         Attorneys for Plaintiff
                                          LEVI STRAUSS & CO.
8

9        ### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

10

11      Pursuant to General Order No. 48, the undersigned certifies that as of this date there is

12   no such interest to report.

13

14   Dated: July 17, 2003          LEGAL STRATEGIES GROUP

15

16                                 By:    /GLG/
                                          Gia L. Cinsone
17                                        Attorneys for Plaintiff
                                          LEVI STRAUSS & CO.
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 12 -        *Levi Strauss & Co. v. Lucky Brand Dungarees, Inc.*
                                                 Case No. C 03-3343 SI

114826.1

LS-A&F006782

Case 3:03-cv-03343    Document 1-2    Filed 07/17/2003    Page 1 of 1



Exhibit A

LS-A&F006783



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 04, 1998

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,139,254 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  *September 02, 1980*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
*LEVI STRAUSS & CO.*
*A DELAWARE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN
Certifying Officer

LS-A&F006784

Case 3:03-cv-03324    Document 1-3    Filed 07/17/2003    Page 2 of 2

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,139,254

## United States Patent and Trademark Office

Registered Sep. 2, 1980

### TRADEMARK
#### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif.  94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND SHORTS, in CLASS 25 (U.S. CL. 39).
First use 1873; in commerce, 1873.
Owner of U.S. Reg. No. 404,248.

Ser. No. 169,379, Filed May 8, 1978.

M. J. LEAHY, Primary Examiner

LS-A&F006785

Case 3:03-cv-03348    Document ...    Filed 07/17/2003    Page 1 of 2



# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS; SHALL COME:
UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION 404,348 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  November 16, 1943
2nd RENEWAL FOR A TERM OF 20 YEARS FROM  November 16, 1983
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
    STRAUSS, LEVI & CO.



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

LS-A&F006786

Registered Nov. 16, 1943                                     Trade-Mark 404,248

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Francisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of February 20, 1905.

Application September 25, 1942, Serial No. 455,768.



## STATEMENT

To the Commissioner of Patents:

Levi Strauss & Company, a corporation duly organized under the laws of the State of California and located at the city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for WAISTBAND OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in applicant's business since the year 1873. The trade-mark consists of double arcuate designs on the hip pockets of the overalls as shown on the drawing. The mark is applied to the overalls by stitching the double arcuate designs on the hip pockets with orange colored thread, or by painting the lines of said design on the hip pockets with orange colored paint.

No claim is made to the exclusive use of the representation of a pair of overalls.

The undersigned hereby appoints Carlberg & Rosnick, a firm composed of Thomas Carlberg and Irving C. Rosnick, whose address is 907 Crocker Building, San Francisco, California, and whose registration number is 16,638, as its attorneys, with full power of substitution and revocation to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By DANIEL E. KOSHLAND,
Vice President.

LS-A&F006787



## State of California

### SECRETARY OF STATE

Trademark Reg. No. 55399        Class No. Int 25        Renewal No. 15637

## CERTIFICATE OF RENEWAL OF TRADEMARK

I, BILL JONES, Secretary of State of the State of California, hereby certify:

That an application for renewal has been filed in this office for the TRADEMARK described below:

Name of Applicant:    Levi Strauss & Co.
Business Address:    1155 Battery Street  San Francisco, CA  94111
Date First Used in California:    1873
Date First Used Anywhere:    1873
Description of Trademark:    Arc Design.  Design of two concentric arcs placed in such a manner that they meet in the center
Description of Goods on Which the Trademark is Used:    Pants, shirts, and jackets
Date of Registration:    August 24, 1988
Term of Registration Extends to and Includes:    August 24, 2008

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 6th day of July, 1998



BILL JONES
Secretary of State

NP-24 A (Rev. 7-88)

LS-A&F006788



# State of California
## Secretary of State

### RENEWAL OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code Section 14250

(APPLICATION FOR RENEWAL MUST BE RECEIVED BY THE SECRETARY OF STATE WITHIN BUT NOT BEFORE THE SIXMONTH PERIOD PRIOR TO THE DATE OF EXPIRATION OF THE CURRENT REGISTRATION TOGETHER WITH RENEWAL FEE)

SEND THE SIGNED APPLICATION WITH ORIGINAL SIGNATURES TO THE SECRETARY OF STATE, TRADEMARK UNIT, P.O. BOX 944225, SACRAMENTO, CA 94244-2250.

RENEWAL APPLICATION FOR:  [X] TRADEMARK    [ ] SERVICE MARK

1. NAME OF APPLICANT:
LEVI STRAUSS & CO.

2. STREET ADDRESS (DO NOT GIVE P. O. BOX) (FOR SERVICE MARK, PROVIDE CALIFORNIA BUSINESS ADDRESS)
1155 Battery Street

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| San Francisco | CA | 94111 |

3. BUSINESS STRUCTURE (CHECK ONE)
[ ] LIMITED PARTNERSHIP    [ ] SOLE PROPRIETOR
[ ] LIMITED LIABILITY COMPANY    [ ] UNINCORPORATED ASSOCIATION
[ ] GENERAL PARTNERSHIP    [ ] HUSBAND AND WIFE, AS COMMUNITY PROPERTY
[X] CORPORATION (STATE OF INCORPORATION Delaware)    [ ] OTHER (DESCRIBE)

4. IF PARTNERSHIP, LIST NAMES OF PARTNERS    5. NAMES OF MEMBERS OR MANAGERS, IF APPLICANT IS A LIMITED LIABILITY COMPANY

6. NAME AND/OR DESCRIPTION OF TRADE/SERVICE MARK: A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching - ARC DESIGN.

7. TRADE/SERVICE MARK REGISTRATION NUMBER
088399

8. DATE OF REGISTRATION
August 24, 1988

THE MARK WAS ADOPTED, USED, AND CONTINUES TO BE USED WITHIN THE STATE OF CALIFORNIA BY THE APPLICANT IN THE FORM AND MANNER SPECIFIED IN THE PRESENT REGISTRATION.

9. NAME OF CORPORATION PARTNERSHIP/LIMITED LIABILITY COMPANY (IF APPLICABLE)
LEVI STRAUSS & CO.

SIGNATURE (IF A GENERAL OR CORPORATE OFFICER, INCLUDE TITLE)    DATE

THIS SPACE FOR FILING OFFICER USE
TRADE/SERVICE MARK
REG. NO. 88399
RENEWAL NO. 015837

10. RETURN ACKNOWLEDGMENT TO: (TYPE OR PRINT)
NAME  Sarah B. Fuller
ADDRESS  Legal Strategies Group
5905 Christie Avenue
CITY  Emeryville, CA  94608-1925
STATE
CODE

FILED
In the office of the Secretary of State
of the State of California
JUL - 6 1998
BILL JONES, Secretary of State

SEC/STATE LP/TM 109 (REV. 3/98)    FILING FEE: $30.00

Int. 25

LS-A&F006789



State of California

Office of

**March Fong Eu**

Secretary of State
SACRAMENTO

SEP 01 1988

As Secretary of State, it is my pleasure to notify you that the mark you submitted has been registered in this office.

Please be advised that Section 14220(f) of the Business and Professions Code specifies that a mark shall not be registered if it so resembles a mark or trade name already registered or used in this state by another and not abandoned, as to be likely, when applied to the goods or services of the applicant, to cause confusion or mistake or to deceive.

My office has conducted a search of California trademark and service mark registrations. Your mark does not appear to resemble any previous registration.

Please be advised, however, that there may be unregistered marks or California trade names used by corporations and partnerships, fictitious names, and names under which individuals conduct business which may resemble your registration. A check for such names is beyond the scope of the review of this office in registering marks.

Most sincerely,

*March Fong Eu*

MARCH FONG EU

SEC/STATE FORM LP-000

LS-A&F006790





# State of California

### OFFICE OF THE SECRETARY OF STATE

Trademark
Reg. No.   088399

## CERTIFICATE OF REGISTRATION OF TRADEMARK

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADEMARK described below has been duly registered in this office on behalf of:

Name of Applicant    LEVI STRAUSS & CO.

Business Address    1155 Battery Street
San Francisco, CA  94111

Date First Used in California 1873
Date First Used Anywhere    1873
Description of Trademark    A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching.

Class No.    39
Description of Goods on Which the Trademark is Used  Pants, shirts and jackets

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.
Date of Registration    August 24, 1988
Term of Registration Extends to and Includes    August 24, 1998

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this

24th day of  August, 1988



*March Fong Eu*

Secretary of State

SEC/STATE FORM TM-103 (Rev. 2/88)

LS-A&F006791



A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR

REPRODUCTION OF TRADEMARK REG. NO. 088399

LS-A&F006792

Trademark
Reg. No. _088399_

Class No. _39_

## APPLICATION TO REGISTER A TRADEMARK
## IN THE STATE OF CALIFORNIA

FILED
In the office of the Secretary of State
of the State of California

AUG 24 1988
March Fong Eu
MARCH FONG EU
SECRETARY OF STATE

TO: MARCH FONG EU
Secretary of State
921 12th Street, Suite 301
Sacramento, California 95814
(916) 445-9872

Applicant requests registration of the trademark described below and submits the
following information along with the registration fee of $50.00:

1. Name of Applicant    LEVI STRAUSS & CO.

CHECK ONE: [ ] Sole Proprietor         [X] Corporation

[ ] Limited Partnership    [ ] General Partnership

[ ] Unincorporated Association

[ ] Husband and Wife, as community property

[ ] Other (Describe) _____

2. Business Address, City, State    1155 Battery Street, San Francisco, CA  94111

3. State of Incorporation, if applicant is a corporation   Delaware

4. Names of the general partners, if applicant is a partnership _____

5. Description of the Trademark.    The trademark consists of the following:
A device created by two concentric arcs placed on pockets in such a manner
that they meet in the center thereof, usually applied by stitching.

6. The specific goods, products, or merchandise (stock-in-trade) which the
applicant(s) sell(s) to the customers, and on which the trademark is used,
are/is as follows:

pants, shirts and jackets

(OVER)

LS-A&F006793

7. The trademark has previously been used, and is now being used on said goods in the State of California as follows:

[ X ] On labels and tags affixed to the goods.
[ ] On labels and tags affixed to containers of the goods.
[ X ] By printing it directly onto the goods.
[ ] By printing it directly onto the containers for the goods.

8. Enclosed as specimens or facsimiles are:

[ ] Five identical actual labels.
[ ] Five identical actual tags.
[ X ] Five identical photographs of the goods/containers showing the trademark thereon.
[ ] Five entire front panels of a paper container bearing the trademark.

9. The date the trademark was first used in California is _____ 1873 _____

The date the trademark was first used anywhere is _____ 1873 _____

This applicant is the owner of the mark and no other person has the right to use such mark in the State of California either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive or to be mistaken therefor.

LEVI STRAUSS & CO.
Type name of corporation or partnership on above line (leave above line blank if sole proprietor)

BY _Tracy MacLeod_
Signature of applicant, partner, officer of corporation if partner, so state and if officer, set forth title of office
Tracy MacLeod, Assistant Secretary

VERIFICATION

Tracy MacLeod _____ declares under penalty of perjury under the laws of the State of California that the statements contained in the foregoing application are true of his/her own knowledge.

DATED: June 30, 1988 _____

BY _Tracy MacLeod_
Signature of applicant, partner, officer of corporation if partner, so state and if officer, set forth title of office

5/84

LS-A&F006794

TM 88 399



LS-A&F006795



Exhibit E-1

LS-A&F006796

Case 3:08-cv-03343    Document 1-6    Filed 07/17/2003    Page 2 of 5



Exhibit B-2

LS-A&F006797

Case 3:03-cv-03343    Document 1-8    Filed 07/17/2003    Page 3 of 5



Exhibit E-3

LS-A&F006798

Case 3:03-cv-03343     Document 1-8     Filed 07/17/2003     Page 4 of 5



Exhibit E-4

LS-A&F006799

Case 3:08-cv-03343    Document 1-6    Filed 07/17/2008    Page 5 of 6



Exhibit E-5

LS-A&F006800

Exhibit B-6

LS-A&F006801