# EXHIBIT P

1  GREGORY S. GILCHRIST (Bar No. 111536)
   GIA L. CINCONE (Bar No. 141668)
2  NANCY LEE TANG (Bar No. 148726)
   LEGAL STRATEGIES GROUP
3  A Law Corporation
   5905 Christie Avenue
4  Emeryville, CA 94608
   (510) 450-9600
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 LEVI STRAUSS & CO.,              )   CASE NO. 99-05868 RSWL
                                    )        (AIJx)
12           Plaintiff,             )
                                    )   COMPLAINT FOR FEDERAL
13      v.                          )   TRADEMARK INFRINGEMENT,
                                    )   UNFAIR COMPETITION, AND
14 EDWIN INTERNATIONAL U.S.A.,      )   TRADEMARK DILUTION;
   EDWIN INTERNATIONAL, INC., and   )   CALIFORNIA TRADEMARK
15 DOES 1-10,                       )   INFRINGEMENT, UNFAIR
                                    )   COMPETITION, AND TRADEMARK
16           Defendants.            )   DILUTION; BREACH OF
                                    )   SETTLEMENT AGREEMENT;
17                                      ACCOUNTING; DEMAND FOR
                                        JURY TRIAL
18

19

20      Plaintiff LEVI STRAUSS & CO. ("LS&CO.") complains against Defendants

21 EDWIN INTERNATIONAL U.S.A. and EDWIN INTERNATIONAL, INC. (collectively

22 "Defendants" or "Edwin") as follows:

23                      JURISDICTION AND VENUE

24      1.    Plaintiff's first, second and third claims arise under the Trademark Act of

25 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15

26 U.S.C. § 1051 et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C.

27 §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal

28

   COMPLAINT

   62492_

CONFIDENTIAL

π EXHIBIT 47
Deponent Onda
Date 5/14/08  Rptr. GP
WWW.DEPOSBOOK.COM

LS-A&F002519

1  question), and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction

2  over the remaining state law claims under 28 U.S.C. § 1367.

3      2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants

4  transact affairs in this district and because a substantial part of the events giving rise to the

5  claims asserted herein arose in this district. Venue is also proper under the settlement

6  agreement previously entered into between LS&CO. and Edwin.

**PARTIES**

7

8      3.    LS&CO. is a Delaware corporation which has its principal place of business

9  at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Since approximately

10  1850, LS&CO. has manufactured, marketed, and sold a variety of clothing products,

11  including its traditional denim blue jean products.

12      4.    LS&CO. is informed and believes that EDWIN INTERNATIONAL U.S.A.

13  is a Delaware corporation which has its principal place of business in Vermont and which

14  also does business at 127 E. 9th Street, Suite 406, Los Angeles, California 90015.

15  LS&CO. is further informed and believes that EDWIN INTERNATIONAL U.S.A., at the

16  times relevant to this Complaint, has manufactured, distributed, and sold, in California and

17  throughout the United States and elsewhere, the infringing garments, and otherwise has

18  directly participated in and/or authorized the wrongful conduct alleged in this Complaint.

19  EDWIN INTERNATIONAL U.S.A. is also a signatory to the prior settlement agreement

20  between the parties which is attached as Exhibit R to this Complaint.

21      5.    LS&CO. is informed and believes that EDWIN INTERNATIONAL, INC. is

22  a Japanese corporation with its principal place of business at 3-27-6, Higashinippori,

23  Arakawa-Ku, Tokyo, Japan. LS&CO. is further informed and believes that EDWIN

24  INTERNATIONAL, INC., at the times relevant to this Complaint, has directly participated

25  in and/or authorized the wrongful conduct alleged in this Complaint. EDWIN

26  INTERNATIONAL, INC. is expressly responsible under the prior settlement agreement

27  between the parties which is attached as Exhibit R to this Complaint.

28

COMPLAINT

62492_

2

CONFIDENTIAL

6.    LS&CO. is ignorant of the true names and capacities of the Defendants named as "Does" herein. LS&CO. is informed and believes and on this basis alleges that each of the Doe Defendants is legally liable and responsible directly or indirectly for the matters alleged in the Complaint. LS&CO. will seek leave to amend this Complaint to show the true names and capacities of the Doe Defendants when they become known.

7.    LS&CO. is informed and believes and on that basis alleges that at all times mentioned in this Complaint each of the Defendants, including Does 1-10, was the agent or principal or both for one another, was acting within the scope of such agency when engaging in the conduct alleged in this Complaint, and is jointly and severally liable for all damages and profits arising from the conduct described herein.

## BACKGROUND FACTS

8.    Since the 1850's, and continuously thereafter, LS&CO. has developed, manufactured, promoted, and sold a variety of clothing products, including its traditional denim blue jeans.

9.    Through substantial financial investment and effort, LS&CO. has built up considerable good will and a reputation for quality products.

10.    For well over a century, LS&CO. has continuously used federal and state registered trademarks to distinguish its products. These trademarks have a significant degree of inherent distinctiveness.

11.    For many years prior to the events giving rise to this Complaint, and continuing to the present, LS&CO. annually has spent great time, money and effort in promotion and advertisement of products on which its trademarks are used and displayed, and has sold tens of millions of products displaying its trademarks all over the world.

12.    LS&CO.'s registered trademarks are valid, extant, in full force and effect, and exclusively owned by LS&CO. LS&CO. has continuously used each of its trademarks from the registration date or earlier, until the present and during all time periods relevant to the claims in this Complaint.

COMPLAINT

62492_

3

CONFIDENTIAL

LS-A&F002521

13.    LS&CO. has continuously used its trademarks in interstate commerce throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale, advertisement and promotion of its products, including LEVI'S® brand jeans.

14.    By virtue of their long use, extensive advertising and large volume of sales, consumers and retailers accept and recognize LS&CO.'s trademarks as identifying LS&CO.'s products only and distinguishing them from products manufactured and sold by all others.

15.    Since the issuance of the registrations for its trademarks, LS&CO. has given notice that the marks are registered, pursuant to 15 U.S.C. § 1111, by displaying the registration symbol "®."

**LS&CO.'s Arcuate Stitching Design Trademark**

16.    LS&CO. is the owner of the famous Arcuate Stitching Design Trademark (hereinafter the "Arcuate Trademark"), consisting of a distinctive pocket stitching design used continuously since 1873 in interstate commerce on clothing products. LS&CO. first used the Arcuate Trademark on jeans and later on trousers, pants, shorts and skirts. An example of the Arcuate Trademark as used on LEVI'S® jeans is attached as Exhibit A.

17.    LS&CO. owns, among others, the following United States Registrations for its Arcuate Trademark:

a.    Arcuate Stitching Design Trademark, Registration No. 1,139,254 (first used 1873; registered September 2, 1980), attached hereto as Exhibit B; and

b.    Arcuate Stitching Design Trademark, Registration No. 404,248 (first used 1873; registered November 16, 1943), attached hereto as Exhibit C.

These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

18.    LS&CO. owns, among others, the following California Registration for its Arcuate Trademark:

COMPLAINT

62492_

4

CONFIDENTIAL

LS-A&F002522

1            a.     Arcuate Stitching Design Trademark, Registration No. 088399

2                    (first used 1873; registered August 24, 1988), attached hereto

3                    as Exhibit D.

4    **LS&CO.'s Tab Device Trademark**

5       19.    LS&CO. is the owner of the famous Tab Device Trademark (hereinafter the

6    "Tab Trademark"), which consists of a small marker of textile or other material sewn into

7    one of the regular structural seams of the garment. LS&CO. first used the Tab Trademark

8    in 1936 to identify genuine LEVI'S® products. An example of the Tab Trademark as used

9    on LEVI'S® jeans is attached as Exhibit A.

10       20.    LS&CO. owns, among others, the following United States Registrations for

11    its Tab Trademark:

12            a.     Tab Device Trademark, Registration No. 356,701 (first used

13                    September 1, 1936; registered May 10, 1938), attached hereto

14                    as Exhibit E;

15            b.     Tab Device Trademark, Registration No. 516,561 (first used

16                    September 1, 1936; registered October 18, 1949), attached

17                    hereto as Exhibit F;

18            c.     Tab Device Trademark, Registration No. 577,490 (first used

19                    September 1, 1936; registered July 21, 1953), attached hereto

20                    as Exhibit G;

21            d.     Tab Device Trademark, Registration No. 774,625 (first used

22                    May 22, 1963; registered August 4, 1964), attached hereto as

23                    Exhibit H;

24            e.     Tab Device Trademark, Registration No. 775,412 (first used

25                    October 9, 1957; registered August 18, 1964), attached hereto

26                    as Exhibit I; and

27

28

LS-A&F002523

1            f.    Tab Device Trademark, Registration No. 1,157,769 (first used

2                 September 1, 1936; registered June 16, 1961), attached hereto

3                 as Exhibit J.

4    These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

5    **LS&CO.'s Housemark Design Trademark**

6        21.    LS&CO. is the owner of the Housemark Design Trademark (hereinafter

7    "Housemark Trademark"). LS&CO. first used the Housemark Trademark in 1966 to

8    identify genuine LEVI'S® products. Examples of LS&CO.'s use of the Housemark

9    Trademark are attached as Exhibit K.

10        22.    LS&CO. owns, among others, the following United States Registrations for

11    its Housemark Trademark:

12            a.    Housemark Design Trademark, Registration No. 849,437 (first used

13                 October 10, 1966; registered May 21, 1968), attached hereto as

14                 Exhibit L;

15            b.    Housemark (blank) Design Trademark, Registration No. 1,135,196

16                 (first used April 15, 1975; registered May 13, 1980), attached hereto

17                 as Exhibit M;

18            c.    Housemark Design Trademark, Registration No. 1,041,846 (first used

19                 April 15, 1975; registered June 22, 1976), attached hereto as Exhibit

20                 N;

21            d.    Housemark Design Trademark, Registration No. 1,122,468 (first used

22                 October 22, 1977; registered July 17, 1979), attached hereto as Exhibit

23                 O;

24            e.    Housemark Design Trademark, Registration No. 1,155,926 (first used

25                 December 1970; registered May 26, 1981), attached hereto as Exhibit

26                 P.

27    These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

28

COMPLAINT

62492_1

6

CONFIDENTIAL

LS-A&F002524

**LS&CO.'s 505® Trademark**

1   23.    LS&CO. is the owner of the 505® Trademark. LS&CO. first used the 505®

3   Trademark as early as 1983 to identify genuine LEVI'S® products. Examples of

4   LS&CO.'s use of the 505® Trademark are attached as Exhibit K.

5   24.    LS&CO. owns, among others, the following United States Registration for its

6   505® Trademark:

7   a.    505® Trademark, Registration No. 1,313,554 (first used June 27,

8   1983; registered January 8, 1985), attached hereto as Exhibit Q.

9   This registration has become incontestable under the provisions of 15 U.S.C. § 1065.

**Defendants' Infringement of LS&CO.'s Trademarks and Breach of the Settlement Agreement**

12   25.    In approximately January 1993, LS&CO. and defendant EDWIN

13   INTERNATIONAL U.S.A. entered into a Settlement Agreement which resolved a prior

14   dispute between the parties concerning Edwin's use of certain designs which LS&CO.

15   believed infringed its Arcuate, Tab, and 501® Trademarks, among others. Defendant

16   EDWIN INTERNATIONAL is expressly responsible under the terms of the Settlement

17   Agreement. A copy of the Settlement Agreement, which was effective September 1, 1992,

18   and remains in effect, is attached hereto as Exhibit R and incorporated herein by reference.

19   26.    Beginning at some time in the past and continuing until the present,

20   Defendants, with actual or constructive knowledge of LS&CO.'s federal and state

21   registered trademarks, have manufactured or arranged for the manufacture for sale in the

22   United States, distributed, promoted, and sold clothing, including denim jeans, that

23   substantially infringes LS&CO.'s trademarks, including without limitation EDWIN brand

24   jeans.

25   27.    On information and belief, Defendants manufacture, source, distribute,

26   market, and/or sell EDWIN brand jeans that display pocket stitching designs hereinafter

27   referred to as the "EDWIN pocket stitching designs." Photocopies of jeans bearing the

28   Edwin pocket stitching designs are attached hereto as Exhibit S. The commercial

COMPLAINT

62492_1

7

CONFIDENTIAL

LS-A&F002525

1  impression and visual appearance of the Edwin pocket stitching designs, as used by

2  Defendants on jeans, are highly similar to the impression and appearance created by

3  LS&CO.'s Arcuate Trademark and are visually emulative of the Arcuate Trademark.

4      28.    On information and belief, Defendants manufacture, source, market, and/or

5  sell EDWIN brand jeans that display tabs on the rear pocket hereinafter referred to as the

6  "Edwin tabs." Photocopies of jeans bearing the Edwin tabs are attached hereto as

7  Exhibit T. The commercial impression and visual appearance of the Edwin tabs, as used

8  by Defendants on jeans, are highly similar to the impression and appearance created by

9  LS&CO.'s Tab Trademark and are visually emulative of the Tab Trademark.

10     29.    On information and belief, Defendants manufacture, source, market, and/or

11  sell EDWIN brand jeans that display designs hereinafter referred to as the "Edwin

12  designs." Photocopies of jeans bearing the Edwin designs are attached hereto as Exhibit

13  U. The commercial impression and visual appearance of the Edwin designs, as used by

14  Defendants on jeans, are highly similar to the impression and appearance created by

15  LS&CO.'s Housemark Trademark.

16     30.    On information and belief, Defendants manufacture, source, market, and/or

17  sell EDWIN brand jeans that display the style numbers 505 and 9505, hereinafter referred

18  to as the "Edwin numbers." Photocopies of Edwin jeans bearing the Edwin numbers are

19  attached hereto as Exhibit V. The commercial impression, visual appearance, and sound of

20  the Edwin numbers, as used by Defendants on jeans, are highly similar to the impression,

21  appearance and sound of LS&CO.'s 505® Trademark. The Edwin numbers are also

22  visually emulative of LS&CO.'s 501® Trademark.

23     31.    On information and belief, Defendants have manufactured, marketed and

24  sold many of the infringing garments and obtained and continue to obtain substantial

25  profits thereby.

26     32.    On information and belief, each of the Defendants has at all times knowingly

27  participated in a conspiracy with one another to manufacture, promote and/or sell these

28

COMPLAINT

62492_

8

CONFIDENTIAL

LS-A&F002526

1  infringing garments and are, accordingly, jointly and severally liable for all damages from
2  their conduct.

3       33.   Defendants' actions have and will cause LS&CO. irreparable harm for which
4  money damages and other remedies are inadequate. Unless Defendants are restrained by
5  this Court, Defendants will continue and/or expand the illegal activities alleged in this
6  Complaint and otherwise continue to cause great and irreparable damage and injury to
7  LS&CO. through, inter alia:

8            a.   depriving LS&CO. of its statutory rights to use and control use
9                of its trademarks;

10           b.   creating a likelihood of confusion, mistake and deception
11               among consumers and the trade as to the source of the
12               infringing garments;

13           c.   causing the public falsely to associate LS&CO. with the
14               Defendants or vice versa;

15           d.   causing incalculable and irreparable damage to LS&CO.'s
16               goodwill and dilution of the value of its trademarks; and

17           e.   causing LS&CO. to lose sales of its genuine clothing products.

18      34.   Accordingly, in addition to other relief sought, LS&CO. is entitled to
19 preliminary and permanent injunctive relief against Defendants and against all persons
20 acting in concert with them.

21 **FIRST CLAIM**

22 **FEDERAL TRADEMARK INFRINGEMENT**
23 **(15 U.S.C. § 1114-1117; Lanham Act § 32)**

24      35.   LS&CO. realleges and incorporates by reference each of the allegations
25 contained in paragraphs 1 through 34 of this Complaint.

26      36.   Without LS&CO.'s consent, Defendants have used, in connection with the
27 sale, offering for sale, distribution or advertising of Defendants' goods, designs which
28 infringe upon LS&CO.'s registered trademarks.

COMPLAINT

62492_1

9

CONFIDENTIAL

LS-A&F002527

1    37.    These acts of infringement have been committed with the intent to cause

2    confusion, mistake, or to deceive, and are in violation of 15 U.S.C. § 1114.

3    38.    As a direct and proximate result of Defendants' infringing activities as

4    alleged herein, LS&CO. has suffered substantial damage.

5    39.    Defendants' infringement of LS&CO.'s trademarks as alleged herein is an

6    exceptional case and was intentional.  Said exceptional and intentional infringements have

7    damaged LS&CO. as described herein, entitling LS&CO. to treble its actual damages and

8    to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

9                                  **SECOND CLAIM**

10                        **FEDERAL UNFAIR COMPETITION**
        **(False Designation of Origin and False Description)**
11                     **(15 U.S.C. § 1125; Lanham Act § 43(a))**

12    40.    LS&CO. realleges and incorporates by reference each of the allegations

13    contained in paragraphs 1 through 39 of this Complaint.

14    41.    Defendants' conduct constitutes the use of words, terms, names,  symbols or

15    devices tending falsely to describe its infringing garments, within the meaning of 15 U.S.C.

16    § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake or deception by or

17    in the public as to the affiliation, connection, association, origin, sponsorship, or approval

18    of the infringing garments to the detriment of LS&CO. and in violation of 15 U.S.C.

19    § 125(a)(1).

20                                  **THIRD CLAIM**

21                   **FEDERAL DILUTION OF FAMOUS MARK**
              **(Federal Trademark Dilution Act of 1995)**
22                  **(15 U.S.C. § 1125(c); Lanham Act § 43(a))**

23    42.    LS&CO. realleges and incorporates by reference each of the allegations

24    contained in paragraphs 1 through 41 of this Complaint.

25    43.    LS&CO.'s marks are distinctive and famous within the meaning of 15 U.S.C.

26    § 1125(c), the Federal Trademark Dilution Act of 1995.

27

28

COMPLAINT

62492_1

10

CONFIDENTIAL

LS-A&F002528

1    44.    Defendants' activities as alleged herein cause and/or are likely to cause

2    dilution of the distinctive quality of LS&CO.'s trademarks in violation of the Federal

3    Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

4        45.    LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

5        46.    Because Defendants willfully intended to trade on LS&CO.'s reputation or to

6    cause dilution of LS&CO.'s famous marks, LS&CO. is entitled to damages, extraordinary

7    damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(2).

8                                  **FOURTH CLAIM**

9        **CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
10                **(Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

11       47.    LS&CO. realleges and incorporates by reference each of the allegations

12   contained in paragraphs 1 through 46 of this Complaint.

13       48.    Defendants' intentional and blatant infringement of LS&CO.'s federally and

14   state registered trademarks constitutes infringement and dilution under California Business

15   & Professions Code §§ 14320, 14330, and 14335.

16       49.    Defendants infringed LS&CO.'s trademarks with knowledge and intent to

17   cause confusion, mistake or to deceive.

18       50.    Defendants' conduct is aggravated by that kind of willfulness, wantonness

19   and malice for which California law allows the imposition of exemplary damages.  That is,

20   Defendants' activities were intentional, willful, wanton, fraudulent and without

21   justification or excuse, and were undertaken with gross indifference to the rights of

22   LS&CO.

23       51.    Alternatively, Defendants were reckless or grossly negligent in that

24   Defendants' actions involved such an entire want of care as could have only resulted from

25   actual conscious indifference to the rights and welfare of LS&CO.

26       52.    As a direct and proximate result of Defendants' conduct, pursuant to

27   California Business & Professions Code § 14340, LS&CO. is entitled to injunctive relief

28   and damages in the amount of three times Defendants' profits, and three times all damages

COMPLAINT

62492_                                          11

1  suffered by LS&CO. by reason of Defendants' manufacture, use, display, or sale of

2  infringing goods.

### FIFTH CLAIM

### CALIFORNIA UNFAIR COMPETITION
#### (Bus. & Prof. Code § 17200) ·

6     53.    LS&CO. realleges and incorporates by reference each of the allegations

7  contained in paragraphs 1 through 52 of this Complaint.

8     54.    Defendants' infringement of LS&CO.'s trademarks constitutes "unlawful,

9  unfair or fraudulent business act[s] or practice[s] and unfair, deceptive untrue or

10 misleading advertising" within the meaning of California Business & Professions Code

11 § 17200.

12     55.    As a consequence of Defendants' actions, LS&CO. is entitled to injunctive

13 relief and an order that Defendants disgorge all profits on the manufacture, use, display or

14 sale of infringing goods.

### SIXTH CLAIM

### BREACH OF SETTLEMENT AGREEMENT

17     56.    LS&CO. realleges and incorporates by reference each of the allegations

18 contained in paragraphs 1 through 55 of this Complaint.

19     57.    Under the terms of the September 1992 Settlement Agreement between

20 Edwin and LS&CO. (the "Settlement Agreement"), Defendants agreed to cease

21 manufacture of any jeans that displayed any of the infringing designs illustrated in

22 Exhibits 14-19 to the Settlement Agreement. Edwin further agreed that it would cease all

23 sale and distribution of jeans bearing those infringing designs as of March 30, 1993.

24     58.    Under the terms of the Settlement Agreement, Edwin also confirmed its

25 understanding and agreement that LS&CO. was the owner of the Arcuate, Tab, and 501®

26 Trademarks, and that Edwin would not in the future "adopt and use any indicium on

27 EDWIN's jeans or other clothing products which is visually emulative of, or confusingly

28 similar to," those trademarks.

COMPLAINT

62492_                                                  12

CONFIDENTIAL

LS-A&F002530

59. On information and belief, Defendants have breached the terms of the Settlement Agreement by continuing to manufacture after September 1, 1992, and/or sell or distribute after March 30, 1993, jeans that display pocket stitching designs, tabs, and style numbers which are visually emulative of, and/or confusingly similar to, LS&CO.'s trademarks.

60. LS&CO. has performed all of its obligations under the Settlement Agreement, including, but not limited to foregoing any damages for Defendants' prior infringements of LS&CO.'s trademarks.

61. As a proximate result of Defendants' breach, LS&CO. has been damaged and has incurred attorneys' fees and costs.

62. As a result of Defendants' breach, LS&CO. is entitled to recover compensatory damages and costs, including reasonable attorneys' fees, in an amount to be proven at trial.

### SEVENTH CLAIM

### ACCOUNTING
### (Common Law)

63. LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 62 of this Complaint.

64. Defendants' activities, as alleged above, have violated LS&CO.'s rights in its trademarks under the common law.

65. As a direct result of their infringing activities, Defendants have been unjustly enriched through fraudulent conversion of LS&CO.'s goodwill and its rights in its trademarks into their own profits through the sale of the infringing garments and has caused LS&CO. to lose sales of its genuine products.

66. As a direct result of their misconduct, Defendants have received substantial profits, to which LS&CO. is entitled under common law.

67. The amount of such profits is unknown to plaintiffs and cannot be ascertained without an accounting.

COMPLAINT

62492_

13

CONFIDENTIAL

LS-A&F002531

### PRAYER FOR JUDGMENT

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

68.    Adjudge that LS&CO.'s trademarks have been infringed by Defendants in violation of LS&CO.'s rights under the common law, 15 U.S.C. § 1114, and/or California law;

69.    Adjudge that Defendants have competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

70.    Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous marks in violation of 15 U.S.C. § 1125(c), common law, and/or California law;

71.    Adjudge that each of the Defendants, each of their agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert or participation with any of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently:

    a.    From manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that use any words or symbols which so resemble LS&CO.'s trademarks as to be likely to cause confusion, mistake, or deception, on or in connection any product which is not authorized by or for LS&CO., including, without limitation, the following:

        i.    any product that bears the Edwin pocket stitching designs, or any other confusingly similar approximation of LS&CO.'s Arcuate Trademark; and/or

        ii.    any product that bears the Edwin tabs, or any other confusingly similar approximation of LS&CO.'s Tab Trademark; and/or

COMPLAINT

14

62492_1

CONFIDENTIAL

LS-A&F002532

1               iii.    any product that bears the Edwin design, or any other

2                       confusingly similar approximation of LS&CO.'s

3                       Housemark Trademark; and/or

4               iv.    any product that bears the style number 9505 or 505, or

5                       any other confusingly similar approximation of

6                       LS&CO.'s 505® Trademark;

7           b.     From using any word, term, name, symbol, device, or combination

8                thereof which causes or is likely to cause confusion, mistake or

9                deception as to the affiliation or association of Defendants or their

10               goods with LS&CO. or as to the origin of Defendants' goods, or any

11               false designation of origin, false or misleading description or

12               representation of fact;

13          c.     From further infringing the rights of LS&CO. in and to any of its

14               trademarks or otherwise damaging LS&CO.'s goodwill or business

15               reputation;

16          d.     From using any word, term, name, symbol, device, or combination

17               thereof further which is visually emulative of or confusingly similar to

18               LS&CO.'s trademarks, or otherwise violating the prior Settlement

19               Agreement between the parties;

20          e.     From otherwise competing unfairly with LS&CO. in any manner; and

21          f.     From continuing to perform in any manner whatsoever any of the

22               other acts complained of in this Complaint;

23      72.    Adjudge that Defendants be required immediately to supply LS&CO.'s

24  counsel with a complete list of individuals and entities from whom or which they

25  purchased, and to whom or which they sold, offered for sale, distributed, advertised or

26  promoted Edwin garments that infringe LS&CO.'s trademarks as herein alleged;

27      73.    Adjudge that Defendants be required immediately to deliver to LS&CO.'s

28  counsel Defendants' entire inventory of products which is in Defendants' possession or

COMPLAINT

62492_

15

CONFIDENTIAL

LS-A&F002533

1  subject to their control and which infringe LS&CO.'s trademarks as herein alleged,

2  including without limitation pants and any other clothing, packaging, labeling, labels,

3  advertising matter, promotional material and all plates, molds, matrices, and other material

4  for producing or printing such items;

5      74.    Adjudge that Defendants, within thirty (30) days after service of the

6  Judgment demanded herein, be required to file with this Court and serve upon LS&CO.'s

7  counsel a written report under oath setting forth in detail the manner in which they have

8  complied with the Judgment;

9      75.    Adjudge that LS&CO. recover from Defendants its actual damages and lost

10  profits in an amount to be proven at trial, that Defendants be required to account for any

11  profits that are attributable to their illegal acts, and that LS&CO. be awarded the greater of

12  either (1) three times Defendants' profits or (2) three times any damages sustained by

13  LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

14      76.    Impose a constructive trust on all Defendants' funds and assets that arise out

15  of Defendants' infringing activities;

16      77.    Adjudge that Defendants be required to pay LS&CO. punitive damages for

17  their oppression, fraud, malice and gross negligence, whether grounded on proof of actual

18  damages incurred by LS&CO. or on proof of Defendants' unjust enrichment;

19      78.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in

20  connection with this action, including LS&CO.'s reasonable attorneys' fees and

21  investigative expenses; and

22      79.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems

23  just and proper.

24  Dated: June 4, 1999            LEGAL STRATEGIES GROUP

25

26                         By: _____

27                             Gia L. Cincone

28                         Attorneys for Plaintiff
                           LEVI STRAUSS & CO.

CONFIDENTIAL

LS-A&F002534

DEMAND FOR JURY TRIAL

Levi Strauss & Co. hereby demands that this action be tried to a jury.

Dated: June 4, 1999                    LEGAL STRATEGIES GROUP

By: _____
    Gia L. Cincone

    Attorneys for Plaintiff
    LEVI STRAUSS & CO.

COMPLAINT

62492_1

17

CONFIDENTIAL

LS-A&F002535

**EXHIBIT A**

CONFIDENTIAL

LS-A&F002536

**EXHIBIT B**

CONFIDENTIAL

LS-A&F002537



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 04, 1998

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,139,254 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  September 02, 1980

SECTION 8 & 15

SAID RECORDS SHOW TITLE TO BE IN:

*LEVI STRAUSS & CO.*

*A DELAWARE CORPORATION*



By Authority of the

COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN

Certifying Officer

CONFIDENTIAL

LS-A&F002538

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,139,254

## United States Patent and Trademark Office

Registered Sep. 2, 1980

## TRADEMARK
Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif.  94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND
SHORTS, in CLASS 25 (U.S. CL. 39).
    First use 1873; in commerce 1873.
    Owner of U.S. Reg. No. 404,248.

Ser. No. 169,399. Filed May 8, 1978.

M. J. LEAHY, Primary Examiner

CONFIDENTIAL

LS-A&F002539

EXHIBIT C

CONFIDENTIAL

LS-A&F002540



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 04, 1998

THE ATTACHED U.S. TRADEMARK REGISTRATION   *404,248* IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *November 16, 1943*
2ND RENEWAL FOR A TERM OF *20* YEARS FROM  *November 16, 1983*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & CO.*
   *A DELAWARE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN
Certifying Officer

CONFIDENTIAL

LS-A&F002541

Registered Nov. 16, 1943    **Trade-Mark 404,248**

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Franisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of February 20, 1905

Application September 25, 1942, Serial No. 455,769



## STATEMENT

*To the Commissioner of Patents:*

Levis Strauss & Company, a corporation duly organized under the laws of the State of California and located at the city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for WAISTBAND TYPE OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles, showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in applicant's business since the year 1873. The trade-mark consists of double arcuate designs of orange color displayed on the hip pockets of the overalls as shown on the drawing. The mark is applied to the overalls by stitching the double arcuate designs on the hip pockets with orange colored thread, or by painting the lines of said design on the hip pockets with orange colored paint.

No claim is made to the exclusive use of the representation of a pair of overalls.

The undersigned hereby appoints Castberg & Roemer, a firm composed of Thomas Castberg and Irving C. Roemer, whose address is 807 Crocker Building, San Francisco, California, and whose registration number is 15,030, as its attorneys, with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By DANIEL E. KOSHLAND,
*Vice President.*

CONFIDENTIAL

LS-A&F002542

**EXHIBIT D**

CONFIDENTIAL

LS-A&F002543





# State of California

### OFFICE OF THE SECRETARY OF STATE

Trademark Reg. No. 088399

## CERTIFICATE OF REGISTRATION OF TRADEMARK

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADEMARK described below has been duly registered in this office on behalf of:

Name of Applicant **LEVI STRAUSS & CO.**

Business Address **1155 Battery Street**
**San Francisco, CA  94111**

Date First Used in California **1873**

Date First Used Anywhere **1873**

Description of Trademark **A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching.**

Class No. **39**

Description of Goods on Which the Trademark is Used **Pants, shirts and jackets**

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

Date of Registration **August 24, 1988**

Term of Registration Extends to and Includes **August 24, 1998**



*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this

24th day of August, 1988

*March Fong Eu*

Secretary of State

SEC/STATE FORM TM-103 (Rev. 1/88)

CONFIDENTIAL

LS-A&F002544

ABC   10021B



State of California

Office of

March Fong Eu

Secretary of State
SACRAMENTO

SEP 01 1988

As Secretary of State, it is my pleasure to notify you that the mark you submitted has been registered in this office.

Please be advised that Section 14220(f) of the Business and Professions Code specifies that a mark shall not be registered if it so resembles a mark or trade name already registered or used in this state by another and not abandoned, as to be likely, when applied to the goods or services of the applicant, to cause confusion or mistake or to deceive.

My office has conducted a search of California trademark and service mark registrations. Your mark does not appear to resemble any previous registration.

Please be advised, however, that there may be unregistered marks or California trade names used by corporations and partnerships, fictitious names, and names under which individuals conduct business which may resemble your registration. A check for such names is beyond the scope of the review of this office in registering marks.

Most sincerely,

*March Fong Eu*

MARCH FONG EU

SEC/STATE FORM LP-220

CONFIDENTIAL

LS-A&F002545

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR

REPRODUCTION OF TRADEMARK REG. NO. 088399



SEC/STATE FORM TM-107-T

CONFIDENTIAL

LS-A&F002546

EXHIBIT E

CONFIDENTIAL

LS-A&F002547



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION  356,701 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20 YEARS FROM  May 10, 1938*
*2ND RENEWAL FOR A TERM OF 20 YEARS FROM  May 10, 1978*
SECTION 8 & 15
REPUBLISHED SECTION 12C
LESS GOODS
SAID RECORDS SHOW TITLE TO BE IN:

 *LEVI STRAUSS & CO.*
 *A DE CORP*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. EDELEN
Certifying Officer

CONFIDENTIAL

LS-A&F002548

Registered May 10, 1938

Trade-Mark 356,701

AFFIDAVIT SEC. 8
ACCEPTED

AFFIDAVIT SEC. 15
RECEIVED 7-31-53

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of February 20, 1905

Application June 30, 1937, Serial No. 394,734



## STATEMENT

To the Commissioner of Patents:

Levi Strauss & Company, a corporation duly organized under the laws of the State of California and located at city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for ~~SHIRTS, WOMEN AND CHILDREN'S OVERALLS OF THE WAIST-POCKET TYPE~~, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905.

The trade-mark consists of a small marker or tab of textile material or the like, colored red, depending on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn. The trade-mark has been continuously used in the business of the applicant since on or about September 1, 1936.

In practice the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

No claim is made herein for the representation of a portion of the garment or seam shown in the drawing, these being shown merely to illustrate one manner in which the red marker or red tab may be applied to a garment. The drawing is lined for the color red.

The undersigned hereby appoints Chas. E. Townsend, whose address is 903-917 Crocker Building, San Francisco, California, its attorney with full power of substitution and revocation to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.

CONFIDENTIAL

LS-A&F002549

**EXHIBIT F**

CONFIDENTIAL

LS-A&F002550



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 18, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION   516,561 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  October 18, 1949
2ND RENEWAL FOR A TERM OF 20 YEARS FROM  October 18, 1989
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & CO.*
   *A DE CORP*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. EDELEN
Certifying Officer

CONFIDENTIAL

LS-A&F002551

Registered Oct 1     SECOND RENEWAL   Registra...   No. 516,561

PRINCIPAL REGISTER

AFFIDAVIT SEC. 8
ACCEPTED

Trade-Mark

AFFIDAVIT SEC. 15
RECEIVED 12-9-5Y

RENEWED
Levi Strauss & Co.
San Francisco Calif.

# UNITED   STATES   PATENT   OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of 1946

Application May 3, 1948, Serial No. 556,108



(Statement)

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS AND JACKETS, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods by affixing permanently thereto a tab of textile material on which the trade-mark is shown, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on jackets July 1, 1937, and on overalls September 1, 1936, and first used in commerce among the several States and between the United States and foreign nations which may lawfully be regulated by Congress on jackets July 1, 1937, and on overalls September 1, 1936.

Applicant is the owner of the trade-mark, Registration No. 413,386, dated April 24, 1945, and Registration No. 250,265, dated December 4, 1928.

(Declaration)

D. A. Beronio, being duly sworn, deposes and says that he is the secretary of Levi Strauss & Company, the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States and between the United States and foreign nations, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use such trade-mark in commerce which may lawfully be regulated by Congress, either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive; that the drawing and description truly represent the trade-mark sought to be registered; that the specimens show the trade-mark as actually used in connection with the goods; and that the facts set forth in the statement are true.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.

ACTIVE
JANUARY, 1983

CONFIDENTIAL

LS-A&F002552

EXHIBIT G

CONFIDENTIAL

LS-A&F002553



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 18, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION  577,490 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  July 21, 1953
2ND RENEWAL FOR A TERM OF 10 YEARS FROM  July 21, 1993
SECTION 8 & 15
AMENDMENT/CORRECTIONNEW CERT(SECT) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
    LEVI STRAUSS & CO.
    A DE CORP



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. EDELEN
Certifying Officer

CONFIDENTIAL

LS-A&F002554

Registered July 21, 1953

Registrati... No. 577,490

AFFIDAVIT SEC. 8
ACCEPTED

WILL REGISTER
Trade-Mark

AFFIDAVIT SEC. 15
RECE... ED

RENEWED
Levi Strauss & Co.
San Francisco, Calif.

SECOND RENEWAL

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of 1946

Application April 20, 1949, Serial No. 573,119



## STATEMENT

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods in the manner hereinafter set forth, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on September 1, 1936, and first used in commerce among the several States which may lawfully be regulated by Congress on September 1, 1936.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

In practice, the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the hip pockets of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

The drawing is lined for the color red.

Applicant is the owner of Trade-Mark Registration No. 356,701 issued May 10, 1938, and No. 404,248 issued November 16, 1943.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.

CONFIDENTIAL

LS-A&F002555

EXHIBIT H

LS-A&F002556

CONFIDENTIAL

Amendment

Registered July 21, 1953                    Registration No. 577,490

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and jeans is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 29th day of May 1973.

[SEAL]

Attest:                                        ROBERT GOTTSCHALK,
E. E. PATRICK,                                 Commissioner of Patents.
Attesting Officer.

CONFIDENTIAL

LS-A&F002557



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION  774,625 IS CERTIFIED TO BE A

TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL

STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF

THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  August 04, 1964

1ST RENEWAL FOR A TERM OF 20 YEARS FROM  August 04, 1984

SECTION 8 & 15

SAID RECORDS SHOW TITLE TO BE IN:

LEVI STRAUSS & CO.

A DE CORP



By Authority of the

COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

L. EDELEN

CONFIDENTIAL

LS-A&F002558

United States Patent Office
774,625
Registered Aug. 4, 1964

DAVIT SEC. 8
ACCEPTED

PRINCIPAL REGISTER
Trademark

AFFIDAVIT SEC. 15
RECEIVED 4-23-'70

Ser. No. 171,123, filed June 18, 1953



Strauss & Co. (California corporation)
ntery 30
Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS,
in CLASS 39.
First use May 22, 1963; in commerce May 22, 1963.
The mark consists of a small marker or black tab affixed to the exterior of the garment at the hip pocket.
Owner of Reg. Nos. 356,701, 577,490, and 720,376.

CONFIDENTIAL

LS-A&F002559

EXHIBIT I

CONFIDENTIAL

LS-A&F002560



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION  775,413 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  August 18, 1964
1ST RENEWAL FOR A TERM OF 20 YEARS FROM  August 18, 1984
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  LEVI STRAUSS & CO.
  A DE CORP



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

L. EDELEN

CONFIDENTIAL

LS-A&F002561

# United States Patent Office

775,412
Entered Aug. 18, 1964

AFFIDAVIT SEC. 8
ACCEPTED

**PRINCIPAL REGISTER**
Trademark

AFFIDAVIT SEC. 15
RECEIVED 4-23-70

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.

CONFIDENTIAL

LS-A&F002562

# United States Patent Office

775,412

Registered Aug. 18, 1964

## PRINCIPAL REGISTER
### Trademark

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.

CONFIDENTIAL

LS-A&F002563

**EXHIBIT J**

CONFIDENTIAL

LS-A&F002564



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 14, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,157,769 IS CERTIFIED TO BE A

TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL

STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF

THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM  June 16, 1981

SECTION 8 & 15

SAID RECORDS SHOW TITLE TO BE IN:

LEVI STRAUSS & CO.

A DE CORP



By Authority of the

COMMISSIONER OF PATENTS AND TRADEMARKS

L. EDELEN

CONFIDENTIAL

LS-A&F002565

United States Patent and Trademark Office

Reg. No. 1,157,769
Registered Jun. 16, 1981

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
99 Battery St.
San Francisco, Calif. 94106, by merger and change of
name from
Levi Strauss & Co. (California corporation)
San Francisco, Calif.

For TROUSERS, in CLASS 25 (U.S. Cl. 39).
First use Sep. 1, 1936; in commerce Sep. 1, 1936.
Owner of U.S. Reg. Nos. 356,701, 775,412 and others.

Applicant disclaims the representation of the goods apart from the mark as shown.

The mark consists of a small marker or tab affixed to the exterior of the garment at the hip pocket.

Ser. No. 263,725, filed Feb. 1, 1937.

J. C. DEMOS, Deputy Director

CONFIDENTIAL

LS-A&F002566

**EXHIBIT K**

CONFIDENTIAL

LS-A&F002567



CONFIDENTIAL

LS-A&F002568



CONFIDENTIAL

LS-A&F002569

EXHIBIT L

CONFIDENTIAL

LS-A&F002570

CONFIDENTIAL



# TO ALL TO WHOM THESE PRESENTS SHALL COME;

## UNITED STATES DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

December 20, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION 849,437 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM May 21, 1968
1ST RENEWAL FOR A TERM OF 20 YEARS FROM May 21, 1988
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
LEVI STRAUSS & CO.
a DELAWARE corporation

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

MARGARET BASTONN
Certifying Officer

LS-A&F002571

CONFIDENTIAL

Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco, Calif. 94106



FOR: TROUSERS, JACKETS, SHORTS, SHIRTS, SKIRTS, AND VESTS, in CLASS 39 (INT. CL. 25).
First use Oct. 10, 1966; in commerce Oct. 10, 1966.

LS-A&F002572

CONFIDENTIAL

EXHIBIT M

LS-A&F002573

CONFIDENTIAL

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 20, 1995

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,135,196 IS CERTIFIED TO BE A
TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL
STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF
THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 20 YEARS FROM May 13, 1980

SECTION 8 & 15

SAID RECORDS SHOW TITLE TO BE IN:

LEVI STRAUSS & CO.
a DELAWARE corporation

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

MARGARET BASSFORD
Certifying Officer

LS-A&F002574

Int. Cl.: 25

U.S. Cl.: 39

Reg. No. 1,135,196

## U.S. Patent and Trademark Office

Reg. May 13, 1980

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif. 94106

For: Garments—Namely, Pants and Shoes —in Class 25.
(U.S. Cl. 39).

First use Apr. 15, 1975; in commerce Apr. 15, 1975.
Owner of U.S. Reg. Nos. 1,041,846, 849,437 and 1,011,825.

Ser. No. 176,009. Filed June 26, 1978.

JEFFREY KAUFMAN, Primary Examiner

CONFIDENTIAL

LS-A&F002575

EXHIBIT N

CONFIDENTIAL

LS-A&F002576



No 1041846

## THE UNITED STATES OF AMERICA

This is to certify that from the records of the Patent and Trademark Office it appears that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-second day of June, 1976.

C. Marshall Dann

COMMISSIONER OF PATENTS AND TRADEMARKS

CONFIDENTIAL

LS-A&F002577

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent Office**

Reg. No. 1,041,846
Registered June 22, 1976

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
2 Embarcadero Center
San Francisco, Calif. 94106

For: SHOES, in CLASS 25 (U.S. CL. 39).
First use Apr. 15, 1975; in commerce Apr. 15, 1975.
Owner of Reg. Nos. 250,265 and 1,011,825.

Ser. No. 62,248, filed Sept. 5, 1975.

R. E. WOLFINGTON, Examiner

CONFIDENTIAL

LS-A&F002578

EXHIBIT O

CONFIDENTIAL

LS-A&F002579



No 1122468

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this seventeenth day of July, 1979.

ACTING COMMISSIONER OF PATENTS AND TRADEMARKS

CONFIDENTIAL

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,122,468

United States Patent and Trademark Office

Registered July 17, 1979

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
2 Embarcadero Center
San Francisco, Calif.   94106

For: SOCKS, in CLASS 25 (U.S. CL. 39).
First use Oct. 27, 1977; in commerce Oct. 27, 1977.
Owner of Reg. Nos. 849,437, 1,041,846, and others.

Ser. No. 181,214, filed Aug. 7, 1978.

JEFFREY KAUFMAN, Examiner

CONFIDENTIAL

LS-A&F002581

**EXHIBIT P**

CONFIDENTIAL

LS-A&F002582



Nº 1155926

# THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-sixth day of May, 1981.

*Rene D. Tegtmeyer*

ACTING COMMISSIONER OF PATENTS AND TRADEMARKS

CONFIDENTIAL

LS-A&F002583

Int. Cl.: 41

Prior U.S. Cl.: 107

## United States Patent and Trademark Office

Reg. No. 1,155,926
Registered May 26, 1981

### SERVICE MARK
#### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Center
San Francisco, Calif. 94106

For: ENTERTAINMENT SERVICES—NAME-
LY, SPONSORING A COMBINED FOOT RACE
AND HORSE RACE AND MUSEUM SERVICES,
in CLASS 41 (U.S. Cl. 107).
First use Dec. 1970; in commerce Dec. 1970.
Owner of U.S. Reg. Nos. 849,437, 1,041,846 and
others.

Ser. No. 232,417, filed Sep. 24, 1979.

J. C. DEMOS, Deputy Director

CAROL A. GRANT, Examiner

CONFIDENTIAL

LS-A&F002584