# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

LOIS SPORTSWEAR, U.S.A., INC.                    :        Civil Action
                                                          82 Civ. 8326
                              Plaintiff,          :
                                                            ANSWER
        - against -                               :           AND
                                                          COUNTERCLAIMS
LEVI STRAUSS & COMPANY                            :

                              Defendant.          :
- - - - - - - - - - - - - - - - - - - -x

        Defendant, Levi Strauss & Co. ("Levi"), for its answer
to the complaint of plaintiff, Lois Sportswear U.S.A., Inc.
("Lois") and for its counterclaims against said plaintiff, al-
leges:

        1.   Admits that plaintiff purports to allege a claim
for declaratory judgment and injunctive relief but otherwise
denies plaintiff's entitlement to such relief as alleged in par-
agraph 1.


        2.   Admits the allegations of paragraph 2.


        3.   Admits the allegations of paragraph 3.


        4.   Admits upon information and belief that Lois is a
corporation formed under the laws of the State of New York with
a place of business in this District and that it engages in the
importation and distribution of wearing apparel but denies
knowledge or information sufficient to form a belief as to the

Ex. B-1

5

truth or falsity of the remaining allegations of paragraph 4 and, accordingly, denies same.

5.  Admits the allegations of paragraph 5.

6.  Admits that Lois imports and distributes jeans but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 and, accordingly, denies same.

7.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and, accordingly, denies same.

8.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and, accordingly, denies same.

9.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and, accordingly, denies same.

10. Asserts that the stitching design on the back pocket of Lois' jeans is confusingly similar to the stitching design long previously used by Levi and, as thus asserted, admits the allegations of paragraph 10.

2

Ex. B-2

11.   Admits that Levi has lawfully asserted its rights pursuant to federal statute in communicating under date of October 30, 1981 with the United States Customs Service to prevent the importation of Lois jeans bearing the aforesaid stitching design upon the ground that it is confusingly similar to Levi's registered trademark, that the Customs Service determined on June 30, 1982 that said products should not be permitted entry into the United States because of such confusing similarity, and that a copy of such ruling is annexed to the Complaint as Exhibit D but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 and, accordingly, denies same.

12.   Admits the allegations of paragraph 12.

13.   Repeats and realleges its responses to paragraphs 1 through 12, inclusive, as repeated and realleged in paragraph 13.

14.   Admits that the design which appears on the back pocket of the jeans of Lois discloses a slight variation by way of an additional embellishment upon the design mark used by Lois but that the Lois design otherwise incorporates the entirety of Levi's design and, except as so admitted, denies the allegations of paragraph 14.

3

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Repeats and realleges its responses to paragraphs 1 through 12, inclusive, and 14 as repeated and realleged in paragraph 19.

20. Denies the allegations of paragraph 20.

21. Repeats and realleges its responses to paragraphs 1 through 12 and 14 through 17, inclusive, as repeated and re-alleged in paragraph 21.

22. Denies the allegations of paragraph 22.

23. Repeats and realleges its responses to paragraphs 1 through 12, inclusive, as repeated and realleged in paragraph 23.

24. Admits that Levi has been aware of some sporadic use of the stitched pocket design by Lois and that Levi has not

4

heretofore instituted an infringement action based thereupon but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 24 and, accordingly, denies same.

25.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 and, accordingly, denies same.

26.  Denies the allegations of paragraph 26.

27.  Denies the allegations of paragraph 27.

## AS AND FOR A FIRST COUNTERCLAIM

28.  Levi is a corporation formed under the laws of the State of Delaware with its principal place of business in San Francisco, California.

29.  Upon information and belief, plaintiff is a corporation formed under the laws of the State of Delaware with a place of business in this District and is doing and transacting business in the State of New York.

30.  Jurisdiction is alleged under 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper under 28 U.S.C. § 1391.

Ex. B-5

31.   Commencing from a time long prior to the acts of plaintiff herein alleged, Levi adopted and has continuously employed an arbitrary and distinctive design (hereinafter "arcuate design mark") on the rear pockets of its jeans.   Said arcuate design mark has been used by Levi on a vast scale throughout the United States over a period of many decades and it has, accordingly, come to be recognized by the public as an indication that Levi is the source of garments upon which it appears.

32.   Levi is the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No. | Issue Date |
|----------|------------|
| 404,248 | November 16, 1943 |
| 1,139,254 | September 2, 1980 |

Levi Strauss is also the owner of the following trademark registrations issued by the United States Patent and Trademark Office:

| Reg. No. | Issue Date |
|----------|------------|
| 223,725 | February 8, 1927 |
| 849,437 | May 21, 1968 |
| 989,435 | July 30, 1974 |

Ex. B-6                                   6

33.  Upon a date presently unknown to Levi, plaintiff knowingly and with deceptive purpose commenced and has since used, and threatens to continue to use, in commerce and in a manner affecting commerce, a design mark on the rear pockets of its jeans which design closely imitates the arcuate design mark of Levi.

34.  The use by plaintiff of said design mark constitutes an unprivileged reproduction, copy or colorable imitation of Levi's registered arcuate design mark and is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

35.  Levi has suffered and will continue to suffer irreparable injury from the acts of plaintiff for which no adequate remedy exists at law.

<u>AS AND FOR A SECOND COUNTERCLAIM</u>

36.  The allegations of paragraphs 28-31, and 33 and 35 are repeated and realleged as though fully set forth herein.

37.  The use by plaintiff of said design mark, by reason of its confusing similarity to the arcuate design mark of Levi, constitutes a false representation or description tending falsely to describe or represent the products of plaintiff in violation of 15 U.S.C. § 1125(a).

7

Ex. B-7

## AND AS FOR A THIRD COUNTERCLAIM

38.  The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

39.  The use by plaintiff of said design marks constitutes an infringement of Levi's trademark rights and an unfair method of competition in violation of the common law of the State of New York and of the other States of the United States in which plaintiff makes such use.

## AS AND FOR A FOURTH COUNTERCLAIM

40.  The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

41.  The use by plaintiff of said design mark is likely to dilute the distinctive quality of the arcuate design mark of Levi in violation of New York General Business Law § 368(d) and the similar laws of other states in which plaintiff makes such use.

## AS AND FOR A FIFTH COUNTERCLAIM

42.  The allegations of paragraphs 28-31, 33 and 35 are repeated and realleged as though fully set forth herein.

8

Ex. B-8

43. The use by plaintiff of said design mark constitutes a deceptive act and practice in violation of New York Business Law § 349 and the similar law of other states in which plaintiff makes such use.

WHEREFORE, Levi demands judgment:

1.    Enjoining plaintiff, its officers, agents, assigns and all who act in privity with it from using in the advertising or sale of jeans or related products the design mark herein alleged to violate the rights of Levi or any other design mark which is confusingly similar to the arcuate design mark of Levi;

2.    Awarding to Levi such damages as may be established upon the trial, trebled in accordance with 15 U.S.C. § 1117;

3.    Ordering plaintiff to account for an pay over to Levi all profits received by plaintiff from the sale of jeans in connection with the confusingly similar design mark used by plaintiff;

4.    Granting Levi an award of its counsel fees and expenses herein pursuant to 15 U.S.C. § 1117;

Ex. B-9

5.    Awarding Levi such other and further relief as to the Court may seem just and proper.


Dated:  New York, New York
        January 5 , 1983

                        MILGRIM THOMAJAN JACOBS & LEE
                        PROFESSIONAL CORPORATION


                        By_____
                            Alfred T. Lee
                        Attorneys for Defendant
                        LEVI STRAUSS & CO.
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, New York 10174
                        (212) 867-6660

Ex. B-10