# EXHIBIT 2

David J. Kera
List of Expert Witness Cases As of June 26, 2008

*Soltex Polymer Corporation v. Fortex Industries, Inc.*
Civil Action No. 81-0673 (JM)
USDC ED NY
Trademark. Fraud in PTO. Use of mark. Renewal.
Testimony on behalf of Fortex 1986.

*The Corporation of Lloyd's v. Lloyd's U.S.*
Civil Action No. A-86-CA-066
USDC WD Tex (1987)
Trademark. Genericness.
No deposition. No testimony.

*Citibank, N.A., et al. v. Citytrust, et al.*
Civil Action No. 84 CIV 3786 (ILG)
USDC EDNY
Trademark. Procedures at TTAB.
Testimony on behalf of Citytrust 1988.

*Black & Decker Company v. The Hoover Company*
Civil Action No. H-87-851
USDC D. Conn.
Trademark. Configuration of goods. Functionality. Distinctiveness. Likelihood of confusion.
Preliminary injunctions.
Testimony on behalf of Hoover 1988.

*Crain Communications, Inc. v. Fairchild Publications, Inc.*
Civil Action 89-CV-60073-AA
USDC ED Mich.
Trademark. Distinctiveness. Genericness. Likelihood of confusion.
Fraud in PTO.
Deposition and testimony on behalf of Crain 1989.

*U.S. Phillips Corporation and North American Phillips Corporation v. Windmere Corporation and Izumi Seimitsu Kogyo Kabushiki Kaisha*
Civil Action No. 84-2508-CIV-MARCUS
USDC SD Fla.
Trademark. Configuration of goods. Distinctiveness. Functionality. PTO practice.
Testimony on behalf of Windmere 1990.

*Intel Corporation v. Advanced Micro Devices, Inc.*
Civil Action No. C-90-20571-WAI
USDC ND Calif.
Trademark. Genericness. Likelihood of confusion.
Deposition and testimony on behalf of Intel 1991.

*Tiffany and Company v. American Hygienic Laboratories, Inc.*
Civil Action No. 89-2615-CIV-SPELLMAN
USDC SD Fla. (1991-1992)
Trademark. TTAB procedures. Differences between TTAB and District Court jurisprudence.
No deposition. No testimony.

*Peter Morton v. Hard Rock Cafe International*
Arbitration - (1992)
Scope of licensee's rights.
No deposition. No testimony.

*Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*
Civil Action No. 92-66 RRM
USDC D. Del.
Trademark. Distinctiveness. Likelihood of confusion.
Deposition and testimony on behalf of Vigoro 1992.

*Alltrade Inc. v. Uniweld Products, Inc.*
Civil Action No. 90-6507 CIV MOORE
Trademark. Practice before Trademark Trial and Appeal Board on confidential documents and transcripts.
Deposition on behalf of Uniweld Products 1992.

*The TJM Corporation v. Xerox Corporation*
Civil Action No. 92-0334
Section A Judge Schwartz
USDC ED La. (1992-1993)
Trademark. Likelihood of confusion.
No deposition. No testimony

*Frank Industries, Inc. v. Bodor Corporation*
Civil Action No. 89-CV-403222-FL
USDC ED Mich.
Trademark. Abandonment. Likelihood of confusion.
Deposition on behalf of Bodor Corporation 1993.

*Mars, Incorporated v. Leaf, Inc.*
Civil Action No. 93 Civ. 261
U.S. District Court D. Del. (1993-1994)
Trademark. Use of Trademark. Maintenance of rights.
No deposition. No testimony.

*Florida Realty, Inc. v. *Merrill Lynch Realty Operating Partnership Limited*
*succeeded by Prudential Residential Services Limited Partnerships
Civil Action No 90-8180 CIV-Paine
USDC SD Florida (1993-1994)
Patent and Trademark Office Procedures.
No deposition. No testimony.

*CUI International, Inc. v. Mespo Umbrellas Ltd.*
Civil Action No. 1-94-CV-2093-CAM
U.S. District Court ND Georgia
Testimony on behalf of Mespo 1994.
Configuration of goods - functionality, distinctiveness, likelihood of confusion. PTO practice on registration of configuration of goods.

*Cacique, Inc. v. Stella Cheese Company, Inc. et. al.*
Case No. BC081395
Superior Court of the State of California
County of Los Angeles (1995)
Trademark. Practice in Patent and Trademark Office.
No deposition. No testimony.

*Choice Hotels International, Inc. v. Choice Inn Systems, Inc., et al.*
Case No. 93-1076-CIV-ORL-19
U.S. District Court MD Florida (1995)
Trademark. Practice in Patent and Trademark Office.
Deposition on behalf of Choice Inn Systems 1995.

*Warnervision Entertainment Inc. v. Empire of Carolina Inc., et al.*
Case No. 95 CIV. 9386 (HB)
U.S. District Court SD New York (1995-96)
Trademark. Practice in Patent and Trademark Office.
Use of Trademarks. Intent-to-use applications.
No deposition. No testimony.

*Block Drug Co., Inc. v. Mölnlycke AB*
Case No. 96 CIV 9486 (HB)
USDC SD New York (1997)
No deposition. No testimony.

*Sun Life Assurance Company of Canada and Sun Life Assurance Company
of Canada (U.S.) v. Sunamerica Inc. and Sunamerica Life Insurance Company*
Civil Action No. 95-CV-1808-MHS
USDC ND Georgia
Trademark.
No deposition. No testimony.

*Movado Group Inc. v. Telux-Pioneer Inc.*
Civil Action No. 96-CV-5233
USDC ED New York
Trademark. Fraud in Patent and Trademark Office
No deposition (as of 1/20/00).
No testimony (as of 1/20/00).

*Aliant Communications Inc. v. Interstate Energy Corporation*
Civil Action No. 1-98-CV-80027
USDC SD Iowa Western Division
Trademark. Procedure in Patent and Trademark Office.
No deposition. No testimony.

*G.D. Searle & Co. v. Forest Laboratories Inc.*
Civil Action No. 98C-5170
USDC ND Illinois Eastern Division
Trademark. What constitutes use of a mark?
*Bona fide* use in the ordinary course of trade.
No deposition. No testimony.

*Acushnet Company v. Spalding Sports Worldwide, Inc*
Civil Action No. 00-CV-1163-DPW
USDC D Massachusetts
Trademark. Distinctiveness of Mark.
Practice on disclaimers in Patent and Trademark Office
No deposition. No testimony.

*U.S. Search, LLC v U.S. Search Com. Inc.*
Civil Action No. 00-554-A
USDC ED Virginia Alexandria Division
Trademark, Trademark Searching
No deposition. No testimony

*Charter National Bank v. Charter One Financial, Inc.*
Civil Action No. 01C0905
USDC ND Illinois Eastern Division
Trademark. Violation of 15 U.S.C. 1125 (a)
Genericness
Deposition. Testimony at hearing on motion for a preliminary injunction.

*Thomas and King, Inc. v. Ruby Tuesday, Inc.*
Civil Action No. 3:01-CV-458
USDC ED Tennessee
Service Mark.
Likelihood of confusion
No deposition. No testimony.

*Ken's Foods, Inc. v. Ken's Steak House, Inc.*
Civil Action No.: 01-CV-11878-NG/JDG
USDC Massachusetts
Trademark.
Ownership of mark
Deposition. No testimony as of April 30, 2004.

*Cumulus Media, Inc. v. Clear Channel Communications, Inc.*
Civil Action No. 4:01CV441-5PM
USDC ND Florida Tallahassee Division
Trademark. Likelihood of confusion
No deposition. No testimony.

*3M Company v. Intertape Polymer Group, Inc., IPG (U.S.)*
*Holdings, Inc., IPG (U.S.) Inc. and Central Products*
*Company*
Civil Action No.: 03-2651 JRT/FLN
USDC Minnesota
Trademark
Propriety of trademark application prosecution
Deposition.

*Rudolph International, Inc. v. Realy's, Inc. and Michael Falley*
Civil Action No.: SACV03-1247 AHS (MLGx)
USDC Central District of California – Southern Division
Trademark infringement action,
No deposition

*Globalaw Limited, et al v. Globalaw, Inc. et al*
Civil Action No.: 1:03CV00950 (CKK)
USDC District of Columbia
Protectability of trade name or service mark
Deposition 2005.

*Specialized Seating, Inc. v. Greenwich Industries, L.P.*
Case No. 05C1197
Federal District Court for the Northern District of Illinois
Expert Witness in Trademark Litigation
Fraud
Testimony December 2006

*HP Hood, LLC v. Smart Balance, Inc., GFA Brands, Inc.*
*and Fitness Foods, Inc.*
Federal District Court for the District of Massachusetts
Trademark Infringement Action
No deposition. No testimony

*Pittsburgh Home and Garden Show, Inc. v. Scripps Networks, Inc.*
*and The E. W. Scripps Company* and
*Pittsburgh Home and Garden Show, Inc. v. Clubhouse Publishing, Inc.,*
*f/k/a Gulfshore Media, Inc. Curtco/GSM, LLC, Curtco Publishing, LLC,*
*Curtco Robb Media, LLC, and Curtco Media Labs, LLC*
Civil Action No. 03-1477
Federal District Court of Western District of Pennsylvania
Trademark Infringement Action

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*
Civil Action No. cv-07-3752
Federal District Court of the Northern District of California
Fraud in the United States Patent and Trademark Office

DJK/ojb    {I:\ATTY\DJK\EXPERT UPDATED JUNE 26 2008-LIS.DOC}

# EXHIBIT 3

DAVID J. KERA
TRADEMARK TRIAL AND APPEAL BOARD PUBLISHED DECISIONS

In re AGE Bodegas Unidas, S.A.
192 USPQ 326
6-30-76
Ser. No. 16,765

Allied Mills, Inc.
v.
Kal Kan Foods, Inc.
203 USPQ 390
4-23-79
Op. No. 56,023
Can. No. 11,133

American Dairy Queen Corp.
v.
Daniel
196 USPQ 630
10-18-77
Op. No. 56,909

Amer. Manufacturing Co., Inc.
v.
Phase Industries, Inc.
192 USPQ 498
8-31-76
Can. Nos. 10,519; 10,686

Amoco Oil Company
v.
Amerco, Inc.
192 USPQ 729
10-18-76
Op. Nos. 55,176; 56,401

———
Reconsideration denied
7-24-78
201 USPQ 126

Andrea Radio Corporation
v.
Premium Import Co., Inc.
191 USPQ 232
5-25-76
Op. No. 54,511

Angelica Corporation
v.
Collins & Aikman Corporation
192 USPQ 387
9-30-76
Op. No. 54,882

In re Arthur Holland, Inc.
192 USPQ 494
6-25-76
Ser. No. 8,965

In re Audi NSU Auto Union AG
197 USPQ 649
12-22-77
Ser. No. 2,868

E. M. Bailey Distributing Co.
v.
Petro-Vend, Inc.
207 USPQ 769
4-30-80
Can. 11,706

In re Bausch & Lomb Inc.
206 USPQ 534
12-21-79
Ser. No. 42,112

Bellanca Aircraft Corporation
v.
Bellanca Aircraft Engineering, Inc.
190 USPQ 158
4-30-76
Can. 10,513

R. C. Bigelow, Inc.
v.
Celestial Seasonings, Inc.
203 USPQ 542
4-23-79
Op. No. 58,367

In re Bliss & Laughlin Industries, Inc.
198 USPQ 127
1-27-78
Ser. No. 49,343

Bliss & Laughlin Industries, Inc.
v.
Brookstone Company
209 USPQ 688
2-5-81
Op. No. 60,815

Blue Bell, Inc.
v.
Ben-Her Corporation
197 USPQ 178
8-25-77
Op. No. 57,197

In re Burlington Industries, Inc.
197 USPQ 718
10-18-77
Ser. No. 463,814

Byk-Gulden, Inc.
v.
Trimen Laboratories, Inc.
211 USPQ 364
TTAB 1981
5-1-81
Op. No. 61,461

_____
Dissent

Carling National Breweries, Inc.
v.
Wilson Distillers Limited
210 USPQ 596 (Digest)
TTAB 1980
12-1-80
Op. No. 58,707

In re Certified Burglar Alarm Systems
191 USPQ 47
3-26-76
Ser. No. 435,535

Chicken Delight, Inc.
v.
Delight Wholesale Co.
Inter:  193 USPQ 175
          7-20-76
Dec:    196 USPQ 136
          5-27-77
Recon: 197 USPQ 631
          8-25-77
Op. No. 56,931

In re Consolidated Foods Corporation
200 USPQ 477
10-30-78
Ser. No. 2,394

In re Carolyn's Candies, Inc.
206 USPQ 356
1-29-80
Ser. No. 89,777
_____
Concurring Opinion

Chase Brass & Copper Co., Inc.
v.
Special Springs, Inc.
199 USPQ 243
2-24-78
Op. No. 57,492
_____
Concurring Opinion

Columbia Broadcasting System, Inc.
v.
DeCosta
192 USPQ 453
8-31-76
Op. No. 52,531

Continental Specialties Corp.
v.
Continental Connector Corp.
192 USPQ 449
8-30-76
Op. No. 57,277

In re Cooper
196 USPQ 182
4-25-77
Ser. No. 3,827

Cumberland Packing Corp.
v.
McMahan Products, Inc.
189 USPQ 428
11-25-75
Op. No. 55,444

In re Dahlquist, Inc.
192 USPQ 237
6-15-76
Ser. No. 3,790

In re Distribution Codes, Inc.
199 USPQ 508
4-18-78
Ser. No. 62,268

Duffy-Mott Company, Inc.
v.
Borden, Inc.
201 USPQ 846
12-27-78
Op. No. 58,031

Crown Wallcovering Corporation
v.
The Wall Paper Manufacturers, Ltd.
208 USPQ 686
11-13-80
Can. 10,955

David Crystal, Inc.
v.
Glamorise Foundations, Inc.
189 USPQ 740
12-23-75
Op. No. 55, 687

In re DC Comics, Inc.
211 USPQ 834
7-31-81
Ser. No. 56,993
Ser. No. 57,159
Ser. No. 94,029

In re Drums, Ltd.
210 USPQ 222
2-5-81
Ser. No. 154,111
Ser. No. 154,222

In re Dun-Donnelley Publishing
  Corporation
205 USPQ 575
10-29-79
Ser. No. 81,559
_____
Affirmed w/o pub. op.
Appeal No. 80-575
(CCPA, 11-20-80)

Electro-Coatings, Inc.
v.
Precision National Corp.
204 USPQ 410
11-29-79
Op. No. 56,287


Federal Trade Commission
v.
Formica Corporation
200 USPQ 182
11-8-78
Can. No. 11,955

──────
Writ denied, sub nom. Formica
Corporation v. Lefkowitz, et al
200 USPQ 641
CCPA 1979


Fischer Gesellschaft m.b.H.
v.
Molnar and Company, Inc.
203 USPQ 861
4-26-79
Can. No. 11,283


In re Francis Industries, Inc.
199 USPQ 568
5-25-78
Ser. No. 74,269


Evans Chemetics, Inc.
v.
Chemetics International Ltd.
207 USPQ 695
6-27-80
Op. No. 55,062


In re The First National Bank of Boston
199 USPQ 296
3-13-78

──────
Abandonment of application same day
notice of opposition filed


In re Fisons Limited
197 USPQ 888
1-19-78
Ser. No. 10,737


The Gap Stores, Inc.
v.
Helene Curtis Industries, Inc.
201 USPQ 600
8-18-78
Op. No. 61,410

General Electric Company
v.
Graham Magnetics Inc.
197 USPQ 690
10-27-77
Op. No. 56,786

General Mills Fun Group, Inc.
v.
Tuxedo Monopoly, Inc.
204 USPQ 396
11-29-79
Op. No. 57,732

———————

Dissent

In re The General Tire & Rubber Company
194 USPQ 491
3-31-77
Ser. No. 12,634

The General Tire & Rubber Co.
v.
The Gendelman Rigging & Trucking Inc.
189 USPQ 425
11-19-75
Op. No. 56,695

Geraghty Dyno-Tuned Products, Inc.
v.
Clayton Manufacturing Co.
190 USPQ 508
4-19-76
Can. Nos. 10,483; 10,506

Glamorene Products Corporation
v.
Earl Grissmer Company, Inc.
203 USPQ 1090
3-22-79
Op. No. 56,256
Can. No. 10,868

In re Goodbary Engineering Co.
197 USPQ 552
11-29-77
Ser. No. 16,705

Granny's Submarine Sandwiches, Inc.
v.
Granny's Kitchen, Inc.
199 USPQ 564
5-24-78
Can. No. 11,125

S. Gumpert Co., Inc.
v.
ITT Continental Baking Co.
191 USPQ 409
5-27-76
Op. No. 55,902

Hyde Park Footwear Co., Inc.
v.
Hampshire-Designers, Inc.
197 USPQ 639
12-30-77
Op. No. 57,663

Hydrotechnic Corporation
v.
Hydrotech International, Inc.
196 USPQ 387
6-13-77
Op. No. 56,391


Insta-Foam Products, Inc.
v.
Instapak Corporation
189 USPQ 793
2-26-76
Op. No. 54,886

---

Affirmed by unpub. decision
Pat. Appeal 76-652
CCPA 1-6-77


Interlego A.G.
v.
Ward and Sons, Inc.
211 USPQ 358
TTAB 1981
5-1-81
Op. No. 61,532


In re International Spike, Inc.
196 USPQ 447
6-17-77
Ser. No. 8,638


Jay-Zee, Inc.
v.
Hartfield-Zodys, Inc.
207 USPQ 269
2-28-80
Can. 11,642


In re Industrial Washing Machine
Corporation
201 USPQ 953
2-14-79
Ser. No. 15,247


Interbank Card Association
v.
United States National Bank of Oregon
197 USPQ 123
10-12-77
Op. No. 56,764

---

Affirmed by unpub. decision
Pat. Appeal 78-541
CCPA 10-19-78


Intermed Communications, Inc.
v.
Chaney
197 USPQ 501
12-23-77
Op. No. 59,072


In re ITT Rayonier Inc.
208 USPQ 86
9-3-80
Ser. No. 123,726


Jerrold Electronics Corp.
v.
The Magnavox Company
199 USPQ 751
6-27-78
Op. No. 57,690

The Jim Dandy Company
v.
Siler City Mills, Inc.
209 USPQ 764
2-24-81
Op. No. 60,588


In re Jordan Industries, Inc.
210 USPQ 158
TTAB 1980
12-1-80
Ser. No. 3,523


Kay Corporation
v.
Weisfield's, Inc.
190 USPQ 565
4-22-76
Op. No. 55,078


Kellogg Company
v.
Western Family Foods, Inc.
209 USPQ 440
12-22-80
Op. No. 60,447


Jockey International, Inc.
v.
Frantti
196 USPQ 705
9-23-77
Op. No. 56,542


K2 Corporation, et al
v.
Philip Morris Incorporated
192 USPQ 174
6-15-76
Op. No. 51,439

Affirmed 194 USPQ 81
CCPA 1977


Keebler Company
v.
Associated Biscuits Limited
207 USPQ 1034
6-25-80
Can. 11,497


In re Kerr-McGee Corporation
190 USPQ 204
1-28-76
Ser. Nos. 365,742; 365,743; 365,744;
365,745

Kraft, Inc.
v.
Robert W. Balin, M.D. and Sonia Balin
209 USPQ 877
2-4-81
Op. No. 59,245

---

Affirmed w/o pub. opinion
Patent Appeal 81-574
CCPA (11-19-81)

LaMaur, Inc.
v.
The Bagwells Enterprises, Inc.
199 USPQ 601
4-27-78
Op. No. 53,633

Lasek & Miller Associates
v.
Irving Rubin & Ivan Jimenez
201 USPQ 831
12-28-78
Can. No. 10,285

In re The Library Restaurant, Inc.
194 USPQ 446
2-22-77
Ser. No. 25,047

Lacoste Alligator S.A.
v.
Everlast World's Boxing Headquarters
Corp.
204 USPQ 945
10-29-79
Op. No. 58,824

In re Landmark Communications, Inc.
204 USPQ 692
11-29-79
Ser. No. 104,170

In re Leo Quan Inc.
200 USPQ 370
9-22-78
Ser. No. 74,939

Litton Business Systems, Inc.
v.
JG Furniture Company, Inc.
188 USPQ 509
1-9-76
Can. 10,212

In re Loew's Theatres, Inc.
197 USPQ 183
11-22-77
Ser. No. 28,705

LogEtronics, Inc.
v.
Logicon-Intercomp Inc.
199 USPQ 814
6-23-78
Op. No. 57,141
_____
Affirmed w/o pub. op.
Patent Appeal 78-636
CCPA 4-19-79

In re The Lucky Company
209 USPQ 422
4-30-80
Ser. No. 112,948
_____
Concurring opinion

In re E. Martinoni Company
189 USPQ 589
12-15-75
Ser. No. 14,013

In re Robert L. McGinley
206 USPQ 753
12-26-79
Ser. Nos. 107,819; 107,820
_____
Affirmed
211 USPQ 668
CCPA 1981

In re Medical Plastics, Inc.
192 USPQ 239
5-27-76
Ser. No. 446,978

Miles Laboratories, Inc.
v.
Whorton Pharmacal Company
199 USPQ 758
7-19-78
Op. No. 55,983

In re Samuel Moore & Company
195 USPQ 237
4-27-77
Ser. No. 27,835

National Bakers Services, Inc.
v.
Hain Pure Food Co., Inc.
207 USPQ 701
8-29-80
Op. No. 54,238

_____
Concurring opinion


Newhoff Blumberg Inc.
v.
Romper Room Enterprises, Inc.
193 USPQ 313
8-31-76
Can. No. 10,780

_____
Civil Action dismissed with prejudice on
stipulation
9-19-77


Olin Corporation
v.
Hydrotreat, Inc.
210 USPQ 63
5-8-81
Op. No. 60,757


In re The Pennsylvania Fashion Factory,
Inc.
198 USPQ 568
3-14-78
Ser. No. 44,276

_____
Dissent
Affirmed 200 USPQ 140
CCPA 1978


In re National Presto Industries, Inc.
197 USPQ 188
11-22-77
Ser. No. 40,998


Norton Company
v.
George N. Talbert
202 USPQ 542
3-7-79
Op. No. 57,465


Oxy Metal Industries Corp.
v.
Transene Company, Inc.
196 USPQ 845
10-26-77
Op. No. 53,961


In re Pepcom Industries, Inc.
192 USPQ 400
7-29-76
Ser. No. 463,451

The Plak-Shack, Inc.
v.
Continental Studios of Georgia, Inc.
204 USPQ 242
6-14-79
Op. No. 58,285

―――――
Reconsideration Denied
204 USPQ 1059
9-24-79


Pneutek, Inc.
v.
George H. Scherr
211 USPQ 824
7-30-81
Op. No. 62,138


Puma-Sportschuhfabriken Rudolf
    Dassler KG
v.
Roller Derby Skate Corporation
206 USPQ 255
1-29-80
Op. Nos. 58,001; 58,002

―――――
Concurring opinion


Raybestos-Manhattan, Inc.
v.
Barnes Group, Inc.
196 USPQ 37
6-13-77
Op. No. 56,836


Plus Products
v.
Natural Organics, Inc., d/b/a Nature's Plus
204 USPQ 773
8-2-79
Op. No. 55,487

―――――
Reversed w/o pub. opinion
Patent Appeal 80-512
May 22, 1980


Primal Feeling Center of New England,
    Inc.
v.
Dr. Arthur Janov
201 USPQ 44
9-15-78
Can. No. 10,849


Quantor Corporation
v.
Spectrex Company
190 USPQ 45
1-22-76
Op. No. 54,726


In re Red Diamond Battery Company
203 USPQ 472
4-26-79
Ser No. 70,120

Refreshment Machinery Inc.
v.
Reed Industries, Inc.
196 USPQ 840
10-26-77
Op. Nos. 56,035; 56,118

Regent Baby Products Corp.
v.
Dundee Mills, Inc.
199 USPQ 571
5-25-78
Op. No. 58,690

In re Robert Simmons, Inc.
192 USPQ 331
9-30-76
Ser. No. 5493

Roush Bakery Products Co., Inc.
v.
Ridlen, et al
190 USPQ 445
2-26-76
Op. No. 55,779

In re Safeway Products, Inc.
192 USPQ 155
3-15-76
Ser. No. 460,197

In re Regal Rugs, Inc.
189 USPQ 495
12-12-75
Ser. No. 19,954

In re The Reuben H. Donnelley Corp.
191 USPQ 414
6-30-76
Ser. No. 452,103

Rolex Watch U.S.A., Inc.
v.
Madison Watch Co., Inc.
211 USPQ 352
3-30-81
Op. No. 61,476

Roux Laboratories, Inc.
v.
La Cade Products Company
192 USPQ 458
7-29-76
Op. No. 55,610

Affirmed 194 USPQ 542
CCPA 1977

Satinine Societa in Nome Collettivo di
S.A. e.M. Usellini
v.
P.A.B. Produits Et Appareils De Beaute
209 USPQ 958
2-23-81
Can. 11,989

Concurring opinion

In re SCM Corporation
209 USPQ 278
12-1-80
Ser. No. 136,500

Sheller-Globe Corporation
v.
Scott Paper Company
204 USPQ 329
9-20-79
Op. No. 58,667

The Sinclair Manufacturing Co.
v.
Leo Parfums de Dana, Inc.
191 USPQ 292
5-28-76
Op. No. 54,565

In re Sooner Life Insurance Company
207 USPQ 948
9-30-80
Ser. No. 102,102

St. Louis Janitor Supply Co.
v.
Abso-Clean Chemical Co.
196 USPQ 778
10-26-77
Can. Nos. 10,912; 10,913

Stagecoach Properties, Inc.
v.
Wells Fargo & Company
199 USPQ 341
4-21-78
Op. Nos. 56,762; 56,763

_____
Action for review
Judgment for defendant (opposer)
N. D. Cal. 2-27-81
Docket No. C-78-1487-WAI

Standard Brands Inc.
v.
RJR Foods, Inc.
192 USPQ 383
6-25-76
Op. NO. 54,825

In re Standard Memories, Inc.
196 USPQ 376
4-27-77
Ser No. 402,181

Szyferblatt Optical Machinery Co.
v.
Universal Shellac & Supply Co., Inc.
198 USPQ 115
1-27-78
Can. 10,966

In re Textron Inc.
188 USPQ 702
11-13-75
Ser. No. 457,181

In re Thermo Electron Corp.
190 USPQ 558
3-26-76
Ser. No. 445,325

In re Uniform Product Code Council, Inc.
202 USPQ 618
1-26-79
Ser. No. 51,872

In re U.S. Bicentennial Society
197 USPQ 905
2-15-78
Ser. No. 17,129

In re U.S. Home Corporation of Texas
201 USPQ 602
8-18-78
Ser. No. 25,153

The Vadic Corporation
v.
E-Systems, Inc.
192 USPQ 281
8-31-76
Op. No. 55,650

In re Volante International Holdings
196 USPQ 188
4-25-77
Ser. No. 42,357

Volkswagenwerk Aktiengesellschaft
v.
Clement Wheel Company, Inc.
204 USPQ 76
8-8-79
Op. No. 58,760

Volkswagenwerk Aktiengesellschaft
v.
Ridewell Corporation
201 USPQ 404
11-22-78
Op. No. 56,631

Reconsideration denied,
201 USPQ 410
2-14-79

Weight Watchers International, Inc.
v.
Continental Scale Corporation
189 USPQ 803
12-31-75
Op. No. 56,497

Wells Cargo, Inc.
v.
Wells Cargo, Inc.
197 USPQ 569
8-25-77
Op. No. 58,650

Reconsideration denied
191 USPQ 236 (1976)

Affirmed
203 USPQ 564
CCPA 1979

WestPoint --Pepperell, Inc.
v.
Borlan Industries, Inc.
191 USPQ 53
4-19-76
Op. No. 55,770

In re Wileswood, Inc.
201 USPQ 400
11-29-78
Ser. Nos. 80,564; 80,565

In re World Library Publications, Inc.
198 USPQ 442
2-22-78
Ser. No. 4,230

# EXHIBIT 4

Latest Status Info                                                                     Page 1 of 3

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-06-27 09:07:15 ET

**Serial Number:** 73169399 <u>Assignment Information</u>      <u>Trademark Document Retrieval</u>

**Registration Number:** 1139254

**Mark**



**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2001-08-06

**Filing Date:** 1978-05-08

**Transformed into a National Application:** No

**Registration Date:** 1980-09-02

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2008-02-08

─────────────────────────────────────────────────────
**LAST APPLICANT(S)/OWNER(S) OF RECORD**
─────────────────────────────────────────────────────

1. LEVI STRAUSS & CO.

**Address:**
LEVI STRAUSS & CO.
TWO EMBARCADERO CTR.
SAN FRANCISCO, CA 94106
United States

**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

---

**International Class:** 025
**Class Status:** Active
PANTS, JACKETS, SKIRTS, AND SHORTS
**Basis:** 1(a)
**First Use Date:** 1873-00-00
**First Use in Commerce Date:** 1873-00-00

---

## ADDITIONAL INFORMATION

---

**Design Search Code(s):**
09.01.02 - Embroidery; Labels, clothing; Stitching, not on clothing pockets
09.03.16 - Collars (clothing); Cuffs (clothing); Embroidery on clothing pockets; Pockets; Pockets, clothing with embroidery or stitching; Sleeves (clothing); Stitching on clothing pockets; Waistband (clothing)
26.15.02 - Plain single or multiple line polygons; Polygons (plain, single line)
26.15.13 - More than one polygon
26.15.16 - Polygons touching or intersecting
26.15.28 - Miscellaneous designs with overall polygon shape; Polygonal shapes (miscellaneous overall shape)
26.17.02 - Bands, wavy; Bars, wavy; Lines, wavy; Wavy line(s), band(s) or bar(s)
26.17.05 - Bands, horizontal; Bars, horizontal; Horizontal line(s), band(s) or bar(s); Lines, horizontal
26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved
26.17.25 - Other lines, bands or bars

**Prior Registration Number(s):**
404248

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-05-30 - Notice Of Suit

2008-02-08 - Case File In TICRS

2007-04-24 - Notice Of Suit

2001-08-06 - Second renewal 10 year

2001-08-06 - Section 8 (10-year) accepted/ Section 9 granted

2000-08-24 - Combined Section 8 (10-year)/Section 9 filed

1986-04-10 - Section 8 (6-year) accepted & Section 15 acknowledged

1986-01-16 - Section 8 (6-year) and Section 15 Filed

1986-01-16 - Section 8 (6-year) and Section 15 Filed

1985-09-20 - Post Registration action mailed Section 8 & 15

1985-05-17 - Section 8 (6-year) and Section 15 Filed

---

## ATTORNEY/CORRESPONDENT INFORMATION

---

**Correspondent**
SARAH R. FULLER
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE, CA 94608-1925

---

# GENERAL INFORMATION

**108**        **Status Inquiries**

**108.01**        **Internet Information**

The TARR database on the USPTO website at http://tarr.uspto.gov provides detailed, up-to-the-minute information about the status and prosecution history of trademark applications and registrations. The TARR database is available 24 hours a day, 7 days a week.

**108.02**        **Personal Telephone Assistance**

If additional information regarding the status of an application or registration is required, callers may telephone the Trademark Assistance Center ("TAC") at (571) 272-9250 or (800) 786-9199 and request a status check. TAC also provides general information about the trademark registration process. TAC is open from 8:30 a.m. to 8:00 p.m. Eastern Time, Monday through Friday, except on holidays.

The Trademark Assistance Center will gladly answer questions about the application process. However, USPTO employees cannot:

- conduct trademark searches for the public (*see* TMEP §104);

- comment on the validity of registered marks (*see* TMEP §1801);

- answer questions as to whether a particular mark or type of mark is eligible for registration;

- offer legal advice or opinions about common law trademark rights, state registrations, or trademark infringement claims; or

- aid in the selection of a private trademark attorney or search firm (37 C.F.R. §2.11).

*See* TMEP Chapter 1800 regarding public inquiries about applications and registrations.

**108.03**        **Due Diligence:  Duty to Monitor Status**

Trademark applicants and registrants should monitor the status of their applications or registrations in cases where a notice or action from the USPTO is expected. Inquiries regarding the status of pending matters should be made during the following time periods:

(1) During the pendency of an application, an applicant should check the status of the application every six months between the filing date of the application and issuance of a registration; and

---

TRADEMARK MANUAL OF EXAMINING PROCEDURE

(2) After filing an affidavit of use or excusable nonuse under §8 or §71 of the Trademark Act, or a renewal application under §9 of the Act, a registrant should check the status of the registration every six months until the registrant receives notice that the affidavit or renewal application has been accepted.

Should the status inquiry reveal that a paper is lost, that no action has been taken regarding correspondence that was submitted, or that some other problem exists, the applicant or registrant must promptly request corrective action. 37 C.F.R. §2.146(i). Failure to act diligently and follow up with appropriate action may result in denial of the requested relief. The USPTO may deny petitions to reactivate abandoned applications and cancelled registrations when a party fails to inquire about the status of a pending matter within a reasonable time. *See* TMEP §§1705.05 and 1714.01(d).

Written status inquiries are discouraged, because they can delay processing. Whenever possible, status inquiries should be made through the TARR database. If additional information regarding the status of an application or registration is required, callers may telephone the Trademark Assistance Center at (571) 272-9250 or (800) 786-9199.

**109          Access to Files**

*18 U.S.C. §2071. Concealment, removal, or mutilation generally.*

*(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.*

*(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.*

*37 C.F.R. §2.27(b). Except as provided in paragraph (e) of this section, access to the file of a particular pending application will be permitted prior to publication under §2.80 upon written request.*

*37 C.F.R. §2.27(d). Except as provided in paragraph (e) of this section, after a mark has been registered, or published for opposition, the file of the application and all proceedings relating thereto are available for public*

# EXHIBIT 5

or an answer to an interrogatory, or an admission, has been made of record by one party in accordance with the provisions of paragraph (j)(3) of this section, it may be referred to by any party for any purpose permitted by the Federal Rules of Evidence.

(8) Written disclosures or disclosed documents, requests for discovery, responses thereto, and materials or depositions obtained through the disclosure or discovery process should not be filed with the Board, except when submitted with a motion relating to disclosure or discovery, or in support of or in response to a motion for summary judgment, or under a notice of reliance, when permitted, during a party's testimony period.

■ 11. Revise paragraphs (a) and (d), and add paragraph (e), to read as follows:

### § 2.121  Assignment of times for taking testimony.

(a) The Trademark Trial and Appeal Board will issue a trial order setting a deadline for each party's required pretrial disclosures and assigning to each party its time for taking testimony. No testimony shall be taken except during the times assigned, unless by stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board. The deadlines for pretrial disclosures and the testimony periods may be rescheduled by stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board. If a motion to reschedule any pretrial disclosure deadline and/or testimony period is denied, the pretrial disclosure deadline or testimony period and any subsequent remaining periods may remain as set. The resetting of the closing date for discovery will result in the rescheduling of pretrial disclosure deadlines and testimony periods without action by any party.

\*    \*    \*    \*    \*

(d) When parties stipulate to the rescheduling of a deadline for pretrial disclosures and subsequent testimony periods or to the rescheduling of the closing date for discovery and the rescheduling of subsequent deadlines for pretrial disclosures and testimony periods, a stipulation presented in the form used in a trial order, signed by the parties, or a motion in said form signed by one party and including a statement that every other party has agreed thereto, shall be submitted to the Board.

(e) A party need not disclose, prior to its testimony period, any notices of reliance it intends to file during its testimony period. However, no later than fifteen days prior to the opening of each testimony period, or on such

alternate schedule as may be provided by order of the Board, the party scheduled to present evidence must disclose the name and, if not previously provided, the telephone number and address of each witness from whom it intends to take testimony, or may take testimony if the need arises, general identifying information about the witness, such as relationship to any party, including job title if employed by a party, or, if neither a party nor related to a party, occupation and job title, a general summary or list of subjects on which the witness is expected to testify, and a general summary or list of the types of documents and things which may be introduced as exhibits during the testimony of the witness. Pretrial disclosure of a witness under this subsection does not substitute for issuance of a proper notice of examination under § 2.123(c) or § 2.124(b). If a party does not plan to take testimony from any witnesses, it must so state in its pretrial disclosure. When a party fails to make required pretrial disclosures, any adverse party or parties may have remedy by way of a motion to the Board to delay or reset any subsequent pretrial disclosure deadlines and/or testimony periods.

■ 12. Revise § 2.122(d)(1) to read as follows:

### § 2.122  Matters in evidence.

\*    \*    \*    \*    \*

(d) \*    \*    \*

(1) A registration of the opposer or petitioner pleaded in an opposition or petition to cancel will be received in evidence and made part of the record if the opposition or petition is accompanied by an original or photocopy of the registration prepared and issued by the United States Patent and Trademark Office showing both the current status of and current title to the registration, or by a current printout of information from the electronic database records of the USPTO showing the current status and title of the registration. For the cost of a copy of a registration showing status and title, see § 2.6(b)(4).

\*    \*    \*    \*    \*

■ 13. Revise § 2.123(e)(3) to read as follows:

### § 2.123  Trial testimony in inter partes cases.

\*    \*    \*    \*    \*

(e) \*    \*    \*

(3) Every adverse party shall have full opportunity to cross-examine each witness. If pretrial disclosures or the notice of examination of witnesses served pursuant to paragraph (c) of this section are improper or inadequate with

respect to any witness, an adverse party may cross-examine that witness under protest while reserving the right to object to the receipt of the testimony in evidence. Promptly after the testimony is completed, the adverse party, to preserve the objection, shall move to strike the testimony from the record, which motion will be decided on the basis of all the relevant circumstances. A motion to strike the testimony of a witness for lack of proper or adequate pretrial disclosure may seek exclusion of the entire testimony, when there was no pretrial disclosure, or may seek exclusion of that portion of the testimony that was not adequately disclosed in accordance with § 2.121(e). A motion to strike the testimony of a witness for lack of proper or adequate notice of examination must request the exclusion of the entire testimony of that witness and not only a part of that testimony.

\*    \*    \*    \*    \*

■ 14. Amend § 2.126 as follows:
■ A. Revise paragraph (a)(6).
■ B. Remove paragraph (b).
■ C. Redesignate paragraphs (c) and (d) as paragraphs (b) and (c), respectively.

### § 2.126  Form of submissions to the Trademark Trial and Appeal Board.

(a) \*    \*    \*

(6) Exhibits pertaining to a paper submission must be filed on paper and comply with the requirements for a paper submission.

\*    \*    \*    \*    \*

■ 15. Revise § 2.127(a), (c), and (e) to read as follows:

### § 2.127  Motions.

(a) Every motion must be submitted in written form and must meet the requirements prescribed in § 2.126. It shall contain a full statement of the grounds, and shall embody or be accompanied by a brief. Except as provided in paragraph (e)(1) of this section, a brief in response to a motion shall be filed within fifteen days from the date of service of the motion unless another time is specified by the Trademark Trial and Appeal Board, or the time is extended by stipulation of the parties approved by the Board, or upon order of the Board. If a motion for an extension is denied, the time for responding to the motion remains as specified under this section, unless otherwise ordered. Except as provided in paragraph (e)(1) of this section, a reply brief, if filed, shall be filed within fifteen days from the date of service of the brief in response to the motion. The time for filing a reply brief will not be