# EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - - - - - - -+

LEVI STRAUSS & CO.,

        Plaintiff,

vs.

        Civil Action No.
        CV-0703752

ABERCROMBIE & FITCH TRADING CO.,

        Defendant.

- - - - - - - - - - - - - - - - -+

Video Conferenced Deposition of

DAVID J. KERA, ESQUIRE

Washington, D.C.

July 31, 2008

1:30 p.m.

Job No. 22-134942

Pages 1 - 72

Reported by: Michele E. Eddy

DAVID J. KERA, ESQUIRE                    July 31, 2008

```
                                                              Page 2
 1              Video Conferenced Deposition of
 2                   DAVID J. KERA, ESQUIRE
 3
 4    Held at the offices of:
 5           K&L Gates
             1601 K Street, Northwest
 6           Washington, D.C.   20116
 7           (202) 778-9000
 8
 9
10
11
12
13
14
15
16           Pursuant to Notice, before Michele E. Eddy,
17    Registered Professional Reporter, Certified Realtime
18    Reporter, and Notary public in and for the District of
19    Columbia.
20
21
22
23
24
25
```

| Time | Line | Text |
|---|---|---|
| 03:03:48 | 1 | looks like the full list. |
| 03:03:51 | 2 | Q    You don't recall him sending you anything |
| 03:03:54 | 3 | else? |
| 03:03:55 | 4 | A    I do not.  He didn't send me anything after |
| 03:03:56 | 5 | the first batch. |
| 03:03:59 | 6 | Q    What did Mr. Keyes tell you about his theory |
| 03:04:02 | 7 | of the case? |
| 03:04:05 | 8 | A    He told me that he thought that Levi Strauss |
| 03:04:07 | 9 | had committed fraud by failing to disclose the Lois |
| 03:04:10 | 10 | litigation.  He also had some other theories, which I |
| 03:04:15 | 11 | did not agree with.  He thought it was fraudulent for |
| 03:04:20 | 12 | Fowler, Miss Fowler to sign a declaration without |
| 03:04:24 | 13 | having personal knowledge of each of the facts |
| 03:04:26 | 14 | contained within the declaration.  I told him that was |
| 03:04:29 | 15 | not the practice in corporations and was not the |
| 03:04:31 | 16 | practice that was required by the Trademark Patent & |
| 03:04:34 | 17 | Trademark Office that she was acting in our corporate |
| 03:04:38 | 18 | capacity and was deemed to have corporate knowledge. |
| 03:04:42 | 19 | That was all that was required.  But the opinion that |
| 03:04:49 | 20 | you see is the opinion that I came to.  It's my |
| 03:04:52 | 21 | opinion, not anyone else's. |
| 03:04:57 | 22 | Q    Did Mr. Keyes express any other theories |
| 03:05:01 | 23 | that you did not agree with? |
| 03:05:03 | 24 | A    Not that I recall. |
| 03:05:10 | 25 | Q    You indicated that Mr. Keyes told you what |

Case 3:07-cv-03752-JSW    Document 167-29    Filed 09/03/2008    Page 5 of 6

DAVID J. KERA, ESQUIRE                    July 31, 2008

Page 71

```
04:23:40   1   was over.
04:23:44   2        Q    So, again, in your opinion, even though
04:23:46   3   there was no counterclaim in the Lois litigation, the
04:23:49   4   proceeding did not fall within the language of the
04:23:52   5   guideline?
04:23:53   6        A    No, it did not fall squarely within the
04:23:56   7   language of the guideline, no, it did not.
04:24:00   8        Q    And that's because Lois could have asked the
04:24:05   9   District Court to cancel Levi's mark?
04:24:07  10        A    Well, it was more than just a theoretical
04:24:10  11   possibility.  They had clearly pleaded grounds for
04:24:12  12   canceling registration.
04:24:16  13        Q    But they had not asked the court to cancel
04:24:18  14   the registration?
04:24:19  15        A    Not yet.  Not yet.
04:24:23  16             MS. CINCONE:  All right.  I have no further
04:24:24  17   questions for you, Mr. Kera.  I appreciate your time.
04:24:32  18             THE WITNESS:  You're welcome.
04:24:33  19             MR. KEYES:  No questions.  Thank you, Gia.
04:24:34  20             MS. CINCONE:  Thank you, Mike.
          21
          22             (Signature having not been waived, the
          23   deposition of David J. Kera, Esquire was concluded at
          24   4:24 p.m.)
          25
```

(800) 869-9132

df39b7e0-9167-4111-9ad8-ecd3d7363a23

DAVID J. KERA, ESQUIRE                July 31, 2008

Page 72

1         CERTIFICATE OF SHORTHAND REPORTER

2              I, Michele E. Eddy, Registered Professional

3    Reporter and Certified Realtime Reporter, the court

4    reporter before whom the foregoing deposition was

5    taken, do hereby certify that the foregoing transcript

6    is a true and correct record of the testimony given;

7    that said testimony was taken by me stenographically

8    and thereafter reduced to typewriting under my

9    supervision; and that I am neither counsel for,

10   related to, nor employed by any of the parties to this

11   case and have no interest, financial or otherwise, in

12   its outcome.

13

14             IN WITNESS WHEREOF, I have hereunto set my

15   hand and affixed my notarial seal this 6th day of

16   August, 2008.

17

18   My commission expires:  June 14, 2012

19

20   _____

21   MICHELE E. EDDY
     NOTARY PUBLIC IN AND FOR
22   THE DISTRICT OF COLUMBIA

23

24

25