# EXHIBIT W

1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (State Bar No. 111536)
2  GIA L. CINCONE (Bar # 141668)
   Two Embarcadero Center, Eighth Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300
   Email: gsgilchrist@townsend.com; glcincone@townsend.com
5
   Attorneys for Plaintiff
6  LEVI STRAUSS & CO.

RECEIVED
MAR 27 2008
KIRKPATRICK ... ...HART
PRESTON GATES ELLIS LLP

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | LEVI STRAUSS & CO.,                    | Case No.  C 07-03752 JSW
13 |        Plaintiff/Counterdefendant,      | LEVI STRAUSS & CO.'S RESPONSES TO
14 |   v.                                    | ABERCROMBIE & FITCH TRADING CO.'S
15 | ABERCROMBIE & FITCH TRADING CO.,        | INTERROGATORIES TO LEVI STRAUSS & CO., SET ONE
16 |        Defendant/Counterclaimant.       |
17 | ABERCROMBIE & FITCH TRADING CO.,        | CONFIDENTIAL
18 |        Defendant/Counterclaimant,       |
19 |   v.                                    |
20 | LEVI STRAUSS & CO.,                     |
21 |        Plaintiff/Counterdefendant.      |

22

23

24  PROPOUNDING PARTY:    ABERCROMBIE & FITCH TRADING CO.

25  RESPONDING PARTY:     LEVI STRAUSS & CO.

26  SET:                  ONE

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff/counterdefendant Levi Strauss & Co. ("LS&CO.") hereby responds to defendant/counterclaimant Abercrombie & Fitch Trading Co.'s ("A&F") Interrogatories to Levi Strauss & Co., Set One as follows:

## GENERAL OBJECTIONS

1. LS&CO. objects to each Instruction and Definition set forth in A&F's first set of interrogatories to the extent that any such instruction or definition exceeds the scope of discovery permissible under Federal Rule of Civil Procedure 33 and the Local Rules of the Northern District of California.

2. LS&CO. objects to each interrogatory to the extent that it seeks information that is equally available to A&F, on the grounds that such interrogatories subject LS&CO. to unreasonable and undue annoyance, oppression, burden and expense.

3. LS&CO. objects to each interrogatory to the extent that it seeks information that is not in LS&CO.'s possession, custody or control.

4. LS&CO. objects to each interrogatory to the extent that it requires disclosure of information protected by the attorney-client privilege, the work product doctrine, LS&CO.'s right to privacy, and/or any other applicable privilege. LS&CO. will interpret each interrogatory not to call for such privileged information. Any production of such information is strictly inadvertent and shall not be construed as a waiver of the applicable privilege(s).

5. LS&CO. has not completed its investigation into the subject matter of this action or the underlying facts or evidence. LS&CO.'s responses are therefore made to the best of LS&CO.'s current knowledge, information and belief after good faith investigation of sources reasonably available to it. LS&CO. reserves the right to conduct additional investigation and discovery, to rely on additional facts, information, documents or materials and to supplement its responses to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

6. The foregoing General Objections apply to each interrogatory and are hereby specifically incorporated into each response to each such interrogatory. Any failure to repeat all or any part of such General Objection in any specific response shall not constitute a waiver or other relinquishment of such objection.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Provide the names, addresses, and telephone numbers of any person that you claim experienced "actual confusion" between the A&F Accused Design and the Levi's Arcuate trademark.

**RESPONSE:**

Subject to the General Objections, LS&CO. responds that it is not aware of any such individuals at the present time.

**INTERROGATORY NO. 2:**

Provide the names, addresses, and telephone numbers of any individual that was responsible for drafting, commenting on, or negotiating the terms of the settlement agreements on behalf of Levi in connection with its litigation with RP55, Inc, entitled *RP55, Inc. v. Levi Strauss & Co.*, Case No., C05-5128 SI, and *Levi Strauss &Co. v. RP55, Inc.* Case No. C04-0468 SI.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's decision/agreement to pay RP55, Inc. $125,000.00 as part of its settlement with RP55, Inc.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. LS&CO. further notes that this response and A&F's original interrogatories must be designated as Confidential in conformity with the designation accorded the document from which the information repeated in this interrogatory was taken.

**INTERROGATORY NO. 4:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's decision/agreement to allow RP55, Inc. to continue using any of the accused stitching designs at issue

in Levi's Complaint against RP55 Inc., entitled *Levi Strauss &Co. v. RP55, Inc.* Case No. C04-0468 SI.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's claim against RP55, Inc.'s that the RP55 accused stitching designs, depicted in Exhibit L to Levi's First Amended Complaint, were confusingly similar to Levi's Arcuate Mark.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's decision to file its Section 8 and 15 affidavit for the '254 Registration on May 15, 1985, prematurely, before it was due.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. If LS&CO. does not prevail on its pending motion to dismiss, it will supplement this response and objection.

**INTERROGATORY NO. 7:**

Identify all facts that formed, support and/or explain the basis/reason(s) for Levi's decision not to inform the Patent and Trademark Office that it was in pending litigation with Lois Sportswear and Textiles Confecciones when it filed its Section 8 and 15 affidavits for the '254 Registration on May 15, 1985, and January 16, 1986.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. If LS&CO. does not prevail on its pending motion to dismiss, it will supplement this response and objection.

**INTERROGATORY NO. 8:**

Identify all claims/proceedings asserted or brought by Levi against any other person that involve the Arcuate Mark, which resulted, in whole or in part, in any of the following outcomes:

    (a)    A person was not precluded and/or restricted from using or continuing to use a mark/design that Levi claimed infringed the Arcuate Mark; and/or

    (b)    Levi paid anything of value to any person, including, but not limited to, any monetary sum and/or attorney fees.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, burdensome, and harassing in the absence of any time frame, and as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Objections, LS&CO. responds that responsive information, if any, is contained in the enforcement documents that LS&CO. produced as part of its initial disclosure.

**INTERROGATORY NO. 9:**

For the last 20 years, identify all litigation or threatened litigation initiated by you relating to the Arcuate Mark, and provide the following information:

    (1)    the name of the alleged infringer and the case number (if a suit was filed); and

    (2)    whether the case or controversy was resolved by settlement of the parties.

**RESPONSE:**

LS&CO. objects to this interrogatory as overbroad, burdensome, and harassing in the use of a 20-year time frame, and as not relevant to the subject matter of this action and not calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Objections, LS&CO. responds that responsive information is contained in the enforcement documents that

1  LS&CO. produced as part of its initial disclosure regarding matters initiated over the past 10 years,
2  including some matters that go further back in time.
3  **INTERROGATORY NO. 10:**
4  Identify all A&F advertisements or promotional material for products bearing the A&F
5  Accused Design that are sold or advertised next to or nearby products bearing Levi's Arcuate Mark.
6  **RESPONSE:**
7  As LS&CO. understands the interrogatory, all A&F advertisements and promotional material
8  for products bearing the A&F stitching design at issue are responsive.
9  **INTERROGATORY NO. 11:**
10  Identify all physical locations in the United States where products bearing the accused designs
11  are sold or advertised next to or nearby products bearing Levi's Arcuate Mark.
12  **RESPONSE:**
13  As LS&CO. understands the interrogatory, all physical and on-line locations where products
14  bearing the A&F stitching design at issue are sold are responsive.
15  **INTERROGATORY NO. 12:**
16  List with specificity all damages that you claim you suffered as a result of A&F's conduct as
17  alleged in its Complaint.
18  **RESPONSE:**
19  Subject to the General Objections, LS&CO. responds that it is entitled to A&F's profits from
20  the sale of infringing goods and its own lost profits, and to compensatory damages including the cost
21  of corrective advertising and damage to LS&CO.'s goodwill. LS&CO. also will seek recovery of its
22  attorneys' fees and extraordinary damages. LS&CO. may alternatively seek a reasonable royalty for
23  use of a design that is confusingly similar to LS&CO.'s Arcuate Trademark. LS&CO. also notes that
24  through discovery requests, it has asked A&F for information that would allow LS&CO. to calculate
25  its damages, but A&F has not provided that information. LS&CO. reserves the right to supplement
26  this response.
27  **INTERROGATORY NO. 13:**
28  Provide the names of the current Officers and Board of Directors of Levi Strauss & Company.

1  **RESPONSE:**

2      LS&CO. objects to this interrogatory as burdensome, harassing, not relevant to the subject
3  matter of this action and not calculated to lead to the discovery of admissible evidence. LS&CO.
4  notes that this information is publicly available.

5  **INTERROGATORY NO. 14:**

6      Provide the names of the Officers and Board of Directors of Levi Strauss & Company in 1985
7  and 1986.

8  **RESPONSE:**

9      LS&CO. objects to this interrogatory as overbroad, unduly burdensome, harassing, not
10 relevant to the subject matter of this action and not calculated to lead to the discovery of admissible
11 evidence.

12

13 DATED: March 24, 2008

14
15                                        By: _____
                                             Gia L. Cincone
16                                              TOWNSEND AND TOWNSEND AND CREW LLP
                                             Two Embarcadero Center, Eighth Floor
17                                              San Francisco, California 94111
                                             Telephone: (415) 576-0200
18                                              Facsimile: (415) 576-0300

19                                              Attorneys for Plaintiff
                                             LEVI STRAUSS & CO.

20

21

22

23

24

25

26

27

28

03/24/2008 14:06 FAX 415 501 7650        LEVI STRAUSS                              ☒002

## VERIFICATION

I, Thomas M. Onda, declare under penalty of perjury that the following statements are true and correct:

I am an employee of Levi Strauss & Co., a Delaware Corporation, and am authorized to make this verification for and on its behalf. I have read **LEVI STRAUSS & CO.'S RESPONSES TO ABERCROMBIE & FITCH TRADING CO.'S INTERROGATORIES TO LEVI STRAUSS & CO., SET ONE** and I am informed and believe that the matters stated therein are true and correct.

EXECUTED at San Francisco, California, this 24TH day of March, 2008.

*/s/ Thomas M. Onda*
Thomas M. Onda

61310116 v1

# PROOF OF SERVICE

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled: **LEVI STRAUSS & CO.'S RESPONSES TO ABERCROMBIE & FITCH TRADING CO.'S INTERROGATORIES TO LEVI STRAUSS & CO., SET ONE** on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

Rachel R. Davidson, Esq.
Michael J. Bettinger, Esq.
K&L Gates
55 Second Street, Suite 1700
San Francisco, CA  94105

J. Michael Keyes, Esq.
K&L Gates
618 West Riverside Avenue, Suite 300
Spokane, WA  99201

☒ **[By First Class Mail]** I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: March 24, 2008

*/s/ Carol Petrich*
Carol Petrich

61310116 v1