Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,            )
                               )
           Plaintiff,          ) Case No. CV-07-3752
                               )
    VS.                        )
                               )
ABERCROMBIE & FITCH TRADING    ) Pages 1-191
                               )
CO.,                           )
                               )
           Defendant.          )
_____)


VIDEOTAPED DEPOSITION OF:

            GERALD L. FORD, D.B.A.

            WEDNESDAY, JULY 23, 2008

            10:09 A.M.


Reported by:    LINDA NICKERSON

                CSR No. 8746

```
 1              Deposition of GERALD L. FORD, D.B.A., the
 2     witness, taken on behalf of the Plaintiff, on WEDNESDAY,
 3     JULY 23, 2008, 10:09 a.m., at 16400 Pacific Coast
 4     Highway, Peters Landing, Suite 211, Huntington Beach,
 5     California, before LINDA NICKERSON, CSR No. 8746,
 6     pursuant to NOTICE.
 7
 8     APPEARANCES OF COUNSEL:
 9
10     FOR PLAINTIFF:
11           TOWNSEND AND TOWNSEND AND CREW
12           BY:  GREGORY S. GILCHRIST, ESQ.
13           Two Embarcadero Center
14           Suite 800
15           San Francisco, California   94111-3834
16           (415) 576-0200
17
18     FOR DEFENDANT:
19           K&L GATES
20           BY:  J. MICHAEL KEYES, ESQ.
21           618 West Riverside Avenue
22           Suite 300
23           Spokane, Washington   99201-0602
24           (509) 624-2100
25
```

1
2      APPEARANCES (continued):
3
4      VIDEOGRAPHER:
5              KENNETH McNEAL
6              MERRILL LEGAL SOLUTIONS
7              20750 Ventura Boulevard
8              Suite 205
9              Woodland Hills, California   91364
10             (800) 826-0277
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

GERALD L. FORD, D.B.A.                    July 23, 2008

Page 4

1                          I N D E X

2

3    WITNESS                 EXAMINATION              PAGE

4    GERALD L. FORD, D.B.A.

5

6                            By Mr. Gilchrist            6

7

8

9                        E X H I B I T S

10   NUMBER        PAGE      DESCRIPTION

11   Exhibit 1     18        Declaration and Rule 26 Report of

12                           Dr. Gerald L. Ford

13   Exhibit 2     39        Rebuttal Declaration of

14                           Dr. Gerald L. Ford

15   Exhibit 3     40        Professional Interviewing Services

16                           and Locations

17   Exhibit 4     120       Lucky Jeans

18                           (Retained by Mr. Keyes

19   Exhibit 5     120       Indigo Red Jeans

20                           (Retained by Mr. Keyes)

21   Exhibit 6     123       Color Photograph

22   Exhibit 7     128       Color Photograph

23   Exhibit 8     134       Color Photograph

24   Exhibit 9     148       Screen Shots

25   Exhibit 10    156       Test Cell, Table 1

Merrill Legal Solutions
(800) 869-9132

1c0584cc-2b49-4d49-88fc-7ffc4fa08ecd

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | HUNTINGTON BEACH, CALIFORNIA                             |
|          | 2  | WEDNESDAY, JULY 23, 2008; 10:09 A.M.                     |
| 10:08:12 | 3  |                                                          |
| 10:08:12 | 4  | THE VIDEOGRAPHER: Here begins Volume Number I,           |
| 10:09:42 | 5  | Videotape Number One in the deposition of Gerald L. Ford |
| 10:09:48 | 6  | in the matter of Levi Strauss versus Abercrombie & Fitch |
| 10:09:52 | 7  | in the U.S. District Court, Northern District of         |
| 10:09:55 | 8  | California. Case number is CV-07-3752.                   |
| 10:10:02 | 9  | Today's date is July 23, 2008. The time on the           |
| 10:10:05 | 10 | video monitor is 10:09 a.m. The video operator today is  |
| 10:10:09 | 11 | Kenneth McNeal, a notary public, contracted by Merrill   |
| 10:10:13 | 12 | Legal Solutions at 20750 Ventura Boulevard, Suite 205 in |
| 10:10:18 | 13 | Woodland Hills, California.                              |
| 10:10:20 | 14 | This deposition is taking place at Ford &                |
| 10:10:24 | 15 | Bubala at -- & Associates at 16400 Pacific Coast Highway,|
| 10:10:31 | 16 | Huntington Beach, California, and was noticed by Gregory |
| 10:10:36 | 17 | Gilchrist of Townsend and Townsend.                      |
| 10:10:38 | 18 | Counsel, please voice identify yourselves and            |
| 10:10:41 | 19 | state whom you represent for the record.                 |
| 10:10:43 | 20 | MR. GILCHRIST: Sure. My name is Greg Gilchrist. I        |
| 10:10:45 | 21 | represent Levi Strauss & Co. I'm at the law firm of      |
| 10:10:50 | 22 | Townsend and Townsend and Crew.                          |
| 10:10:50 | 23 | MR. KEYES: This is Mike Keyes of K&L Gates and we        |
| 10:10:52 | 24 | represent the defendant/counterplaintiff Abercrombie &   |
| 10:10:57 | 25 | Fitch.                                                   |

| | | |
|---|---|---|
| 10:10:57 | 1 | THE VIDEOGRAPHER: The court reporter today is Linda |
| 10:11:00 | 2 | Nickerson of Merrill Los Angeles. |
| 10:11:02 | 3 | Would the court reporter please swear in the |
| 10:11:04 | 4 | witness. |
| | 5 | |
| | 6 | GERALD L. FORD, D.B.A., |
| | 7 | having been first duly sworn, was |
| | 8 | examined and testified as follows: |
| | 9 | |
| | 10 | EXAMINATION |
| | 11 | BY MR. GILCHRIST: |
| 10:11:14 | 12 | Q  Good morning, Dr. Ford. I think we might have |
| 10:11:16 | 13 | shortchanged you in your introduction. You are a Ph.D., |
| | 14 | correct? |
| 10:11:22 | 15 | A  I'm a D.B.A., a doctor of business |
| 10:11:26 | 16 | administration. |
| 10:11:26 | 17 | Q  Okay. I'll call you Dr. Ford, if that's all |
| 10:11:28 | 18 | right with you. |
| 10:11:29 | 19 | A  Thank you. |
| 10:11:30 | 20 | Q  Where did you get your doctorate in business |
| 10:11:34 | 21 | administration? |
| 10:11:34 | 22 | A  At the University of Southern California. |
| 10:11:36 | 23 | Q  When was that? |
| 10:11:37 | 24 | A  1977. |
| 10:11:42 | 25 | Q  Now, I notice from your report in this matter |

```
                    1          whether or not people do look at
                    2          stitching as an indicia of the brand of
                    3          the product?")
16:19:21            4          THE WITNESS:  I don't know -- I would think the
16:19:23            5   answer to that would be generally yes.  I don't know
16:19:25            6   whether they -- there are things that are more indicative
16:19:29            7   of the indicia of the brand than stitching, for example,
16:19:34            8   the red tab or something else, but I don't think it's
16:19:41            9   unusual in the marketplace -- in the post-sale
16:19:41           10   marketplace for certain types of indicia to be used as an
16:19:50           11   indication of source.
16:19:51           12   BY MR. GILCHRIST:
16:19:51           13       Q   In fact, you referred to the Adidas case that
16:19:53           14   you testified in and you were testifying there about
16:19:55           15   using stripes on shoes, right?
16:19:57           16       A   Right.
16:19:58           17       Q   And there are swooshes also, right?
16:20:00           18       A   Not on Adidas, but there are swooshes.
16:20:04           19       Q   There are swooshes on shoes.  And people do that
16:20:09           20   and they have those designs so that people can recognize
16:20:11           21   them in the post-sale marketplace, right?
16:20:14           22       A   That's correct.
16:20:14           23       Q   It's a common marketing technique in the apparel
16:20:19           24   area?
16:20:19           25       A   Right, there are -- in the apparel area, I don't
```

| Time | # | |
|---|---|---|
| 16:20:28 | 1 | think it's unusual to have something on the outside of |
| 16:20:30 | 2 | the apparel to identify the source. |
| 16:20:33 | 3 | Q   And it -- and it can be an important tool for |
| 16:20:36 | 4 | owners of those designs, correct? |
| 16:20:38 | 5 | A   It can be if consumers adopt that. |
| 16:20:41 | 6 | Q   You didn't do any test or survey to test whether |
| 16:20:52 | 7 | or not consumers recognize Levi jeans by stitching |
| 16:20:55 | 8 | designs, right? |
| 16:20:56 | 9 | A   No. |
| 16:20:57 | 10 | Q   Did you consider doing one? |
| 16:21:01 | 11 | A   No. |
| 16:21:01 | 12 | Q   Were you ever asked to consider how you might go |
| 16:21:06 | 13 | about doing one? |
| 16:21:07 | 14 | A   No. |
| 16:21:08 | 15 | Q   Did you ever ask Mr. Wilson or Mr. Keyes whether |
| 16:21:16 | 16 | or not they wanted you to do such a survey after you |
| 16:21:18 | 17 | reviewed the complaint? |
| 16:21:19 | 18 | A   No. |
| 16:21:21 | 19 | Q   You're aware from reading the answer and the |
| 16:21:25 | 20 | amended answer to the counterclaim -- excuse me -- the |
| 16:21:27 | 21 | amended answer and the counterclaim that Abercrombie & |
| 16:21:33 | 22 | Fitch are claiming that the arcuate stitching design that |
| 16:21:41 | 23 | is claimed by Levi has no significance as a trademark, |
| 16:21:45 | 24 | correct? |
| 16:21:45 | 25 | A   I'd have to go back and re-read the amended |

| | | |
|---|---|---|
| 16:21:52 | 1 | answer and counterclaim. |
| 16:21:54 | 2 | Q   If you assume with me for purposes of this |
| 16:21:57 | 3 | deposition that that fact is true, you haven't done |
| 16:22:00 | 4 | anything to examine that question one way or the other, |
| 16:22:05 | 5 | correct? |
| 16:22:05 | 6 | A   That's correct.  I think there is data you could |
| 16:22:10 | 7 | look at that you possess and some of Carol Scott's work |
| 16:22:16 | 8 | that would help answer that question. |
| 16:22:18 | 9 | Q   Have you seen anything in Carol Scott's work |
| 16:22:20 | 10 | that suggests that nobody uses Levi stitching design as a |
| 16:22:25 | 11 | basis for recognizing Levi jeans? |
| 16:22:30 | 12 | A   I think there is some data there that would at |
| 16:22:33 | 13 | least shed some light on that issue. |
| 16:22:34 | 14 | Q   And which data is that? |
| 16:22:37 | 15 | A   The -- the stitching answers that are |
| 16:22:44 | 16 | categorized as stitching answers in her likelihood of |
| 16:22:51 | 17 | confusion survey, both in the recognition survey compared |
| 16:22:56 | 18 | to stitching answers for people that identify other jeans |
| 16:23:03 | 19 | as Levi's and then say the reason they do is stitching. |
| 16:23:06 | 20 | Q   Okay.  And you're referring to the recognition |
| 16:23:10 | 21 | part of Dr. Scott's survey as the part of the survey that |
| 16:23:15 | 22 | she did where Levis were shown to the respondents? |
| 16:23:19 | 23 | A   Yes.  I mean, you can look at both surveys for |
| 16:23:26 | 24 | them. |
| 16:23:26 | 25 | Q   Did you draw any conclusions from looking at |

| | | |
|---|---|---|
| 16:23:30 | 1 | that data about whether or not consumers recognize the |
| 16:23:36 | 2 | arcuate trademark as indicating a Levi jean? |
| 16:23:42 | 3 | A   No, it looks like those numbers -- after you |
| 16:23:51 | 4 | adjust for controls, those numbers are not high.  They're |
| 16:23:55 | 5 | in the teens or low twenties. |
| 16:23:57 | 6 | Q   And these are the stitching answers that you're |
| 16:24:04 | 7 | looking at? |
| 16:24:06 | 8 | A   Right. |
| 16:24:07 | 9 | Q   Those answers are the answers that you described |
| 16:24:09 | 10 | earlier as being answers that you don't pay as much |
| 16:24:11 | 11 | attention to because people are a little bit inarticulate |
| 16:24:15 | 12 | sometimes, right? |
| 16:24:16 | 13 | A   Unfortunately in Carol Scott's case, she was |
| 16:24:19 | 14 | showing the whole pair of Levi jeans which include the |
| 16:24:23 | 15 | red pocket tab and the patch.  So you're forced -- if you |
| 16:24:28 | 16 | want some insight into that issue, you're forced to look |
| 16:24:32 | 17 | at the "why do you say that" question, but, yes, there |
| 16:24:34 | 18 | are those limitations. |
| 16:24:35 | 19 | Q   And people might not -- looking at those tests |
| 16:24:38 | 20 | that you're talking about, people might look at the tab |
| 16:24:42 | 21 | and say that's why and not mention the stitching even if |
| 16:24:45 | 22 | they recognize it, right? |
| 16:24:47 | 23 | A   That's correct. |
| 16:24:47 | 24 | Q   But even in that context, there's some |
| 16:24:57 | 25 | recognition used by some consumers in the arcuate to call |

| | | |
|---|---|---|
| 16:24:59 | 1 | out Levis, right? |
| 16:25:00 | 2 | A   I would not disagree with you. |
| 16:25:03 | 3 | Q   We were talking earlier about the disagreement |
| 16:25:20 | 4 | you have -- I guess we weren't talking about it in the |
| 16:25:22 | 5 | context of a disagreement, but we were talking about the |
| 16:25:25 | 6 | survey population you used versus the one that Dr. Sood |
| 16:25:29 | 7 | used, right? |
| 16:25:29 | 8 | A   Right. |
| 16:25:30 | 9 | Q   Are you -- you know, you've got all this case |
| 16:25:35 | 10 | law in your report and all this familiarity with the case |
| 16:25:38 | 11 | law. |
| 16:25:38 | 12 | Are you aware of any case law that suggests or |
| 16:25:43 | 13 | supports the view that the defendant's customers are not |
| 16:25:49 | 14 | the target population in a post-sale test? |
| 16:25:56 | 15 | A   I'm not aware of any cases that say it's |
| 16:26:05 | 16 | defendant's customers that are the relevant population on |
| 16:26:12 | 17 | a post-sale test. |
| 16:26:12 | 18 | Q   Are you aware of any that say that the ordinary |
| 16:26:14 | 19 | rule of the appropriate survey population should not be |
| 16:26:20 | 20 | applied in a post-sale context because a broader |
| 16:26:24 | 21 | population might be exposed to the marks in the post-sale |
| 16:26:29 | 22 | environment? |
| 16:26:29 | 23 | A   No, but that makes sense to me. |
| 16:26:39 | 24 | Q   You indicate in footnote two on page 10 of your |
| 16:26:42 | 25 | rebuttal report, Exhibit 2, that in a post-sale |

```
16:26:45   1    environment --
16:26:46   2         A    Hang on a second.  Let me get to it.
16:26:49   3         Q    I'm sorry.
16:26:50   4         A    That's all right.  I know it's getting late.
16:26:56   5    You've got to not get too far ahead of me.
16:26:59   6              Yes, I see footnote two.
16:27:00   7         Q    You say that one would not know that an unknown
16:27:06   8    brand of jeans costs $75 or more?
16:27:10   9         A    Correct.
16:27:11  10         Q    Do you have any data that would support that?
16:27:18  11         A    No.
16:27:18  12         Q    You just think that jeans both inexpensive and
16:27:25  13    expensive look pretty much the same?
16:27:27  14         A    I wouldn't know what a pair of jeans costs in
16:27:30  15    the after market unless I knew the brand in a post-sale
16:27:34  16    environment.  Much like in Adidas, no one knew that those
16:27:40  17    Payless shoes cost $9 either.
16:27:43  18         Q    Have you seen the screen shots that we sent to
16:27:53  19    counsel showing the -- I won't characterize what they
16:27:59  20    were showing -- screen shots that were sent to counsel
16:28:02  21    relating to the questionnaire that was used by Dr. Sood?
16:28:08  22         A    Is that how you say his name?
16:28:11  23         Q    That's how I say it.  I'm hoping I have it
16:28:15  24    right.
16:28:15  25         A    Sood, not Sood?
```

GERALD L. FORD, D.B.A.                    July 23, 2008

Page 191

1    STATE OF CALIFORNIA    )
2                           ) ss
3    COUNTY OF ORANGE       )
4                I, LINDA NICKERSON, CSR #8746, in and for
5    the State of California do hereby certify:
6                That, prior to being examined, the
7    witness named in the foregoing deposition was by me duly
8    sworn to testify the truth, the whole truth, and nothing
9    but the truth;
10               That said deposition was taken down by me
11   in shorthand at the time and place therein named, and
12   thereafter reduced to typewritten form direction, and the
13   same is a true, correct, and complete transcript of the
14   testimony at said proceedings.
15               Before completion of the deposition,
16   review of transcript [ ] was [ ] was not requested.  If
17   requested, any changes made by the deponent (and provided
18   to the reporter) during the period allowed are appended
19   hereto.
20               I further certify that I am not
21   interested in the event of the action.
22   WITNESS MY HAND this 28th day of July, 2008.
23
24                              _____
25                              LINDA NICKERSON, CSR No. 8746

Merrill Legal Solutions
(800) 869-9132

1c0584cc-2b49-4d49-88fc-7ffc4fa08ecd