TOWNSEND & TOWNSEND & CREW LLP
GREGORY S. GILCHRIST (Bar No. 111536)
GIA L. CINCONE (Bar No. 141668)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: 415-576-0200
Facsimile: 415-576-0300
gsgilchrist@townsend.com; glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>    Plaintiff,<br><br>v.<br><br>RP55, INC., et al.,<br><br>    Defendants. | Case No. C 04-0468 SI<br><br>**PLAINTIFF LEVI STRAUSS & CO.'S OPPOSITION TO MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE OF PLAINTIFF'S SETTLEMENTS WITH OTHER GARMENT MAKERS**<br><br>Date: June 7, 2005<br>Time: 3:30 p.m. |

I.   **INTRODUCTION**

This motion followed the required meet and confer process during which LS&CO. informed defendant RP55, Inc. that the contested settlements and judgments are probative of strength and fame. RP55 did not address these bases for admissibility in the meet and confer process and, in this motion, pretends it does not know why the settlements are being offered. Instead, RP55's motion sets up a straw man argument that LS&CO. is introducing these exhibits to establish liability. The bottom line is that RP55 cannot articulate any valid basis for keeping this important evidence out of trial. Because the settlements are directly relevant to LS&CO.'s claims, RP55's motion should be denied.

II.   **FACTUAL BACKGROUND**

On May 17, 2005, RP55 submitted objections to LS&CO.'s proposed list of trial exhibits,

1

PLTF. LS&CO.'S OPP. TO MOTION *IN LIMINE* NO. 3 TO
PRECLUDE EVIDENCE OF PLTF.'S SETTLEMENTS

Levi Strauss & Co. v. RP55, Inc., et al.
Case No. C 04-0468 SI

including LS&CO.'s settlement agreements with other manufacturers on grounds that such evidence is "irrelevant" and inadmissible under Federal Rule of 408. Declaration of Gregory S. Gilchrist ("Gilchrist Decl."), ¶ 3, Exh. A.[1] In response, LS&CO. explained that the settlements are relevant to strength and fame of its trademarks, and admissible to counter RP55's argument that LS&CO.'s rights in its stitching design are "narrow." Gilchrist Decl., ¶ 4, Exh. B. RP55 replied that the settlements are still "irrelevant" because a "showing" would need to be made that the settlements "reflected the merits of Levi's position." Gilchrist Decl., ¶ 5, Exh. C. LS&CO., in turn, stated that the settlements themselves are relevant to LS&CO.'s scope of enforcement, as well as public recognition and fame. Gilchrist Decl., ¶ 6, Exh. D. RP55 did not respond to LS&CO.'s last letter and instead proceeded to file this motion.

Not only does RP55 fail to offer any credible evidentiary basis for the exclusion of the settlements, but it blatantly misrepresents LS&CO.'s communications during the parties' meet and confer process. Throughout its motion, RP55 complains that LS&CO. failed to explain its purpose for introducing the settlements. The correspondence between the parties directly contradicts this assertion. Since RP55 cannot raise any sustainable objection to exclude the settlements, RP55's motion should be denied.[2]

### III. ARGUMENT

#### A. Prior Settlements Are Directly Relevant to LS&CO.'s Claim Of Strength and Fame And The Scope Of Its Trademark Rights

It is well established that settlements are highly probative of the strength and fame of a trademark, and courts routinely admit such evidence. See, e.g. McDonald's Corp. v. McBagel's, Inc.,

---

[1] Specifically, LS&CO. seeks to introduce twenty five previous settlements with manufacturers who agreed to cease use of stitching and tab designs allegedly infringing on LS&CO.'s Arcuate and Tab Device Trademarks. RP55 also objected to these settlements on grounds that the documents had not been produced. However, as explained by LS&CO. in its correspondence, all of the settlements listed on the current exhibit list, except for three settlements which were reached after document production, had been previously produced in discovery. The most recent three settlements were subsequently produced to RP55 on May 18, 2005. Gilchrist Decl., ¶ 7.

2

PLTF. LS&CO.'S OPP. TO MOTION IN LIMINE NO. 3 TO
PRECLUDE EVID. OF PLTF.'S SETTLEMENTS

Levi Strauss & Co. v. RP55, Inc., et al.
Case No. C 04-0468 SI

649 F. Supp. 1268, 1274 (S.D.N.Y. 1986) (settlement agreements and orders cited by court as evidence of distinctiveness of mark); American Intern't Group, Inc. v. London Am. Intern't, 664 F. 2d 348, 352 (2d Cir. 1981) (consent judgment and default judgment cited as evidence of enforcement efforts in support of strength of mark); Richards v. Cable News Network, Inc., 15 F. Supp 2d 683 (E.D. Pa. 1998) (settlement agreement offered as evidence of strength of trademark during preliminary injunction hearing); Specialty Brands, Inc. v. Coffee Bean Distributors, Inc., 748 F. 2d 669 (Fed. Cir. 1984) (success in protecting mark against other confusingly similar marks probative of fame); Quill Natural Spring Water, Ltd. v. Quill Corp., 1994 U.S. Dist. LEXIS 14418, *21-22 (N.D. Il 1994) (senior user's enforcement against infringers, through filing of suit and agreements to cease use, indicative of strength of senior user's mark). Evidence of LS&CO.'s enforcement efforts is also necessary to counter RP55's arguments that LS&CO.'s rights in its mark is "narrow" due to third party use. In fact, persistent imitation of a trademark by third parties further recognizes its value which is relevant to strength and fame. Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 631 F. Supp. 735, 742 (S.D.N.Y. 1985), aff'd, 799 F. 2d 867 (2d Cir. 1986) ("the fact that the Levi arcuate may have been to some degree duplicated by other jeans manufacturers serves more to *bolster* its claim of a strong mark rather than weaken it.") (emphasis added). Finally, the extent of third party use is a specific factor relating to the fame of LS&CO.'s marks. U.S.C. § 1125 (c) (1) (G).

RP55's motion does not challenge this basis for introducing the settlements. Rather, RP55 argues that settlements should not be admitted to prove liability. That is not LS&CO.'s purpose for introducing this evidence, thus RP55's reliance on Federal Rule of Evidence 408 is entirely misplaced. Likewise, the only case cited by RP55 in support of its argument to exclude the settlements, Bunion v. Allstate Ins. Co., 502 F. Supp. 340 (E.D. Pa 1980), is inapposite. There, the court merely held that an insurance company could not admit evidence of the insured's other accident claims to show a tendency to submit false claims. Bunion sheds no light on the matter at hand. RP55's motion is without merit and should be denied.

## IV.   CONCLUSION

LS&CO. is entitled to present evidence of third party settlements in order to demonstrate

3

PLTF. LS&CO.'S OPP. TO MOTION *IN LIMINE* NO. 3 TO
PRECLUDE EVID. OF PLTF.'S SETTLEMENTS

Levi Strauss & Co. v. RP55, Inc., et al.
Case No. C 04-0468 SI

strength and fame of LS&CO. trademarks, as well as the scope of these marks and enforcement efforts. RP55 has ignored this basis for admissibility, despite being explicitly asked to consider it before filing this motion. Accordingly, LS&CO. respectfully requests that the Court deny RP55's motion.

Respectfully submitted,

Dated: May 31, 2005

/s/ Gregory S. Gilchrist
GREGORY S. GILCHRIST
TOWNSEND & TOWNSEND & CREW LLP

ATTORNEYS FOR PLAINTIFF
LEVI STRAUSS & CO.

60500821 v1

4

PLTF. LS&CO.'S OPP. TO MOTION *IN LIMINE* NO. 3 TO
PRECLUDE EVID. OF PLTF.'S SETTLEMENTS

Levi Strauss & Co. v. RP55, Inc., et al.
Case No. C 04-0468 SI