```
TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
RAQUEL PACHECO (State Bar No. 245328)
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: gsgilchrist@ townsend.com;
glc@townsend.com; rpacheco@townsend.com

Attorneys for Plaintiff/Counterdefendant
LEVI STRAUSS & CO.
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>              Plaintiff/Counterdefendant,<br><br>   v.<br><br>ABERCROMBIE & FITCH TRADING CO.,<br><br>              Defendant/Counterclaimant. | Case No.   C-07-03752 JSW<br><br>**DECLARATION OF CAROL A. SCOTT IN SUPPORT OF PLAINTIFF LEVI STRAUSS & CO.'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT ABERCROMBIE & FITCH TRADING CO.** |
| ABERCROMBIE & FITCH TRADING CO.,<br><br>              Defendant/Counterclaimant,<br><br>   v.<br><br>LEVI STRAUSS & CO.,<br><br>              Plaintiff/Counterdefendant. | Date:         September 26, 20008<br>Time:         9:00 a.m.<br>Courtroom: 2, 17th Floor<br>                   Hon. Jeffrey S. White |

DECLARATION OF CAROL A. SCOTT ISO PLAINTIFF LEVI STRAUSS & CO.'S OBJECTIONS TO EVIDENCE
CASE NO. C-07-03752 JSW

I, CAROL A. SCOTT, hereby declare:

1. I am Carol A. Scott, Ph.D. I have personal knowledge of the matters stated herein. My qualifications as a consumer and marketing research expert were given in my rebuttal report[1] submitted earlier in this case.

2. I understand that Defendant Abercrombie & Fitch Trading Co. ("Abercrombie"), in its Motion for Summary Judgment,[2] claims that Plaintiff Levi Straus & Co.'s ("Levi's") trademark arcuate pocket stitching is weak, and that the recognition of it and use of it as a source identifier has plummeted over the past decade. As such, Abercrombie claims that the arcuate pocket stitching can no longer be protected from imitation by other manufacturers of jeans products.[3]

3. As support for this claim, Abercrombie cites several consumer surveys done in the past, calculates various measures which purport to indicate the degree to which consumers use the arcuate stitching design to identify jeans as being made by Levi's, and draws inferences as to the strength of the mark by directly comparing one study to another. Two of these three surveys cited in Abercrombie's Motion for Summary Judgment were conducted by me and presented in various reports prepared for Levi's in other law suits.[4] The third study was conducted by another expert retained by Levi's.[5]

---

[1] Expert Rebuttal Report of Carol A. Scott, Ph.D., Levi Straus & Co., vs. Abercrombie & Fitch Trading Co., July 18, 2008.

[2] Defendant Abercrombie & Fitch Trading Co.'s Motion for Summary Judgment, August 15, 2008.

[3] Ibid.

[4] Declaration of Michael J. Bettinger in Support of Defendant Abercrombie & Fitch Trading Co.'s Motion for Summary Judgment, August 15, 2008, Exhibits Z and AA.

[5] Declaration of Michael J. Bettinger in Support of Defendant Abercrombie & Fitch Trading Co.'s Motion for Summary Judgment, August 15, 2008, Exhibit Y.

4.      While there may be occasions in which a comparison of the results of different studies is appropriate, such comparisons must always be done carefully and with full recognition of the differences in samples, stimuli presented to participants, and methodologies that may have affected the specific numerical results in each one.  None of these issues have been accounted for in Abercrombie's claim, and its analysis and comparison of previous surveys has not been done in accord with professional standards of marketing research.  Thus, Abercrombie's claim as to the "plummeting" of the strength of Levi's arcuate trademark is not supported.

5.      Further, Abercrombie's Motion for Summary Judgment includes various calculations purportedly to indicate the degree to which consumers use the arcuate trademark as an identifier of the manufacturer of the jeans.  These calculations do not take into account generally accepted knowledge of how consumers respond to survey questions, and thus cannot be used without explicit recognition of the considerable limitations of the data.

6.      Abercrombie's conclusions regarding the degree to which consumers use pocket stitching in general or Levi's arcuate trademarked pocket stitching design as a source identifier are not appropriate because Abercrombie has not taken into account the design and methodology of its study.  In the studies that I conducted,[6] consumers must have first correctly remembered the name of the jeans that they saw.  Only after providing a brand name for the jeans were they then asked for characteristics that made them think that the jeans were put out by this brand.  Some consumers may have recognized the arcuate design, but have misremembered or forgotten the name of the brand that uses it.  Others may have mentioned another attribute as their reason for buying, e.g., red tab on the pocket, and simply failed to list every attribute that contributed to their identification as Levi's.

7.      Declaration I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

8.      I am being compensated at the rate of $650 per hour for any kind of work connected with this particular case.

---

[6] Ibid, Exhibits Z, AA, and BB.

1    I declare under penalty of perjury under the laws of the United States that the foregoing
2    statements are true and correct.  Executed at __Palo Alto_____, California on this 12th day of
3    September, 2008.

*Carol A. Scott*

_____
Carol A. Scott