1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar No. 111536)
2  GIA L. CINCONE (Bar No. 141668)
   RAQUEL PACHECO (State Bar No. 245328)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email: gsgilchrist@townsend.com;
   glcincone@townsend.com; rpacheco@townsend.com
6
   Attorneys for Plaintiff
7  LEVI STRAUSS & CO.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12 | LEVI STRAUSS & CO.,                    | Case No. C 07-03752 JSW
13 |         Plaintiff/Counterdefendant,    | **REPLY DECLARATION OF GIA L. CINCONE IN SUPPORT OF LEVI STRAUSS & CO'S MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT ABERCROMBIE & FITCH TRADING CO.**
14 |     v.                                 |
15 | ABERCROMBIE & FITCH TRADING CO.,       |
16 |         Defendant/Counterclaimant.     |
17
18 | ABERCROMBIE & FITCH TRADING CO.,       | Date:      September 26, 2008
19 |                                         | Time:      9:00 a.m.
   |                                         | Courtroom: 2, 17th Floor
20 |         Defendant/Counterclaimant,     |            Honorable Jeffrey S. White
21 |     v.                                 |
22 | LEVI STRAUSS & CO.,                    |
23 |         Plaintiff/Counterdefendant.    |

24

25

26

27

28

I, Gia L. Cincone, hereby declare as follows:

1. I am an attorney admitted to practice in the State of California and before this Court. I am affiliated with the law firm of Townsend and Townsend and Crew LLP, attorneys of record for plaintiff Levi Strauss & Co. ("LS&CO.") in this proceeding. I make this declaration based on my personal knowledge and, if called as a witness, I could and would be competent to testify to the matters set forth below.

2. I submit this Declaration on behalf of LS&CO., in support of LS&CO's Motion for Summary Judgment and Partial Summary Judgment, as well as LS&CO.'s Objections to Evidence submitted by Defendant Abercrombie & Fitch Trading Co. ("A&F").

3. Attached hereto as Exhibit A are true and correct copies of pages 34 and 42 from the deposition transcript of Katherine Durgin, dated May 15, 2008.

4. Attached hereto as Exhibit B are true and correct copies of pages 22-23, 30-33, and 38 from the deposition transcript of Jean Fowler, dated May 16, 2008.

5. Attached hereto as Exhibit C is a true and correct copy of page 45 from the deposition transcript of David Kera, dated July 31, 2008.

6. Attached hereto as Exhibit D are true and correct copies of documents produced by LS&CO. in this litigation bearing the Bates numbers LS-A&F013008 - LS-A&F013011, LS-A&F013013, LS-A&F013015- LS-A&F013016, LS-A&F013024, and LS-A&F013026- LS-A&F013052.

7. Attached hereto as Exhibit E are true and correct copies of pages 83-86 from the deposition transcript of Dr. Carol Scott, Ph.D., dated September 4, 2008.

8. Attached hereto as Exhibit F is a true and correct copy of the Declaration of Thomas M. Onda in support of Plaintiff LS&CO's Motion to disqualify Howrey LLP as counsel for Defendant A&F filed in this litigation, dated September 20, 2007.

9. Expert disclosures pursuant to Federal Rule of Civil Procedure 26 were due in this action on June 30, 2008. A&F provided no disclosure of any expert report for any analysis of survey evidence from prior cases involving LS&CO. and third parties.

10. In approximately early July 2007, I reviewed A&F's discovery responses in the

1  opposition proceeding then pending before the Trademark Trial and Appeal Board and learned for the
2  first time that the stitching design at issue in this litigation was in use on A&F's Ruehl brand jeans. I
3  communicated that fact to LS&CO. shortly afterward. I previously had checked Abercrombie & Fitch
4  stores to see if the design that was the subject of A&F's trademark application was in use on
5  Abercrombie & Fitch brand jeans, and had not found the design. I purchased a pair of Ruehl brand
6  jeans bearing the design in San Francisco, California, on or about July 8, 2007.

7        11.    LS&CO. has asserted on several occasions in the course of this litigation, including in
8  connection with LS&CO.'s motion to disqualify A&F's former counsel, that LS&CO. first learned of
9  A&F's use of the Ruehl stitching design in the summer of 2007. For example, attached hereto as
10 Exhibit F is a true and correct copy of the Declaration of Thomas M. Onda in support of LS&CO.'s
11 motion to disqualify, filed September 21, 2007, in which Mr. Onda declared (in paragraph 10) that
12 LS&CO. obtained a pair of Ruehl brand jeans bearing the pocket stitching design at issue in July
13 2007.

14      I declare under penalty of perjury under the laws of the United States that the foregoing
15 statements are true and correct.

16      Executed at San Francisco, California on this 12th day of September, 2008.

                           */s/ Gia L. Cincone*
                           Gia L. Cincone