# EXHIBIT A

```
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3
 4  LEVI STRAUSS & CO.,          )
                                 )          **CERTIFIED COPY**
 5          Plaintiff,           )
                                 )
 6  vs.                          )   No. C07-03752-JSW
                                 )
 7  ABERCROMBIE & FITCH TRADING  )
    CO.,                         )
 8                               )
            Defendant.           )
 9  _____  )
    AND RELATED CROSS-ACTIONS.   )
10  _____  )
11
12
13                      DEPOSITION OF
14                    **KATHERINE DURGIN**
15                  Thursday, May 15, 2008
16
17
18
19  REPORTED BY:  TINA MARIE VELASQUEZ
                  C.S.R. NO. 10072
20
21
22
23              BONNIE L. WAGNER & ASSOCIATES
                  COURT REPORTING SERVICES
24                    41 SUTTER STREET
              SAN FRANCISCO, CALIFORNIA  94104
25                    (415) 982-4849
```

ATTORNEYS' EYES ONLY                                        1

1   Q.  Before you signed this document, did you review
2   it?
3   A.  I don't remember this document specifically, but
4   my process was to read the document and to look at the file
5   that was supporting it to make sure that it was signed off
6   by the preparer and the attorney, supervising attorney.
7   Q.  Do you have an understanding as to what a
8   Combined Affidavit Under Sections 8 and 15 is?
9   MS. CINCONE:  You're asking if she has an
10  understanding today?
11  MR. KEYES:  Yes.
12  THE WITNESS:  I don't.  I understand what an
13  affidavit is.  I don't understand -- I don't know Sections
14  8 and 15.
15  MR. KEYES:  Q.  Do you recall if at the time
16  when you signed this document — that being Exhibit No. 71
17  — if you had an understanding as to what a Combined
18  Affidavit Under Section 8 and 15 was?
19  A.  I don't remember.
20  Q.  I know you've testified previously that your
21  process before you would sign an affidavit was to look at
22  the file and make sure that the in-house counsel had
23  checked off of the -- or had -- what exactly did the
24  in-house counsel do?  There was a checklist and was there a
25  line on the checklist or something that said, "okay for

```
 1   like so made are punishable by fine or imprisonment, or
 2   both, under Section 1001 of Title 18 of the United States
 3   Code and that such willful false statements may jeopardize
 4   the validity of this document, declares that Levi Strauss &
 5   Co., a corporation of the State of Delaware, having its
 6   principal place of business at 1155 Battery Street, San
 7   Francisco, California, 94111, owns the above-identified
 8   registration issued September 2nd, 1980, as shown by
 9   records in the Patent and Trademark Office."
10           I'll stop there.  At the very top, it says,
11   "Katherine B. Durgin, being hereby warned that willful
12   false statements and the like so made are punishable by
13   fine or imprisonment."  Who provided that warning to you?
14           MS. CINCONE:  I'll object to the extent that it
15   calls for privileged communications.  You can answer his
16   question without revealing the substance of any
17   communications if you recall who talked to you about that.
18           THE WITNESS:  I don't recall.
19           MR. KEYES:  Q.  Do you recall someone speaking
20   with you about that; you just don't recall the individual?
21           MS. CINCONE:  Same objection.
22           THE WITNESS:  I know that I took my job very
23   seriously and I knew that signing a document was an
24   important responsibility on behalf of the corporation.  I
25   don't remember specifically having a conversation about the
```