# EXHIBIT F

Case 3:07-cv-03752-JSW    Document 195-7    Filed 09/12/2008    Page 1 of 7

```
 1  TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (State Bar No. 111536)
 2  GIA L. CINCONE (Bar # 141668)
    Two Embarcadero Center, Eighth Floor
 3  San Francisco, California 94111
    Telephone: (415) 576-0200
 4  Facsimile: (415) 576-0300
    Email: gsgilchrist@townsend.com; glcincone@townsend.com
 5
    Attorneys for Plaintiff
 6  LEVI STRAUSS & CO.

 7

 8                    UNITED STATES DISTRICT COURT

 9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LEVI STRAUSS & CO.,              Case No.  C 07-3752 JSW

12              Plaintiff,           DECLARATION OF THOMAS M.
                                     ONDA IN SUPPORT OF PLAINTIFF
13        v.                         LEVI STRAUSS & CO.'S MOTION
                                     TO DISQUALIFY HOWREY LLP AS
14  ABERCROMBIE & FITCH TRADING CO., COUNSEL FOR DEFENDANT
                                     ABERCROMBIE & FITCH
15              Defendant.           TRADING CO.

16                                   DATE: October 26, 2007
                                     TIME: 9:00 a.m.
17                                   COURTROOM: 2
```

I, Thomas M. Onda, hereby declare as follows:

1. I am currently employed by Levi Strauss & Co. ("LS&CO."), the plaintiff in this action, as Global Intellectual Property Counsel. I have been employed by LS&CO. since 1999. In my position as Global Intellectual Property Counsel, I am generally responsible on a worldwide basis for the management of trademark registrations and brand protection (including infringement and counterfeiting matters) of LS&CO.'s trademarks. If called as a witness in these proceedings, I could and would testify competently to the truth of all of the matters set forth in this Declaration.

2. I submit this Declaration in support of LS&CO.'s motion to disqualify the firm of Howrey LLP from representing the defendant, Abercrombie & Fitch Trading Co. ("A&F"), in this action.

3. My predecessor at LS&CO. was Katherine Basile. When Ms. Basile joined LS&CO. in 1994, her job title was Assistant General Counsel. At the time Ms. Basile left LS&CO. in April 1999, she was LS&CO.'s Associate General Counsel and Chief Intellectual Property Counsel, Americas.

4. Ms. Basile's job responsibilities at LS&CO. included oversight of all of LS&CO.'s trademark enforcement and brand protection efforts in the United States, including cease and desist efforts, opposition proceedings, and litigation relating to enforcement of the Arcuate Trademark.

5. In addition to her involvement in specific enforcement and brand protection matters, Ms. Basile was also closely involved in the formulation of Company policies and strategies for protection of the Arcuate Trademark. Ms. Basile was directly involved in the ongoing process of evaluating the scope of the Company's rights in the mark and in assessing and refining the Company's overall strategy for enforcement of those rights. Many of the policies and practices Ms. Basile developed in this arena remain in place to this day.

6. Ms. Basile's job responsibilities also included personally advising LS&CO. management concerning trademark enforcement and brand protection matters, both general and specific. A number of management personnel remain at the Company who received advice from Ms. Basile directly or indirectly concerning matters of trademark enforcement and brand protection. These personnel include LS&CO.'s current President and CEO, the President of Levi Strauss North America,

and the Senior Vice President of Strategy and Worldwide Marketing.

7.  In late January 2006, I became aware, through a watch notice, of A&F's application to register a pocket stitching design that violates LS&CO.'s rights in its Arcuate Trademark. When I reviewed the application itself, I realized that Ms. Basile was listed as the attorney of record and correspondent.

8.  I immediately called Ms. Basile to express LS&CO.'s concern over her representation of A&F in connection with the stitching design application. I told Ms. Basile that I was surprised to see she had filed the application, and said I was certain she would have objected to the design during her employment at LS&CO. Ms. Basile responded that she did not think the design was a problem, and that because she had been away from LS&CO. for over six years, she had no knowledge of LS&CO.'s current brand protection strategies. I indicated that six years could be considered a long time, but that in view of the historic nature of the Arcuate Trademark, it should come as no surprise that LS&CO.'s brand protection policies had remained relatively consistent over time.

9.  A number of the discovery requests that A&F served on LS&CO. in the opposition proceeding involving A&F's stitching design application implicate enforcement decisions that were made by Ms. Basile while she was employed at LS&CO. A&F's discovery includes requests for admissions and information concerning stitching designs that Ms. Basile decided to challenge, stitching designs she decided not to challenge, and stitching designs that are the subject of settlement agreements that she approved. These matters were handled either by Ms. Basile personally, or by outside counsel under her supervision -- the same outside counsel that currently represents LS&CO. in trademark enforcement matters, including this action.

10. In July 2007, LS&CO. obtained a pair of A&F's Ruehl brand jeans bearing the pocket stitching design that was the subject of A&F's trademark application. I reviewed the jeans and determined that use of the design infringed and diluted LS&CO.'s Arcuate Trademark. As a result, I instructed LS&CO.'s outside counsel to draft and file a complaint against A&F in this Court. I also instructed LS&CO.'s counsel to notify Howrey that LS&CO. believed Howrey had a conflict and could not represent A&F in the litigation.

11. Out of a desire to avoid this motion, I continued to make efforts to resolve the dispute

1 | between LS&CO. and A&F. On September 7, 2007, I met in person with Reid Wilson, A&F's in-
2 | house Intellectual Property Counsel, to discuss both Howrey's conflict and the possibility of settling
3 | the underlying infringement dispute. However, we were not able to reach a resolution on either issue.
4 |     I declare under penalty of perjury under the laws of the United States that the foregoing
5 | statements are true and correct.
6 |     Executed at San Francisco, California, on this 20TH day of September, 2007.

_____
Thomas M. Onda

ONDA DEC. ISO PL.'S MOTION TO DISQUALIFY - 3 -          *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*
HOWREY LLP AS COUNSEL FOR DEF.                          Case No. C 07-3752 JSW

**Petrich, Carol L.**

| | |
|---|---|
| From: | ECF-CAND@cand.uscourts.gov |
| Sent: | Friday, September 21, 2007 3:31 PM |
| To: | efiling@cand.uscourts.gov |
| Subject: | Activity in Case 3:07-cv-03752-JSW Levi Strauss & Company v. Abercrombie & Fitch Trading Company Declaration in Support |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Cincone, Gia entered on 9/21/2007 3:30 PM and filed on 9/21/2007
**Case Name:**  Levi Strauss & Company v. Abercrombie & Fitch Trading Company
**Case Number:**  3:07-cv-3752
**Filer:**  Levi Strauss & Company
**Document Number:** 18

**Docket Text:**
Declaration of Thomas M. Onda in Support of [16] MOTION to Disqualify Counsel *Plaintiff Levi Strauss & Co.'s Notice of Motion and Motion to Disqualify Howrey LLP As Counsel For Defendant Abercrombie & Fitch Trading Co.* filed byLevi Strauss & Company. (Related document(s)[16]) (Cincone, Gia) (Filed on 9/21/2007)

**3:07-cv-3752 Notice has been electronically mailed to:**

9/21/2007

Gia L. Cincone    glcincone@townsend.com, clpetrich@townsend.com, jschnell@townsend.com

Gregory S. Gilchrist    gsgilchrist@townsend.com, clpetrich@townsend.com

Benjamin Kneeland Riley    rileyb@howrey.com, cayabyabg@howrey.com

**3:07-cv-3752 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\clp\Desktop\Onda Decl.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/21/2007] [FileNumber=3770269-0]

[24be52e33c430c69d8bd3d15d45be30e20620b79e8927eeecb5937de3bc3def2d6c33
c646eb9bbb967a355886d58ebe39d2ecd56ae44e3f0d1a6a3d416299b6f]]

9/21/2007