IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>　　Plaintiff,<br><br>　v.<br><br>ABERCROMBIE & FITCH TRADING COMPANY,<br><br>　　Defendant.<br>_____/ | No. C 07-03752 JSW<br><br>**ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON DILUTION CLAIM** |

## INTRODUCTION

Now before the Court for consideration is the Renewed Motion for Judgment as a Matter of Law Concerning [Plaintiff's] Claim for Trademark Dilution, filed by Plaintiff Levi Strauss & Co. ("LS&CO"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. The hearing set for June 12, 2009 is HEREBY VACATED, and LS&CO's motion is DENIED.

## ANALYSIS[1]

On April 22, 2009, the Court issued its Findings of Fact and Conclusions of Law, in which it concluded, consistent with an advisory jury's finding, that LS&CO had not met its burden to establish by a preponderance of the evidence that A&F's Ruehl stitching design is likely to cause dilution by blurring of LS&CO's Arcuate stitching design ("the Arcuate mark"). LS&CO now moves for a renewed motion for judgment as a matter of law on the basis that "the

---

[1] The Court has previously recounted the facts and procedural history of this matter, and it shall not repeat them here unless necessary to the analysis.

Court's reliance on a requirement that the challenged stitching design be 'identical or nearly identical' [to the Arcuate mark] is an incorrect legal standard that ... infiltrated the Court's analysis." (Mot. at 1:24-25.)

A party suffering an adverse verdict that moved for a judgment as a matter of law prior to the verdict, "may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment." Fed. R. Civ. P. 50(b). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion, and that conclusion is contrary to that reached by the jury," or in this case by the Court. *Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir. 1996).

A court may grant a new trial "if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. Saint Peter's Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988)). Unlike a motion for a judgment as a matter of law, when considering a motion for a new trial, the Court "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

LS&CO's motion is based solely on the argument that the Court committed legal error because the Trademark Dilution Revision Act does not contain an "identical or nearly identical" requirement as an element of a dilution claim. The Court has rejected this argument twice, in light of Ninth Circuit authority that continues to recognize this as an element of the claim. (*See* Docket No. 348 (Final Jury Instructions at 26, 30); Docket No. 363 (Findings of Fact and Conclusions of Law at 11:20-12:3).) In addition, the Court evaluated and weighed the factors required to determine whether LS&CO had established a likelihood of dilution and concluded it had not. (Findings of Fact and Conclusions of Law at 13:22-14:2.)

Having previously considered and rejected LS&CO's argument, the Court DENIES LS&CO's renewed motion for judgment as a matter of law. The Court also DENIES LS&CO's alternative motion for a new trial.

**IT IS SO ORDERED.**

Dated: June 1, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE